# EXHIBIT A-3

Fulton County Superior Court
***EFILED***TG
Date: 8/17/2023 4:15 PM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

STATE OF GEORGIA,

v.

DONALD J. TRUMP, ET AL.,

Defendants

Case No.

23SC188947

## LODGED RESPONSE AND OBJECTION
## TO MOTION FOR ENTRY OF PRETRIAL
## SCHEDULING ORDER

Comes Now Jeffrey Bossert Clark, who does not concede jurisdiction in this Court, especially not at this early, pre-service-of-process juncture, and lodges via special appearance this Response and Objection to Motion for Entry of this Pretrial Scheduling Order (filed August 16, 2023 by District Attorney Fani Willis). Mr. Clark is lodging this Response only to ensure, out of an abundance of caution, that none of his rights are violated. In support of this Lodged Response, we state as follows:

1. Mr. Clark reserves all defenses to the State's indictment, including but not limited to: lack of service, lack of personal jurisdiction, operation of the U.S. Constitution's Supremacy Clause, federal immunities based on his status as a high-ranking federal officer at the time of the alleged events, unconstitutional overbreadth, the prospect of federal removal jurisdiction, and failure to state a violation of law.

2. The State's Motion for Entry of Pretrial Scheduling Order (the "Motion") is highly premature. The indictment was filed at approximately 10:30 PM on Monday August 14, 2023, while the Motion was filed at 12:49 PM on August 16, 2023. To our knowledge, *not one of the 19 defendants* named in the indictment has been served with any warrant, taken into custody, had a first appearance, or been arraigned, or waived arraignment. In other words, when the Motion was filed, not even a single defendant had either submitted to or been properly subjected to the jurisdiction of the Court in this case. There are also no entries of appearance by any defense counsel for any of the 19 Defendants upon whom the State could serve a copy of the Motion. Indeed, it was served upon no one at all.

3. Insofar as we are aware, the State has made zero attempts to confer with counsel for any of the 19 Defendants regarding the proposed scheduling order.[1] Even had the attempt been made, comprehensive consultations would not have been possible, as not all defendants have yet secured counsel for their defense of this matter.

4. Since the District Attorney's Office made no attempt to confer with opposing counsel for any of the 19 Defendants before filing its Motion, it has no earthly idea whether any of the proposed dates fit the calendars of any, much less all of the dozens of busy attorneys who will be involved in representing the Defendants. Nor does the State

---

[1] Indeed, neither Mr. Clark nor his counsel were ever contacted by the District Attorney's office at any point prior to indictment. We do not know on what basis that Office opted to send some individuals so-called "target letters," but did not show Mr. Clark a similar courtesy.

appear to appreciate the magnitude of motions practice that this case will engender. The State's present Motion is thus premature on that ground alone, even putting aside adjudicating the defenses available to Mr. Clark and others on an orderly basis.

5. For multiple reasons, we are gravely concerned about the political nature of this case and the steps taken by the State thus far. The District Attorney's proposed scheduling order is just one example of that overarching problem, as it could be interpreted as an attempt to stake out a place at the head of the line of prosecutors seeking the "prize" of trying the former President before the 2024 presidential election. Here, for example, the District Attorney's proposed trial date is eight days before Georgia's presidential primary on March 12, 2024. The legal significance of the manifest politicization of this case, as the District Attorney has pursued it and is attempting to frame it, will be the subject of future filings.

6. The District Attorney chose to indict 19 people from all over the United States on a turgid and prolix conspiracy theory spread across 98 pages, 161 alleged overt acts, and 41 counts. Having built its proposed scaffolding for this matter in such a ponderous and complexified fashion, the District Attorney cannot now pretend as if this were a simple matter, such as a 2-page single-count indictment against a lone defendant who has already waived arraignment.

7. The State's Motion should be denied without prejudice. Moreover, before the District Attorney's Office could possibly even try to renew any motion for a scheduling

order, it should first be ordered to confer with defense counsel for all defendants, once all defendants are properly before the Court (if that is even possible).

8. To be clear, Mr. Clark and his counsel will insist on nothing less than the strict observance of all elements of constitutional due process and Georgia-specific procedural law here. And we have no doubt other defendants will agree.

## CONCLUSION

The Motion should be summarily denied.

Respectfully submitted, this 17th day of August 2023.

**CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP**

/s/ Harry W. MacDougald
Harry W. MacDougald
Ga. Bar No. 463076

Two Ravinia Drive
Suite 1600
Atlanta, GA 30346
(404) 843-1956
hmacdougald@ccedlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17 day of August, 2023, I electronically lodged the within and foregoing *Lodged Response and Objection to Motion for Entry of Pretrial Scheduling Order* with the Clerk of Court using the Odyssey eFile/GA system which will provide automatic notification to the following counsel of record:

> Fani Willis, Esq.
> Nathan J. Wade, Esq.
> Fulton County District Attorney's Office
> 136 Pryor Street SW
> 3rd Floor
> Atlanta GA 30303

As of this filing, to the knowledge of the undersigned, there are no other counsel of record in this case.

**CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP**

/s/ Harry W. MacDougald
Harry W. MacDougald
Ga. Bar No. 463076

Two Ravinia Drive
Suite 1600
Atlanta, GA 30346
(404) 843-1956
hmacdougald@ccedlaw.com