# EXHIBIT B-033



FILED IN OFFICE

JUL 18 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **2022-EX-000024** |
| **SPECIAL PURPOSE GRAND JURY** | ) | |
| | ) | **Judge Robert C. I. McBurney** |
| | ) | |

### NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the

United States District Court for the Northern District of Georgia on July 15, 2022.

A copy of said Notice of Removal is attached to this Notice, and is served and filed

herewith.

Respectfully submitted this 18th day of July, 2022.

**THE GOBER GROUP PLC**

By:  _/s/ Loree Anne Paradise_
    Loree Anne Paradise
    Georgia Bar No. 382202
    14425 Falconhead Blvd., Building E-100
    Austin, TX 73738
    512-534-1787
    lap@gobergroup.com

1

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT was served upon the following by email.

Fani T. Willis
Michael Hill
Fulton County District Attorney
136 Pryor St. SW
3rd Floor
Atlanta, GA  30303
Mike.Hill@fultoncountyga.gov

Dated this 18th day of July, 2022.

/s/ Loree Anne Paradise
Loree Anne Paradise

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

IN RE:

SUBPOENA FOR ATTENDANCE OF
WITNESS

Civil Action File No.

FULTON COUNTY SPECIAL
PURPOSE GRAND JURY

## NOTICE OF REMOVAL PURSUANT
## TO 28 U.S.C. § 1442

**COMES NOW**, United States Congressman Jody Hice ("Congressman Hice") to file this notice of removal of this action to the United States District Court for the Northern District of Georgia, and sets forth the following grounds for removal:

1.      On January 20, 2022, the Fulton County District Attorney requested the Chief Judge of the Superior Court of Fulton County to convene the entire Fulton County Superior Court to consider the District Attorney's request for a special purpose grand jury. If approved, the purpose would be to investigate "the facts and circumstances relating directly or indirectly to the possible attempts to disrupt the lawful administration of the 2020 elections in the State of

1

Georgia." (Exhibit A). Any recommendations would be provided in a report submitted at the conclusion of the special grand jury.

2.     Four days later, on January 24, 2022, the Chief Judge granted authorization for a special purpose grand jury. (Exhibit B).

3.     The Special Grand Jury was selected and sworn in on May 2, 2022.[1]

4.     On June 29, 2022, United States Congressman Jody Hice ("Congressman Hice") received service of a subpoena issued by the Fulton County District Attorney's Office. Said subpoena requests his attendance and testimony before the special grand jury on July 19, 2022. (Exhibit C).

5.     The aforementioned action falls wholly within the jurisdictional process outlined in the federal officer removal statute, 28 U.S.C. § 1442. The subpoena at issue is a "civil action or criminal prosecution that is commenced in a State court" and that is "directed to" a member of Congress. *Id*. § 1442(a)(4). Further, [t]he terms 'civil action' and 'criminal prosecution' include any . . . subpoena for testimony or documents[.]" *Id*. § 1442(d). Congressman Hice has been "an officer of either House of Congress" since January 2015. *Id*. § 1442(a)(4).

---

[1] https://www.ajc.com/news/atlanta-news/fulton-prosecutors-to-begin-jury-selection-for-trump-probe/IGCWQKPRVBDWRKNAI7LNQAMHJI/

6.      Federal case law has been consistent on the far-reaching application of the federal officer removal statute. In 2020, a claim for breach of contract against former Congressman Ted Yoho of Florida involving his official duties was removed from Levy County Court to the United States District Court for the Northern District of Florida. *Goodnow v. Third Cong. Dist. of Fla.*, 2021 U.S. Dist. LEXIS 96122. There, the court opined that "the federal officer removal statute is 'liberally construed' in favor of granting federal officers and agencies . . . access to a federal forum in which to litigate the merits of defenses arising from their official duties." *Id.* at 2.

7.      Courts have even extended the use of the federal officer removal statute to the official actions of staff members. In 2012, Mr. Daniel McLean was employed by Senator Bernie Sanders of Vermont. R.L. Vallee, Inc. ("Vallee") was a defendant in a state court civil action after it was accused of gasoline price fixing. *McLean v. R.L. Vallee, Inc.*, 2019 U.S. Dist. LEXIS 92967. During his time in the Office of Senator Sanders, Mr. McLean was involved in information gathering and public hearings related to the complicated practice of gasoline price fixing. Vallee filed a subpoena seeking numerous documents from both Mr. McLean and the Office of Senator Sanders related to official meetings regarding gasoline price fixing discussions. *Id.* Pursuant to 28 U.S.C. § 1442, both Mr.

