# EXHIBIT B-036

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA



IN RE:
SPECIAL PURPOSE GRAND JURY

Case Number: 2022-EX-00024

Judge Robert C.I. McBurney

## OPPOSITION TO MOTION TO DISQUALIFY PROSECUTOR

COMES NOW, the State of Georgia, by and through undersigned counsel for the Fulton County District Attorney's Office, to oppose the meritless "Motion to Disqualify Prosecutor and for Other Relief" filed by Burt Jones. Jones has been notified that he is a potential target of the special purpose grand jury investigation, and consequently has moved this Court to disqualify District Attorney Fani T. Willis in her capacity as legal advisor to the grand jury, Special Prosecutor Nathan Wade, and the entire Fulton County District Attorney's Office based on an apparent misread of the applicable legal standards for disqualification of a prosecuting attorney.

To the contrary, this case presents no basis for the extraordinary relief of disqualification of the District Attorney, or any of her staff. Because 1) Jones has failed to identify any personal interest on behalf of the District Attorney or any other prosecutor that meets the legal criteria for disqualification, and 2) Jones is similarly situated and has been treated identically to each of the fifteen other unofficial "electors" who represented themselves as properly certified electors for the 2020 Presidential election and who received similar target status notification,

Jones cannot meet his burden to justify the disqualification of the District Attorney or Special Prosecutor Wade, or any other requested relief. The motion has no merit and should be denied.

I.  **THE MOTION IDENTIFIES NO CONFLICT OF INTEREST, AND THEREFORE NO BASIS FOR DISQUALIFICATION OF THE DISTRICT ATTORNEY**

Jones has moved to disqualify District Attorney Willis, Special Prosecutor Wade, and the entirety of the Fulton County District Attorney's Office based on what he characterizes as political interest stemming from the District Attorney's support for Charlie Bailey, a political opponent of Jones'. Mot. at 4 ("[District Attorney Willis'] involvement is a conflict because her active role in Mr. Bailey's campaign is clearly made in her capacity as Fulton County District Attorney, not as a private citizen."). That position finds no support in the law.

Georgia courts have long recognized that there are two generally accepted grounds for disqualification of a prosecuting attorney. The first such ground is based on a conflict of interest, and the second ground has been described as "forensic misconduct." *Williams v. State*, 258 Ga. 305, 314 (1988); *Whitworth v. State*, 275 Ga. App. 790 (2005) (same). Jones does not advance any argument that forensic misconduct has occurred here. Instead, he speculates that the prosecutors' financial support for Mr. Bailey amounts to a conflict of interest, and consequently influenced Jones' status as a witness and

target of the special purpose grand jury investigation in a non-specified manner. Mot. at 4.[1]

Such tenuous allegations of "conflict of interest" based on political affiliation has never provided a basis for disqualification "from interest or relationship."[2] Disqualified from interest means a "'personal interest,' and . . . a [district attorney] is not disqualified by personal interest in a case where he 'was not acting in his personal or individual character, or for his personal or individual interest, but in his character as an officer of the law specially charged by statute to perform this particular duty.'" State v. Sutherland, 190 Ga. App. 606, 607 (1989) (citations omitted) (finding a prosecutor's potential personal interest in civil litigation unrelated to the criminal charges was insufficient to support disqualification); see also State v. Davis, 159 Ga. App. 537, 538 (1981) (prosecutor's decision not to pursue criminal charges was not a "personal interest" justifying recusal).

---

[1]  Mr. Bailey initially announced his candidacy for the Democratic Party's nomination for Attorney General, and it was during the pendency of that campaign that Special Prosecutor Wade donated financially to the Bailey campaign.  Mot. at Exh. 2 (documenting January 31, 2021, donation from Nathan Wade to the Bailey for Attorney General Campaign), Mot. at Exh. 3 (documenting June 30, 21, donation to the Bailey for Attorney General Campaign.  Special Prosecutor Wade has made no contribution to the Bailey for Lieutenant Governor campaign.

[2]  While the motion cites O.C.G.A. § 15-18-5(a) as a basis for his demand for disqualification, the Supreme Court of Georgia has recently noted that statutory provision outlines only the procedure that the Attorney General follows to designate or appoint another prosecuting attorney to handle a prosecution "[w]hen a district attorney's office is disqualified from interest or relationship." Neuman v. State, 311 Ga. 83, 88 n.6 (2021).  The statute itself provides no standard for recusal.

