# EXHIBIT B-044



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| IN RE: 2 MAY, 2022 SPECIAL PURPOSE GRAND JURY | CASE NO. 2022-EX-000024 <br><br> JUDGE ROBERT McBURNEY |

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISQUALIFY PROSECUTOR

Burt Jones ("Mr. Jones"), by and through his undersigned counsel, submits this Supplemental Brief in Support of Motion to Disqualify Prosecutor. Mr. Jones respectfully requests this Court find that District Attorney Fani Willis' ("DA Willis") personal, political and financial relationship with Mr. Charles Bailey disqualifies her and the Fulton County District Attorney's Office ("Fulton County DA's Office") from the Special Grand Jury investigation of Mr. Jones. In further support thereof, Mr. Jones shows as follows:

I. **DA WILLIS' POLITICAL FINANCIAL AND PERSONAL CONNECTIONS TO CHARLES BAILEY CREATE AN APPEARANCE OF IMPROPRIETY THAT REQUIRES HER DISQUALIFICATION FROM MR. JONES' PROSECUTION.**

The United States Supreme Court upholds the importance of an impartial and disinterested prosecutor because "a personal interest, financial or otherwise, into the enforcement process may bring irrelevant or impermissible factors into the prosecutorial decision and in some contexts *raise serious constitutional questions*." *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 249 (1980) (emphasis added).

1

To reiterate a fundamental right under the Due Process Clause of the United States Constitution, the Due Process Clause guarantees Mr. Jones (or any person) ***the right to be prosecuted by a "disinterested" prosecutor.***

> Prosecution by someone with conflicting loyalties "calls into question the objectivity of those charged with bringing a defendant to judgment." (internal citation omitted). It is a fundamental premise of our society that the state wield its formidable criminal enforcement powers in a rigorously disinterested fashion, for liberty itself may be at stake in such matters. We have always been sensitive to the possibility that important actors in the criminal justice system may be influenced by factors that threaten to compromise the performance of their duty.

*Young v. United States ex rel. Vuitton Et Fils S.A.*, 481 U.S. 787, 810 (1987) (plurality opinion); *see generally Berger v. United States*, 295 U.S. 78 (1935). This right is fundamental to the justice system as echoed in *Young* because "for what is at stake is the public perception of the integrity of the justice system. 'Justice must satisfy the appearance of justice,' and <u>a prosecutor with conflicting loyalties presents the appearance of precisely the opposite</u>." *Young*, 481 U.S. at 811-812 (1987). Further, allowing an "interested" prosecutor to conduct an investigation would "give unfair advantage to [the prosecutor's personal interests] and would impair public willingness to accept the legitimate use of those powers." C. Wolfram, Modern Legal Ethics 460 (1986).

The Court should not take DA Willis' financial, political and personal connections to Mr. Bailey lightly. As best stated in *Young*, the "appointment of an interested prosecutor ***creates an appearance of impropriety that diminishes the faith in the fairness of the criminal justice system in general.***" *Young*, 481 U.S. at 811 (1987) (emphasis added).

Mr. Jones does *not* contend that DA Willis should be disqualified on the basis that she is a Democrat and that he is a Republican. Nor should she be disqualified for ordinary political activity and support of her political party. Objections on that basis would make it next to

2

impossible for any prosecution to proceed. However, Mr. Jones *does* contend that DA Willis' political activism as well as her personal *and* professional loyalties to his only opponent in the Lieutenant Governor's race, Mr. Charles Bailey, is the kind of "conflicting loyalty" that was contemplated to be prohibited under *Young*. ("the appointment of counsel for an interested party to bring the contempt prosecution at a minimum created *opportunities* for conflicts to arise and created at least the *appearance* of impropriety" which the court found "so fundamental and pervasive"). *Young*, 481 U.S. at 809 (1987).[1]

DA Willis flaunts her political and personal affiliation and support of Mr. Bailey. Although *Young* states that the court "may require a stronger showing for a prosecutor than a judge in order to conclude that a conflict of interest exists", the relevant inquiry is "*whether* a conflict is found" … and **"not to its gravity once identified"**. *Id.* at 810-811. (emphasis added). As this Honorable Court noted during oral argument on the Motion to Disqualify on July 21, 2022 ("Hearing"), the facts in the current case present a "clear appearance" of conflict for DA Willis. This finding recognizes the importance the Court plays in the supervision of the Special Grand Jury. An interested prosecutor can "undermine [the] confidence that a prosecution can be conducted in disinterested fashion."[2] *Id.* at 810-811. DA Willis has shown a direct interest in Mr. Bailey's

---

[1] The District Attorney refers to *Post v. State*, 298 Ga. 241 (2015), claiming that routine campaign support does not amount to a conflict of interest. Although *Post* does not equate unexceptional campaign contributions or commonplace forms of non-monetary support to a conflict of interest, the court held that the DA having a significant fiduciary with the judge's campaign as his treasurer raised at least an inference of a relationship with the judge different from and more significant than that of general supporters and contributors". *Id.* at 250. DA Willis did more than simply donate to Mr. Bailey's campaign. Rather, she used her title as District Attorney to raise significant funds for Mr. Jones' opponent while Mr. Jones was under investigation by the Special Grand Jury. Shortly after the fundraiser, the DA announced publicly that all members of the "alternate slate of electors" were Targets of her investigation. Moreover, in addition to publicity, the fundraiser gathered thousands of dollars for Mr. Jones' opponent.

