# EXHIBIT B-047

FILED IN OFFICE

JUL 2 9 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**ATLANTA JUDICIAL CIRCUIT**
**STATE OF GEORGIA**

In re: Subpoena to Non-Party Lindsey O.          )
Graham in his official capacity as United        )
States Senator,                                  )
                                                 )         Case No. 2022-EX-000024
in the matter of:                                )
                                                 )         Judge Robert C. I. McBurney
Special Purpose Grand Jury, Fulton County        )
Superior Court                                   )

## NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA

TO:     Fani T. Willis
        Fulton County District Attorney's Office
        136 Pryor Street SW
        3rd Floor
        Atlanta, Georgia 30303

        Cathelene Robinson
        Clerk of Superior Court Fulton County, Georgia
        136 Pryor Street SW
        Atlanta, Georgia 30303

        Pursuant to 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of

Removal of the above-captioned action to the United States District Court for the Northern District

of Georgia.  A service copy of the Notice of Removal filed with respect to this action is attached

hereto as Exhibit A.

Dated: July 29, 2022                    */s/ Brian C. Lea*
                                        Brian C. Lea
                                        (Georgia Bar No. 213529)
                                        JONES DAY
                                        1221 Peachtree Street, N.E., Suite 400
                                        Atlanta, GA 30361
                                        Telephone: (404) 581-3939
                                        Facsimile: (404) 581-8330
                                        blea@jonesday.com

                                        *Counsel for Senator Lindsey O. Graham*

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, I caused a copy of the foregoing to be served via

U.S. Mail on the following recipients:

Fani T. Willis
Fulton County District Attorney's Office
136 Pryor Street SW
3rd Floor
Atlanta, Georgia 30303

*/s/ Brian C. Lea*
Brian C. Lea

*Counsel for Senator Lindsey O. Graham*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

*In re* Subpoena to Non-Party Lindsey
O. Graham in his official capacity as
United States Senator,

Case No. _____

in the matter of:

Special Purpose Grand Jury, Fulton
County Superior Court Case No.
2022-EX-000024.

## <u>NOTICE OF REMOVAL</u>

Non-party subpoena-recipient, United States Senator Lindsey O. Graham,

removes this proceeding from the Fulton County Superior Court (Case No. 2022-

EX-000024) to the United States District Court for the Northern District of Georgia

under 28 U.S.C. §§ 1441, 1442(a), and 1446.  Senator Graham denies the validity

and enforceability of the Subpoena and all related process and files this Notice

without waiving any defenses, motions, exceptions, or rights that may exist in his

favor in either state or federal court.

**I.     Senator Graham has timely removed this action.**

The Subpoena at issue, which purports to "command[]" Senator Graham to

"lay[] all [of his] business aside" and "appear before the Special Purpose Grand

Jury," is attached as Exhibit 1.  The Subpoena was issued on July 26, 2022, and it

Page 1 of 10

requires Senator Graham's testimony on August 23, 2022, at 9:00 a.m., before a "special purpose grand jury" established under Georgia law. *See* O.C.G.A. § 15-12-100(a). Senator Graham accepted service of this Subpoena on July 27, 2022. This Notice of Removal, filed two days later, is therefore filed well within thirty days of issuance and service of the Subpoena—and indeed even within 30 days of the Certificate of Material Witness (Exhibit 2)—so it is timely under 28 U.S.C. § 1446, including specifically under § 1446(g). *See, e.g.*, *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–51 (1999); *Miami Herald Media Co. v. Fla. Dep't of Transportation*, 345 F. Supp. 3d 1349, 1366–67 (N.D. Fla. 2018).

## II. Senator Graham has given proper notice of the removal and attached the pleadings.

As required by 28 U.S.C. § 1446(d)—and as evidenced by the Certificate of Service—Senator Graham is providing written notice of this removal to the relevant parties and the Fulton County Superior Court. In addition to the Subpoena attached as Exhibit 1 and the Certificate attached as Exhibit 2, Senator Graham also attaches, as Exhibit 3, the District Attorney's *ex parte* petition asking the state court to issue the Certificate and, as Exhibit 4, the public docket for the special grand jury. *See* 28 U.S.C. § 1446(a).

### III.   This Court has jurisdiction over this proceeding.

The principal ground for removal here is the federal-officer-removal provision in § 1442(a). *See* 28 U.S.C. § 1446(a) (requiring a "short and plain statement of the grounds for removal"). This proceeding is within the jurisdiction of the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1442, which permits removal of any "civil action or criminal prosecution"—including proceedings in which "a judicial order, including a subpoena for testimony or documents, is sought or issued"—pending in state court and directed at a federal official "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1); *see also* 28 U.S.C. § 1442(a)(4) (allowing removal by "[a]ny officer of either House of Congress" of any "civil action or criminal prosecution ... for or relating to any act in the discharge of his official duty under an order of such House").

"Only two prerequisites must be met before an action may be removed under § 1442(a)(1): first, the [civil action or criminal prosecution] must be against any officer, agency, or agent of the United States for any act under color of such office; and second, the federal actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law." *State of Fla. v. Cohen*, 887 F.2d 1451, 1453–54 (11th Cir. 1989). Both prerequisites are met here.

*First*, this proceeding is a "civil action or criminal prosecution" as defined by statute, unquestionably against a federal officer for alleged actions he took under color of his office as Senator.  Indeed, the federal-officer-removal statute expressly defines a removable "civil action" to include precisely what is at issue here:  "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued."  28 U.S.C. § 1442(d)(1).  Even before Congress added this specific language to the statute in 2011, this kind of subpoena proceeding was a removable civil action. *See, e.g., Cohen*, 887 F.2d at 1453–54; *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408 (D.C. Cir. 1995); *Nationwide Invs. v. Miller*, 793 F.2d 1044, 1047 (9th Cir. 1986); *see also Johnson v. Soc. Sec. Admin.*, 2018 WL 4677829, at *4 (E.D. Va. June 8, 2018) (collecting cases permitting removal of subpoena proceedings).  Now, after Congress has "made [this] explicit in [the] 2011 amendments," it is beyond peradventure.  16 Moore's Federal Practice—Civil § 107.100[4][c] (2022, online ed.); *accord* 14C Fed. Prac. & Proc. Juris. § 3726 (Rev. 4th ed., Westlaw database, April 2022 update).

