# EXHIBIT B-049



FILED IN OFFICE

AUG 03 2022

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

IN RE SPECIAL PURPOSE GRAND JURY  ) Case No. 2022-EX-000024
                                   )
                                   )
                                   )

## RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO UNIFORM SUPERIOR COURT RULE 21

The Atlanta Journal-Constitution respectfully files this response in opposition to the State's Motion For Leave to File Under Seal Pursuant to Uniform Superior Court Rule 21 (the "Rule 21 Motion").[1]

On May 2, 2022, this Court empaneled a special purpose grand jury to investigate possible illegal attempts to interfere with or influence the outcome of the 2020 presidential election in Georgia. This grand jury is a matter of profound public interest. Indeed, it is difficult to imagine a special purpose grand jury investigation of more public importance than this one.

While the State's presentation of testimony and evidence to the special purpose grand jury itself is not open to the public, ancillary proceedings in the Superior Court in which the State or other litigants present legal issues relating to the grand jury remain subject to the presumption of openness embodied in Uniform Superior Court Rule 21. The State's Rule 21 Motion to seal an unspecified filing, "any subsequent pleadings related to the filing" and "any subsequent hearing related to the filing" falls well short of the standard enunciated in Rule 21. In fact,

---

[1] The right of The Atlanta Journal-Constitution to intervene in legal proceedings where, as here, their newsgathering rights could be burdened by court orders is well-established. *See, e.g.,* *WXIA-TV v. State*, 303 Ga. 428, 433 (2018) (finding media has standing to intervene and challenge gag order entered in criminal proceeding); *R.W. Page Corp. v. Lumpkin*, 249 Ga. 576 (1982) (recognizing right of the press to challenge order excluding the public and press from criminal proceedings and instituting procedure where the news media must be provided notice and an opportunity to be heard prior to consideration of motions seeking restrictions on access to court proceedings).

despite the sweeping nature of the relief it seeks, the Rule 21 Motion fails to identify *any* argument, evidence or legal authority to support the relief it seeks. Instead, in a single paragraph, the Motion merely recounts the burden imposed by Rule 21 and asserts it has been met in a conclusory fashion. *See* Rule 21 Motion at ¶ 1 ("The State submits that the filing contains sensitive information, the public disclosure of which would cause certain harm to the privacy of persons in interest that clearly outweighs the public's interest in disclosure.").

Paying nothing more than "lip service" to the closure standard in this way is exactly what the Georgia Supreme Court has rejected time and time again. Under any circumstances, but especially if the State's planned "filing" concerns public officials, public persons, or government employees, the contention that privacy interests prevail in this context is meritless. The State's Motion should be denied.

## ARGUMENT

**I.     PROCEEDINGS ANCILLARY TO THE SPECIAL PURPOSE GRAND JURY ARE MATTERS OF SUBSTANTIAL AND LEGITIMATE PUBLIC INTEREST THAT SHOULD BE HEARD IN PUBLIC.**

Operating the judicial branch of government in an open and public manner is fundamental to our system of justice as a matter of both federal and state constitutional law. The United States Supreme Court has repeatedly recognized that public access to the judicial system is not only deeply ingrained in the history of our system, but is an "indispensable attribute" of our judicial system protected by the First Amendment to the United States Constitution. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980). As the Court recognized in *Richmond Newspapers*, public scrutiny of the court system is essential to its institutional well-being for numerous reasons, including because it is vital to obtaining the

public's trust. "People in an open society do not demand infallibility from their institutions, but

it is difficult for them to accept what they are prohibited from observing." 448 U.S. at 572.

In addition to the protections afforded by the First Amendment, the Georgia Supreme

Court has held that the Georgia Constitution independently requires our judicial system to

operate in an open and public manner.

> This court has sought to open the doors of Georgia's courtrooms to the public and
> to attract public interest in all courtroom proceedings because it is believed that
> open courtrooms are a *sine qua non* of an effective and respected judicial system
> which, in turn, is one of the principal cornerstones of a free society.

*R.W. Page Corp. v. Lumpkin*, 249 Ga 576 (1982). Indeed, *Page* makes clear that Georgia law is

"more protective of the concept of open courtrooms than federal law." 249 Ga. at 578.

Similarly, the Georgia appellate courts have recognized that the openness of the Superior

Courts in supervising grand juries is important to our judicial system. In commenting on the

importance of the indictment being returned in open court, the Court of Appeals explained:

> The judge is the court for the reception of indictments only when he is presiding
> in open court. There must be a judge presiding, the clerk must be present, and the
> place of the reception of the indictment must be one where the court is being held
> open to the public. *Cadle v. State*, 101 Ga. App. 175, 180, 113 S.E.2d 180 (1960).
> "It is a fundamental part of our judicial system that the general public be
> permitted to witness court proceedings sufficiently to guarantee that there may
> never be practiced in this State secret or star-chamber court proceedings, the
> deliberations of the juries alone excepted." *Zugar v. State*, 194 Ga. 285, 289-290,
> 21 S.E.2d 647 (1942). "It is not enough to know that in this State there is hardly a
> chance that bogus indictments for personal spite will be filed in our courts. The
> preservation of the honor and purity of the courts, the confidence and respect of
> the public in those courts, and the good name of the citizens must not be left to
> chance. . . ." *Zugar, supra* at 291.

