# EXHIBIT B-076



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

IN RE: SPECIAL PURPOSE GRAND JURY ) 2022-EX-000024
)

## MOTION TO QUASH GRAND JURY SUBPOENA BY KENNETH CHESEBRO

COMES NOW Mr. Kenneth Chesebro, through undersigned counsel, and moves to quash a grand jury subpoena for testimony, issued by the Fulton County District Attorney's Office, in relation to the Special Purpose Grand Jury investigating events surrounding the 2020 presidential election. In support of this Motion to Quash, Mr. Chesebro shows as follows:

### FACTUAL BACKGROUND

Mr. Kenneth Chesebro is a practicing attorney in New York. On July 12, 2022, Mr. Chesebro was served with a subpoena to appear before the Fulton County Special Purpose Grand Jury. *See* Exhibit A.[1] Mr. Chesebro is currently scheduled to appear before the Special Purpose Grand Jury on August 30, 2022.

Based on information obtained from the District Attorney's office, the subpoena issued to Mr. Chesebro relates to the DA's ongoing investigation of former President Donald Trump and others for alleged interference in the 2020 election, and the testimony that the DA will seek to elicit from Mr. Chesebro relates to his prior representation of the Donald J. Trump for President campaign (hereinafter "Trump Campaign"). Accordingly, any testimony from Mr. Chesebro

---

[1] In connection with the subpoena, this Court issued a Certificate to Secure the Attendance of Out-of-State Witnesses under the Uniform Act. Mr. Chesebro waived his rights to challenge this Certificate and as a result, on July 25, 2022, Justice Thomas Farber, New York County Supreme Court, issued a Final Order mandating Mr. Chesebro's attendance at the Fulton Grand Jury.

would necessarily relate to Mr. Chesebro's representation of a former client — the Trump Campaign — a fact that is directly relevant to the legal analysis set forth below.

## LEGAL ARGUMENT

There are two major issues involved in Mr. Chesebro's upcoming testimony: attorney-client privilege and Mr. Chesebro's duty of confidentiality. Each will be discussed in turn.

<u>Attorney-Client Privilege</u>

Because Mr. Chesebro was, at all times relevant to this matter, acting as an attorney for the Trump campaign, it is likely that many, if not most, of the DA's questions at the Grand Jury will implicate the attorney-client privilege. Mr. Chesebro cannot address this issue fully without knowing the questions, or at least the topics, that the DA plans to ask before the grand jury. Accordingly, Mr. Chesebro respectfully requests that this Court hold a hearing where the DA will be required to identify their planned areas of inquiry so that the parties can litigate this issue before Mr. Chesebro's grand jury appearance.

<u>Duty of Confidentiality</u>

Separate and distinct (although obviously somewhat related to) the attorney-client privilege, is Mr. Chesebro's duty of confidentiality. Under the New York Rules of Professional Conduct (NYRPC),[2] in addition to the attorney-client privilege, lawyers have the duty to keep certain information confidential. That latter duty is, in many ways, broader than the attorney-client

---

[2] Mr. Chesebro is licensed to practice law in New York, currently resides there, and is therefore subject to the NYRPC regarding any appearance before the Special Purpose Grand Jury. At the time of his representation of the Trump Campaign, however, he was a resident of Massachusetts, where he is also licensed to practice law. While this motion cites NYRPC 1.6, Massachusetts has adopted a similar version of the same rule so, regardless of which state's rules apply, the arguments contained in this brief remain the same. *See* Massachusetts Rules of Professional Conduct Rule 1.6.

privilege. *See, e.g., United States v. Kasmir*, 499 F.2d 444, 453 (5th Cir. 1974), *rev'd on other grounds by Fisher v. United States*, 425 U.S. 391 (1976) (describing an attorney's duty of confidentiality as an ethical obligation that "is broader than and independent of the attorney-client privilege."). Specifically, NYRPC 1.6(a) states:

> A lawyer shall not knowingly reveal confidential information, as defined in this Rule, or use such information to the disadvantage of a client or for the advantage of the lawyer or a third person, unless:
>
> (1) the client gives informed consent . . . ;
>
> (2) the disclosure is impliedly authorized to advance the best interests of the client and is either reasonable under the circumstances or customary in the professional community; or
>
> (3) the disclosure is permitted by paragraph (b).[3]

Paragraph (b) provides in pertinent part that "a lawyer may reveal confidential client information to the extent the lawyer reasonably believes necessary" ... "to comply with other law or court order." *See* NYRPC 1.6(b)(6). The phrase "confidential information" is defined in NYRPC 1.6(a) as follows:

> information gained during or relating to the representation of a client, whatever its source, that is (a) protected by the attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, *or* (c) information that the client has requested be kept confidential.

