# EXHIBIT B-079

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA



| | |
|---|---|
| IN RE 2 MAY 2022 SPECIAL PURPOSE GRAND JURY | 2022-EX-000024 |

### ORDER DENYING MOTION TO RECONSIDER
### DISQUALIFICATION REQUEST

On 25 July 2022, the undersigned entered an Order disqualifying the District Attorney of Fulton County and her Office from investigating State Senator Burt Jones as part of the special purpose grand jury's investigation into possible criminal interference in the November 2020 general election in Georgia. The Court disqualified the District Attorney and her Office from investigating Senator Jones for good reason: her obvious and irreconcilable conflict of interest created by her decision to "pledge[] her name, likeness, and office" in support of Senator Jones's opponent in the upcoming election for Lieutenant Governor. Order of 25 July 2022 at 3.

In that same Order, the Court denied the motion to disqualify the District Attorney and her Office from investigating eleven other "alternate" electors who, like Senator Jones, had offered themselves up as potential electoral college votes for former President Trump even after he lost the Georgia popular tally by over 10,000 votes. These eleven, despite their disparate backgrounds, divergent roles in post-election activities, and fundamentally different postures in the District Attorney's investigation, remain a legal bloc represented by the same attorneys. Those attorneys, in a 16 August 2022 filing, are asking the Court to reconsider its ruling denying their motion to disqualify. Having

1

reviewed the record as well as the eleven alternate electors' recent motion, the Court reaffirms its position and DENIES the motion to reconsider.[1]

The eleven alternate electors, despite their assertions to the contrary, are not similarly situated with Senator Jones. None is locked in a high-profile statewide political campaign against someone whom the District Attorney has personally and professionally endorsed.[2] Indeed, these alternate electors have provided no evidence that the District Attorney (or any member of her staff) has done anything that suggests a possible political motivation for investigating *them* -- beyond the banal observation that they are active Republicans and the District Attorney is not.[3] Plainly that is not enough. Nor is it sufficient to point out that these alternate electors have all donated to Senator Jones's campaign for Lieutenant Governor (and the District Attorney has not). Their legal campaign donations are no more disqualifying that the District Attorney's. *See, e.g., Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 884 (2009) ("Not every campaign contribution by a litigant or attorney creates a probability of bias that requires ... recusal."); *Gude v. State*, 289 Ga. 46, 50 (2011) (same) (both cases involve judicial recusals, where disqualification rules are more stringent).

---

[1] The Court also declines to provide a certificate of immediate review.

[2] Alternate elector Shawn Still is running for a State Senate seat. His contest is local and relatively low profile. More important, unlike Senator Jones, candidate Still offers no evidence that the District Attorney has supported his opponent in any manner (other than the bald claim that the District Attorney's pursuit of the election interference investigation is designed to harm him and aid his opponent). Thus, apart from the different political affiliations of the District Attorney and candidate Still, there is nothing to suggest any political link to the District Attorney's investigation into Still's activities as an alternate elector.

[3] Remarkably, counsel for the eleven alternate electors cites as proof of the District Attorney's bias "her targeting of only Republicans." Mot. at 10. It eludes the undersigned how an investigation into allegations of *Republican* interference in the 2020 general election in Georgia would have any other list of targets than Republicans.

2

Contrary to the alternate electors' unavailing analogizing, this is not a basketball game or a closed military tribunal. It is a public investigation into possible electoral wrongdoing. The process is inherently "political" in the simple and unremarkable sense that politicians and leaders of a specific political party are alleged to have undertaken efforts to defeat the will of the Georgia electorate. A prosecutor who pursues such a case is not automatically biased and partisan -- and subject to disqualification -- because of the common political affiliations of the subjects (and targets) of the investigation. And most certainly it is not a legal, ethical, or even sensical requirement that the prosecutor share that political affiliation.

Until the eleven alternate electors can do more than parrot back language from the Court's Order addressing the profound conflict that the District Attorney faced with investigating Senator Jones as if it applies to their readily distinguishable situations, they should refrain from further petitions for disqualification.

SO ORDERED this 24th day of August 2022.

_____
Judge Robert C.I. McBurney
Superior Court of Fulton County
Atlanta Judicial Circuit

3