# EXHIBIT B-117

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| IN RE: | ) | |
| SPECIAL PURPOSE GRAND JURY | ) | 2022-EX-000024 |
| | ) | |
| *Witness:* | ) | **Judge Robert C. I. McBurney** |
| *Stephen Cliffgard Lee* | ) | |

FILED IN OFFICE
OCT 07 2022
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

### PETITION FOR CERTIFICATION OF NEED FOR TESTIMONY BEFORE SPECIAL PURPOSE GRAND JURY PURSUANT TO THE UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESSES FROM WITHOUT THE STATE, CODIFIED IN THE STATE OF GEORGIA AS O.C.G.A. § 24-13-90 ET SEQ.

**COMES NOW** the State of Georgia, by and through Fani T. Willis, District Attorney, Atlanta Judicial Circuit, Fulton County, Georgia, and petitions this Honorable Court for a Certificate of Need for Testimony Before Special Purpose Grand Jury, pursuant to O.C.G.A. § 24-13-92 et seq., and in support thereof says as follows:

1. A Special Purpose Grand Jury investigation commenced in Fulton County, Georgia, by order of this court on May 2, 2022. *See* Order Impaneling Special Purpose Grand Jury Pursuant to O.C.G.A. § 15-12-100, Et Seq, "**Exhibit A**". The Special Purpose Grand Jury is authorized to investigate any and all facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. *See* Letter Requesting Special Purpose Grand Jury, "**Exhibit B**".

2. While Georgia law authorizes special purpose grand juries to conduct both civil and criminal investigations, the Special Purpose Grand Jury's investigation is criminal in nature in that it was requested for the purpose of investigating criminal disruptions related to the 2020 elections in Georgia, and the Special Purpose Grand Jury is

authorized to make recommendations concerning criminal prosecution. Further, the authority for a special purpose grand jury to conduct a criminal investigation has been upheld by the Supreme Court of Georgia. *See State v. Lampl*, 296 Ga. 892 (2015). Accordingly, the provisions of the Uniform Act to Secure the Attendance of Witnesses from Without the State apply pursuant to O.C.G.A. § 24-13-92 et seq.

3. Stephen Cliffgard Lee, born October 25, 1952, (hereinafter, "the Witness") is a necessary and material witness to the Special Purpose Grand Jury's investigation. Through both its investigation and through publicly available information, the State has learned the following information.

4. On or about December 21, 2021, Willie Lewis Floyd III, also known as Harrison William Prescott Floyd III, a former director of Black Voices for Trump, stated to Reuters that he was asked by a man described as a chaplain with federal law enforcement connections, to arrange a meeting with Ruby Freeman, a Fulton County election worker who had been publicly accused of committing election fraud by individuals known to be associated with the Trump Campaign. According to Floyd, the purpose of the meeting was to discuss a purported "immunity deal" with Freeman. Floyd then arranged for Trevian Kutti, a purported publicist based in Chicago, Illinois, to meet with Freeman.

5. On January 4, 2021, Kutti stated to Freeman via telephone that "an armed squad of federal" officers would "approach" Freeman and her family within 48 hours and that Kutti had access to "very high-profile people that can make particular things happen … in order to defend yourself and your family." Kutti and Freeman then met at a Cobb County Police Department precinct, where Kutti made similar statements,

indicating to Freeman that her "freedom … and the freedom of one or more of your family members" would be disrupted if Freeman declined her assistance and that Freeman was "a loose end for a party that needs to tidy up." Kutti also stated her intent to connect Freeman with Floyd, referring to him as "a Black progressive crisis manager, very high level, with authoritative powers to get you protection that you need." After making these statements, Kutti made a lengthy telephone call to Floyd on speakerphone so that he could join the conversation with Freeman. During the course of the telephone conversation, in the presence of Floyd, Freeman was pressured to reveal information under the threat of incarceration if she did not comply. All of these statements were captured on police body worn camera footage reviewed by the District Attorney.

6. Based on information received by the District Attorney through collateral interviews, the Witness was identified as the person responsible for asking Floyd to arrange the meeting with Freeman in order to facilitate these conversations.

7. The District Attorney has reviewed documents obtained by the Special Purpose Grand Jury that demonstrate that the Witness personally spoke to both Floyd and Kutti multiple times via telephone between January 4, 2021, and January 5, 2021. This information corroborates the information received through collateral interviews identifying the Witess as the person responsible for asking Floyd to arrange the meeting with Freeman.

8. The District Attorney has also reviewed police body worn camera footage from December 15, 2020, which shows that the Witness personally came to Freeman's home in Cobb County, Georgia, which frightened her and caused her to call 911

approximately three times for police assistance. In the footage, the Witness admitted that he knocked on the door of Freeman's home in order to provide "pro bono service" to her, then left for a short period of time, and returned sometime later which prompted Freeman to call 911.

