# EXHIBIT B-144

# REMITTITUR

## SUPREME COURT OF GEORGIA



March 01, 2023  12:50 PM

Case No. S23D0646

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

IN RE: 2 MAY 2022 SPECIAL PURPOSE GRAND JURY.

This case came before this Court upon an appeal from the Superior Court of Fulton County and it is considered and adjudged that the remittitur be transmitted to that court with the attached decision.

All the Justices concur.

Lower Court Case No.
2022EX000024

Costs paid: $300

IT IS ORDER THAT THE JUDGMENT OF THE Supreme Court of Georgia IN THE WITHIN STATED CASE, BE AND THE SAME IS HEREBY MADE THE JUDGMENT OF THIS COURT THIS THE 16 DAY OF March 20 23

JUDGE FULTON SUPERIOR COURT, A.J.C.

## SUPREME COURT OF THE STATE OF GEORGIA

Clerk's Office, March 16, 2023



I hereby certify that the above is a true extract from the minutes of the Supreme Court of Georgia.

Witness my signature and the seal of said Court hereto affixed the day and year last above written.

_Lia C. Britton_, Chief Deputy Clerk



SUPREME COURT OF GEORGIA
Case No. S23D0646

March 1, 2023

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

IN RE: 2 MAY 2022 SPECIAL PURPOSE GRAND JURY.

Applicants seek review of the Fulton County Superior Court's February 13, 2023 order on the Final Report of the 2 May 2022 Special Purpose Grand Jury. In that order, the superior court ruled that much of the Report should not be disclosed until the district attorney completes her investigation. Applicants filed this application on February 24, 2023, asserting that this Court's jurisdiction is invoked on the basis of its jurisdiction over cases involving constitutional questions. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1). However, the trial court did not make a distinct ruling on any constitutional challenge to a statute, and Applicants' arguments that the superior court's rulings are irreconcilable with constitutional principles concerning the rights to access court records, free speech, and due process under both the United States and Georgia Constitutions require "the mere application of well settled constitutional principles" and thus do not invoke this Court's constitutional question jurisdiction. *Woods v. State*, 310 Ga. 358, 359 (850 SE2d 735) (2020). See also *Zepp v. Mayor & Council of City of Athens*, 255 Ga. 449, 450 (339 SE2d 576) (1986) (stating that a constitutional question within the jurisdiction of this Court "involves either a construction of some federal or state constitutional provision, or an attack upon the constitutionality of some law of this state or the United States (or an ordinance)").

Accordingly, this Court's constitutional question jurisdiction is not invoked, and as no other basis for the exercise of this Court's jurisdiction is apparent from the record, see Ga. Const. of 1983, Art. VI, Sec. VI, Par. II-III; OCGA § 15-3-3.1, this application is transferred to the Court of Appeals.

*All the Justices concur.*

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

*[signature]*, Clerk

2