# EXHIBIT B-168

---

ORIGINAL



IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| IN RE: SPECIAL PURPOSE GRAND JURY | ) ) ) ) ) | Case No.: 2022-EX-000024 |

## **MOTION FOR RECONSIDERATION**

COMES NOW President Donald J. Trump, by and through undersigned counsel, and files this Motion for Reconsideration of the Request for Time to File a Reply filed on May 16, 2023.

On March 20, 2023, President Trump filed a Motion to Quash the Special Purpose Grand Jury Report, Preclude the Use of Any Evidence Derived Therefrom, and Recuse the Fulton County District Attorney's Office. The Court ordered the State to respond by May 1, 2023. Thereafter, on April 28, 2023, Cathleen Latham, another party with a stake in the outcome, filed her own motion joining President Trump's, seeking the same relief. In light of Ms. Latham's joining, this Court extended the State's deadline for filing a response to May 15, 2023—an extension of 14 days.

The State responded accordingly on May 15, 2023. Later that same day, a group of "Media Intervenors," none a party to the issue, filed a brief in opposition to President Trump and Ms. Latham's motions. The next day, President Trump sought leave to file a reply to the State's and Media Intervenors' responses. This Court denied President Trump's request on May 19, 2023. After the Court's May 19 order, yet another nonparty interjected: A group of "former

federal and Georgia state prosecutors" (hereinafter "Former Prosecutors") filed a motion of *amici curiae* in opposition to President Trump's motion.

Georgia's Uniform Superior Court rules do not contemplate *amicus* briefs, much less *amicus* motions, unlike the rules of the Supreme Court and Court of Appeals of Georgia, as well as the Federal Rules of Appellate Procedure and the United States Supreme Court's Rules. Additionally, "[t]he term 'amicus curiae' means friend of the court, not friend of a party." Ryan v. Commodity Futures Trading Commission, 135 F.3d 1062, 1063 (7th Cir. 1997) (Chief Judge Posner, in chambers). Here, the Former Prosecutors' brief attempts to buttress the State's Response and fails to provide new information or expertise to the Court. Moreover, the interest of the *amici curiae* is nebulous—"ensuring that all parties potentially subject to criminal investigation abide by the well-established processes and precedent governing ongoing criminal matters." Former Prosecutors' Motion p. 2. To allow an *amicus* with such an interest would open the floodgates, inviting any outside party who desires to inject an opinion, whether about the procedural functioning of this investigation or the criminal judicial system as a whole, to file an unsolicited and unobliging *amicus* brief, as the Former Prosecutors have done here.[1]

At this point, three different entities, only one of whom is a party to the matter, have filed briefs in opposition to President Trump's initial motion. President Trump has not been given the opportunity to respond to one of them. In parallel, albeit less egregious circumstances, the Court afforded the State an additional two weeks to respond to a then-new filing by Ms. Latham. President Trump seeks only the same courtesy. Though he originally sought to reply only to the State and the Media Intervenors, President Trump now asks for leave to reply to all responsive

---

[1] An *amicus* brief filed into a Superior Court case is exceedingly rare. An *amicus* brief filed into a state non-appellate criminal case (as this Court has determined this matter to be) is even more rare and would set a dangerous precedent.

filings. The Court could ameliorate, though not fully cure, the harm to President Trump by striking the uninvited non-party filings, but that would still leave the State's response unrebutted.

As circumstances have changed since the Court filed its order denying additional briefing on the matter—that yet another nonparty has filed in opposition to his original motion, President Trump respectfully requests that this Court reconsider his May 16, 2023, Request for Time to File a Reply.

Respectfully submitted,

JENNIFER L. LITTLE
Jennifer Little Law, LLC
400 Galleria Pkwy SE, Suite 1920
Atlanta, GA 30339
Tel: 404-947-7778
Georgia Bar 141596

*Counsel for President Donald J. Trump*

DREW FINDLING
Findling Law Firm
3575 Piedmont Rd NE, Suite 1010
Atlanta, GA 30305
Tel: 404-460-4500
Georgia Bar 260425

*Counsel for President Donald J. Trump*

MARISSA GOLDBERG
Findling Law Firm
3575 Piedmont Rd NE, Suite 1010
Atlanta, GA 30305
Tel: 404-460-4500
Georgia Bar 672798

*Counsel for President Donald J. Trump*

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

IN RE: SPECIAL PURPOSE            )
GRAND JURY                        )     CASE NO. 2022-EX-000024
                                  )
                                  )
                                  )
                                  )
                                  )

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing: **MOTION FOR RECONSIDERATION**

was served on:

Fulton County District Attorney Fani T. Willis
Chief Senior Assistant District Attorney F. McDonald Wakeford
Fulton County District Attorney's Office
*By E-mail and Hand Delivery*

Kieran J. Shanahan
Shanahan Law Group, PLLC
*By E-mail*

Thomas M. Clyde
Lesli N. Gaither
Kurtis G. Anderson
Kilpatrick Townsend & Stockton LLP
*By E-mail*

Brian Kammer
*By E-mail*

Respectfully submitted,

This 24th day of May, 2023.

The Findling Law Firm
3575 Piedmont Rd NE, Suite 1010          Drew Findling
Atlanta, Georgia 30305                   Georgia Bar No. 260425
404-460-4500