In the United States District Court
for the Northern District of Georgia
Atlanta Division

| | |
|---|---|
| STATE OF GEORGIA,<br><br>v.<br><br>JEFFREY BOSSERT CLARK,<br><br>Defendant. | Case No. _____<br><br>(Related to:<br><br>Case No. 1:23-cv-03621-SCJ)<br><br>Judge Steve C. Jones<br><br><br>On removal from the Fulton County Superior Court |

**Defendant Jeffrey B. Clark's Emergency Motion to Confirm Applicability of Automatic Stay Under 28 U.S.C. § 1446(d) or the Triggering of the Stay in 28 U.S.C. § 1455(b)(5) or Both — or in the Alternative for an Administrative Stay**

Pursuant to Local Civil Rule 7.2(B) ("Emergency Motions"), 28 U.S.C. § 1446(d) (automatic stay of state court proceedings in removed civil cases), and 1455(b)(5) (requirement for prompt hearing of criminal removals), Defendant Jeffrey Bossert Clark respectfully requests the Court to enter an emergency stay. This stay would run against the underlying Fulton County proceedings, including any attempted issuance or execution of arrest warrants, pending the Court's determination of whether Mr. Clark's case is properly removed to this Court pursuant to 28 U.S.C. § 1442, as well as the other grounds set forth in the Notice of

Removal filed contemporaneously with this Motion. As the Notice of Removal spells out, the removed matters involve both (1) a civil process (the Special Purpose Grand Jury ("SPGJ") Proceedings) and (1) a criminal process pursuant to a Fulton County indictment.

The SPGJ Proceedings were used as an investigative tool and as a lead-in to the criminal charges and the two sets of proceedings are thus inextricably linked to one another. The federal officer removal statute permits the removal of ancillary proceedings (whether the civil proceedings are deemed "ancillary" to the criminal proceedings or *vice versa*). *See* 28 U.S.C. § 1442(d)(1). Moreover, as explained in the Notice of Removal, the removed case is a civil-criminal hybrid action, which means that the automatic stay in Section 1446(d) should apply to prevent any arrest warrants being acted upon unilaterally by Fulton County, since the issuance of all process to bring parties before the court has now transferred to the Northern District of Georgia pursuant to 28 U.S.C. § 1447(a).

The grounds for removal of this action under 28 U.S.C. § 1442, permitting federal officers to remove criminal prosecutions or civil actions to federal court, are set forth in Mr. Clark's Notice of Removal. At all times relevant to the underlying conduct charged in the Fulton County, Georgia indictment against Mr. Clark, he was the Senate-confirmed Assistant Attorney General for the Energy and Natural Resources Division in the U.S. Department of Justice, and was also the Acting

Assistant Attorney General for the Civil Division. All of the charged conduct with respect to Mr. Clark was for or relating to conduct under color of such office and in the course and scope of his performance of federal officer duties and he is therefore entitled to removal. *See* 28 U.S.C. § 1442(a)(1). In addition, Mr. Clark asserts immunities and defenses arising under the Supremacy Clause of the United States Constitution, as well as under federal immunity law, lack of state court jurisdiction over federal officer conduct, the Opinion Clause, Take Care Clause, and the First Amendment. *See* Notice of Removal at ¶ 50.

Mr. Clark's right to invoke federal officer removal is clear and compelling. In the interests of brevity we respectfully refer the Court to the Notice of Removal, which we incorporate by reference.

Included among Mr. Clark's defenses under federal law is a complete immunity from suit itself, which entirely bars the prosecution brought against him by the Fulton County District Attorney.[1] The immunity bars even Mr. Clark's arrest for the charges against him in the indictment. "[W]e are of opinion that the governor [of the soldier's home] was not subject to that [state] law, and the [state] court had no jurisdiction to hear or determine the criminal prosecution in question,

---

[1] Mr. Clark also possesses a substantial defense based on insufficient contacts with the State of Georgia to permit the assertion of personal jurisdiction over him under the Due Process Clause of the Fourteenth Amendment. We reserve that defense, however, for presentation by separate motion at the appropriate time.

because the act complained of was performed as part of the duty of the governor, as a federal officer, in and by virtue of valid federal authority, and in the performance of that duty he was not subject to the direction or control of the Legislature of Ohio." *Ohio v. Thomas*, 173 U.S. 276, 283 (1899) (affirming habeas relief for federal officer arrested by the State of Ohio). *See also Watson v. Philip Morris Cos.*, 551 U.S. 142, 150 (2007) (cleaned up) ("basic purpose is to protect the Federal Government from the interference with its 'operations' that would ensue were a State able, for example, to 'arres[t]' and bring 'to trial in a State cour[t] for an alleged offense against the law of the State,' 'officers and agents' of the Government 'acting ... within the scope of their authority.'") (internal citations omitted).

The indictment's affront to the constitutional supremacy of the federal government, and to the constitutional immunities of Mr. Clark, could hardly be greater.

