**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| THE STATE OF GEORGIA, | ) | |
| | ) | CIVIL ACTION NO. |
| | ) | 1:23-CV-03721-SCJ |
| | ) | |
| v. | ) | |
| | ) | RE: NOTICE OF REMOVAL |
| | ) | OF FULTON COUNTY |
| | ) | SUPERIOR COURT |
| JEFFREY BOSSERT CLARK, | ) | INDICTMENT NO. |
| | ) | 23SC188947 |

**STATE OF GEORGIA'S RESPONSE**
**TO DEFENDANT JEFFREY BOSSERT CLARK'S EMERGENCY**
**MOTION TO STAY THE STATE CRIMINAL PROCEEDINGS**

Defendant Jeffrey Bossert Clark has moved this Court for an Emergency Motion to Stay the pending State court criminal proceedings against him based on an apparent misread of the applicable statutes, a misapprehension of the binding caselaw, and a fundamental misunderstanding of criminal procedure—both state and federal.  The State of Georgia, by and through the Fulton County District Attorney Fani T. Willis, opposes the motion and respectfully asks this Court to deny the motion for a stay.

## I.    BACKGROUND

A Fulton County grand jury returned a 41-count indictment against Defendant

Clark and 18 co-defendants on August 14, 2023.  Doc. Nos. [1], [A-1].[1]  The defendant is charged in Count 1 with a violation of the Georgia Racketeer Influenced and Corrupt Organizations Act (O.C.G.A. § 16-14-4(c)), and in Count 22 with Criminal Attempt to Commit False Statements and Writings in violation of O.C.G.A. §§ 16-4-1 and 16-10-20.

A week later, on August 21, 2023, the defendant filed both a Notice of Removal to this Court and a pleading styled an "Emergency Motion to Confirm Applicability of Automatic Stay Under 28 U.S.C. § 1446(d) or the Triggering of the Stay in 28 U.S.C. §1455(b)(5) or Both—or in the Alternative for an Administrative Stay."  Doc. Nos. [1], [2].  The defendant's Motion demanded a halt to the State Court proceedings to avert the necessity of his "rushed travel arrangements to fly into Atlanta" to present himself for voluntarily surrender by the August 25 deadline in lieu of the service of an arrest warrant, as numerous of his co-defendants have now done.[2]  As inconvenient as modern air travel can admittedly be, whatever nuisance involved in the defendant securing a flight to Atlanta within the window

---

[1]     All citations are to the Court's electronic docket.

[2]     Doc. [2] at 7 ("If the Court grants a stay or TRO that quickly [by Defendant's proposed deadline of 5 pm Tuesday, August 22], Mr. Clark would not need to be put the choice of making rushed travel arrangements to fly into Atlanta or instead risking being labeled a fugitive.").

provided is self-evidently insufficient justification to invoke this Court's authority to enjoin a State felony criminal prosecution.

Consistent with this Court's August 22, 2023 Order, the State files this opposition to the defendant's Motion, and respectfully requests that the motion be denied.

## II. THE PLAIN TEXT OF 28 U.S.C. § 1455(b)(3) APPLICABLE TO STATE CRIMINAL CASES REMOVED TO FEDERAL COURT EXPLICITLY CONTEMPLATES AND AUTHORIZES STATE COURT ACTION SHORT OF JUDGMENT OF CONVICTION BEING ENTERED. A STAY IS NOT WARRANTED.

The defendant's effort to stay the State court proceedings prior to any determination by this Court that federal removal is warranted runs flatly contrary to the plain language of the governing framework for potential removal. The relevant statute, 28 U.S.C. § 1455(b)(3), provides explicitly that:

> [t]he filing of a notice of removal of a criminal prosecution **shall not prevent the State court in which such prosecution is pending from proceeding further**, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

(emphasis added). The text of the statute unambiguously defaults to the State court proceedings going forward without impediment while the removal issue is heard and resolved in federal court. *Id*.

