# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA, | CIVIL ACTION FILE |
| v. | No. 1:23-CV-03721-SCJ |
| JEFFREY BOSSERT CLARK, | RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947 |
| Defendant. | |

## ORDER

This matter appears before the Court on Defendant Jeffery Clark's Emergency Motion to Confirm Applicability of Automatic Stay Under 28 U.S.C. § 1446(d) or the Triggering of the Stay in 28 U.S.C. § 1455(b)(5) or both—or in the alternative for an administrative stay.[1] Doc. No. [2]. Having received the Fulton County District Attorney's response in opposition (Doc. No. [8]) and upon its own review of the Motion, the Court **DENIES** Clark's Motion for an Emergency Stay.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

On August 22, 2023, Clark filed a notice of removal of the criminal prosecution against him and of the Fulton County Special Purpose Grand Jury proceedings. Doc. No. [1], 1. Attached to the notice of removal is the indictment that was returned by a Fulton County regular Grand Jury on August 14, 2023. Doc. No. [1-1]. In his notice of removal, Clark argues that this Court has jurisdiction over these State proceedings because he is a federal officer (Doc. No. [1], 21–28). See 28 U.S.C. § 1442(a). Clark also indicates that he removes his case as both a civil and a criminal matter (or as a "criminal-civil hybrid" matter (id. at 31)) under both 28 U.S.C. § 1446 (for civil cases originating in state courts) and § 1455 (for criminal cases originating in state courts). Id. at 31–34. He asserts that the civil portion of this case arises from the Special Grand Jury Proceedings instigated as an investigative tool under O.C.G.A. § 15-12-100, *et seq.*, prior to the regular Grand Jury directly issuing the indictment against him. Id.; see also Doc. No. [2], 2 (indicating that the Special Purpose Grand Jury proceedings "were used as an investigative tool and as a lead-in to the criminal charges.").

Simultaneously with his notice of removal, Clark filed the instant Emergency Motion to Stay the State's criminal proceedings, namely to enjoin "any attempted issuance or execution of arrest warrants[.]" Doc. No. [2], 1. Clark

contends that the stay is appropriate first (as a civil matter) under Section 1446(d)'s automatic stay of the underlying state court proceedings, and under Section 1455(b)(5) (as a criminal matter) over which the Court can assume jurisdiction. Id. at 7–8. Alternatively, Clark asks the Court to issue a temporary administrative stay to maintain the status quo while the Court decides these issues. Id.

The Court denies Clark's Emergency Motion. Clark seeks a stay that "would run against the underlying Fulton County proceedings, including any attempted issuance or execution of arrest warrants." Doc. No. [2], 1. The instant Fulton County proceedings (including any arrest warrant against Clark), arise from the criminal indictment returned by the regular Grand Jury, not the Special Purpose Grand Jury. See Kenerly v. Georgia, 311 Ga. App. 190, 193, 715 S.E.2d 688, 691 (2011) (reviewing Georgia law and stating that "[t]here is no language in the[ ] [Georgia] Code sections granting a special grand jury the power to indict following its investigation").

Clark admits, and the Court agrees, that the indictment presents "plainly a criminal case." Doc. No. [1], 22. Under the statutory scheme for removal, however, criminal prosecutions are removed to federal courts only under

3

28 U.S.C. § 1455. See, e.g., Alabama v. Thomason, 687 F. App'x 874, 876 (11th Cir. 2017) (affirming a district court's reasoning that "the statutes pertaining to removal of civil actions were inapplicable to [a] criminal case."); California v. Abdel-Malak, No. CV420-232, 2020 WL 6342658, at *2 (S.D. Ga. Oct. 7, 2020), report and recommendation adopted, No. 4:20-CV-232, 2021 WL 96978 (S.D. Ga. Jan. 11, 2021) ("Civil and criminal cases, even if arising from a common nexus of events, are distinct creatures . . . [including] the separate statutes governing of civil and criminal removal . . . ." (citing 28 U.S.C. § 1446 (for civil cases) and § 1455 (for criminal cases)).

As the ongoing Fulton County criminal proceedings and forthcoming arrest warrant arise from the criminal indictment in a criminal action, Section 1455 governs. And Section 1455 specifically indicates that, until the federal court assumes jurisdiction over a state criminal case,[2] the state court retains jurisdiction over the prosecution and the proceedings continue despite

---

[2] As a general matter, a federal court assuming jurisdiction over a state criminal prosecution follows the statutory requirements in 28 U.S.C. § 1455(b), which requires determining if summary remand is appropriate and holding an evidentiary hearing to assess federal jurisdiction. The Court has not made these determinations or held an evidentiary hearing and thus denies as premature Clark's request to assume jurisdiction under Section 1455(b)(5).

4

the notice of the removal. See 28 U.S.C. § 1455(b)(3) ("The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further . . . ."). Indeed, the Court's research has found that Section 1455(b)(3) has been followed even in cases where a criminal defendant, who had filed a notice of removal in federal court, was required to proceed to trial in the state court. Simmons v. City of Warren, No. CV 19-11531, 2020 WL 520956, at *1 n. 2 (E.D. Mich. Jan. 6, 2020), report and recommendation adopted, No. 19-11531, 2020 WL 515866 (E.D. Mich. Jan. 31, 2020) ("[Defendant's] petition for removal did not preclude the trial from going forward . . . .").

Accordingly, the Court **DENIES** Clark's Emergency Motion for a Stay of the State's criminal proceedings (Doc. No. [2]), inclusive of the alternative motion for an administrative stay. The Court specifically finds that, pursuant to 28 U.S.C. § 1455(b)(3), the Fulton County proceedings remain ongoing at this time as there has been no triggering of a stay under 28 U.S.C. § 1455(b)(5). Moreover, the Court denies Clark's request to enter an administrative stay because Clark did not cite any authority for the Court to enter a temporary administrative stay (Doc. No. [2], 7–8), various abstention doctrines and principals of federalism counsel

5

against a federal court entering a stay of a state court's judicial proceedings (see Doc. No. [8], 9–12), and Section 1455's statutory framework indicates the Fulton County proceedings should presently continue despite the notice of removal. Finally, at this time, the Court declines to comment further on Clark's arguments relating to the purported civil removal of the Special Grand Jury Proceedings or the consequences of such determination under 28 U.S.C. § 1446.³

**IT IS SO ORDERED** this _23rd_ day of August, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

³ The Court acknowledges, however, that the District Attorney disputes that the Special Grand Jury Proceedings were civil in nature. Doc. No. [8], 6–7.