IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA <br><br> v. <br><br> JEFFREY BOSSERT CLARK, <br><br> **Defendant.** | CIVIL ACTION FILE <br><br> No. 1:23-CV-03721-SCJ <br><br> RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947 |

### ORDER

This matter appears before the Court following Defendant Jeffrey Bossert Clark's Notice of Removal.[1] Doc. No. [1]. The Court enters the following Order to satisfy the statutory requirements for the removal of state criminal prosecutions. See 28 U.S.C. § 1455(b). For the following reasons, the Court concludes that summary remand under 28 U.S.C. § 1455(b)(4) is not required based on the face of Clark's Notice of Removal and its attachments, and that an evidentiary hearing will be held under 28 U.S.C. § 1455(b)(5).

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

## I.  BACKGROUND

Clark is one of 19 Defendants named in the Superior Court of Fulton County, Georgia indictment (filed on August 14, 2023) arising from election-related activities in Georgia for the 2020 Presidential election. Clark is charged with being part of a Georgia Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy and for Criminal Attempt to Commit False Statements and Writings. Doc. No. [1-1], 14, 84. At the time of the acts alleged in the indictment, Clark served as an Assistant Attorney General for the United States Department of Justice (DOJ) in two divisions. Doc. No. [1], 6. The allegations against Clark specifically involve soliciting the Attorney General and the Deputy Attorney General (through email correspondence and at a meeting) to authorize a document with a false statement that DOJ had "identified significant concerns that may have impacted the outcome of the election in multiple State's, including the State of Georgia" to transmit to various Georgia public officials. Doc. No. [1-1], 46 (RICO Act 98), 47 (RICO Act 99), 51 (RICO Act 111), 84 (Count 22); see also id. at 51 (alleging, as RICO Act 110, that Clark participated in a phone call with co-Defendant Scott Graham Hall regarding the Presidential election in Georgia).

On August 21, 2023, Clark filed his Notice of Removal of the Criminal Indictment in this Court.[2] Doc. No. [1]. Clark asserts federal jurisdiction under 28 U.S.C. § 1442(a)(1), contending that he was a federal officer acting under the color of his office at the time of the acts alleged in the indictment.[3] Id. at 15 (indicating that Clark "served as the Assistant Attorney General over two federal Department of Justice Divisions in the rough time frame of December 28, 2020 to January 3, 2021"), 19 ("The incontrovertible evidence that Mr. Clark was a federal officer during the time of the allegations against him are voluminous.").

The Court now must determine if it clearly lacks subject matter jurisdiction over Clark's removal action, which would require summary remand. See 28 U.S.C. § 1455(b)(4).

---

[2] Clark simultaneously filed an emergency motion seeking to stay the state proceedings, which the Court denied. Doc. Nos. [2]; [9].

[3] Clark raises additional jurisdictional arguments, including that this removal is a "criminal-civil hybrid" due to the Special Grand Jury Proceedings which investigated the acts in the indictment and thus the case can be removed under 28 U.S.C. § 1446. As Clark clearly seeks to remove the State criminal prosecution against him, the Court must consider 28 U.S.C. § 1455. In this Order, the Court does not comment on Clark's other assertions of jurisdiction. The Court, however, expects to hear evidence and argument on all Clark's bases of jurisdiction in the responsive briefing on Clark's notice of removal and at the evidentiary hearing.

## II.   LEGAL STANDARD[4]

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). One such jurisdictional statute provides federal jurisdiction over "any officer (or any person acting under that officer) of the United States" for "any act under color of such office." 28 U.S.C. § 1442(a)(1). Federal officer removal "is an incident of federal supremacy and is designed to provide federal officials with a federal forum in which to raise defenses arising from their official duties." Florida v. Cohen, 887 F.2d 1451, 1453 (11th Cir. 1989) (citing Willingham v. Morgan, 395 U.S. 402, 405 (1969)). Section 1442(a)(1) removal requires "first, the case must be against any officer, agency, or agent of the United States for any act under color of such office; and second, the federal actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law." Id. at 1453–54. "[R]egardless of whether the federal court would have had jurisdiction over the matter had it originated in federal

---

[4] The same legal standard applies to this Court's Order on Clark's removal action as the Court set forth in the prior summary remand order in co-Defendant Mark Randall Meadows's case. See Georgia v. Mark Randall Meadows, No. 1:23-cv-03621-SCJ (N.D. Ga.), ECF No. [6] (Summary Remand Order).

4

court, once the statutory prerequisites to § 1442(a)(1) are satisfied, § 1442(a)(1) provides an independent jurisdictional basis." Id. at 1454.

28 U.S.C. § 1455 allows specifically for the removal of a state criminal prosecution under certain conditions. Procedurally, the notice of removal must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier" and must contain "all grounds for such removal." 28 U.S.C. § 1455(b)(1)–(2). Upon receiving the notice of removal, the federal district court must "examine the notice promptly" and determine if summary remand ought to be granted based on a clear lack of jurisdiction from "the face of the notice and any exhibits annexed thereto . . . ." Id. § 1455(b)(4). If summary remand is not ordered, then the district court must "promptly" hold an evidentiary hearing to determine "disposition of the prosecution as justice shall require." Id. § 1455(b)(5). Moreover, the filing of a notice of removal of a criminal prosecution under Section 1455 "shall not prevent the State court in which such prosecution is pending from proceeding further" even though a "judgment of conviction" cannot be entered until the prosecution is remanded. 28 U.S.C. § 1455(b)(3).

