# EXHIBIT E



**Office of the Attorney General**
Washington, D. C. 20530

May 11, 2009

MEMORANDUM FOR HEADS OF DEPARTMENT COMPONENTS
ALL UNITED STATES ATTORNEYS

FROM:                THE ATTORNEY GENERAL

SUBJECT:             Communications with the White House and Congress

    The rule of law depends upon the evenhanded administration of justice. The legal judgments of the Department of Justice must be impartial and insulated from political influence. It is imperative that the Department's investigatory and prosecutorial powers be exercised free from partisan consideration. It is a fundamental duty of every employee of the Department to ensure that these principles are upheld in all of the Department's legal endeavors.

    In order to promote the rule of law, therefore, this memorandum sets out guidelines to govern all communications between representatives of the Department, on the one hand, and representatives of the White House and Congress, on the other, and procedures intended to implement those guidelines. (The "White House," for the purposes of this Memorandum, means all components within the Executive Office of the President.) These guidelines have been developed in consultation with, and have the full support of, the Counsel to the President.

    1. Pending or Contemplated Criminal or Civil Investigations and Cases

    The Assistant Attorneys General, the United States Attorneys, and the heads of the investigative agencies in the Department have the primary responsibility to initiate and supervise investigations and cases. These officials, like their superiors and their subordinates, must be insulated from influences that should not affect decisions in particular criminal or civil cases. As the Supreme Court said long ago with respect to United States Attorneys, so it is true of all those who exercise the Department's investigatory and prosecutorial powers: they are representatives "not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935).

    a. In order to ensure the President's ability to perform his constitutional obligation to "take care that the laws be faithfully executed," the Justice Department will advise the White House concerning pending or contemplated criminal or civil investigations or cases when—but only when—it is important for the performance of the President's duties and appropriate from a law enforcement perspective.

AG-6

Memorandum for Head of Department Components  Page 2
All United States Attorneys
Subject: Communications with the White House and Congress

b. Initial communications between the Department and the White House concerning pending or contemplated criminal investigations or cases will involve only the Attorney General or the Deputy Attorney General, from the side of the Department, and the Counsel to the President, the Principal Deputy Counsel to the President, the President or the Vice President, from the side of the White House. If the communications concern a pending or contemplated civil investigation or case, the Associate Attorney General may also be involved. If continuing contact between the Department and the White House on a particular matter is required, the officials who participated in the initial communication may designate subordinates from each side to carry on such contact. The designating officials must monitor subsequent contacts, and the designated subordinates must keep their superiors regularly informed of any such contacts. Communications about Justice Department personnel in reference to their handling of specific criminal or civil investigations or cases are expressly included within the requirements of this paragraph. This policy does not, however, prevent officials in the communications, public affairs, or press offices of the White House and the Department of Justice from communicating with each other to coordinate efforts.

c. In order to ensure that Congress may carry out its legitimate investigatory and oversight functions, the Department will respond as appropriate to inquiries from Congressional Committees consistent with policies, laws, regulations, or professional ethical obligations that may require confidentiality and consistent with the need to avoid publicity that may undermine a particular investigation or litigation. Outside the context of Congressional hearings or investigations, all inquiries from individual Senators and Members of Congress or their staffs concerning particular contemplated or pending criminal investigations or cases should be directed to the Attorney General or the Deputy Attorney General. In the case of particular civil investigations or cases, inquiries may also be directed to the Associate Attorney General.

d. These procedures are not intended to interfere with the normal communications between the Department and its client departments and agencies (including agencies within the Executive Office of the President when they are the Department's clients) and any meetings or communications necessary to the proper conduct of an investigation or litigation.

2. National Security Matters

It is critically important to have frequent and expeditious communications relating to national security matters, including counter-terrorism and counter-espionage issues. Therefore communications from (or to) the Deputy Counsel to the President for National Security Affairs, the staff of the National Security Council and the staff of the Homeland Security Council that relate to a national security matter are not subject to the limitations set out above. However, this exception for national security matters does not extend to pending adversary cases in litigation that may have national security implications. Communications related to such cases are subject to the guidelines for pending cases described above.

Memorandum for Head of Department Components      Page 3
      All United States Attorneys
Subject:  Communications with the White House and Congress

### 3. White House Requests for Legal Advice

All requests from the White House for formal legal opinions shall come from the President, the Counsel to the President, or one of the Deputy Counsels to the President, and shall be directed to the Attorney General and the Assistant Attorney General for the Office of Legal Counsel.  The Assistant Attorney General for the Office of Legal Counsel shall report to the Attorney General and the Deputy Attorney General any communications that, in his or her view, constitute improper attempts to influence the Office of Legal Counsel's legal judgment.

### 4. Communications Involving the Solicitor General's Office.

Matters in which the Solicitor General's Office is involved often raise questions about which contact with the Office of the Counsel to the President is appropriate.  Accordingly, the Attorney General and Deputy Attorney General may establish distinctive arrangements with the Office of the Counsel to govern such contacts.

### 5. Presidential Pardon Matters

The Office of the Pardon Attorney may communicate directly with the Counsel to the President and the Deputy Counsels to the President, concerning pardon matters.  The Counsel to the President and the Deputy Counsels to the President may designate subordinates to carry on contact with the Office of the Pardon Attorney after the initial contact is made.

### 6. Personnel Decisions Concerning Positions in the Civil Service

All personnel decisions regarding career positions in the Department must be made without regard to the applicant's or occupant's partisan affiliation.  Thus, while the Department regularly receives communications from the White House and from Senators, Members of Congress, and their staffs concerning political appointments, such communications regarding positions in the career service are not proper when they concern a job applicant's or a job holder's partisan affiliation.  Efforts to influence personnel decisions concerning career positions on partisan grounds should be reported to the Deputy Attorney General.

### 7. Other Communications Not Relating to Pending Investigations or Criminal or Civil Cases

All communications between the Department and the White House or Congress that are limited to policy, legislation, budgeting, political appointments, public affairs, intergovernmental relations, or administrative matters that do not relate to a particular contemplated or pending investigation or case may be handled directly by the parties concerned.  Such communications should take place with the knowledge of the Department's lead contact regarding the subject

Memorandum for Head of Department Components  Page 4
    All United States Attorneys
Subject: Communications with the White House and Congress

under discussion. In the case of communications with Congress, the Office of the Deputy Attorney General and Office of the Assistant Attorney General for Legislative Affairs should be kept informed of all communications concerning legislation and the Office of the Associate Attorney General should be kept informed about important policy communications in its areas of responsibility.

As Attorney General Benjamin Civiletti noted in issuing a similar memorandum during the Carter Administration, these guidelines and procedures are not intended to wall off the Department from legitimate communication. We welcome criticism and advice. What these procedures are intended to do is route communications to the proper officials so they can be adequately reviewed and considered, free from either the reality or the appearance of improper influence.

Decisions to initiate investigations and enforcement actions are frequently discretionary. That discretion must be exercised to the extent humanly possible without regard to partisanship or the social, political, or interest group position of either the individuals involved in the particular cases or those who may seek to intervene against them or on their behalf.

This memorandum supersedes the memorandum issued by Attorney General Mukasey on December 19, 2007, titled *Communications with the White House*.