McLean and the Office of Senator Sanders were able to remove these subpoenas to the United States District Court for the District of Vermont. *Id.*

8.      And lastly, in *Brown & Williamson Tobacco Corp. v. Williams*, state-issued subpoenas to two Members of the House of Representatives were appropriately removed to federal court and that decision was upheld by the D.C. Circuit Court of Appeals. *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408 (D.C. Cir. 1995). In that case, the court held that the underlying purpose of the federal officer removal statute "was designed to carry out a congressional intent 'that federal officers, and indeed the Federal Government itself, [have] the protection of a federal forum,' and that therefore 'this policy should not be frustrated by a narrow, grudging interpretation.'" *Id.* at 413 (quoting *Willingham v. Morgan*, 395 U.S. 402, 407). Further, the court went on to apply a broad definition to the terms outlined in the statute, specifically opining that "'civil action,' 'against,' or 'act'" are "meant to refer to *any proceeding* in which state judicial civil power was invoked against a federal officer." *Id.* at 416 (emphasis added)

9.      Since Congressman Hice is a member of the United States House of Representatives and is being asked to testify pursuant to a state-issued subpoena, the federal officer removal statute should apply, and this action should therefore

4

be removed to the United States District Court for the Northern District of

Georgia.

Respectfully submitted this ___ day of July, 2022.

                                    **THE GOBER GROUP PLC**


                                    By:___*s/ Loree Anne Paradise*_____
                                        Loree Anne Paradise
                                        Georgia Bar No. 382202
                                        14425 Falconhead Blvd., Building E-100
                                        Austin, TX 73738
                                        512-534-1787
                                        lap@gobergroup.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing brief was prepared double-spaced in 13-point Book Antiqua font, approved by the Court in Local Rule 5.1(C).

*s/ Loree Anne Paradise*
Loree Anne Paradise

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was served upon the following by email:

Fani T. Willis
Michael Hill
Office of the Fulton County District Attorney
136 Pryor St. SW
3rd Floor
Atlanta, GA  30303
Mike.Hill@fultoncountyga.gov

Dated this 15th day of July, 2022.

*s/ Loree Anne Paradise*
Loree Anne Paradise

**Exhibit A**

OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY
ATLANTA JUDICIAL CIRCUIT
136 PRYOR STREET SW, 3RD FLOOR
ATLANTA, GEORGIA 30303

*Fani T. Willis*
District Attorney

TELEPHONE 404-612-4639



2022-EX-000017

FILED IN OFFICE

JAN 20 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

The Honorable Christopher S. Brasher
Chief Judge, Fulton County Superior Court
Fulton County Courthouse
185 Central Avenue SW, Suite T-8905
Atlanta, Georgia 30303

January 20, 2022

Dear Chief Judge Brasher:

I hope this letter finds you well and in good spirits. Please be advised that the District Attorney's Office has received information indicating a reasonable probability that the State of Georgia's administration of elections in 2020, including the State's election of the President of the United States, was subject to possible criminal disruptions. Our office has also learned that individuals associated with these disruptions have contacted other agencies empowered to investigate this matter, including the Georgia Secretary of State, the Georgia Attorney General, and the United States Attorney's Office for the Northern District of Georgia, leaving this office as the sole agency with jurisdiction that is not a potential witness to conduct related to the matter. As a result, our office has opened an investigation into any coordinated attempts to unlawfully alter the outcome of the 2020 elections in this state.

We have made efforts to interview multiple witnesses and gather evidence, and a significant number of witnesses and prospective witnesses have refused to cooperate with the investigation absent a subpoena requiring their testimony. By way of example, Georgia Secretary of State Brad Raffensperger, an essential witness to the investigation, has indicated that he will not participate in an interview or otherwise offer evidence until he is presented with a subpoena by my office. Please see Exhibit A, attached to this letter.

Therefore, I am hereby requesting, as the elected District Attorney for Fulton County, pursuant to O.C.G.A. § 15-12-100 et. seq., that a special purpose grand jury be impaneled for the purpose of investigating the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. Specifically, a special purpose grand jury, which will not have the authority to return an indictment but may make recommendations concerning criminal prosecution as it shall see fit, is needed for three reasons: first, a special purpose grand jury can be impaneled by the Court for any time period required in order to accomplish its investigation, which will likely exceed a normal grand jury

term; second, the special purpose grand jury would be empowered to review this matter and this matter only, with an investigatory focus appropriate to the complexity of the facts and circumstances involved; and third, the sitting grand jury would not be required to attempt to address this matter in addition to their normal duties.

Additionally, I am requesting that, pursuant to O.C.G.A. § 15-12-101, a Fulton County Superior Court Judge be assigned to assist and supervise the special purpose grand jury in carrying out its investigation and duties.

I have attached a proposed order impaneling the special purpose grand jury for the consideration of the Court.