Jones points to no action taken by the District Attorney or any of her staff that has been outside the character as an officer of the law specially charged to oversee the special purpose grand jury's investigation. See O.C.G.A. § 15-18-6(2) (duties of the District Attorney include "to attend on the grand juries, advise them in relation to matters of law, and swear and examine witnesses before them"). Jones fails to point to a single action taken by District Attorney Willis or Special Prosecutor Wade that was motivated by political bias or personal interest, and consequently and falls far short of meeting his burden of establishing a "personal interest" in the case such that disqualification is appropriate. Whitworth, 275 Ga. App. at 792.

The subject of the grand jury investigation that has ensnared Jones has no factual connection to the ongoing campaign for Lieutenant Governor, and support for a political opponent without more is not among the extremely rare instances where a prosecutor is shown to have a personal interest in a prosecution. Compare Sutherland, 190 Ga. App. at 607-08 ("[t]he public prosecutor is necessarily a partisan in the case[; i]f he were compelled to proceed with the same circumspection as the judge and jury, there would be an end to the conviction of criminals" (citation omitted)) with Davenport v. State, 157 Ga. App. 704, 704-05 (1981) (finding error where the district attorney prosecuting the case concurrently represented the victim of an aggravated assault in divorce proceedings between the victim and defendant); Lane v. State, 238 Ga. 407, 408 (1977) (improper for an attorney representing one co-defendant to thereafter prosecute a second co-defendant). Jones has made no effort to demonstrate to

4

this Court that political support for an opposing candidate, without more, is sufficient to serve as a basis for disqualification of a prosecutor from an unrelated criminal investigation.

District Attorney Willis is an elected official who has politically supported Mr. Bailey's campaigns for Attorney General and for Lieutenant Governor. That fact alone provides no basis for disqualification, nor any credible argument that financial support for Mr. Bailey's campaign amounts to a conflict of interest in overseeing the grand jury that has made Jones one of several targets of its investigation. Even under the lower standard of disqualification applicable to judges and judicial candidates, routine campaign support does not amount to a conflict of interest. *See Post v. State*, 298 Ga. 241, 248 (2015) ("Allegations that a party or a party's attorney made unexceptional campaign contributions or provided commonplace forms of non-monetary support during a judge's election campaign ordinarily are insufficient to require referring a recusal motion for reassignment to another judge." (collecting cases)). The relevant question is not whether District Attorney Willis has political affiliations that either align or conflict with any particular individual under investigation in Fulton County—district attorneys are elected in partisan elections, and they all have political affiliations. The relevant question is whether the District Attorney has a disqualifying personal interest in the special purpose grand jury investigation or in the criminal prosecution of Jones. *Scott v. State*, 53 Ga. App. 61, 69 (1936). The unequivocal answer is that she does not.

While Jones represents "upon information and belief" that the special purpose grand jury intends to release a report in October 2022, shortly before the November 8, 2022 election, he cites the Court to no source for that information and the District Attorney is not aware of any such definitive timeline. Mot. at 6, fn. 3. The grand jury continues to do its work hearing testimony, obtaining relevant evidence, and evaluating the facts as they become known. The date of any report is uncertain at this time, and in any event the Court, as the supervising Superior Court judge assisting the grand jurors, will be in a position to address any concerns regarding the timing of the grand jury's report and recommendation prior to its release. The request to seal the report or delay its release is not yet ripe, should be deferred.

## II.   JONES IS ONE OF SEVERAL SIMILARLY SITUATED TARGETS OF THE GRAND JURY INVESTIGATION

Jones is being investigated for his participation in the creation of a document that identified himself as being among the "duly elected and qualified Electors for President and Vice President of the United States of America from the State of Georgia," and the submission of that document to the National Archives. Each of the sixteen persons who signed the unofficial Elector Certificate ultimately submitted to the National Archives received a similar target letter, alerting that person both that his testimony was required by the special purpose grand jury and that he was a target of the investigation.[3] Despite the

---

[3] It is worth noting that Georgia law does not require either the District Attorney or the grand jury to notify witnesses of their status as a potential target prior to their testimony.

rather breathless accusations, Jones identifies no individual action taken against him—a supposed political target—that is outside the general character of lawful acts falling well within the scope of the District Attorney's role as legal advisor to the special purpose grand jury.