[2] Mr. Jones maintains his innocence in the matter under investigation and posits that he will perform his civic duty and cooperate with an unbiased tribunal. However, it creates the very

success in the Lieutenant Governor's race through her actions in headlining a fundraiser, raising thousands of dollars on his behalf, and through her continued public support of him in her role as Fulton County District Attorney.

The Supreme Court in *Berger v. Unites States*, states that prosecutors "must serve the public interest". *Berger v. United States*, 295 U.S. 78, 88 (1935). This "sense of public responsibility" is crucial "for the attainment of justice". *Young*, 481 U.S. at 814 (1987). DA Willis did not just contribute to Mr. Bailey's campaign, she headlined a fundraiser for Mr. Bailey several weeks **after** the Special Grand Jury commenced its investigation of Mr. Jones. Moreover, DA Willis played a significant role in the financial activities of Mr. Bailey's campaign because the fundraiser she hosted generated $32,344.

As the Court indicated during the Hearing, "the optics are horrific" in regard to DA Willis using her title as Fulton County DA to host a fundraiser for Mr. Jones' sole opponent in the upcoming race for Lieutenant Governor. Although the grand jury issues the subpoenas, DA Willis leads the grand jury investigation and the motivation behind demanding testimony from certain individuals can be manifested and encouraged by the DA herself.

To allow DA Willis and her office to conduct the special grand jury investigation involving Mr. Jones would present serious ramifications including impairing "the public perception of the integrity of our criminal justice system" *Young*, 481 U.S. at 811. Compared to these substantial negative ramifications on the public, the importance of continuing the Fulton County DA's involvement, with regard to Mr. Jones, is low because there is an effective remedy: allowing the Attorney General to choose an unbiased DA to investigate the matter, as required under

---

appearance of impropriety that *Young* contemplates to have a District Attorney with clearly stated conflicting personal, financial and political interests take jurisdiction over Mr. Jones before this Special Grand Jury.

4

O.C.G.A. § 15-18-5(a). The transfer of the investigation relating to the "alternate slate of electors" would promote public perception of unbiased justice, which perception is central to this investigation, as it is focused on the core of our foundations of democracy.

Due to DA Willis' conflict, her continued involvement in this matter would be an error whose effects would permeate the entire prosecution rather than only the decision to proceed with Mr. Jones under the Fulton County Special Grand Jury. "Appointment of an interested prosecutor is also an error whose effects are pervasive. Such an appointment calls into question, and therefore requires scrutiny of, the conduct of an entire prosecution, rather than simply a discrete prosecutorial decision." *Young*, 481 U.S. at 812 (1987).

Under these facts, the entire Fulton County DA's Office must also be removed from the matter, when DA Willis is disqualified because of her political, financial, and personal ties to Mr. Jones' opposition for Lieutenant Governor. "When the elected district attorney is wholly disqualified from a case, the assistant district attorneys — whose only power to prosecute a case is derived from the constitutional authority of the district attorney who appointed them — have no authority to proceed." *McLaughlin v. Payne*, 295 Ga. 609 (2014). This Court has recognized that "a Georgia district attorney is of counsel in all criminal cases or matters pending in his circuit. This *includes the investigatory stages of matters preparatory to the seeking of an indictment* as well as the pendency of the case." *Id.* (citing *King v. State*, 246 Ga. 386, 389, 271 SE2d 630 (1980)) (emphasis added). And, for a prosecutor to have a conflict in such a case is contrary to public policy and can warrant a new trial. *Id.*

For the foregoing reasons, DA Willis and the Fulton County District Attorney's Office should be disqualified from participating in the Special Grand Jury process, as it relates to the investigation actions by Mr. Jones.

5

Respectfully submitted this 22nd day of July, 2022.

                                **TAYLOR ENGLISH DUMA LLP**

*/s/ William D. Dillon*
William D. Dillon
Georgia Bar No. 222410

*/s/ Hannah M. Clapp*
Hannah M. Clapp
Georgia Bar No. 778771

1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
404 640-5934 (o)
770 434-7376 (f)
bdillon@taylorenglish.com
hclapp@taylorenglish.com
*Counsel for Burt Jones*

6

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| IN RE: 2 MAY, 2022 SPECIAL PURPOSE GRAND JURY | CASE NO. 2022-EX-000024<br><br>JUDGE ROBERT McBURNEY |

**CERTIFIFICATE OF SERVICE**

I hereby certify that I have served the foregoing **Supplemental Brief in Support of Motion to Disqualify Prosecutor** upon the following counsel this date by hand delivery:

Fani T. Willis, DA
Fulton County District Attorney's Office
Lewis Slaton Courthouse, Third Floor
136 Pryor Street, S.W.
Atlanta, GA 30305

This the 22nd day of July, 2022.

/s/ *William D. Dillon*
William D. Dillon
Georgia Bar No. 222410

1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
404 640-5934 (o)
770 434-7376 (f)
bdillon@taylorenglish.com
*Counsel for Burt Jones*

7