*Second*, Senator Graham also satisfies the "lenient colorable federal defense requirement for removal." *Caver v. Cent. Alabama Elec. Coop.*, 845 F.3d 1135, 1145–46 (11th Cir. 2017); *see Jefferson County v. Acker*, 527 U.S. 423, 431–32

(1999).   In defense against being forced to testify in front of a state-court investigative body, Senator Graham raises constitutional issues that the Framers thought were "indispensably necessary[]" to a functioning Republic—namely, that legislators "should enjoy the fullest liberty of speech, and that [they] should be protected from the resentment of every one, however powerful, to whom the exercise of that liberty may occasion offense." *Tenney v. Brandhove*, 341 U.S. 367, 373–74 (1951) (quoting II Works of James Wilson 38 (Andrews ed. 1896)); *see* Motion to Quash, filed concurrently herewith.

More specifically, the Subpoena the District Attorney has directed at Senator Graham requires him to appear and testify in Georgia about activities he performed as a United States Senator and then-Chairman of the Senate Judiciary Committee. Prior process related to the Subpoena, including the Certificate, confirms that the District Attorney believes Senator Graham is a witness relevant the Special Purpose Grand Jury's investigation based on two alleged phone calls to "Georgia Secretary of State Brad Raffensperger and members of his staff in the weeks following the November 2020 election in Georgia." Ex. 2 ¶¶ 2–3. One of the staff members mentioned in the Certificate was Deputy Secretary of State Gabriel Sterling, who has commented publicly about a call with Senator Graham: "Senator Graham called. He had questions about our [electoral] process. We answered the questions about

that process." *See* Video Interview of Gabriel Sterling at 1:56, *CNN Newsource* (Nov. 18, 2020), available at https://bit.ly/3za979a.

These "questions about that process"—concerning electoral integrity and security as well as investigating possible irregularities before Senator Graham voted to certify the results of the 2020 election—are within Senator's Graham's official legislative responsibilities. *See Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975); *Rangel v. Boehner*, 785 F.3d 19, 24 (D.C. Cir. 2015); U.S. Const. art. II, § 1, cl. 3; 3 U.S.C. § 15 (detailing process under the Electoral County Act of 1887). Senator Graham thus argues in a contemporaneously filed motion to quash that federal defenses and immunities—including absolute legislative immunity and privilege under the Speech or Debate Clause—require this Court to quash the Subpoena. *See* U.S. Const. art. I, § 6, cl. 1; *Brown & Williamson*, 62 F.3d at 414–15; *United States v. Swindall*, 971 F.2d 1531 (11th Cir. 1992). Senator Graham also asserts the defense of federal sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). And he raises the lack of extraordinary circumstances necessitating the testimony of a high-ranking government official. *See In re United States,* 985 F.2d 510 (11th Cir. 1993).

In cases of this kind, Congress did not leave its Members to litigate federal and constitutional defenses in state court, but instead gave them the right of removal

under § 1442(a). *See Jefferson County*, 527 U.S. at 431–32; *Willingham v. Morgan*, 395 U.S. 402, 405 (1969); *Cohen*, 887 F.2d at 1453–54; *State of N. C. v. Carr*, 386 F.2d 129, 131 (4th Cir. 1967). Removal is proper.

### IV.    Request for briefing and oral argument.

If any question arises as to the propriety of removal, Senator Graham requests the chance to present briefs, oral argument, and if necessary, other material in support of his position that removal is proper. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773–74 & n.29 (11th Cir. 2010) (recognizing that the "notice of removal should contain only 'a short and plain statement of the grounds for removal,'" while allowing the removing party to "supplement[] its 'short and plain statement' with additional evidence and explanation" if removal is challenged); *cf. Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88–89 (2014).

### CONCLUSION

Senator Graham thus removes this proceeding from the Georgia Superior Court to the United States District Court for the Northern District of Georgia under 28 U.S.C. §§ 1442, 1441, and 1446.

Date: July 29, 2022

Respectfully submitted,

/s/ Brian C. Lea

DONALD F. MCGAHN II
  *Application for admission*
  *pro hac vice forthcoming*
ROBERT LUTHER III
  *Application for admission*
  *pro hac vice forthcoming*
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
dmcgahn@jonesday.com
rluther@jonesday.com

BRIAN C. LEA
Georgia Bar No. 213529
JONES DAY
1221 Peachtree Street, N.E.,
Suite 400
Atlanta, Georgia 30361
(404) 521-3939
blea@jonesday.com

E. BART DANIEL
  *Application for admission*
  *pro hac vice forthcoming*
MARSHALL T. AUSTIN
  *Application for admission*
  *pro hac vice forthcoming*
NELSON MULLINS RILEY &
  SCARBOROUGH LLP
151 Meeting Street,
Suite 600
Charleston, SC 29401
(843) 853-5200
bart.daniel@nelsonmullins.com
matt.austin@nelsonmullins.com

*Counsel for United States Senator Lindsey Graham*

Page 8 of 10

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1(B)</u>

I hereby certify that this brief has been prepared with one of the font, point, and style selections approved by the Court in LR 5.1(B)—namely, double-spaced in 14-point Times New Roman font.

Date: July 29, 2022

/s/ *Brian C. Lea*

BRIAN C. LEA
Georgia Bar No. 213529
JONES DAY
1221 Peachtree Street, N.E.,
Suite 400
Atlanta, Georgia 30361
(404) 521-3939
blea@jonesday.com

*Counsel for United States Senator Lindsey Graham*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 29, 2022, I caused a copy of the foregoing to be

served via U.S. Mail on the following recipients:

> Fani T. Willis
> Fulton County District Attorney's Office
> 136 Pryor Street SW
> 3rd Floor
> Atlanta, Georgia 30303

Date: July 29, 2022         */s/ Brian C. Lea*
                                 BRIAN C. LEA
                                 Georgia Bar No. 213529
                                 JONES DAY
                                 1221 Peachtree Street, N.E.,
                                 Suite 400
                                 Atlanta, Georgia 30361
                                 (404) 521-3939
                                 blea@jonesday.com

                                 *Counsel for United States Senator Lindsey Graham*

# EXHIBIT 1

STATE OF GEORGIA, FULTON COUNTY

# SUBPOENA FOR THE
# ATTENDANCE OF WITNESS

### PURSUANT TO O.C.G.A. § 24-13-21

**TO:**  Lindsey Graham

**YOU ARE HEREBY COMMANDED**, that laying all other business aside, you be and appear before the Special Purpose Grand Jury, Fulton County, Georgia, Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Fulton County Courthouse, 136 Pryor Street, 3rd Floor, Atlanta, Georgia 30303, to be held on **August 23, 2022, at 9:00 a.m.**, in the Grand Jury Room, then and there to be sworn as a witness for the State of Georgia, in the case of <u>IN RE: SPECIAL PURPOSE GRAND JURY</u>, Case Number 2022-EX-000024.

You are required to attend from day to day and from time to time until the matter is disposed of.