*State v. Byrd*, 197 Ga. App. 661 (1990). *See also Zugar v. State*, 194 Ga. 285, 289-290 (1942)

(requiring openness in return of indictment by grand jury: "public officials are made conscious of

the duty to faithfully perform official acts when they are acting in the presence of the general

public; and this fact causes the public to have confidence in the officials, and hence confidence

in the governmental departments where such officials serve").

      Respondent acknowledges that "the preservation of the secrecy of grand jury proceedings

is ... a well-recognized principle in Georgia." *In re Hall County Grand Jury Proceedings*, 175

Ga.App. 349(3) (1985).  However, the Superior Court's supervision of ancillary legal matters

outside the grand jury room remains subject to Rule 21.  *See* U.S.C.R. 21(a) ("All court records

are public and are to be available for public inspection unless public access is limited by law or

by the procedure set forth below.").  For example, filings about the scope and scale of various

legislative privileges, the attorney-client privilege and the investigatory powers of the grand jury

are important legal matters that should be argued in an open courtroom because they do not

disclose the specific testimony and evidence being presented to the grand jury.  The presumption

of openness is, of course, especially strong with respect to public officials, public persons, and

government employees who have chosen a career path that invites public scrutiny.  *See, e.g., Cox

Communications v. Lowe*, 173 Ga. App. 812, 813 (1985) ("Where an incident is a matter of

public interest, or the subject matter of a public investigation, a publication in connection

therewith can be a violation of no one's legal right of privacy.") (internal citations and quotation

marks omitted); *Thibadeau v. Crane*, 131 Ga. App. 591, 611 (1974) (noting public scrutiny of a

public official "is [what] President Truman referred to in saying 'if you can't stand the heat get

out of the kitchen'").

## II.     THE STATE'S MOTION DOES NOT MEET THE DEMANDING STANDARD NECESSARY TO SEAL COURT RECORDS OR CLOSE HEARINGS.

The State's Motion does not meet the burden necessary to seal records or close hearings. In order to properly seal records in Georgia, "'the harm otherwise resulting to the privacy of a person in interest [must] clearly outweigh[ ] the public interest.'" *Atlanta Journal and Atlanta Constitution v. Long*, 258 Ga. 410, 414 (1988) (quoting U.S.C.R. 21.2). In attempting to meet this burden the party seeking the sealing must do more than simply recount the standard. The party must present evidence sufficient to support specific findings of fact demonstrating how privacy interests raised by the particular facts of the case clearly outweigh the public's right of access. *Id.* The burden is intended to require openness in all cases except those involving a "clear necessity." *Long*, 258 Ga. at 413. *See also In re Atlanta Journal-Constitution*, 271 Ga. 436, 438 (1999) ("[I]t is not sufficient for the trial court to forego making findings of fact and simply state that the public's interest in access to court records is clearly outweighed by potential harm to the parties' privacy").[2]

### CONCLUSION

For these reasons, The Atlanta Journal-Constitution respectfully requests that the State's Motion to Seal be denied.

---

[2] In the event the State contends it cannot disclose the grounds for its motion without harming the privacy interests it is trying to protect, the Georgia Supreme Court has previously addressed that issue. It has explained any hearing on a sealing motion "shall be open, reported and transcribed," but it has also acknowledged short "[i]n camera conferences may be appropriate means to exclude certain sensitive details from general exposure during the hearing." *Page*, 249 Ga. at 580 n. 10 (*citing Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, n. 25 (1982)).

Dated this the 3rd day of August, 2022

Respectfully submitted,

FOR:   KILPATRICK TOWNSEND & STOCKTON LLP

Thomas M. Clyde
   Georgia State Bar No.: 170955
   tclyde@kilpatricktownsend.com
Lesli N. Gaither
   Georgia State Bar No.: 621501
   lgaither@kilpatricktownsend.com
Suite 2800, 1100 Peachtree Street, N.E.
Atlanta, Georgia 30309
Phone: (404) 815-6500

Attorneys for The Atlanta Journal-Constitution

6

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served opposing counsel with a true and correct copy of the above RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE UNDER SEAL PURSUANT TO UNIFORM SUPERIOR COURT RULE 21 via Electronic and United States Mail upon:

Fani T. Willis
Will Wooten
District Attorney's Office
136 Pryor Street SW, 3rd Floor
Atlanta, Georgia 30303
Fani.willisda@fultoncountyga.gov
Will.wooten@fultoncountyga.gov

Kimberly Burroughs Debrow
Strickland Debrow LLP
246 Bullsboro Drive Suite A
Newnan, Georgia 30263
kbdebrow@stricklanddebrow.com

Holly A. Pierson
Pierson Law LLC
2951 Piedmont Road NE
Suite 200
Atlanta, Georgia 30305
hpierson@piersonlawllc.com

DATED this the 3rd day of August, 2022