(emphasis added). NYRPC 1.6(c) provides that "[a] lawyer shall make reasonable efforts to prevent the inadvertent or unauthorized disclosure or use of, or unauthorized access to, information protected by Rule[] 1.6 . . . ." Comment 16 to NYRPC 1.6 makes it clear that these duties apply equally to former clients. Moreover, Comment 13 to NYRPC 1.6 provides that, when a governmental entity claiming authority to compel disclosure orders a lawyer to reveal confidential

---

[3] None of the circumstances listed in NYRPC 1.6(b) applies to this case.

information, an attorney is required to take steps to avoid such disclosure, which Mr. Chesebro is doing here by filing this motion to quash.[4]

One important way in which the duty of confidentiality contained in NYRPC 1.6 is broader than the attorney-client privilege relates to its scope. Comment 3 to NYRPC 1.6 states: "The confidentiality duty applies not only to matters communicated in confidence by the client, which are protected by the attorney-client privilege, but also to ***all information gained during and relating the representation, whatever its source***." (emphasis added). Accordingly, any information the DA could ask Mr. Chesebro would necessarily fall under Rule 1.6.

Given the broad definition of "confidential information" subject to Rule 1.6, it is likely that any question that the DA's office would want to ask Mr. Chesebro during his grand jury appearance would fall within the confines of Rule 1.6, thereby prohibiting Mr. Chesebro from answering, regardless of whether attorney-client privilege applies.

## CONCLUSION

Because the testimony that will be sought appears to fall squarely within the type of information that both the attorney-client privilege and NYRPC 1.6 was designed to protect, in that it would potentially be embarrassing and/or detrimental to his former client, and because the Trump Campaign has not given informed consent to its disclosure, Mr. Chesebro hereby moves for the Court to quash the subpoena in question.

**[SIGNATURE ON FOLLOWING PAGE]**

---

[4] To be clear, the Trump Campaign has not provided consent in this case. In fact, the Campaign has instructed Mr. Chesebro, through undersigned counsel, to maintain all applicable privileges and confidentiality.

Respectfully submitted this 25th day of August, 2022,

<div style="margin-left: 40%;">

*s/ Scott R. Grubman*
Scott R. Grubman
Georgia Bar No. 317011

CHILIVIS GRUBMAN
1834 Independence Square
Atlanta GA 30338
(404) 262-6505 (telephone)
(404) 261-2842 (facsimile)
sgrubman@cglawfirm.com

***Attorneys for Mr. Chesebro***

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2022, I sent the foregoing MOTION TO QUASH GRAND JURY SUBPOENA to counsel for the State via email:

    Will Wooten
    Deputy District Attorney
    Will.Wooten@fultoncountyga.gov

                                *s/ Scott R. Grubman*
                                Scott R. Grubman
                                Georgia Bar No. 317011

                                CHILIVIS GRUBMAN
                                1834 Independence Square
                                Atlanta GA 30338
                                (404) 262-6505 (telephone)
                                (404) 261-2842 (facsimile)
                                sgrubman@cglawfirm.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 52
-------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF
FANI T. WILLIS, DISTRICT ATTORNEY,
ATLANTA JUDICIAL CIRCUIT, FULTON
COUNTY, GEORGIA, FOR THE
APPEARANCE OF KENNETH CHESEBRO, AS      **FINAL ORDER**
A MATERIAL WITNESS BEFORE THE           **SCID#  SMW-72789-22**
SPECIAL PURPOSE GRAND JURY, SUPERIOR
COURT OF FULTON COUNTY, ATLANTA
JUDICIAL CIRCUIT, STATE OF GEORGIA.

-------------------------------------------------------------------X

**TO:**   **Kenneth Chesebro**
          **230 Central Park South PH16**
          **New York, New York 10019-1409**

**WHEREAS**, there has been presented to me as a Justice of the Supreme Court, Part 52, State of New York, a Certificate to Secure the Attendance of Out-of-State Witnesses signed by the Honorable Christopher S. Brasher, Chief Judge of the Superior Court of Fulton County, Atlanta Judicial Circuit, State of Georgia, that a Special Purpose Grand Jury has been drawn and impaneled in said county, that is a necessary and material witness for the State of Georgia in said criminal proceeding, that the presence of Kenneth Chesebro will be required to be in attendance and testify before the Special Purpose Grand Jury commencing on July 12, 2022 and continuing through and until the conclusion of the Witness's testimony on or before August 31, 2022 and requesting that Kenneth Chesebro be ordered to appear and testify as a necessary and material witness pursuant to the attached Certificate from the Honorable Christopher S. Brasher, Chief Judge of the Superior Court of Fulton County, Atlanta Judicial Circuit, State of Georgia, a court of record.

**IT IS HEREBY ORDERED,** that Kenneth Chesebro, having been properly served with an Order to Show Cause and having demonstrated no cause why a summons should not be issued as described, a Final Order is hereby issued by this Court;

**THIS COURT** relying on the reciprocity between the State of Georgia and the State of New York pursuant to their mutual adoption of the Uniform Act to Secure Attendance of Witness Without the State in Criminal Cases, and being satisfied that the requested testimony of is material and necessary to the criminal proceeding and in the public interest;

**IT IS HEREBY ORDERED** that Kenneth Chesebro appear and testify before the Special Purpose Grand Jury in the Superior Court of the State of Georgia for the County of Fulton, on August 30, 2022, and on any such other dates as the court there may order.

**ENTERED** as an order on this 25th day of July 2022.

_____
JUSTICE OF THE SUPREME COURT

HON. THOMAS FARBER

2