9. The Witness, based on the information set forth above, is a necessary and material witness. The Witness possesses unique knowledge concerning communications between himself and other known and unknown individuals involved in the multi-state, coordinated efforts to influence the results of the November 2020 election in Georgia and elsewhere. Finally, the Witness's anticipated testimony is essential in that it is likely to reveal additional sources of information regarding the subject of this investigation.

10. The testimony of the Witness will not be cumulative of any other evidence in this matter.

11. The Witness resides outside the jurisdiction of this Honorable Court and is therefore unable to be served with process to compel attendance and testimony.

12. The Witness currently resides in Yorkville, Kendall County, Illinois.

13. The Witness will be required to be in attendance and testify before the Special Purpose Grand Jury on Thursday, November 10, 2022, at 9:00 a.m. The District Attorney reasonably anticipates that the Witness's testimony will not exceed one day.

14. The Office of the Fulton County District Attorney, in and for the State of Georgia, will pay all reasonable and necessary travel expenses and witness fees required to secure the Witness's attendance and testimony, in accordance with the Uniform Act

to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. *See* O.C.G.A. §24-13-90 et seq.

15. If the Witness comes into the State of Georgia pursuant to this request, directing the Witness to attend and testify before the Special Purpose Grand Jury, the laws of this State shall give the Witness protection from arrest and from service of civil or criminal process, both within this State and in any other state through which the Witness may be required to pass in the ordinary course of travel, for any matters which arose before the Witness's entrance into this State and other states.

16. Both Georgia and Illinois have adopted the Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings. *See* O.C.G.A. § 24-13-90; 725 ILCS 220/1 et seq.

**WHEREFORE**, the State of Georgia, by and through Fani T. Willis, District Attorney, Atlanta Judicial Circuit, Fulton County, Georgia, prays that this Honorable Court issue a Certificate of Need for Testimony Before Special Purpose Grand Jury, pursuant to O.C.G.A. § 24-13-92 et seq., certifying to the proper authorities in the jurisdiction in which the Witness is located that the Witness is a necessary and material witness whose attendance and testimony is required for the above-referenced Special Purpose Grand Jury investigation, and the presence of the Witness will be needed for the number of days specified above,

Respectfully submitted this the 7th day of October, 2022,

                                            **FANI T. WILLIS**
                                            **DISTRICT ATTORNEY**
                                            **ATLANTA JUDICIAL CIRCUIT**

                                            */s/ Fani T. Willis*
                                            **GA Bar No. 223955**
                                            Atlanta Judicial Circuit
                                            136 Pryor Street Southwest
                                            Third Floor
                                            Atlanta, Georgia 30303

# Exhibit A

IN THE SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT
STATE OF GEORGIA

2022-EX-000024

FILED IN OFFICE
JAN 24 2022
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN RE: REQUEST FOR
SPECIAL PURPOSE
GRAND JURY

## ORDER APPROVING REQUEST FOR SPECIAL PURPOSE GRAND JURY PURSUANT TO O.C.G.A. §15-12-100, et seq.

The District Attorney for the Atlanta Judicial Circuit submitted to the judges of the Superior Court of Fulton County a request to impanel a special purpose jury for the purposes set forth in that request. This request was considered and approved by a majority of the total number of the judges of this Court, as required by O.C.G.A. §15-12-100(b).

IT IS THEREFORE ORDERED that a special purpose grand jury be drawn and impaneled to serve as provided in O.C.G.A. § 15-12-62.1, 15-12-67, and 15-12-100, to commence on May 2, 2022, and continuing for a period not to exceed 12 months. Such period shall not include any time periods when the supervising judge determines that the special purpose grand jury cannot meet for safety or other reasons, or any time periods when normal court operations are suspended by order of the Supreme Court of Georgia or the Chief Judge of the Superior Court. The special purpose grand jury shall be authorized to investigate any and all facts and circumstances relating directly or indirectly to alleged violations of the laws of the State of Georgia, as set forth in the request of the District Attorney referenced herein above.

Pursuant to O.C.G.A. § 15-12-101(a), the Honorable Robert C. I. McBurney is hereby assigned to supervise and assist the special purpose grand jury, and shall charge said special purpose grand jury and receive its reports as provided by law.

This authorization shall include the investigation of any overt acts or predicate acts relating to the subject of the special purpose grand jury's investigative purpose. The special purpose grand jury, when making its presentments and reports, pursuant to O.C.G.A. §§ 15-12-71 and 15-12-101, may make recommendations concerning criminal prosecution as it shall see fit. Furthermore, the provisions of O.C.G.A. § 15-12-83 shall apply.