Indeed, in disregard of Mr. Clark's clearly established rights under the Constitution and laws of the United States to immunity from state law prosecution in this context, the District Attorney and her staff filed the indictment and have— without any attempt to alert Mr. Clark or his counsel before doing so and without any attempt at service of process—apparently procured a warrant for Mr. Clark's arrest.

We only learned about the arrest warrants based on press accounts. *See* Graham Massie, *Fani Willis Announces Arrest Warrants for Trump and 18 Co-Defendants with Deadline to Turn Themselves In*, THE INDEPENDENT, *available at* https://www.the-independent.com/news/world/americas/us-politics/trump-arrest-warrant-georgia-indictment-b2393096.html (Aug. 15, 2023) (last visited Aug. 20, 2023) (circa minute 2, 41-second mark in embedded video ("I am giving the defendants the opportunity to voluntarily surrender, no later than noon on Friday, the twenty-fifth day of August 2023.")).

The District Attorney and the Fulton County Sheriff (working together with the District Attorney) are stripped of power to order, process, or threaten unilateral arrests without the approval of this Court given the automatic stay commanded by Section 1446(d). And even if the District Attorney and/or Sheriff had this power, no true grace is involved in permitting "voluntary surrender." The Fulton County Sheriff runs one of the worst jails in the United States, currently under federal investigation for systematic and horrific violations of the constitutional rights of its inmates, so appalling that several inmates have died in custody in the last few months, including one poor soul who was found dead in a filthy cell covered with insect bites. *See* Deena Zaru and Tesfaye Negussie, *Georgia Man Found Dead in Bed Bug-Infested Jail Cell Died of 'Severe Neglect': independent autopsy*, ABC NEWS, *available at* https://abcnews.go.com/US/georgia-man-found-dead-bed-bug-

infested-jail/story?id=99506592 (Aug. 20, 2023); Angelique Proctor, *Another Inmate Dies as DOJ Continues Probe of Fulton County Jail*, FOX 5 ATLANTA, *available at* https://www.fox5atlanta.com/news/another-inmate-dies-as-doj-continues-probe-of-fulton-county-jail (Aug. 20, 2023). Given his entitlement to removal under 28 U.S.C. § 1442 and his immunities from suit under federal law, Mr. Clark should not be forced to enter and stay in that jail for any reason.

Moreover, the time remaining before the District Attorney's deadline for surrender on 12:00 PM on August 25, 2023 is potentially too short for briefing and decision on the propriety of Mr. Clark's removal under 28 U.S.C. §§ 1331, 1441, 1442, 1446, and 1455. *See* Removal Notice at 1. For example, Defendant Mark R. Meadows has separately removed the case against him to this Court on August 15, 2023, one day after the indictment was issued at 10:30 PM. *See State of Georgia v. Meadows*, No. 1:23-cv-03621-SCJ, Dkt. 1 (N.D. Ga.) (pending). Moving with great dispatch, the Court in Mr. Meadows' case found on August 16, 2023 that his removal met the threshold requirements for removal and set an evidentiary hearing for August 28, 2023. *Id*. at Dkt. 6. But even on that accelerated schedule, no decision will have been made by the time the District Attorney's deadline for surrender passes on

August 25, 2023. And since Mr. Clark's removal is filed six days after Mr. Meadows' removal, Mr. Clark's timeline is even more compressed.[2]

Therefore, to preserve both the overarching federal interests under the Supremacy Clause and Mr. Clark's constitutional immunities pending the Court's resolution of whether further state level proceedings are stayed pursuant to Section 1446(d)'s automatic stay applicable (1) to civil matters and/or (2) to the stay that will apply once this Court finds that Mr. Clark's and Mr. Meadows' removals are proper, Mr. Clark asks the Court either to grant a stay (or a temporary restraining order) against Fulton County **on or before 5 pm Tuesday, August 22, 2023** or to grant an administrative stay as we describe below. If the Court grants a stay or TRO that quickly, Mr. Clark would not need to be put the choice of making rushed travel arrangements to fly into Atlanta or instead risking being labeled a fugitive.

Alternatively, if the Court wishes more time to consider whether the automatic stay in Section 1446(d) applies or whether to make the determination that will impose the discretionary stay in Section 1455(b)(5), then we would request that the Court freeze the *status quo* by issuing a temporary administrative stay that would not expire until **September 5, 2023**—the day after Labor Day. The proposed

---

[2] For the reasons explained in the Clark Notice of Removal, the earliest any removal notice would truly have been due would have been September 13, 2023. So District Attorney Willis is not providing a true grace period to former federal officers like Messrs. Clark and Meadows.

administrative stay would specifically apply to prevent the issuance of or execution of any arrest warrant against Mr. Clark, whether by extradition or otherwise.