Defendant Clark, on the other hand, is urging the Court to do exactly the opposite—order the State court proceedings halted prior to any adjudication of his notice of removal, before any opportunity for the State to respond to his (deficient)

notice of removal, or for the Court to resolve the matter with due consideration. Defendant does not acknowledge the language of Section 1455(b)(3) in his Motion, though his notice of removal incorporated by reference in the motion does seem to concede that the statutory framework of Section 1455(b)(3) and (5) expressly provides that the State court proceedings continue unless or until the district court may inform the State court that removal is appropriate.  Doc. No. [1] at 31 ("We are hopeful that this Court will quickly issue that very type of notification [outlined in § 1455(b)(5)] to the Georgia state court, which will clearly bring a halt to all proceedings there, including any attempt by District Attorney Fani Willis to threaten or effectuate arrests . . . .").  Defendant's request for a stay is inconsistent with the plain meaning of the statute, and he has articulated no basis for this Court to depart from that clear legislative directive.

In the alternative, Defendant urges the Court to skip the procedural steps outlined in Section 1455 and would have the Court gloss over its obligation to examine the notice of removal to determine if summary remand ought to be granted, deny the State of Georgia the opportunity to be heard and to oppose Defendant's deficient notice of removal, and ignore the statutory mandate to hold an evidentiary hearing to determine "disposition of the prosecution as justice shall require."  *See* 28 U.S.C. § 1455(b)(4), (5).  He offers no justification for this extraordinary step, other than his displeasure at the prospect of inconvenient travel

and a desire not to spend any time at the Fulton County jail—a non-particularized

harm and insufficient basis to deviate from the procedure outline by statute.

## III. THE CIVIL REMOVAL STATUTE, 28 U.S.C. § 1446(d), HAS NO APPLICABILITY TO THE MATTERS BEFORE THE COURT

Defendant attempts to avert the entirely predictable result of the application

of Section 1455(b) (i.e., denial of his Motion) by insisting that the automatic stay

associated with removal of civil litigation pursuant to Section 1446(d) applies.  The

effort misunderstands fundamental tenets of criminal law and procedure.

A Fulton County grand jury returned a criminal indictment against Defendant

Clark and his co-defendants, charging them with felony violations of Georgia state

criminal statutes.  Doc. No. [1-1] at 13-99.  The pending matter in Fulton County

Superior Court, Indictment 23SC188947, is wholly criminal in nature.  *See generally*

*United States v. Coley*, No. CR415-187, 2016 U.S. Dist. LEXIS 21941, at *9 (S.D.

Ga. 2016) (in distinguishing civil proceedings from criminal, noting "there are very

different pleading and proof standards in civil and criminal cases, and there are

obvious and sound reasons for these differences").

The theory the defendant advances could charitably be characterized as

unusual.  As best the State can discern from his Motion, the defendant urges the

Court to apply the automatic stay as if the State case removed was a civil proceeding

(28 U.S.C. § 1446(d)[3]), instead of the criminal indictment he and his co-defendants

face, based on a series of mistaken assertions of fact:

1) the Fulton County Special Purpose Grand Jury that investigated matters related to interference in the 2020 presidential election in Georgia was civil in nature[4];

2) Use of civil process[5] in gathering information later presented to a State criminal grand jury in contemplation of the indictment against Defendant Clark and his co-defendants transforms the State criminal

---

[3]   The text of Section 1446(d) limits its purview to removal of civil cases ("Promptly after the filing of such notice of removal of a **civil action** the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the **State court shall proceed no further unless and until the case is remanded**." (emphasis added)).

[4]   The Fulton County Superior Court judge supervising the Special Purpose Grand Jury ("SPGJ") consistently characterized the SPGJ's function as a criminal investigative body.  In the face of challenges from those, unlike Defendant Clark, with legal standing to contest the Grand Jury's subpoena power or other compulsory process, the court found the SPGJ as criminal in nature, despite its inability to issue indictments.  *See* Ex. A - Aug. 29, 2022 Order on Motion to Quash at 4-5 (Case No. 2022-EX-000024, Fulton Cty. Super. Ct.):

[The SPGJ's purpose was] unquestionably and exclusively to conduct a criminal investigation: its convening was sought by the elected official who investigates, lodges, and prosecutes criminal charges in this Circuit; its convening Order specifies its purpose as the investigation of possible criminal activities; and its final output is a report recommending whether criminal charges should be brought… Put simply, **there is nothing about this special purpose grand jury that involves or implicates civil practice**.