**III.   ANALYSIS**

The Court first determines that Clark's removal action meets the procedural prerequisites of 28 U.S.C. § 1455(b)(1) and (2). Clark removed this criminal proceeding one-week after the indictment had been filed and before his arraignment. He thereby satisfies the timing requirements of Section 1455(b)(1). His notice of removal, moreover, contains the basis for removal and federal jurisdiction as required of Section 1445(b)(2).

The Court must also determine if Clark's basis of federal jurisdiction survives the summary remand inquiry. Cf. Maine v. Counts, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023) ("28 U.S.C. § 1455 'merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision.'" (quoting Kruebbe v. Beevers, 692 F. App'x 173, 176 (5th Cir. 2017)). Specifically, the Court must look to see "if it *clearly appears* . . . that removal should not be permitted." Id. § 1455(b)(4) (emphasis added). If a removing party fails to adequately show the requirements of the underlying basis for federal jurisdiction, then the state criminal prosecution cannot be removed to federal court. See, e.g., United States v. Raquinio, No. CV 23-00231 JMS-WRP, 2023 WL

3791638, at *2 (D. Haw. June 2, 2023) (rejecting removal under Section 1455 based on federal officer jurisdiction because the removing party failed to allege that he was a federal officer or agent); cf. also Hammond v. Georgia, No. 1:18-CV-5553-CAP-AJB, 2018 WL 10626009, at *2 (N.D. Ga. Dec. 21, 2018), report and recommendation adopted, No. 1:18-CV-5553-CAP, 2019 WL 8375921 (N.D. Ga. Jan. 16, 2019). Gilmore v. Glynn Cnty. Superior Ct., No. 2:18-CV-68, 2018 WL 6531685, at *2 (S.D. Ga. Dec. 12, 2018), report and recommendation adopted, No. 2:18-CV-68, 2019 WL 339629 (S.D. Ga. Jan. 28, 2019).

Here, the Court is satisfied that Clark's Notice of Removal and its attachments (including the Indictment) do not require summary remand. Clark asserts federal jurisdiction based on federal officer removal under 28 U.S.C. § 1442. For federal officer jurisdiction, "the case must be against any officer, agency, or agent of the United States for any act under color of such office" and "the federal actor or agency being challenged must raise a colorable defense arising out of its duty to enforce federal law." Cohen, 887 F.2d at 1453–54.

Clark submits that he was a federal officer because he was the Assistant Attorney General in two DOJ divisions (the Environment and Natural Resources Division and the Civil Division). Doc. No. [1], 15–16. As evidence, Clark cites to

Supreme Court cases indicating his status in the DOJ and his resignation letter to President Trump. Id. at 19–20. Clark further contends that the acts of soliciting the allegedly false document to send to Georgia public officials "were in his role as a senior official of [the Justice] Department" (id. at 17) and that the communications between himself and the Attorney General and Deputy Attorney General occurred "at the apex of the Justice Department, as federal officers" (id. at 18). Clark also purports to raise a number of defenses to these charges, including (among others) Supremacy Clause immunity, the Opinion Clause, the Take Care Clause, and the First Amendment Petition Clause. Id. at 26.

The foregoing assertions are sufficient to withstand summary remand under Section 1455(b)(4). The Court emphasizes that this Order offers no opinion on the Court's ultimate determination of its subject matter jurisdiction over this case or Clark's federal defenses. Pursuant to 28 U.S.C. § 1455(b)(5), the Court will make its final determination on these matters once they have been completely argued and briefed and are ripe for the Court's full review. To reiterate, this Order's limited conclusion is that the Court, based solely on the face of the Notice of Removal and its attachments, does not clearly lack subject matter jurisdiction.

Thus, the Court will proceed with an evidentiary hearing pursuant to 28 U.S.C. § 1455(b)(5).

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes the face of the Notice of Removal (Doc. No. [1]) and its attachments do not clearly indicate that summary remand of this matter is required. No opinion is being made at this time about whether removal will be permitted or if any of Clark's federal defenses are meritorious.

Pursuant to 28 U.S.C. § 1455(b)(5), the Court **ORDERS** that the Parties participate in an evidentiary hearing concerning the Notice of Removal of the Indictment against Jeffrey Bossert Clark on **Monday, September 18, 2023**, at **9:30 A.M.** at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, in Courtroom 1907.

The Fulton County District Attorney's Office may submit a written response to Clark's Notice of Removal no later than **Tuesday September 5, 2023**. Any response submitted must not exceed **25 pages** in length.[5]

---

[5] On August 23, 2023, an amicus curiae filed a Motion for Leave to File a Brief by Former Judges, Prosecutors, and State and Federal Executive Officials. Doc. No. [13]. The Court

In the interim, pursuant to 28 U.S.C. § 1455(b)(3), proceedings may continue in the Superior Court of Fulton County, Georgia.

IT IS SO ORDERED this __24th__ day of August, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

**ORDERS** any opposition response to the amicus curiae motion be filed by **Monday, August 28, 2023**. As this motion is still pending, the Court has not relied on its contents in this summary remand Order.