Respectfully,

Fani T. Willis
District Attorney, Atlanta Judicial Circuit

Exhibit A: Transcript of October 31, 2021 episode of *Meet the Press* on NBC News at 26:04 (video archived at https://www.youtube.com/watch?v=B71cBRPgt9k)
Exhibit B: Proposed Order

cc:
The Honorable Kimberly M. Esmond Adams
The Honorable Jane C. Barwick
The Honorable Rachelle Carnesdale
The Honorable Thomas A. Cox, Jr.
The Honorable Eric Dunaway
The Honorable Charles M. Eaton, Jr.
The Honorable Belinda E. Edwards
The Honorable Kelly Lee Ellerbe
The Honorable Kevin M. Farmer
The Honorable Ural Glanville
The Honorable Shakura L. Ingram
The Honorable Rachel R. Krause
The Honorable Melynee Leftridge
The Honorable Robert C.I. McBurney
The Honorable Henry M. Newkirk
The Honorable Emily K. Richardson
The Honorable Craig L. Schwall, Sr.
The Honorable Paige Reese Whitaker
The Honorable Shermela J. Williams
Fulton County Clerk of Superior Court Cathelene "Tina" Robinson

# EXHIBIT A

BRAD RAFFENSPERGER:

Well, there's nothing to recalculate because if you look at the numbers, the numbers are the numbers. And so you can slice that, dice that any way you want. But at the end of the day, President Trump came up 11,800 votes short. And I had the numbers. Here are the real facts, though, 28,000 Georgians did not vote for anyone for president of the United States of America in Georgia. They skipped. They didn't vote for Biden. They didn't vote for President Trump. They didn't vote for the libertarian Jo Jorgesen. They just left it blank. And Senator David Perdue got 20,000 more votes in the metropolitan areas of the met-- of metropolitan Atlanta and Athens. And that really tells the big story of why President Trump did not carry the state of Georgia.

CHUCK TODD:

The Fulton County district attorney has been investigating whether the president did break any laws in that phone call to you. Have you -- I know you've turned over documents and various things. Have you been interviewed by investigators? You hadn't the last time we talked. Have you since?

BRAD RAFFENSPERGER:

No, I haven't been. I think she's busy with other matters. She has an awful lot of other cases that she inherited. But we fully complied, sent all the documents that we had, and she actually talked to some of our staff members. So if she wants to interview me, there's a process for that and I will gladly participate in that because I want to make sure that I follow the law, follow the Constitution. And when you get a grand jury summons, you respond to it.

CHUCK TODD:

You believe this investigation is totally -- is very legitimate by the D.A.?

BRAD RAFFENSPERGER:

Well, I'm an engineer, not a lawyer. And so I'll let her follow that process and let her bring it before the people.

CHUCK TODD:

You said that you wouldn't have released the phone call had President Trump not tweeted. That's a little bit disconcerting to some. Here he was asking you to break the law. But you

# EXHIBIT B

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

IN RE:
SPECIAL PURPOSE GRAND JURY

### ORDER IMPANELING SPECIAL PURPOSE GRAND JURY
### PURSUANT TO O.C.G.A. § 15-12-100, ET SEQ.

Pursuant to the request of the District Attorney for the Atlanta Judicial Circuit to the Judges of the Superior Court of Fulton County to impanel a Special Purpose Grand Jury under the provisions of O.C.G.A. § 15-12-100 et seq., for the purpose of investigating the facts and circumstances surrounding potential disruptions to the lawful administration of the 2020 elections in the State of Georgia, including the election of the President of the United States; and

This matter having been discussed, considered, and approved by the Judges of this Court at the regularly scheduled DATE meeting;

**IT IS ORDERED** that a Special Purpose Grand Jury be drawn and serve as provided in O.C.G.A. §§ 15-12-62.1, 15-12-67, and 15-12-100 et. seq., by and under the supervision of the Honorable NAME, to commence serving on May 2, 2022, not to exceed 12 months under this Order, excluding any time periods when the supervising judge determines that the Special Purpose Grand Jury cannot meet for safety or other reasons, or any time periods when normal court operations are suspended by order of the Supreme Court of Georgia or the Chief Judge of the Superior Court. The Special Purpose Grand Jury shall be authorized to investigate any and all facts and circumstances relating directly or indirectly to alleged violations of the laws of the State of Georgia intended to change, disrupt, or influence the administration or outcome of the 2020 General Election in Georgia and its subsequent runoff, during the period from January 20, 2017,

to the present day. This authorization shall include the investigation of any overt acts or predicate

acts relating to the subject of the Special Purpose Grand Jury's investigative purpose. The Special

Purpose Grand Jury, when making its presentments and reports, pursuant to O.C.G.A. §§ 15-12-

71 and 15-12-101, may make recommendations concerning criminal prosecution as it shall see fit.