Nor does he argue that he is being treated any differently from any other similarly situated persons. Insofar as Jones invokes the protection of the Fifth and Fourteenth Amendments to the United States Constitution and corresponding Georgia constitutional provisions, his motion makes no effort to actually argue any due process or equal protection violation. Mot. at 1 (invoking constitutional provisions). The Georgia and U. S. Constitutions require government to treat similarly situated individuals in a similar manner, but it is the person who is asserting the equal protection claim has the burden to establish that he is "similarly situated to members of the class who are treated differently from him." *Rodriguez v. State*, 275 Ga. 283, 284-285 (2002) (internal citations omitted). If the person asserting the violation cannot make the foregoing showing, "there is no need to continue with an equal protection analysis." *Id.* Jones' brief motion makes no attempt at meeting that burden to prove he has been singled out among the other "electors."

Nor would he succeed if the task were undertaken. The special purpose grand jury has been directed to investigate the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia, and to prepare a report and recommendation to the District Attorney regarding the potential prosecution of

criminal offenses should the facts warrant that action. The "elector certificate" submitted to the National Archives represented that the undersigned—including Jones—were the "duly elected and qualified Electors for President and Vice President of the United States of America from the State of Georgia." The grand jury's interest in the creation and submission of the certificate is well within the appropriate scope of its investigation, and like each of the other fifteen persons who signed that document, Jones has become both a witness and a potential target.

An elected District Attorney is by design a political officer. *See generally* Ga. Const. of 1983, Art. VI, Sec. VIII, Par. I (a) (providing for the election of district attorneys). "'While the prosecuting officer should see that no unfair advantage is taken of the accused, yet he is not a judicial officer . . . **The public prosecutor is necessarily a partisan in the case. If he were compelled to proceed with the same circumspection as the judge and jury, there would be an end to the conviction of criminals.**'" *Scott*, 53 Ga. App. at 67 (emphasis added); *see also Young v. United States*, 481 U.S. 787, 810-11 (1987) ("the standards of neutrality for prosecutors are not necessarily as stringent as those applicable to judicial or quasi-judicial officers").

In Georgia, District Attorneys—like Governors, Lieutenant Governors, Attorney Generals, and Secretaries of State—are generally partisan elected officials who are routinely entrusted with acting in the public interest regardless of political affiliation. No criminal defendant or target of an investigation has a right to be prosecuted by a District Attorney who shares his political associations or

8

views, or to be immune from criminal investigation—no matter how well-founded—in a County where the elected District Attorney is a member of an opposing political party. The practical implications of the relief Jones asks for are remarkable, and completely without legal justification.

## CONCLUSION

Jones has done nothing to establish an actual conflict of interest in the case, nor has he shown that, in the handling of the special purpose grand jury investigation, District Attorney Willis or Special Prosecutor Wade have acted out of any personal political motivation. The record before the Court falls far short of requiring disqualification, where the State has acted not out of any personal interest "but alone to subserve public justice." *Pinkney v. State*, 22 Ga. App. 105, 109 (1918). There being no basis for the extraordinary relief of disqualifying the District Attorney from an ongoing and well-advanced grand jury investigation, the motion should be denied.

Respectfully submitted, this 19th day of July 2022.

*/s/ Anna Green Cross*
Anna Green Cross
GA Bar No. 306674

The Cross Firm, LLC
520 W Ponce de Leon Ave #1858
Decatur, GA 30030
(404) 281-6365
anna@crossfirmllc.com

*Counsel for Fulton County District Attorney's Office*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of July 2022, a true copy of this Response was delivered to the following attorneys for movant by electronic mail:

William D. Dillon
Hannah M. Clapp
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
bdillon@taylorenglish.com
hclapp@taylorenglish.com

/s/ Anna Green Cross
Anna Green Cross
GA Bar No. 306674

**The Cross Firm, LLC**
520 W Ponce de Leon Ave #1858
Decatur, GA 30030
(404) 281-6365
anna@crossfirmllc.com
*Counsel for Fulton County District Attorney's Office*