**HEREIN FAIL NOT**, under the penalty of law by authority of the Hon. Robert C. I. McBurney, Judge, Superior Court of Fulton County, Georgia, this the 26 day of ___July___, 2022.

Cathelene "Tina" Robinson
Clerk of Superior Court
(404) 613-5313

Subpoena issued by:

**NATHAN WADE**
**Special Prosecutor**
By authority of Special Purpose Grand Jury, Superior Court of Fulton County

# EXHIBIT 2

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

IN RE:                                     )
SPECIAL PURPOSE GRAND JURY        )        2022-EX-000024
                                           )
                                           )        Judge Robert C. I. McBurney
                                           )

FILED IN OFFICE

JUL 05 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEOGIA AS O.C.G.A. § 24-13-90 ET SEQ.

Upon the petition of Fani T. Willis, District Attorney, Atlanta Judicial Circuit, pursuant to the Uniform Act to Secure the Attendance of Witnesses from Without the State, codified at O.C.G.A. § 24-13-90 et seq., the Court issues the following Certificate under seal of this Court, and further says as follows:

1. A Special Purpose Grand Jury investigation commenced in Fulton County, Georgia, by order of this Court on May 2, 2022. *See* Order Impaneling Special Purpose Grand Jury Pursuant to O.C.G.A. § 15-12-100, et seq., "**Exhibit A**". The Special Purpose Grand Jury is authorized to investigate any and all facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. *See* Letter Requesting Special Purpose Grand Jury, "**Exhibit B**".

2. Based on the representations made by the State in the attached "Petition for Certification of Need for Testimony Before Special Purpose Grand Jury Pursuant to O.C.G.A. § 24-13-90 et seq.", the Court finds that Lindsey Olin Graham, born

▓▓, (hereinafter, "the Witness") is a necessary and material witness to the Special Purpose Grand Jury investigation. The Court further finds that the Witness currently resides at ▓▓▓▓▓▓ ▓▓ ▓▓▓ ▓ ▓▓.

3. Based on the representations made by the State in the attached "Petition for Certification of Need for Testimony Before Special Purpose Grand Jury Pursuant to O.C.G.A. § 24-13-90 et seq.", the Court finds that the Witness made at least two telephone calls to Georgia Secretary of State Brad Raffensperger and members of his staff in the weeks following the November 2020 election in Georgia. During the telephone calls, the Witness questioned Secretary Raffensperger and his staff about reexamining certain absentee ballots cast in Georgia in order to explore the possibility of a more favorable outcome for former President Donald Trump. The Witness also made reference to allegations of widespread voter fraud in the November 2020 election in Georgia, consistent with public statements made by known affiliates of the Trump Campaign.

4. Based on the representations made by the State in the attached "Petition for Certification of Need for Testimony Before Special Purpose Grand Jury Pursuant to O.C.G.A. § 24-13-90 et seq.", the Court finds that the Witness, based on the substance and timing of the telephone calls he personally made to Georgia Secretary of State Brad Raffensperger, is a necessary and material witness in this investigation. The Witness possesses unique knowledge concerning the substance of the telephone calls, the circumstances surrounding his decision to make the telephone calls, the logistics of setting up the telephone calls, and any communications between himself, others involved in the planning and execution of the telephone calls, the Trump

Campaign, and other known and unknown individuals involved in the multi-state, coordinated efforts to influence the results of the November 2020 election in Georgia and elsewhere. Finally, the Witness's anticipated testimony is essential in that it is likely to reveal additional sources of information regarding the subject of this investigation.

5. The testimony of the Witness will not be cumulative of any other evidence in this matter.

6. The Witness will be required to be in attendance and testify before the Special Purpose Grand Jury on July 12, 2022, and continuing through and until the conclusion of the Witness's testimony on or before August 31, 2022, at the Superior Court of Fulton County, Fulton County Courthouse, 136 Pryor Street, 3rd Floor, Atlanta, Georgia 30303.

7. The Office of the Fulton County District Attorney, in and for the State of Georgia, will pay all reasonable and necessary travel expenses and witness fees required to secure the Witness's attendance and testimony, in accordance with O.C.G.A. §24-13-90 et seq.

8. The Witness shall be given protection from arrest and from service of civil or criminal process, both within this State and in any other state through which the Witness may be required to pass in the ordinary course of travel, for any matters which arose before the Witness's entrance into this State and other states, while traveling to and from this Court for the purpose of testifying for this case.

9.  The State of Georgia is a participant in a reciprocal program providing for the securing of witnesses to testify in foreign jurisdictions which likewise provide for such methods of securing witnesses to testify in their courts.

10. This Certificate is made for the purpose of being presented to a judge of the South Carolina Tenth Circuit Court of General Sessions, by the Tenth Judicial Circuit Solicitor or his duly authorized representative, who is proceeding at the request and on behalf of the Office of the Fulton County District Attorney to compel the Witness to be in attendance and testify before the Special Purpose Grand Jury on July 12, 2022, and continuing through and until the conclusion of the Witness's testimony on or before August 31, 2022, at the Superior Court of Fulton County, Fulton County Courthouse, 136 Pryor Street, 3rd Floor, Atlanta, Georgia 30303. This Certificate may also be presented to a judge of the South Carolina Tenth Circuit Court of General Sessions by the Fulton County District Attorney's Office.

**WITNESS MY HAND AND SEAL** as a judge of the Superior Court of Fulton County, Georgia,

This the ___1st___ day of ~~June~~ July, 2022.

**Hon. Robert C. I. McBurney**
Superior Court of Fulton County
Atlanta Judicial Circuit
State of Georgia

# Exhibit A

IN THE SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT
STATE OF GEORGIA

2022 -EX 000024

FILED IN OFFICE

JAN 24 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN RE: REQUEST FOR
SPECIAL PURPOSE
GRAND JURY

ORDER APPROVING REQUEST FOR SPECIAL PURPOSE
GRAND JURY PURSUANT TO O.C.G.A. §15-12-100, et seq.

The District Attorney for the Atlanta Judicial Circuit submitted to the judges of the
Superior Court of Fulton County a request to impanel a special purpose jury for the purposes set
forth in that request. This request was considered and approved by a majority of the total
number of the judges of this Court, as required by O.C.G.A. §15-12-100(b).

IT IS THEREFORE ORDERED that a special purpose grand jury be drawn and
impaneled to serve as provided in O.C.G.A. § 15-12-62.1, 15-12-67, and 15-12-100, to
commence on May 2, 2022, and continuing for a period not to exceed 12 months. Such period
shall not include any time periods when the supervising judge determines that the special
purpose grand jury cannot meet for safety or other reasons, or any time periods when normal
court operations are suspended by order of the Supreme Court of Georgia or the Chief Judge of
the Superior Court. The special purpose grand jury shall be authorized to investigate any and all
facts and circumstances relating directly or indirectly to alleged violations of the laws of the
State of Georgia, as set forth in the request of the District Attorney referenced herein above.