This Court also notes that the appointment of a special purpose grand jury will permit the time, efforts, and attention of the regular grand jury(ies) impaneled in this Circuit to continue to be devoted to the consideration of the backlog of criminal matters that has accumulated as a result of the COVID-19 Pandemic.

IT IS FURTHER ORDERED that this Order shall be filed in the Office of the Clerk of the Superior Court of Fulton County.

SO ORDERED, THIS 24 DAY OF January, 2022.

---

CHRISTOPHER S. BRASHER, CHIEF JUDGE
Superior Court of Fulton County
Atlanta Judicial Circuit

# Exhibit B

OFFICE OF THE FULTON COUNTY DISTRICT ATTORNEY
ATLANTA JUDICIAL CIRCUIT
136 PRYOR STREET SW, 3RD FLOOR
ATLANTA, GEORGIA 30303

*Fani T. Willis*
District Attorney



TELEPHONE 404-612-4639

2022-EX-000017

FILED IN OFFICE
JAN 20 2022
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

The Honorable Christopher S. Brasher
Chief Judge, Fulton County Superior Court
Fulton County Courthouse
185 Central Avenue SW, Suite T-8905
Atlanta, Georgia 30303

January 20, 2022

Dear Chief Judge Brasher:

I hope this letter finds you well and in good spirits. Please be advised that the District Attorney's Office has received information indicating a reasonable probability that the State of Georgia's administration of elections in 2020, including the State's election of the President of the United States, was subject to possible criminal disruptions. Our office has also learned that individuals associated with these disruptions have contacted other agencies empowered to investigate this matter, including the Georgia Secretary of State, the Georgia Attorney General, and the United States Attorney's Office for the Northern District of Georgia, leaving this office as the sole agency with jurisdiction that is not a potential witness to conduct related to the matter. As a result, our office has opened an investigation into any coordinated attempts to unlawfully alter the outcome of the 2020 elections in this state.

We have made efforts to interview multiple witnesses and gather evidence, and a significant number of witnesses and prospective witnesses have refused to cooperate with the investigation absent a subpoena requiring their testimony. By way of example, Georgia Secretary of State Brad Raffensperger, an essential witness to the investigation, has indicated that he will not participate in an interview or otherwise offer evidence until he is presented with a subpoena by my office. Please see Exhibit A, attached to this letter.

Therefore, I am hereby requesting, as the elected District Attorney for Fulton County, pursuant to O.C.G.A. § 15-12-100 et. seq., that a special purpose grand jury be impaneled for the purpose of investigating the facts and circumstances relating directly or indirectly to possible attempts to disrupt the lawful administration of the 2020 elections in the State of Georgia. Specifically, a special purpose grand jury, which will not have the authority to return an indictment but may make recommendations concerning criminal prosecution as it shall see fit, is needed for three reasons: first, a special purpose grand jury can be impaneled by the Court for any time period required in order to accomplish its investigation, which will likely exceed a normal grand jury

term; second, the special purpose grand jury would be empowered to review this matter and this matter only, with an investigatory focus appropriate to the complexity of the facts and circumstances involved; and third, the sitting grand jury would not be required to attempt to address this matter in addition to their normal duties.

Additionally, I am requesting that, pursuant to O.C.G.A. § 15-12-101, a Fulton County Superior Court Judge be assigned to assist and supervise the special purpose grand jury in carrying out its investigation and duties.

I have attached a proposed order impaneling the special purpose grand jury for the consideration of the Court.

Respectfully,

Fani T. Willis
District Attorney, Atlanta Judicial Circuit

Exhibit A: Transcript of October 31, 2021 episode of *Meet the Press* on NBC News at 26:04 (video archived at https://www.youtube.com/watch?v=B71cBRPgt9k)
Exhibit B: Proposed Order

cc:
The Honorable Kimberly M. Esmond Adams
The Honorable Jane C. Barwick
The Honorable Rachelle Carnesdale
The Honorable Thomas A. Cox, Jr.
The Honorable Eric Dunaway
The Honorable Charles M. Eaton, Jr.
The Honorable Belinda E. Edwards
The Honorable Kelly Lee Ellerbe
The Honorable Kevin M. Farmer
The Honorable Ural Glanville
The Honorable Shakura L. Ingram
The Honorable Rachel R. Krause
The Honorable Melynee Leftridge
The Honorable Robert C.I. McBurney
The Honorable Henry M. Newkirk
The Honorable Emily K. Richardson
The Honorable Craig L. Schwall, Sr.
The Honorable Paige Reese Whitaker
The Honorable Shermela J. Williams
Fulton County Clerk of Superior Court Cathelene "Tina" Robinson