Relatedly, Mr. Clark suggests that an emergency briefing schedule be ordered that fits within the additional days provided by granting an administrative stay. It is designed to allow the Court the necessary time to decide the matter such that either Mr. Clark is not required to book a flight to Georgia under such extreme time pressure (and potentially leading to District Attorney Willis making the argument that he has voluntarily accepted that he is subject to the criminal jurisdiction of Fulton County, which Mr. Clark decidedly does not accept), or to give Mr. Clark time to consider his appellate options. It would be inappropriate and unjust to allow District Attorney Willis to require Mr. Clark to surrender himself before noon on Friday, August 25, especially not before this Court has issued a considered decision on the issue of whether Section 1446(d) or Section 1455(b)(5)'s stay provisions (or both) apply or not.

The suggested briefing schedule is as follows:

1. State Response to the Grounds for Removal Presented in Notice of Removal by **Thursday August 24, 2023**.

2. Clark Reply in Support of Removal **by Monday August 28, 2023**.

3. Hearing on **August 29 or 30, 2023** (where Mr. Clark would be represented by counsel and not travel to Atlanta to appear personally).

8

4. Ruling by this Court by **Thursday August 31, 2023**.

5. If an automatic stay is not confirmed under Section 1446(d) or the Section 1455(b)(5) stay is not triggered, Mr. Clark, would evaluate his interlocutory appeal options or alternatively decide to present himself to Fulton County personnel **on or before Tuesday September 5, 2023**, when the administrative stay would lapse.

## CONCLUSION

The emergency stay sought here, the request in the alternative for an administrative stay until September 5, 2023, and the proposed interim briefing schedule if the administrative stay option is granted by the Court are necessary to protect and preserve federal supremacy, pending a determination of whether the State may proceed at all with its prosecution of Mr. Clark.

This 21st day of August 2023.

Respectfully submitted,

*/s/ Harry W. MacDougald*
Harry W. MacDougald
Georgia Bar No. 463076

Caldwell, Carlson, Elliott & DeLoach LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

*Attorney for Jeffrey B. Clark*

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

The undersigned hereby certifies that this filing was prepared in the Times New Roman size 14 font in compliance with L.R. 5.1.

This 21st day of August 2023.

>*/s/ Harry W. MacDougald*
>Georgia Bar No. 463076
>*Attorney for Defendant*

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Emergency Motion to Confirm Applicability of Automatic Stay Under 28 U.S.C. § 1446(d) or Triggering of the Stay in 28 U.S.C. § 1455(b)(5) or Both — or in the Alternative for an Administrative Stay* was hereby filed on August 21, 2023 and served on the persons listed below by the methods indicated.

By email delivery:

>Fani Willis, Esq.
>Nathan J. Wade, Esq.
>Fulton County District Attorney's Office
>136 Pryor Street SW
>3rd Floor
>Atlanta GA 30303
>fani.willisda@fultoncountyga.gov
>nathanwade@lawyer.com
>
>The Honorable Christopher M. Carr
>Office of the Attorney General of Georgia
>40 Capitol Square, S.W.
>Atlanta GA 30334
>ccarr@law.ga.gov

I have also served this filing by email on the following counsel who to my knowledge are representing other defendants named in the underlying indictment:

Drew Findling - drew@findlinglawfirm.com;
Marissa Goldberg - marissa@findlinglawfirm.com;
Jennifer Little - jlittle@jllaw.com;
Dwight Thomas - dwightl654@gmail.com

Craig Gillen - cgillen@gwllawfirm.com>
Anthony Lake - aclake@gwllawfirm.com;
Holly Pierson - hpierson@piersonlawllc.com

Kieran Shanahan - kieran@shanahanlawgroup.com

Tom Bever - tbever@sgrlaw.com;
Amy Buice - abuice@sgrlaw.com

Bruce Morris - bmorris@fmattorneys.com
Don Samuel - dfs@gsllaw.com
Amanda Clark Palmer- aclark@gsllaw.com

Richard Rice - richard.rice@trlfirm.com;
Chris Anulewicz - canulewicz@bradley.com

Scott Grubman - SGrubman@cglawfirm.com;
Manny Arora - manny@arora-law.com

Charles Burnham - charles@burnhamgorokhov.com

Laura Hogue - laura@hogueandhogue.com,
Frank Hogue -  frank@hogueandhogue.com

Lynsey Barron - lynsey@barron.law,
Andrew Hall - andrew@h3-law.com

Brian Rafferty - Brafferty@bakerlaw.com
Brian McEvoy - bmcevoy@bakerlaw.com

David Warrington - dwarrington@dhillonlaw.com
Mike Columbo - mcolumbo@dhillonlaw.com

Steve Greenberg - steve@greenbergcd.com

George J. Terwilliger , III - gterwilliger@mcguirewoods.com
Joseph Matthew Englert - jenglert@mcguirewoods.com
Michael Lee Francisco - mfrancisco@mcguirewoods.com

    This 21st day of August 2023.

                                  */s/ Harry W. MacDougald*
                                  Georgia Bar No. 463076
                                  *Attorney for Defendant Jeffrey B. Clark*

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com