(emphasis added).

[5]   Which again, is factually incorrect.  This Special Purpose Grand Jury was criminal in nature, not civil, with the powers of a criminal investigative body.

case into a "hybrid civil-criminal" proceeding (a process ill-defined by Defendant's motion and unclear to the State) that affords criminal defendants substantive and/or procedural rights akin to that of a civil litigant for removal purposes;

3)      Such a hybrid prosecution entitles criminal Defendant Clark to the automatic stay afforded civil litigants upon the filing of a notice of removal (28 U.S.C. § 1446(d)).

The defendant has offered zero legal or factual support for any of these claims.

Despite his determination to characterize the pending indictment against him as anything but criminal, the defendant has not directed this Court's attention to any statute, case law, or other authority for his "civil-criminal hybrid" theory of the criminal charges pending against him.  While he purports to "remove" the now-terminated SPGJ matter from State to federal court, he has offered the Court no theory of standing to support such an action.  *See United States v. Johnson*, 983 F.2d 216, 218 (11th Cir. 1993) ("Every litigant must possess standing to sue in the United States courts."); *United States v. Cone*, 627 F.3d 1356, 1359 (11th Cir. 2010) (appeal dismissed, non-party to a criminal action had no standing to challenge alleged jurisdictional defects); *Mulhall v. Unite Here Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) ("[S]tanding in no way depends on the merits of the plaintiff's contention that particular conduct is illegal; it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated." (internal quotation marks and citation omitted)).  In short, civil cases are stayed automatically in state court once a party files a notice of removal—criminal cases are not.  The

pending indictment against Defendant is exclusively criminal, leaving the provisions of Section 1446(d) plainly inapplicable. Insofar as the Motion purports to invoke Section 1446(d), it must be denied.

## IV. DEFENDANT'S DILATORY PACE IN RAISING HIS CLAIMS DO NOT JUSTIFY EMERGENCY ACTION BY THE COURT

Defendant Clark boldly asks this Court for expeditious action when he himself has shown no urgency. The defendant and his co-defendants were indicted on August 14, 2023, with leave by the District Attorney to voluntarily surrender in lieu of arrest by noon on August 25, 2023. The defendant inexplicably waited seven days, until August 21, to even notify this Court through a notice of removal that he intended to argue removal was appropriate. It took him just as long to file the instant demand that this Court issue a stay of the State court proceedings by 5 pm the following day (August 22, 2023). Doc. No. [2-7].

Defendant notes that the deadline for his voluntary surrender is fast approaching, and—given entirely to his delay in seeking federal removal or bringing the issue to this Court—the time is "potentially too short for briefing and decision on the propriety of [Defendant's] removal . . . ." Doc. No. [2] at 6. Because any urgency in the defendant's situation is entirely attributable to his own delay, he should not be rewarded with a stay that deprives the State of the opportunity to first oppose removal of his criminal case.

Moreover, the defendant has made no effort to identify or articulate any legal justification for the requested stay.  In this jurisdiction, a grant of stay depends upon four factors: "(1) whether the stay applicant has made a strong showing that [he] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A.*, 210 F.3d 1309, 1313-14 (11th Cir. 2000) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).  The first factor is ordinarily the most important.  *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

The defendant has not come close to a "strong showing" that he is likely to succeed on the merits, nor has he even attempted to demonstrate that **any** of the four stay factors are present here.  His delay, coupled with a failure to demonstrate any of the factors that are preconditions to granting a stay, further counsel against issuance of a stay.

## V.   BOTH THE ANTI-INJUNCTION ACT AND *YOUNGER* ABSTENTION DOCTRINE PROHIBIT GRANTING DEFENDANT'S MOTION FOR A STAY OF THE STATE COURT PROCEEDINGS.