Furthermore, the provisions of O.C.G.A. § 15-12-83 shall apply.

      **IT IS FURTHER ORDERED** that this Order be filed in the Office of the Clerk of the

Superior Court of Fulton County, Georgia, and published in the newspaper of record.

      **SO ORDERED**, this DATE,


                        **The Honorable Christopher S. Brasher**
                        **Chief Judge, Superior Court of Fulton County**
                        **Atlanta Judicial Circuit**


**PROPOSED ORDER PREPARED BY:**
    **Fani T. Willis**
    **District Attorney**
    **Atlanta Judicial Circuit**
    **Georgia State Bar No. 223955**

# Exhibit B

IN THE SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT
STATE OF GEORGIA

*2022 - EX 000024*

*FILED IN OFFICE*

*JAN 24 2022*

*DEPUTY CLERK SUPERIOR COURT*
*FULTON COUNTY, GA*

IN RE:  REQUEST FOR
SPECIAL PURPOSE
GRAND JURY

### ORDER APPROVING REQUEST FOR SPECIAL PURPOSE
### GRAND JURY PURSUANT TO O.C.G.A. §15-12-100, et seq.

The District Attorney for the Atlanta Judicial Circuit submitted to the judges of the

Superior Court of Fulton County a request to impanel a special purpose jury for the purposes set

forth in that request.  This request was considered and approved by a majority of the total

number of the judges of this Court, as required by O.C.G.A. §15-12-100(b).

IT IS THEREFORE ORDERED that a special purpose grand jury be drawn and

impaneled to serve as provided in O.C.G.A. § 15-12-62.1, 15-12-67, and 15-12-100, to

commence on May 2, 2022, and continuing for a period not to exceed 12 months.  Such period

shall not include any time periods when the supervising judge determines that the special

purpose grand jury cannot meet for safety or other reasons, or any time periods when normal

court operations are suspended by order of the Supreme Court of Georgia or the Chief Judge of

the Superior Court.  The special purpose grand jury shall be authorized to investigate any and all

facts and circumstances relating directly or indirectly to alleged violations of the laws of the

State of Georgia, as set forth in the request of the District Attorney referenced herein above.

Pursuant to O.C.G.A. § 15-12-101(a), the Honorable Robert C. I. McBurney is hereby

assigned to supervise and assist the special purpose grand jury, and shall charge said special

purpose grand jury and receive its reports as provided by law.

This authorization shall include the investigation of any overt acts or predicate acts relating to the subject of the special purpose grand jury's investigative purpose.  The special purpose grand jury, when making its presentments and reports, pursuant to O.C.G.A. §§ 15-12-71 and 15-12-101, may make recommendations concerning criminal prosecution as it shall see fit.  Furthermore, the provisions of O.C.G.A. § 15-12-83 shall apply.

This Court also notes that the appointment of a special purpose grand jury will permit the time, efforts, and attention of the regular grand jury(ies) impaneled in this Circuit to continue to be devoted to the consideration of the backlog of criminal matters that has accumulated as a result of the COVID-19 Pandemic.

IT IS FURTHER ORDERED that this Order shall be filed in the Office of the Clerk of the Superior Court of Fulton County.

SO ORDERED, THIS 24 DAY OF January , 2022.

CHRISTOPHER S. BRASHER, CHIEF JUDGE
Superior Court of Fulton County
Atlanta Judicial Circuit

# Exhibit C

STATE OF GEORGIA, FULTON COUNTY

# SUBPOENA FOR THE
# ATTENDANCE OF WITNESS

### PURSUANT TO O.C.G.A. § 24-13-21

**TO:  Mr. Jody Hice**

**YOU ARE HEREBY COMMANDED**, that laying all other business aside, you be and appear before the Special Purpose Grand Jury, Fulton County, Georgia, Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Fulton County Courthouse, 136 Pryor Street, 3rd Floor, Atlanta, Georgia 30303, to be held on **July 19, 2022, at 9:00 a.m.**, in the Grand Jury Room, then and there to be sworn as a witness for the State of Georgia, in the case of <u>IN RE: SPECIAL PURPOSE GRAND JURY</u>, Case Number 2022-EX-000024.

You are required to attend from day to day and from time to time until the matter is disposed of.

**HEREIN FAIL NOT**, under the penalty of law by authority of the Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Georgia, this the _____ day of _____, 2022.

> **Cathelene "Tina" Robinson**
> Clerk of Superior Court
> (404) 613-5313

Subpoena issued by:

_____

**Fulton County District Attorney**
**Fani T. Willis**
Authority of:
Special Purpose Grand Jury, Superior Court of Fulton County