Pursuant to O.C.G.A. § 15-12-101(a), the Honorable Robert C. I. McBurney is hereby
assigned to supervise and assist the special purpose grand jury, and shall charge said special
purpose grand jury and receive its reports as provided by law.

This authorization shall include the investigation of any overt acts or predicate acts relating to the subject of the special purpose grand jury's investigative purpose. The special purpose grand jury, when making its presentments and reports, pursuant to O.C.G.A. §§ 15-12-71 and 15-12-101, may make recommendations concerning criminal prosecution as it shall see fit. Furthermore, the provisions of O.C.G.A. § 15-12-83 shall apply.

This Court also notes that the appointment of a special purpose grand jury will permit the time, efforts, and attention of the regular grand jury(ies) impaneled in this Circuit to continue to be devoted to the consideration of the backlog of criminal matters that has accumulated as a result of the COVID-19 Pandemic.

IT IS FURTHER ORDERED that this Order shall be filed in the Office of the Clerk of the Superior Court of Fulton County.

SO ORDERED, THIS 24 DAY OF January ,2022.

CHRISTOPHER S. BRASHER, CHIEF JUDGE
Superior Court of Fulton County
Atlanta Judicial Circuit

# Exhibit B

OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY
ATLANTA JUDICIAL CIRCUIT
136 PRYOR STREET SW, 3RD FLOOR
ATLANTA, GEORGIA 30303

*Fani T. Willis*
District Attorney



TELEPHONE 404-612-4639

2022-EX-000017

FILED IN OFFICE
JAN 20 2022
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

The Honorable Christopher S. Brasher
Chief Judge, Fulton County Superior Court
Fulton County Courthouse
185 Central Avenue SW, Suite T-8905
Atlanta, Georgia 30303

January 20, 2022

Dear Chief Judge Brasher:

I hope this letter finds you well and in good spirits. Please be advised that the District Attorney's Office has received information indicating a reasonable probability that the State of Georgia's administration of elections in 2020, including the State's election of the President of the United States, was subject to possible criminal disruptions. Our office has also learned that individuals associated with these disruptions have contacted other agencies empowered to investigate this matter, including the Georgia Secretary of State, the Georgia Attorney General, and the United States Attorney's Office for the Northern District of Georgia, leaving this office as the sole agency with jurisdiction that is not a potential witness to conduct related to the matter. As a result, our office has opened an investigation into any coordinated attempts to unlawfully alter the outcome of the 2020 elections in this state.

We have made efforts to interview multiple witnesses and gather evidence, and a significant number of witnesses and prospective witnesses have refused to cooperate with the investigation absent a subpoena requiring their testimony. By way of example, Georgia Secretary of State Brad Raffensperger, an essential witness to the investigation, has indicated that he will not participate in an interview or otherwise offer evidence until he is presented with a subpoena by my office. Please see Exhibit A, attached to this letter.

Therefore, I am hereby requesting, as the elected District Attorney for Fulton County, pursuant to O.C.G.A. § 15-12-100 et. seq., that a special purpose grand jury be impaneled for the purpose of investigating the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. Specifically, a special purpose grand jury, which will not have the authority to return an indictment but may make recommendations concerning criminal prosecution as it shall see fit, is needed for three reasons: first, a special purpose grand jury can be impaneled by the Court for any time period required in order to accomplish its investigation, which will likely exceed a normal grand jury

term; second, the special purpose grand jury would be empowered to review this matter and this matter only, with an investigatory focus appropriate to the complexity of the facts and circumstances involved; and third, the sitting grand jury would not be required to attempt to address this matter in addition to their normal duties.

Additionally, I am requesting that, pursuant to O.C.G.A. § 15-12-101, a Fulton County Superior Court Judge be assigned to assist and supervise the special purpose grand jury in carrying out its investigation and duties.

I have attached a proposed order impaneling the special purpose grand jury for the consideration of the Court.

Respectfully,

Fani T. Willis
District Attorney, Atlanta Judicial Circuit

Exhibit A: Transcript of October 31, 2021 episode of *Meet the Press* on NBC News at 26:04 (video archived at https://www.youtube.com/watch?v=B71cBRPgt9k)
Exhibit B: Proposed Order

cc:
The Honorable Kimberly M. Esmond Adams
The Honorable Jane C. Barwick
The Honorable Rachelle Carnesdale
The Honorable Thomas A. Cox, Jr.
The Honorable Eric Dunaway
The Honorable Charles M. Eaton, Jr.
The Honorable Belinda E. Edwards
The Honorable Kelly Lee Ellerbe
The Honorable Kevin M. Farmer
The Honorable Ural Glanville
The Honorable Shakura L. Ingram
The Honorable Rachel R. Krause
The Honorable Melynee Leftridge
The Honorable Robert C.I. McBurney
The Honorable Henry M. Newkirk
The Honorable Emily K. Richardson
The Honorable Craig L. Schwall, Sr.
The Honorable Paige Reese Whitaker
The Honorable Shermela J. Williams
Fulton County Clerk of Superior Court Cathelene "Tina" Robinson

# EXHIBIT 3

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

JUL 05 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN RE:                                      )
SPECIAL PURPOSE GRAND JURY    )    2022-EX-000024
                                            )
                                            )    Judge Robert C. I. McBurney
                                            )

## PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY
## BEFORE SPECIAL PURPOSE GRAND JURY
## PURSUANT TO O.C.G.A. O.C.G.A. § 24-13-90 ET SEQ.

COMES NOW the State of Georgia, by and through Fani T. Willis, District Attorney,

Atlanta Judicial Circuit, Fulton County, Georgia, and petitions this Honorable Court for a

Certificate of Need for Testimony Before Special Purpose Grand Jury, pursuant to O.C.G.A. §

24-13-92 et seq., and in support thereof says as follows:

1. A Special Purpose Grand Jury investigation commenced in Fulton County, Georgia,

   by order of this court on May 2, 2022. *See* Order Impaneling Special Purpose Grand

   Jury Pursuant to O.C.G.A. § 15-12-100, Et Seq, **"Exhibit A"**. The Special Purpose

   Grand Jury is authorized to investigate any and all facts and circumstances relating

   directly or indirectly to possible attempts to disrupt the lawful administration of the

   2020 elections in the State of Georgia. *See* Letter Requesting Special Purpose Grand

   Jury, **"Exhibit B"**.