Though the defendant does not address the Anti-Injunction Act, 28 U.S.C. § 2283, or the well-established *Younger* abstention doctrine in his Motion, both are insurmountable obstacles to the relief he demands.  Under the Anti-Injunction Act,

"[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of [the] three specifically defined exceptions." *Atl. C. L. R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). "Because the Act reflects and respects 'the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction.'" *Ackerman v. ExxonMobil Corp.*, 734 F.3d 237, 250 (4th Cir. 2013) (quoting *Atl. C. L. R.R. Co.*, 398 U.S. at 286).

"[A] federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Atl. C. L. R.R. Co.*, 398 U.S. at 294. "This rule applies regardless of whether the federal court itself has jurisdiction over the controversy, or whether it is ousted from jurisdiction for the same reason that the state court is." *Id.* (citation omitted). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Id.* at 297.

Likewise, the *Younger v. Harris*, 401 U.S. 37 (1971) decision spawned the famed *Younger* abstention doctrine, which "**requires** a federal court to abstain where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding." *Tokyo Gwinnett, LLC v. Gwinnett Cty.*, 940 F.3d 1254, 1267 (11th Cir. 2019) (internal quotation marks omitted; emphasis added; quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see Younger*, 401 U.S. at 45 (requiring "[t]he accused [to] first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection" (internal quotation marks omitted; citation omitted)). "This doctrine rests on notions of federalism and comity and the desire to avoid duplicative proceedings." *Tokyo Gwinnett, LLC*, 940 F.3d at 1267 (citing *Younger*, 401 U.S. at 43-45); *see also Pettway v. Marshall*, No. 20-12964, 2022 U.S. App. LEXIS 29612, at \*7 (11th Cir. Oct. 25, 2022).

While *Younger*'s prohibition on enjoining state court criminal prosecutions has certain narrow exceptions (namely, "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction"[6] and where the charged criminal statute is "flagrantly and patently violative of express constitutional provisions in every clause, sentence and

---

[6]     *Perez v. Ledesma*, 401 U.S. 82, 84 (1971); *Juidice v. Vail*, 430 U.S. 327, 338 (1977); *Younger,* 401 U.S. at 48.

paragraph, and in whatever manner and against whomever an effort might be made to apply it"[7]), neither is alleged or factually supported here.

The defendant's failure to acknowledge or distinguish the Anti-Injunction Act or the *Younger* abstention doctrine, both of which expressly prohibit the relief he seeks, is telling. His invitation to this Court to issue a stay in contravention of this clear and binding authority should be declined.

## CONCLUSION

The defendant seeks to avoid the inconvenience and unpleasantness of being arrested or subject to the mandatory State criminal process, but provides this Court no legal basis to justify those ends. Defendant is wrong on the law, wrong on the facts, and the Motion should be denied.

Respectfully submitted, this 23rd day of August 2023.

                        FANI T. WILLIS
                        DISTRICT ATTORNEY
                        ATLANTA JUDICIAL CIRCUIT


                        By:

                        By: ~~s/ F. McDonald Wakeford~~
                        F. McDonald Wakeford
                        Chief Senior Assistant District Attorney

---

[7]     *Younger*, 401 U.S. at 53-54 (internal quotation marks and citation omitted).

Atlanta Judicial Circuit
Georgia Bar No. 414898
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
fmcdonald.wakeford@fultoncountyga.gov

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that this pleading complies with the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.) in that it is double-spaced and composed in 14-point Times New Roman font.

This 23rd day of August 2023.

*s/ F. McDonald Wakeford*
F. McDonald Wakeford
Chief Senior Assistant District Attorney
Atlanta Judicial Circuit
Georgia Bar No. 414898
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
Fmcdonald.wakeford@fultoncountyga.gov

## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing was served upon the following by email and by service from this Court's electronic filing system, as well as via first class mail postage prepaid to:

Harry W. MacDougald
CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
hmacdougald@cccedlaw.com

*Attorney of record for Defendant Jeffrey Bossert Clark*

Dated this 23rd day of August, 2023.

*s/ F. McDonald Wakeford*

F. McDonald Wakeford