2. Lindsey Olin Graham, born ▓▓ ▓▓▓▓, (hereinafter, "the Witness") is a necessary

   and material witness to the Special Purpose Grand Jury investigation. Through both

   its investigation and through publicly available information, the State has learned that

   the Witness made at least two telephone calls to Georgia Secretary of State Brad

Raffensperger and members of his staff in the weeks following the November 2020 election in Georgia. During the telephone calls, the Witness questioned Secretary Raffensperger and his staff about reexamining certain absentee ballots cast in Georgia in order to explore the possibility of a more favorable outcome for former President Donald Trump. The Witness also made reference to allegations of widespread voter fraud in the November 2020 election in Georgia, consistent with public statements made by known affiliates of the Trump Campaign.

3. The Witness, based on the substance and timing of the telephone calls he personally made to Georgia Secretary of State Brad Raffensperger, is a necessary and material witness in this investigation. The Witness possesses unique knowledge concerning the substance of the telephone calls, the circumstances surrounding his decision to make the telephone calls, the logistics of setting up the telephone calls, and any communications between himself, others involved in the planning and execution of the telephone calls, the Trump Campaign, and other known and unknown individuals involved in the multi-state, coordinated efforts to influence the results of the November 2020 election in Georgia and elsewhere. Finally, the Witness's anticipated testimony is essential in that it is likely to reveal additional sources of information regarding the subject of this investigation.

4. The testimony of the Witness will not be cumulative of any other evidence in this matter.

5. The Witness resides outside the jurisdiction of this Honorable Court and is therefore unable to be served with process to compel attendance and testimony.

6. The Witness currently resides at ████████ ██ ████ █ ████.

7.  The Witness will be required to be in attendance and testify before the Special Purpose Grand Jury on July 12, 2022, and continuing through and until the conclusion of the Witness's testimony on or before August 31, 2022.

8.  The Office of the Fulton County District Attorney, in and for the State of Georgia, will pay all reasonable and necessary travel expenses and witness fees required to secure the Witness's attendance and testimony, in accordance with the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. *See* O.C.G.A. §24-13-90 et seq.

9.  If the Witness comes into the State of Georgia pursuant to this request, directing the Witness to attend and testify before the Special Purpose Grand Jury, the laws of this State shall give the Witness protection from arrest and from service of civil or criminal process, both within this State and in any other state through which the Witness may be required to pass in the ordinary course of travel, for any matters which arose before the Witness's entrance into this State and other states.

10. Both Georgia and South Carolina have adopted the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. *See* O.C.G.A. § 24-13-90; S.C. Code Ann. §§ 19-9-10-130.

**WHEREFORE**, the State of Georgia, by and through Fani T. Willis, District Attorney, Atlanta Judicial Circuit, Fulton County, Georgia, prays that this Honorable Court issue a Certificate of Need for Testimony Before Special Purpose Grand Jury, pursuant to O.C.G.A. § 24-13-92 et seq., certifying to the proper authorities in the jurisdiction in which the Witness is located that the Witness is a necessary and material witness whose attendance and testimony is required

for the above-referenced Special Purpose Grand Jury investigation, and the presence of the

Witness will be needed for the number of days specified above,

      Respectfully submitted this the 29th day of June, 2022,

                           **FANI T. WILLIS**
                           **DISTRICT ATTORNEY**
                           **ATLANTA JUDICIAL CIRCUIT**

                           **GA Bar No. 223955**
                           Atlanta Judicial Circuit
                           136 Pryor Street Southwest
                           Third Floor
                           Atlanta, Georgia 30303

# Exhibit A

IN THE SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT
STATE OF GEORGIA

2022 - EX 000024

FILED IN OFFICE

JAN 24 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN RE: REQUEST FOR
SPECIAL PURPOSE
GRAND JURY

<u>ORDER APPROVING REQUEST FOR SPECIAL PURPOSE
GRAND JURY PURSUANT TO O.C.G.A. §15-12-100, et seq.</u>

The District Attorney for the Atlanta Judicial Circuit submitted to the judges of the Superior Court of Fulton County a request to impanel a special purpose jury for the purposes set forth in that request. This request was considered and approved by a majority of the total number of the judges of this Court, as required by O.C.G.A. §15-12-100(b).

IT IS THEREFORE ORDERED that a special purpose grand jury be drawn and impaneled to serve as provided in O.C.G.A. § 15-12-62.1, 15-12-67, and 15-12-100, to commence on May 2, 2022, and continuing for a period not to exceed 12 months. Such period shall not include any time periods when the supervising judge determines that the special purpose grand jury cannot meet for safety or other reasons, or any time periods when normal court operations are suspended by order of the Supreme Court of Georgia or the Chief Judge of the Superior Court. The special purpose grand jury shall be authorized to investigate any and all facts and circumstances relating directly or indirectly to alleged violations of the laws of the State of Georgia, as set forth in the request of the District Attorney referenced herein above.

Pursuant to O.C.G.A. § 15-12-101(a), the Honorable Robert C. I. McBurney is hereby assigned to supervise and assist the special purpose grand jury, and shall charge said special purpose grand jury and receive its reports as provided by law.

This authorization shall include the investigation of any overt acts or predicate acts relating to the subject of the special purpose grand jury's investigative purpose. The special purpose grand jury, when making its presentments and reports, pursuant to O.C.G.A. §§ 15-12-71 and 15-12-101, may make recommendations concerning criminal prosecution as it shall see fit. Furthermore, the provisions of O.C.G.A. § 15-12-83 shall apply.

This Court also notes that the appointment of a special purpose grand jury will permit the time, efforts, and attention of the regular grand jury(ies) impaneled in this Circuit to continue to be devoted to the consideration of the backlog of criminal matters that has accumulated as a result of the COVID-19 Pandemic.

IT IS FURTHER ORDERED that this Order shall be filed in the Office of the Clerk of the Superior Court of Fulton County.

SO ORDERED, THIS 24 DAY OF January, 2022.

CHRISTOPHER S. BRASHER, CHIEF JUDGE
Superior Court of Fulton County
Atlanta Judicial Circuit

# Exhibit B

OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY
ATLANTA JUDICIAL CIRCUIT
136 PRYOR STREET SW, 3RD FLOOR
ATLANTA, GEORGIA 30303

*Fani T. Willis*
District Attorney

TELEPHONE 404-612-4639

2022-EX-000017

FILED IN OFFICE

JAN 20 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

The Honorable Christopher S. Brasher
Chief Judge, Fulton County Superior Court
Fulton County Courthouse
185 Central Avenue SW, Suite T-8905
Atlanta, Georgia 30303

January 20, 2022

Dear Chief Judge Brasher:

I hope this letter finds you well and in good spirits. Please be advised that the District Attorney's Office has received information indicating a reasonable probability that the State of Georgia's administration of elections in 2020, including the State's election of the President of the United States, was subject to possible criminal disruptions. Our office has also learned that individuals associated with these disruptions have contacted other agencies empowered to investigate this matter, including the Georgia Secretary of State, the Georgia Attorney General, and the United States Attorney's Office for the Northern District of Georgia, leaving this office as the sole agency with jurisdiction that is not a potential witness to conduct related to the matter. As a result, our office has opened an investigation into any coordinated attempts to unlawfully alter the outcome of the 2020 elections in this state.

We have made efforts to interview multiple witnesses and gather evidence, and a significant number of witnesses and prospective witnesses have refused to cooperate with the investigation absent a subpoena requiring their testimony. By way of example, Georgia Secretary of State Brad Raffensperger, an essential witness to the investigation, has indicated that he will not participate in an interview or otherwise offer evidence until he is presented with a subpoena by my office. Please see Exhibit A, attached to this letter.

Therefore, I am hereby requesting, as the elected District Attorney for Fulton County, pursuant to O.C.G.A. § 15-12-100 et. seq., that a special purpose grand jury be impaneled for the purpose of investigating the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. Specifically, a special purpose grand jury, which will not have the authority to return an indictment but may make recommendations concerning criminal prosecution as it shall see fit, is needed for three reasons: first, a special purpose grand jury can be impaneled by the Court for any time period required in order to accomplish its investigation, which will likely exceed a normal grand jury

term; second, the special purpose grand jury would be empowered to review this matter and this matter only, with an investigatory focus appropriate to the complexity of the facts and circumstances involved; and third, the sitting grand jury would not be required to attempt to address this matter in addition to their normal duties.

Additionally, I am requesting that, pursuant to O.C.G.A. § 15-12-101, a Fulton County Superior Court Judge be assigned to assist and supervise the special purpose grand jury in carrying out its investigation and duties.

I have attached a proposed order impaneling the special purpose grand jury for the consideration of the Court.

Respectfully,

Fani T. Willis
District Attorney, Atlanta Judicial Circuit

Exhibit A: Transcript of October 31, 2021 episode of *Meet the Press* on NBC News at 26:04 (video archived at https://www.youtube.com/watch?v=B71cBRPgt9k)
Exhibit B: Proposed Order

cc:
The Honorable Kimberly M. Esmond Adams
The Honorable Jane C. Barwick
The Honorable Rachelle Carnesdale
The Honorable Thomas A. Cox, Jr.
The Honorable Eric Dunaway
The Honorable Charles M. Eaton, Jr.
The Honorable Belinda E. Edwards
The Honorable Kelly Lee Ellerbe
The Honorable Kevin M. Farmer
The Honorable Ural Glanville
The Honorable Shakura L. Ingram
The Honorable Rachel R. Krause
The Honorable Melynee Leftridge
The Honorable Robert C.I. McBurney
The Honorable Henry M. Newkirk
The Honorable Emily K. Richardson
The Honorable Craig L. Schwall, Sr.
The Honorable Paige Reese Whitaker
The Honorable Shermela J. Williams
Fulton County Clerk of Superior Court Cathelene "Tina" Robinson

# EXHIBIT 4

https://researchga.tylerhost.net/CourtRecordsSearch/ViewCasePrint/c61b637452bc58a9936fa1e583a20069

## Case Information

# EX PARTE: CHRISTOPHER BRASHER

2022-EX-000024

| Location | Case Category | Case Type | Case Filed Date |
|---|---|---|---|
| Fulton - Superior Court | Civil | SESGJ | 1/24/2022 |

| Case Status |
|---|
| Closed (Closed) |

## Parties 1

| Type | Name | Attorneys |
|---|---|---|
| EX PARTE | CHRISTOPHER BRASHER | |

## Events 47

| Date | Event | Type | Comments | Documents |
|---|---|---|---|---|
| 1/24/2022 | Filing | ADMINISTRATIVE CLOSURE OF CASE PER EX-PARTE ORDER | | *No Documents* ⓘ |
| 1/24/2022 | Filing | SORDOTJ | ORDER APPROVING REQUEST FOR SPECIAL PURPOSE GRAND JURY | EX PARTE ORDER OF THE JUDGE.pdf |
| 5/25/2022 | Filing | SXPET | PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO OCGA 24-13-90 ET SEQ. | EX PARTE PETITION.pdf |
| 5/25/2022 | Filing | SORDOTJ | CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS OCGA 24-13-90 ET SEQ | EX PARTE ORDER OF THE JUDGE.pdf |
| 6/27/2022 | Filing | SXEF | MOTION TO QUASH SUBPOENAS | EX PARTE FILING.pdf |
| 6/28/2022 | Filing | SORDOTJ | RULE 22 ORDER-APPROVED AJC PHOTOGRAPHER | EX PARTE ORDER OF THE JUDGE.pdf |
| 6/29/2022 | Filing | SORDOTJ | RULE 22 ORDER-APPROVED; CNN PRODUCER DEVON SAYERS; CNN PHOTJOURNALIST (TBD) | EX PARTE ORDER OF THE JUDGE.pdf |
| 6/30/2022 | Filing | SORDOTJ | RULE 22 ORDER-APPROVED; THE ASSOCIATED PRESS KATE BRUMBACK | EX PARTE ORDER OF THE JUDGE.pdf |
| 6/30/2022 | Filing | SORDOTJ | RULE 22 ORDER-APPROVED; WSB-TV NEWS REPORTER AND PHOTOJOURNALIST AND SANDRA PARRISH, WSB RADIO | EX PARTE ORDER OF THE JUDGE.pdf |
| 6/30/2022 | Filing | SXEF | STATE'S RESPONSE TO MOTION TO QUASH | EX PARTE FILING.pdf |
| 7/1/2022 | Filing | SORDOTJ | RULE 22 ORDER-APPROVED; WXIA | EX PARTE ORDER OF THE JUDGE.pdf |

re:SearchGA - EX PARTE: CHRISTOPHER BRASHER 2022-EX-000024

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 7/1/2022 | Filing | SXEF | MOTION TO CONTINUE SPECIAL PURPOSE GRAND JURY APPEARANCE OF WILLIAM LIGON TO ACCOMMODATE COUNSEL'S TRIAL SCHEDULE | EX PARTE FILING.pdf |
| 7/5/2022 | Filing | SORDOTJ | CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS OCGA 24-13-90 ET SEQ (CLETA DEATHERAGE MITCHELL) | EX PARTE ORDER OF THE JUDGE.pdf |
| 7/5/2022 | Filing | SORDOTJ | CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS OCGA 24-13-90 ET SEQ (JENNA ELLIS) | EX PARTE ORDER OF THE JUDGE.pdf |
| 7/5/2022 | Filing | SXPET | PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO OCGA 24-13-90 ET SEQ (LINDSEY GRAHAM) | EX PARTE PETITION.pdf |
| 7/5/2022 | Filing | SXPET | PETITION FOR CERTIFICATION OF NEED OR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO OCGA 24-13-90 ET SEQ (JACKI DEASON) | EX PARTE PETITION.pdf |
| 7/5/2022 | Filing | SXPET | PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO OCGA 24-13-90 ET SEQ (RUDOLPH GIULIANI) | EX PARTE PETITION.pdf |
| 7/5/2022 | Filing | SXPET | PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO OCGA 24-13-90 ET SEQ (JENNA ELLIS) | EX PARTE PETITION.pdf |
| 7/5/2022 | Filing | SXPET | PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO OCGA 24-13-90 ET SEQ (CLETA DEATHERAGE MITCHELL) | EX PARTE PETITION.pdf |

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 7/5/2022 | Filing | SORDOTJ | CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS OCGA 24-13-90 ET SEQ (KENNETH CHESEBRO) | EX PARTE ORDER OF THE JUDGE.pdf |
| 7/5/2022 | Filing | SXPET | PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO OCGA 24-13-90 ET SEQ (KENNETH CHESEBRO) | EX PARTE PETITION.pdf |
| 7/5/2022 | Filing | SXPET | PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO OCGA 24-13-90 ET SEQ (JOHN EASTMAN) | EX PARTE PETITION.pdf |
| 7/5/2022 | Filing | SORDOTJ | CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS OCGA 24-13-90 ET SEQ (RULDOLPH GIULIANI) | EX PARTE ORDER OF THE JUDGE.pdf |
| 7/5/2022 | Filing | SORDOTJ | CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS OCGA 24-13-90 ET SEQ (LINDSEY GRAHAM) | EX PARTE ORDER OF THE JUDGE.pdf |
| 7/5/2022 | Filing | SORDOTJ | CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS OCGA 24-13-90 ET SEQ (JACKI DEASON) | EX PARTE ORDER OF THE JUDGE.pdf |
| 7/5/2022 | Filing | SORDOTJ | CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS OCGA 24-13-90 ET SEQ (JOHN EASTMAN) | EX PARTE ORDER OF THE JUDGE.pdf |
| 7/6/2022 | Filing | SORDOTJ | ORDER DENYING MOTION TO QUASH | EX PARTE ORDER OF THE JUDGE.pdf |
| 7/6/2022 | Filing | SORDOTJ | ORDER DENYING MOTION TO CONTINUE | EX PARTE ORDER OF THE JUDGE.pdf |

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 7/11/2022 | Filing | SXPET | PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO OCGA 24-13-90 ET SEQ (LINDSEY GRAHAM) | EX PARTE PETITION.pdf |
| 7/11/2022 | Filing | SORDOTJ | CERTIFICATE OF MATERIAL WITNESS PURSUANT TO UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS OCGA 24-13-90 ET SEQ (LINDSEY GRAHAM) | EX PARTE ORDER OF THE JUDGE.pdf |
| 7/11/2022 | Filing | SXEF | RESPONSE TO DISTRICT ATTORNEY'S JULY 8, 2022, MEMORANDUM FOR THE COURT REGARDING GRAND JURY APPEARANCE OF WILLIAM LIGON | EX PARTE FILING.pdf |
| 7/15/2022 | Filing | SXEF | MOTION TO DISQUALIFY PROSECUTOR AND FOR OTHER RELIEF | EX PARTE FILING.pdf |
| 7/18/2022 | Filing | SXEF | NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT (CONGRESSMAN JODY HICE) | EX PARTE FILING.pdf |
| 7/19/2022 | Filing | SXEF | NOTICE OF HEARING: 21 JULY 2022 AT 2PM COURTROOM 8-D | EX PARTE FILING.pdf |
| 7/19/2022 | Filing | SXEF | OPPOSITION TO MOTION TO DISQUALIFY PROSECUTOR | EX PARTE FILING.pdf |
| 7/19/2022 | Filing | SXEF | MOTION TO QUASH AND DISQUALIFY (SUBPOENAS ISSUED TO: PRESIDENTIAL NOMINEE ELECTORS MARK AMICK, JOSEPH BRANNAN, BRAD CARVER, VIKKI CONSIGLIO, JOHN DOWNEY, CAROLYN FISH, KAY GODWIN, CATHY LATHAM, DAVID SHAFER, SHAWN STILL, CB YADAV) | EX PARTE FILING.pdf |
| 7/20/2022 | Filing | SXR22 | REQUEST TO USE A RECORDING DEVICE PURSUANT TO RULE 22 ON RECORDING OF JUDICIAL PROCEEDINGS (APPROVED) NBC STAFF | EX PARTE RULE 22.pdf |
| 7/20/2022 | Filing | SXR22 | REQUEST TO USE A RECORDING DEVICE PURSUANT TO RULE 22 ON RECORDING OF JUDICIAL PROCEEDINGS (APPROVED; SHALL NOT BE POOL FOR ITS MEDIA) CLAIRE SIMMS AND PHOTOGRAPHER | EX PARTE RULE 22.pdf |

re:SearchGA - EX PARTE: CHRISTOPHER BRASHER 2022-EX-000024

| Date | Event | Type | Comments | Documents |
|------|-------|------|----------|-----------|
| 7/20/2022 | Filing | SXR22 | REQUEST TO USE A RECORDING DEVICE PURSUANT TO RULE 22 ON RECORDING OF JUDICIAL PROCEEDINGS (APPROVED; SHALL NOT BE POOL FOR ITS MEDIA) TAMAR HALLERMAN AND AJC PHOTOGRAPHER | EX PARTE RULE 22.pdf |
| 7/20/2022 | Filing | SXEF | NOTICE OF ORDER TO APPEAR AND TESTIFY BEFORE FULTON COUNTY SPGJ(RUDOLPH WILLIAM LOUS GUILIANI) | EX PARTE FILING.pdf |
| 7/20/2022 | Filing | SXR22 | REQUEST TO USE A RECORDING DEVICE PURSUANT TO RULE 22 ON RECORDING OF JUDICIAL PROCEEDINGS | EX PARTE RULE 22.pdf |
| 7/20/2022 | Filing | SXR22 | REQUEST TO USE A RECORDING DEVICE PURSUANT TO RULE 22 ON RECORDING OF JUDICIAL PROCEEDINGS (APPROVED; SHALL NOT BE POOL FOR ITS MEDIA) CNN PRODUCER JASON MORRIS, CNN PHOTO JOURNALIST TBD | EX PARTE RULE 22.pdf |
| 7/20/2022 | Filing | SXR22 | REQUEST TO USE A RECORDING DEVICE PURSUANT TO RULE 22 ON RECORDING OF JUDICIAL PROCEEDINGS (APPROVED; SHALL NOT BE POOL FOR ITS MEDIA) KATE BRUMBACK | EX PARTE RULE 22.pdf |
| 7/22/2022 | Filing | SXEF | SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISQUALIFY PROSECUTOR | EX PARTE FILING.pdf |
| 7/25/2022 | Filing | SORDOTJ | ORDER DISQUALIFYING DISTRICT ATTORNEY'S OFFICE - AS TO SENATOR JONES ONLY | EX PARTE FILING.pdf |
| 7/25/2022 | Filing | SXEF | SUPPLEMENTAL BRIEF OPPOSITION TO MOTION TO DISQUALIFY PROSECUTOR | EX PARTE FILING.pdf |
| 7/26/2022 | Filing | SORDOTJ | ADDENDUM TO ORDER DISQUALIFYING DISTRICT ATTORNEY'S OFFICE | EX PARTE ORDER OF THE JUDGE.pdf |

© 2022 Tyler Technologies, Inc. | All Rights Reserved
Version: 2022.6.0.10101



JS44 (Rev. 10/2020 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Fulton County Special Purpose Grand Jury

## DEFENDANT(S)

Lindsey Graham

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Fulton
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Oconee (SC)
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Fani T. Willis
Fulton County District Attorney's Office
136 Pryor Street
Atlanta, Georgia 30303

**ATTORNEYS** (IF KNOWN)

Brian C. Lea
Jones Day
1221 Peachtree Street N.E, Suite 400
Atlanta, Georgia 30361
Email: blea@jonesday.com / Telephone: (404) 521-3939

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. GOVERNMENT PLAINTIFF
- [ ] 2 U.S. GOVERNMENT DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- [ ] 4 DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

|  | PLF | DEF |  | PLF | DEF |  |
|---|---|---|---|---|---|---|
| | [ ] 1 | [ ] 1 | CITIZEN OF THIS STATE | [ ] 4 | [ ] 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | [ ] 2 | [ ] 2 | CITIZEN OF ANOTHER STATE | [ ] 5 | [ ] 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | [ ] 3 | [ ] 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 6 | [ ] 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X "IN ONE BOX ONLY)

- [ ] 1 ORIGINAL PROCEEDING
- [x] 2 REMOVED FROM STATE COURT
- [ ] 3 REMANDED FROM APPELLATE COURT
- [ ] 4 REINSTATED OR REOPENED
- [ ] 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
- [ ] 6 MULTIDISTRICT LITIGATION - TRANSFER
- [ ] 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT
- [ ] 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Removal of witness subpoena on U.S. Senator under federal officer removal statute, 28 U.S.C. § 1442.

**(IF COMPLEX, CHECK REASON BELOW)**

- [ ] 1. Unusually large number of parties.
- [ ] 2. Unusually large number of claims or defenses.
- [ ] 3. Factual issues are exceptionally complex
- [ ] 4. Greater than normal volume of evidence.
- [ ] 5. Extended discovery period is needed.
- [ ] 6. Problems locating or preserving evidence
- [ ] 7. Pending parallel investigations or actions by government.
- [ ] 8. Multiple use of experts.
- [ ] 9. Need for discovery outside United States boundaries.
- [ ] 10. Existence of highly technical issues and proof.

---

**CONTINUED ON REVERSE**

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT $ _____ APPLYING IFP _____ MAG. JUDGE (IFP) _____

JUDGE _____ MAG JUDGE _____ (Referral) NATURE OF SUIT _____ CAUSE OF ACTION _____

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 151 MEDICARE ACT
- ☐ 160 STOCKHOLDERS' SUITS
- ☐ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY
- ☐ 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 210 LAND CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS' LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- ☐ 365 PERSONAL INJURY - PRODUCT LIABILITY
- ☐ 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- ☐ 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY DAMAGE
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- ☐ 422 APPEAL 28 USC 158
- ☐ 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 440 OTHER CIVIL RIGHTS
- ☐ 441 VOTING
- ☐ 442 EMPLOYMENT
- ☐ 443 HOUSING/ ACCOMMODATIONS
- ☐ 445 AMERICANS with DISABILITIES - Employment
- ☐ 446 AMERICANS with DISABILITIES - Other
- ☐ 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- ☐ 462 NATURALIZATION APPLICATION
- ☐ 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- ☐ 463 HABEAS CORPUS- Alien Detainee
- ☐ 510 MOTIONS TO VACATE SENTENCE
- ☐ 530 HABEAS CORPUS
- ☐ 535 HABEAS CORPUS DEATH PENALTY
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS - Filed Pro se
- ☐ 555 PRISON CONDITION(S) - Filed Pro se
- ☐ 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- ☐ 550 CIVIL RIGHTS - Filed by Counsel
- ☐ 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- ☐ 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- ☐ 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- ☐ 710 FAIR LABOR STANDARDS ACT
- ☐ 720 LABOR/MGMT. RELATIONS
- ☐ 740 RAILWAY LABOR ACT
- ☐ 751 FAMILY and MEDICAL LEAVE ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- ☐ 820 COPYRIGHTS
- ☐ 840 TRADEMARK
- ☐ 880 DEFEND TRADE SECRETS ACT OF 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- ☐ 830 PATENT
- ☐ 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID TITLE XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- ☐ 870 TAXES (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- ☐ 375 FALSE CLAIMS ACT
- ☐ 376 Qui Tam 31 USC 3729(a)
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE/ICC RATES/ETC.
- ☐ 460 DEPORTATION
- ☐ 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- ☐ 480 CONSUMER CREDIT
- ☐ 485 TELEPHONE CONSUMER PROTECTION ACT
- ☐ 490 CABLE/SATELLITE TV
- ☑ 890 OTHER STATUTORY ACTIONS
- ☐ 891 AGRICULTURAL ACTS
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 895 FREEDOM OF INFORMATION ACT 899
- ☐ 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- ☐ 410 ANTITRUST
- ☐ 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- ☐ 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23   DEMAND $ _____

JURY DEMAND ☐ YES ☑ NO (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____   DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES: (CHECK APPROPRIATE BOX)
- ☐ 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- ☐ 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- ☐ 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- ☐ 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- ☐ 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____ , WHICH WAS DISMISSED. This case ☐ IS ☐ IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

_Brian C. Lea_                                July 29, 2022

SIGNATURE OF ATTORNEY OF RECORD                DATE