**EXHIBIT H**



🇺🇸 An official website of the United States government
<u>Here's how you know</u>

# .000 - ASSIGNMENT OF RESPONSIBILITIES

| | |
|---|---|
| <u>4-1.100</u> | Responsibilities of the Attorney General re Civil Litigation |
| <u>4-1.200</u> | Responsibilities of the Assistant Attorney General for the Civil Division |
| <u>4-1.210</u> | Responsibilities of Organizational Units in the Civil Division |
| <u>4-1.211</u> | Torts Branch |
| <u>4-1.212</u> | Commercial Litigation Branch |
| <u>4-1.213</u> | Federal Programs Branch |
| <u>4-1.214</u> | Appellate Staff |
| <u>4-1.216</u> | Consumer Protection Branch |
| <u>4-1.217</u> | Office of Immigration Litigation |
| <u>4-1.300</u> | Division of Responsibility Between the Civil Division and the United States Attorneys for the Handling of Civil Litigation |
| <u>4-1.310</u> | Direct Referral Cases |
| <u>4-1.312</u> | Delegated Cases |
| <u>4-1.313</u> | Retained Cases |
| <u>4-1.320</u> | United States Attorney Responsibilities—Assistance Concerning Deposited Funds |
| <u>4-1.322</u> | United States Attorney Responsibilities—Assistance to Civil Division Attorneys |
| <u>4-1.323</u> | United States Attorney Responsibilities—Briefs Amicus Curiae |
| <u>4-1.324</u> | United States Attorney Responsibilities—Constitutional Questions—Certification to the Attorney General |
| <u>4-1.325</u> | United States Attorney Responsibilities—Judicial Assistance to Foreign Tribunals |
| <u>4-1.326</u> | United States Attorney Responsibilities—Protection of the Government's Fiscal and Property Interests |
| <u>4-1.327</u> | Settlement of Tort Claims Asserted Against the Department of Justice Administratively |
| <u>4-1.410</u> | Responsibilities of Client Agencies—Compromise and Dismissal or Closing |
| <u>4-1.420</u> | Responsibilities of Client Agencies—Court Appearances |
| <u>4-1.430</u> | Responsibilities of Client Agencies in Defensive Litigation |
| <u>4-1.431</u> | Pre-Suit |
| <u>4-1.432</u> | Upon Service of Complaint |

4-1.433        Pre-Trial

4-1.434        Trial

4-1.450        Responsibilities of Client Agencies—Referrals

4-1.500        Liaison of United States Attorneys with Civil Division

4-1.511        Cases Delegated to United States Attorneys

4-1.512        Cases Monitored by Civil Division

4-1.513        Cases Personally Handled by the Civil Division or Jointly Handled With United States Attorneys'
               Offices

4-1.514        Emergency Referrals in Nondelegated Cases

4-1.520        Liaison of United States Attorneys with Client Agencies

4-1.600        Prior Approvals

4-1.100 - RESPONSIBILITIES OF THE ATTORNEY GENERAL RE CIVIL LITIGATION

The Office of the Attorney General was established by the Judiciary Act of 1789. Act of September 24, 1789, 1 Stat. 73. Section 35 of that Act vested the Attorney General (AG) with plenary authority to "prosecute and conduct all suits in the Supreme Court in which the United States shall be concerned" and to give advice and opinions upon questions of law when requested by the President or the heads of various Departments.

The AG's statutory authority to conduct litigation to which the United States, its departments or agencies is a party was expanded and more fully developed by Congress in 1870 in the same legislation that provided for the creation of the Department of Justice. Act of June 22, 1870, 16 Stat. 162. Among other things, the Act forbade the Secretaries of the Executive Departments to employ other attorneys or outside counsel at government expense, and required them to call upon the Department of Justice ... and no counsel or attorney fees shall hereafter be allowed to any person ... besides the respective district attorneys. . . for services in such capacity to the United States ... unless hereafter authorized by law, and then only on the certificate of the Attorney-General that such services could not be performed by the Attorney-General ... or the officers of the Department of Justice.... Section 17, 16 Stat. 164.

The initial motivation for this legislation was the desire to centralize the conduct and supervision of all litigation in which the government was involved, as well as to eliminate the need for highly-paid outside counsel when government-trained attorneys could perform the same function. Other objectives of the legislation advanced in the congressional debates were to ensure the presentation of uniform positions with respect to the laws of the United States ("a unity of decision, a unity of jurisprudence in the executive law of the United States"), and to provide the AG with authority over lower court proceedings involving the United States so that litigation would be better handled on appeal, and before the Supreme Court. *See* Cong. Globe, 41st Cong., 2d Sess. 3035-39, 3065-66 (1870). *See generally* Bell, "The Attorney General: The Federal Government's Chief Lawyer and Chief Litigator, Or One Among Many?", 46 Fordham L. Rev. 1049 (1978); Key, "The Legal Work of the Federal Government," 25 Va. L. Rev. 165 (1938). *See also United States v. San Jacinto Tin Co.*, 125 U.S. 273, 279 (1888) (Attorney General "undoubtedly the officer who has charge of the institution and conduct of the pleas of the United States, and of the litigation which is necessary to establish the rights of the government"); *Perry v. United States*, 28 Ct. Cl. 483, 491 (1893); *Sutherland v. International Insurance Co.*, 43 F.2d 969, 970-71 (2d Cir. 1930), *cert. denied,* 282 U.S. 890 (1930).

The present statutory authority vesting plenary litigating authority with the Attorney General, including 28 U.S.C. §§ 516, 519 and 5 U.S.C. § 3106, parallels that found in the 1870 Act. Except as otherwise authorized by law, only attorneys of the Department of Justice under the supervision of the Attorney General may represent the United States or its agencies or officers in litigation. Counsel for other government agencies may not be heard in opposition to the United States. *See In re Confiscation Cases,* 74 U.S. 454, 458 (1868); *The Gray Jacket,* 72 U.S. 370, 371 (1866). Nor, in the absence of statutes to the contrary, may any suit be brought on behalf of the United States except by the Attorney

General or an attorney under his/her superintendence. *Sutherland v. International Ins. Co., supra; F.T.C. v. Guignon*, 390 F.2d 323 (8th Cir. 1968); *I.C.C. v. Southern Railway Co.*, 543 F.2d 534 (5th Cir. 1976), *reh. en banc denied,* 551 F.2d 95 (5th Cir. 1977). The completeness of the Attorney General's authority is further illustrated by the fact that once a matter has been referred to the Department of Justice, the referring agency ceases to have control over it. *See United States v. Sandstrom*, 22 F. Supp. 190, 191 (N.D. Okla. 1938).

*See* JM 4-3.000 for additional authorities with respect to the Attorney General's inherent authority to compromise and close civil cases. Presidential Reorganization Plan No. 2 of 1950, 64 Stat. 1261, effected a Hoover Commission type reorganization whereby all functions of other employees and units in the Department, including Presidential appointees, were placed in the Attorney General to be redelegated by him/her. Section 509 of Title 28, which is of continuing effectiveness, parallels the language of Reorganization Plan No. 2 and provides that "[a]ll functions of other officers of the Department of Justice and all functions of agencies and employees of the Department of Justice are vested in the Attorney General …."

[updated April 2018]

### 4-1.200 - RESPONSIBILITIES OF THE ASSISTANT ATTORNEY GENERAL FOR THE CIVIL DIVISION

The Attorney General has delegated to the Assistant Attorney General for the Civil Division authority for the conduct, handling or supervision of the matters catalogued at 28 C.F.R. § 0.45, as well as those in 28 C.F.R. § 0.47 (alien property matters), 28 C.F.R. § 0.49 (international judicial assistance), 28 C.F.R. § 0.171(a) (collection of judgments, fines, penalties and forfeitures), and 28 C.F.R. § 0.46, "*all other civil litigation* including claims by or against the United States, its agencies or officers, in domestic or foreign courts, special proceedings, and similar civil matters not otherwise assigned." (emphasis supplied).

[updated April 2018]

### 4-1.210 - RESPONSIBILITIES OF ORGANIZATIONAL UNITS IN THE CIVIL DIVISION

The majority of civil litigation in certain categories is handled in the field by United States Attorneys (USA) under the ultimate and overall responsibility of the Assistant Attorney General for the Civil Division. The litigation not handled by United States Attorneys is assigned primarily to components within the Civil Division, subject to the supervision and direction of the Assistant Attorney General. These components are the Torts Branch, Commercial Litigation Branch, Federal Programs Branch, Office of Immigration Litigation, Consumer Protection Branch, and the Appellate Staff, each of which is directed by a Deputy Assistant Attorney General and a management team of senior supervisory attorneys. The specific matters assigned to each component, insofar as they may be significant to the United States Attorneys, are summarized in JM 4-1.211 through 4-1.217 and 4-1.313.

The compromise and closing authority exercised by the Assistant Attorney General and subordinate Civil Division officials is described in JM 4-3.110 through 4-3.120.

[updated January 2021]

### 4-1.211 TORTS BRANCH

The Torts Branch represents the United States, its agencies, and persons sued in their individual capacities when government representation is appropriate in suits sounding in tort. This includes not only suits under the Federal Tort Claims Act, but also litigation under the Suits in Admiralty and Public Vessels Act, as well as suits seeking money damages against individual government employees. See 28 C.F.R. § 0.45. The Torts Branch also handles some contract matters in the environmental area.

Four Staffs are responsible for the Torts Branch's litigative responsibilities as follows:

**Aviation and Admiralty**
**Constitutional and Specialized Torts**
**Environmental Torts  Staff**

**FTCA Staff**

A helpful source for contact information for supervisors within each Area of the Torts Branch can be found in the routinely updated internal compendium "Expertise in the Civil Division."

NOTE: Federal Torts Claims Act matters pertaining to aviation or environmental issues are within the responsibilities of the Aviation and Admiralty and Environmental Torts staffs, respectively. All other FTCA matters are the responsibility of the FTCA Staff.

[updated April 2018]

## 4-1.212 - COMMERCIAL LITIGATION BRANCH

he Commercial Litigation Branch is responsible for litigation arising principally from a broad variety of governmental undertakings of a "commercial" nature. The work of this Branch encompasses contract actions, whether brought by or against the government; most affirmative monetary and property claims (including foreclosures, reclamation claims, and actions to recover damages for conversion of government property) arising from government loan, grant, subsidy, and insurance programs; all non-tax bankruptcy litigation; and a broad variety of other monetary litigation, including patent or copyright infringement suits. The Branch is also responsible for the government's affirmative civil claims arising from fraud and bribery and other official misconduct, as well as for the collection of civil fines and penalties in the areas assigned to the Civil Division. Commercial Litigation Branch attorneys handle all commercial litigation in the United States Court of Federal Claims, the United States Court of Appeals for the Federal Circuit, and the United States Court of International Trade. *See* 28 C.F.R. § 0.45. The Office of Foreign Litigation is part of the Commercial Litigation Branch.

[updated April 2018]

## 4-1.213 - FEDERAL PROGRAMS BRANCH

The Federal Programs Branch represents the United States, its agencies and officials in a broad range of litigation involving the constitutionality of federal statutes and the administration of statutory and other federal programs by federal agencies. This includes litigation against Cabinet officers and agencies under the Administrative Procedure Act, and institution of affirmative suits to enforce federal laws or regulations or to impose civil penalties. The Branch handles cases involving national security and defense, personnel issues and discrimination claims, government information and privacy suits, housing and human services cases, and miscellaneous claims challenging other programmatic activities of agencies.

[updated April 2018]

## 4-1.214 - APPELLATE STAFF

The Appellate Staff is responsible for the appellate work within the jurisdiction of the Civil Division.

The basic functions performed by the Appellate Staff include:

1. Briefing and arguing cases in the United States Courts of Appeals and various state appellate courts;
2. Preparation of memoranda from the Assistant Attorney General to the Solicitor General recommending for or against appeal, or for or against rehearing en banc or certiorari in cases where the government has lost in the lower courts;
3. Preparation of draft merits briefs, petitions for certiorari, and briefs in opposition in Civil Division cases in the Supreme Court;
4. Providing advice and assistance to persons within the Civil Division and other components of the Department of Justice, including United States Attorneys' offices, senior Department officials and client agencies.

**Contacts:**

A helpful source for contact information for supervisors within the Appellate Staff can be found in the routinely updated internal compendium "Expertise in the Civil Division."

[updated April 2018]

### 4-1.216 - CONSUMER PROTECTION BRANCH

The Consumer Protection Branch leads the Justice Department's efforts to enforce consumer protection statutes throughout the United States. To accomplish its mission, the Branch brings both criminal and affirmative civil enforcement actions. The Branch handles litigation and related matters arising under the Federal Food, Drug, and Cosmetic Act ("FDCA") and various other federal statutes that protect consumer health and safety. The Branch also handles matters involving consumer frauds—especially those affecting American seniors, servicemembers, and veterans—and litigates cases under statutes administered by the Federal Trade Commission. In addition to its enforcement work, the Consumer Protection Branch defends the Food and Drug Administration, Consumer Product Safety Commission, and other consumer-protection agencies against challenges to their programs and actions filed in district courts throughout the United States.

[updated January 2021]

### 4-1.217 - OFFICE OF IMMIGRATION LITIGATION

The Office of Immigration Litigation is responsible for virtually all civil litigation arising under the immigration laws, including court of appeals petitions for review of final removal orders, citizenship and visa disputes, matters pertaining to legalization and employer sanctions under the Immigration Reform and Control Act, Pub.L. No. 99-603 (Nov. 6, 1986), 100 Stat. 3359, and cases arising under the enforcement reforms of the Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-828, 110 Stat. 3009 (September 30, 1996). The Criminal Division retains jurisdiction over criminal cases, overlapping jurisdiction over certain other denaturalization cases (such as those relating to Nazi persecutors or other human rights abusers), and certain other civil matters bearing on criminal law enforcement, per 28 C.F.R. § 0.45(k). The Civil Rights Division has responsibility for discrimination claims under the 1986 reforms.

[updated December 2020]

### 4-1.300 - DIVISION OF RESPONSIBILITY BETWEEN THE CIVIL DIVISION AND THE UNITED STATES ATTORNEYS FOR THE HANDLING OF CIVIL LITIGATION

The responsibility of the Attorney General for civil litigation which has been delegated to the Assistant Attorney General for the Civil Division (JM 4-1.200), has in a great many instances been redelegated to the United States Attorneys (28 C.F.R. § 0.168). Civil Directive No. 1-15, published in the Appendix to Subpart Y immediately following 28 C.F.R. § 0.172, presently details this redelegation of authority to United States Attorneys, 80 Fed. Reg.31998 (2015)). Where authority for direct handling has been redelegated to the United States Attorneys, they are generally authorized to take all necessary steps to protect the interests of the United States without prior approval of the Assistant Attorney General, Civil Division, or his/her representative (*see* Directive 1-15§§ 1(e) 4(a) and 4(b)), except as may otherwise be specified in a redelegation letter or as provided in Directive 1-15, §§ 4(a) and 4(b). Compromise or closing of such redelegated cases is handled as set forth in JM 4-3.000.

A great number of matters not specifically delegated to the United States Attorneys will, in fact, be handled in the field by the United States Attorney's Office (USAO) under the supervision of the Assistant Attorney General of the Civil Division. Liaison between the United States Attorneys and the Civil Division on such cases is discussed at JM 4-1.513. If an agency makes an emergency referral or request as to the nondelegated case to the USAO, and the United States Attorney is satisfied that the requested action is proper but time does not permit contact with the Civil Division, protective action should be taken by the United States Attorney. *See* JM 4-1.514.

[updated April 2018]

### 4-1.310 - DIRECT REFERRAL CASES

Pursuant to section 4(a) of Civil Directive No. 1-15, 80 Fed. Reg. 31998 (2015), and subject to the limitations of sections 1(e) and 4(b), the following civil actions under the jurisdiction of the Assistant Attorney General, Civil Division,

may be referred by the agency concerned directly to the United States Attorney for handling in trial courts, and United States Attorneys have been delegated the authority to take all necessary steps to protect the interests of the United States, without prior approval of the Assistant Attorney General, Civil Division, or his/her representatives, except as otherwise set forth in this Manual. Agencies may, however, if special handling is desired, refer these cases to the Civil Division. Also, when constitutional questions or other significant issues arise in the course of such litigation, or when an appeal is taken by any party, the Civil Division must be consulted.

1. Money claims by the United States (except penalties and forfeitures) where the gross amount of the original claim does not exceed $10 million.
2. Single family dwelling house foreclosures arising out of loans made or insured by the Department of Housing and Urban Development, the Department of Veteran Affairs and the Farmers Home Administration, now called the Rural Housing and Community Development Service (RHCDS).
3. Suits to enjoin violations of, and to collect penalties under the Agricultural Adjustment Act of 1938, 7 U.S.C. § 1376; Packers and Stockyards Act, 7 U.S.C. §§ 203, 207(g), 213, 215, 216, 222, and 228a; Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§ 499c(a) and 499h(d); Egg Products Inspection Act, 21 U.S.C. § 1031, *et seq*.; Potato Research and Promotion Act, 7 U.S.C. § 2611, *et seq*.; Cotton Research and Promotion Act of 1966, 7 U.S.C. § 2101, *et seq*.; Federal Meat Inspection Act, 21 U.S.C. § 601, *et seq*.; and Agricultural Marketing Agreements Act of 1937, as amended, 7 U.S.C. § 671, *et seq*.
4. Suits by social security beneficiaries under the Social Security Act, 42 U.S.C. § 402, *et seq*.
5. Social security disability suits under 42 U.S.C. § 423, *et seq*.
6. Black lung beneficiary suits under the Federal Coal Mine Health and Safety Act of 1969, 30 U.S.C. § 921, *et seq*.
7. Suits by Medicare beneficiaries under 42 U.S.C. § 1395ff.
8. Garnishment actions authorized by 42 U.S.C. § 659 for child support or alimony payments and actions for general debt under 5 U.S.C. § 5520a.
9. Judicial review of actions of the Secretary of Agriculture under the food stamp program, pursuant to the provisions of 7 U.S.C. § 2023 involving retail stores.
10. Cases referred by the Department of Labor solely for the collection of penalties or for injunctive action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*., and the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651, *et seq*.
11. Cases referred by the Department of Labor solely for collection of civil penalties under the Farm Labor Contractor Registration Act of 1963, 7 U.S.C. § 2048.
12. Cases referred by the United States Postal Service for injunctive relief under the non-mailable matter laws, 39 U.S.C. § 3001, *et seq*.
13. Cases referred by the Surface Transportation Board to enforce orders of the Surface Transportation Board or to enjoin or suspend such orders pursuant to 28 U.S.C. § 1336.

[updated April 2018]

4-1.312 - DELEGATED CASES

Where the circumstances warrant, the Assistant Attorney General, Civil Division, may delegate to United States Attorneys pursuant to section 1(b), Civil Division Directive No. 1-15, 80 Fed. Reg. 31998 (2015), suit authority for any claims or suits where the gross amount of the original claim does not exceed $10 million, upon the recommendation of branch, office, or staff directors. Under section 1(b), United States Attorneys may compromise, close, or settle administratively, claims against the United States in all cases in which the principal amount of the proposed settlement does not exceed $1,000,000. The United States Attorney may not, however, exercise the authority described above if one of the limitations referenced at the beginning of Section 1(b) applies, including when a case is on appeal.

[updated April 2018]

4-1.313 - RETAINED CASES

Pursuant to section 4(b) of the Civil Directive No. 1-15, 80 Fed. Reg. 31998 (2015), and regardless of the amount in controversy, the following matters will normally not be delegated to the United States Attorneys for handling but will be

personally or jointly handled or monitored by the appropriate branch or office within the Civil Division:

1. Civil actions in the United States Court of Federal Claims;
2. Cases within the jurisdiction of the Commercial Litigation Branch involving patents, trademarks, copyrights, etc.;
3. Cases before the United States Court of International Trade;
4. Any case involving bribery, conflict of interest, breach of fiduciary duty, breach of employment contract, or exploitation of public office, or any fraud or False Claims Act case where the amount of single damages exceeds $10 million.
5. Cases involving vessel-caused pollution in navigable waters;
6. Cases on appeal, except as determined by the Director of the Appellate Staff (*see* JM, Title 2);
7. Any case involving litigation in a foreign court;
8. Criminal proceedings arising under statutes enforced by the Food and Drug Administration, the Consumer Product Safety Commission, the Federal Trade Commission, and the National Highway Traffic Safety Administration (relating to odometer tampering), except as determined by the Director of the Consumer Protection Branch;
9. Non-monetary civil cases, including injunction suits, declaratory judgment actions, and applications for inspection warrants, and cases seeking civil penalties, including, but not limited to those arising under statutes enforced by the Food and Drug Administration, the Consumer Product Safety Commission, the Federal Trade Commission, and the National Highway Traffic Safety Administration (relating to odometer tampering), except as determined by the Director of the Consumer Protection Branch.
10. Asbestos and other toxic tort litigation (i.e., Agent Orange, lead, groundwater contamination, etc.)
11. Administrative claims arising under the Federal Tort Claims Act.

[updated April 2018]


### 4-1.320 - UNITED STATES ATTORNEY RESPONSIBILITIES—ASSISTANCE CONCERNING DEPOSITED FUNDS

In connection with the distribution of funds deposited in court, the United States Attorney may be asked to assist the court as amicus curiae. In the case of petitions for the return of funds of deceased or deserting sailors pursuant to 46 U.S.C. §§ 626 to 628, copies of the petition should be served on the United States Attorney, the Attorney General, and the United States Shipping Commissioner. In such cases, the United States Attorney should appear as attorney for the United States as another claimant to the funds. Information for use in asserting the government's claim will be provided by the United States Shipping Commissioner attached to the Coast Guard at the locale.

[updated April 2018]


### 4-1.322 - UNITED STATES ATTORNEY RESPONSIBILITIES—ASSISTANCE TO CIVIL DIVISION ATTORNEYS

From time to time, Civil Division attorneys involved in the handling of litigation, including litigation before specialized courts, may need to perform their duties at places within various judicial districts. Such attorneys are expected to apprise the United States Attorney in advance of their visit to his/her district. United States Attorneys are requested to aid such attorneys in obtaining office space, stenographic facilities, and related assistance on request, when this is feasible.

[updated April 2018]


### 4-1.323 - UNITED STATES ATTORNEY RESPONSIBILITIES—BRIEFS AMICUS CURIAE

An action in a state or federal court, to which neither the United States nor one of its officers or agencies is a party, may involve an issue affecting the interests of the United States. When the interpretation or application of an Act of Congress or a departmental regulation or the Attorney General's authority to conduct litigation is involved, the Department may wish to file a brief amicus curiae to inform the court of the government's position. *Cf. F.T.C v. Guignon,* 390 F.2d 323 (8th Cir. 1968); *Faubus v. United States,* 254 F.2d 797 (8th Cir. 1958), *cert. denied,* 358 U.S. 829 (1958). United States Attorney's are requested to notify the Civil Division promptly whenever they learn of such cases. If an

amicus brief is filed, the Civil Division will forward a copy of the brief to the United States Attorney in the district in which the suit is pending.

[updated April 2018]

4-1.324 - UNITED STATES ATTORNEY RESPONSIBILITIES—CONSTITUTIONAL QUESTIONS—CERTIFICATION TO THE ATTORNEY GENERAL

In any action, suit, or proceeding in a court of the United States, to which the United States or an agency or employee thereof is not a party, the court is required to certify to the Attorney General when the constitutionality of an Act of Congress is called into question, and the court must permit the United States to intervene to submit evidence or argument on the issue of constitutionality. See 28 U.S.C. § 2403. The Civil Division (or ENRD, for environmental statutes) should be promptly advised of any case in which the United States Attorney learns that the pleadings challenge the constitutionality of an Act of Congress, a regulation or any other federal action.

[updated April 2018]

4-1.325 - UNITED STATES ATTORNEY RESPONSIBILITIES—JUDICIAL ASSISTANCE TO FOREIGN TRIBUNALS

Requests for international judicial assistance are executed either on the basis of treaty obligations assumed by the United States (see, e.g., the Hague Convention on the Taking of Evidence Abroad in Civil and Commercial Matters, TIAS 7444, 23 UST 2555, 847 U.N.T.S. 231) or letters rogatory submitted through diplomatic channels on the basis of international comity and courtesy, and reciprocity. Requests for international judicial assistance from foreign tribunals in civil matters will be referred to United States Attorneys by the Office of International Judicial Assistance, Foreign Litigation, Civil Division. See 28 C.F.R. § 0.49. United States Attorneys should not attempt to execute foreign evidence requests in civil cases without first contacting the Office of International Judicial Assistance.

United States Attorneys may execute requests for evidence on a voluntary basis or may need to compel the evidence. Section 1782 of Title 28 authorizes the United States district court for the district in which a person resides or is found to order such person to give his/her testimony or to produce documents or other things for use in a proceeding in a foreign or international tribunal. Given the increasing number of evidence requests that the United States sends abroad, often with short discovery deadlines, expeditious handling of these evidence requests by United States Attorneys may, as a matter of reciprocity, encourage similar treatment by foreign authorities.

In addition to processing evidence requests, the Office of International Judicial Assistance also performs the functions of the "Central Authority" under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, TIAS 6638, 20 U.S.T. 361, 658 U.N.T.S. 163; the Additional Protocol to the Inter-American Convention on Letters Rogatory, S. Treaty Doc. No. 98-27, 58 Fed. Reg. 31, 132 (1988); and letters rogatory submitted through diplomatic channels. USAOs, however, are not involved in the execution of foreign service requests

In addition to its use in civil cases, 28 U.S.C. § 1782 is available to secure judicial assistance for use in criminal proceedings brought before foreign and international tribunals, including criminal investigations conducted before the filing of an accusation.  The statute remains the primary means by which to secure evidence on behalf of prosecutors pursuing matters before international tribunals.  Such requests for assistance in criminal cases are directed to the Criminal Division, Office of International Affairs, which performs the functions of the "Central Authority" of the United States under treaties and multilateral conventions involving judicial assistance in criminal matters. When processing requests that involve criminal matters, the Office of International Affairs may either execute the request itself or refer the matter to an appropriate United States Attorney's Office for execution. As with civil requests, United States Attorneys should not attempt to execute foreign requests for judicial assistance in criminal cases without obtaining the approval of the Office of International Affairs.

[updated April 2018]

4-1.326 - UNITED STATES ATTORNEY RESPONSIBILITIES—PROTECTION OF THE GOVERNMENT'S FISCAL AND PROPERTY INTERESTS

United States Attorneys are requested to report any infringement of, or dereliction with respect to, the property or other interest of the United States warranting the institution of civil proceedings, when such matters have not been referred for handling. Most non-fraud claims normally should be processed for collection by the administrative agency involved, pursuant to the Debt Collection Act, 31 U.S.C. § 3711, and implementing joint regulations, 4 C.F.R. §§ 101.1 to 105.5. *See* JM 4-4.430, infra.

Non-fraud claims should normally be reported to the affected administrative agency. Fraud claims are excluded from the coverage of the joint regulations implementing the Debt Collection Act. *See* 31 U.S.C. § 3711(c)(1). United States Attorneys should be particularly alert to report to the Civil Division all claims involving fraud against the government that are not within the United States Attorneys' original authority, and all claims involving bribery, and the conversion of government property.

[updated April 2018]


#### 4-1.327 - SETTLEMENT OF TORT CLAIMS ASSERTED AGAINST THE DEPARTMENT OF JUSTICE ADMINISTRATIVELY

In cases involving serious personal injuries, death, or major property damage, as to which a claim may possibly be asserted against the Department of Justice under the Federal Tort Claims Act, the responsible component should be notified as soon as possible after the accident and asked to cause an investigation to be commenced. Any tort claim arising from any USAO employee's acts or omissions should be forwarded to EOUSA. Any tort claim alleging acts or omissions on the part of any other government employee should be forwarded to the appropriate agency.

[updated April 2018]


#### 4-1.410 - RESPONSIBILITIES OF CLIENT AGENCIES—COMPROMISE AND DISMISSAL OR CLOSING

Authority over the disposition of a civil matter, once it is referred to the Department of Justice, resides in the Attorney General or his/her delegate, and the client agency may not control its handling or disposition. I, 22 F. Supp. 190, 191 (N.D. Okla. 1938); *FTC v. Guignon, supra;* E.O. 6166 § 5, June 10, 1933. In rare cases a statute may provide continuing settlement or other authority in the referring agency. Cf. 28 U.S.C. § 2348. An agency's recommendation (which may be couched in terms such as "we have accepted the offer of settlement," for example) should not be construed as an acceptance but rather only as a recommendation. Such powers as other officials of the government had theretofore with respect to litigation were withdrawn by E.O. 6166, June 10, 1933, leaving the Attorney General with complete authority. *See Duncan v. United States*, 39 F. Supp. 962, 964 (W.D. Ky 1941); *Aviation Corp. v. United States*, 46 F. Supp. 491, 494 (Ct. Cl. 1942), *cert. denied,* 318 U.S. 771 (1943); 38 Op. Att'y Gen. 124, 125. Where the authority of the Attorney General has been redelegated to United States Attorneys, and the client agency involved objects to the compromise, dismissal, or closing, the case may not be compromised, dismissed, or closed without the consent of the Assistant Attorney General of the Civil Division. " In Tort cases, although all relevant agencies should be consulted, the agency "involved" for purposes of requiring referral to the Assistant Attorney General does not ordinarily encompass the agency whose acts or omissions gave rise to the tort since the agency is not a proper party to an FTCA suit.

[updated April 2018]


#### 4-1.420 - RESPONSIBILITIES OF CLIENT AGENCIES—COURT APPEARANCES

No suit may be brought on behalf of the government, absent an unusual express statutory authorization, except by the Attorney General or an attorney under his/her supervision. *See Sutherland v. International Ins. Co., supra;* E.O. 6166 § 5, June 10, 1933. Accordingly, in matters assigned to United States Attorneys for handling, the responsibility is that of the United States Attorney, and that responsibility may not be delegated to agency counsel.

The same principles apply when the government (through government corporations or the Maritime Administration) enjoys the benefit of insurance. Underwriters may nominate trial counsel. However, such trial attorneys are only "of counsel" to the United States Attorney. They do not control or direct the conduct of cases, which must remain with the United States Attorney. The United States Attorney or one of his/her assistants should monitor the course of such litigation carefully.

[updated April 2018]

## 4-1.430 - RESPONSIBILITIES OF CLIENT AGENCIES IN DEFENSIVE LITIGATION

Agency personnel are in the best position to know or learn the facts involved in a case arising in connection with the activities of their agency as well as to have familiarity with agency practices, statutes, and regulations. Records of the agency relevant to the case can best be assembled and certifications obtained by agency counsel. Thus, it is the policy of the Department of Justice—in particular that of the United States Attorney's Offices and the civil litigating components of the Department that defend the United States or its agencies, officials, or employees in subject litigation (referred to herein as "DOJ")—that the involved agencies provide litigation support as outlined below.

[Updated April 2018]

## 4-1.431 - PRE-SUIT

Agency counsel shall impose, monitor, and manage an appropriate litigation hold once litigation is reasonably anticipated. DOJ has from time to time provided legal advice to agencies on this crucial subject, which can be provided upon request.

[updated April 2018]

## 4-1.432 - UPON SERVICE OF COMPLAINT

Upon service of the complaint, the agency shall confirm that an appropriate litigation hold was implemented or, only after consultation with DOJ, make a determination that the specific case does not require a litigation hold. It is the responsibility of agency counsel, in consultation with DOJ, to (1) provide written notice to all agency employees (and contractors, if necessary) who are likely to have documents or electronically stored information (ESI) relevant to any potential claim or defense of their obligation to preserve such documents and information, (2) obtain certification from every such employee (or contractor) that he or she understands these obligations and will comply, and (3) coordinate with the agency's information technology personnel in instituting and maintaining the litigation hold.

As the litigation proceeds, the agency shall memorialize the efforts undertaken to preserve documents and ESI in native format along with metadata and to suspend all routine destruction of relevant documents and data. Close and frequent coordination between DOJ and agency counsel is necessary to ensure proper identification, preservation, search, collection, and production of relevant data. An agency may be called upon to make certifications to the court regarding its continuing efforts in this regard.

The agency shall prepare a draft answer that responds to the complaint's paragraph-by- paragraph allegations and that includes any recommended defenses and affirmative relief to be requested. The draft answer should be transmitted to DOJ in a manner that allows the assigned Assistant United States Attorney or Trial Attorney sufficient time to incorporate the agency draft into a final document for timely filing with the court.

The agency shall provide a timely litigation report that, in addition to the draft answer, provides details of the events alleged in the complaint and identifies any relevant statutes, regulations, or agency policies or procedures that might affect the course of litigation. Unless DOJ indicates otherwise, the litigation report should include all the information necessary for the "initial disclosures" required by Fed. R. Civ. P. 26(a). Rule 26(a)requires that without waiting for a discovery request, the parties exchange lists of "each individual likely to have discoverable information" (whether or not an agency employee) and identify documents relevant to the claims or defenses raised in the complaint and in the answer, and that a party may use to support its claims or defenses. When requested by DOJ, agency counsel will provide copies of the documents identified in the initial disclosures. Copies of any litigation reports should also be furnished to any USAO or DOJ Civil Division component that requests them.

[updated April 2018]

## 4-1.433 - PRE-TRIAL

Agency counsel has primary responsibility throughout the course of the litigation to investigate the facts, draft responses to interrogatories, provide written responses to requests for admissions, and provide draft written responses to requests for production of documents, and if appropriate, provide information that may limit the scope of discovery permitted against the agency on proportionality grounds. With respect to information, documents, and discoverable things within the legal possession, custody, or control of the agency, it remains the obligation of agency counsel, in consultation with DOJ, to conduct the inquiry required by Fed. R. Civ. P. 26(g) and to confirm, in writing if requested, that every response is accurate and complete. DOJ will make legal objections; negotiate protective orders, claw-back agreements, and Fed. R. Evid. 502(d) orders where appropriate; edit the draft discovery responses; and serve and file appropriate responses. The agency shall timely provide all documents responsive to any discovery request, including any privileged documents, along with all information required to show the applicability of any privilege it suggests should be asserted. DOJ will take the agency's position into consideration in making the final determination regarding which privileges, if any, will be asserted.

The agency shall identify a representative who will sign the final interrogatory answers under oath as required by Fed. R. Civ. P. 33(b). Similarly, if requested, the agency will sign the final version of the responses to the requests for admissions, any document request certifications, or declarations and affidavits. There can be more than one agency representative for these purposes, depending on the circumstances. In such circumstances, agency counsel should seek guidance from DOJ. Agency counsel may offer or be asked to draft other pleadings and documents, but they are not required to provide this assistance. Such draft pleadings and other documents may be incorporated in the DOJ final product for filing.

The agency shall make its employees available for consultation, witness preparation, discovery document review, and depositions as needed throughout the course of the litigation. The agency shall provide its position on potential settlement, and attend settlement or mediation conferences if requested. Additionally, if requested, agency counsel may review and make timely comments on any briefs to be filed.

[updated April 2018]

### 4-1.434 - TRIAL

If the litigation proceeds to trial, agency counsel is responsible for coordinating the appearance and travel, if necessary, of agency witnesses. Agency counsel shall participate in the trial preparation as needed. When required by any court or by DOJ, an agency representative shall be available to attend the trial. At the conclusion of the trial, the agency counsel shall consult with the Assistant United States Attorney or Trial Attorney about any post-trial proceedings and, in the case of an adverse judgment, provide the agency's appeal recommendation.

[updated April 2018]

### 4-1.450 - RESPONSIBILITIES OF CLIENT AGENCIES—REFERRALS

Agency referrals for litigation should be accompanied by sufficient information, whether in the form of a litigation report or otherwise, to permit an intelligent evaluation of the factual and legal merits of the case. Agency counsel should be alert to apprise DOJ of anticipated defenses, their strengths, and the best rebuttal to them. Non-fraud referrals for the recovery of money should comply with the Federal Claims Collection Standards (*see* 4 C.F.R. §§ 101.1 to 105.5) implementing the Debt Collection Act, 31 U.S.C. §§ 3701 to 3720A. Where they involve amounts coming within the United States Attorneys' authority, the referrals should be made by the agencies directly to the National Central Intake Facility. Referrals of cases in excess of the United States Attorneys' authority should be made through the Civil Division.

[updated April 2018]

### 4-1.500 - LIAISON OF UNITED STATES ATTORNEYS WITH CIVIL DIVISION

The degree of liaison which should be maintained with the Civil Division varies substantially from one type of case to another. Most Civil Division cases, claims, and judgments have been delegated to the United States Attorneys for handling, though the Assistant Attorney General for the Civil Division ultimately remains responsible. Little liaison is

required as to these cases. However, the Civil Division remains ready to advise and assist on these cases upon request.

The "discretionary function" defense in FTCA suits should be discussed with the applicable component of the Torts Branch before it is asserted. If there is any question as to which component is involved, contact the FTCA Staff.

Significant matters of policy, important questions of first impression, serious differences of views with client agencies, and adverse court decisions, should be brought to the attention of the Civil Division, regardless of the amounts involved, the method of referral, or whether the case is delegated or nondelegated. The Civil Division will communicate with client agencies to effect changes, clarification or consistency in policies, endeavor to make available the latest precedents which may not otherwise be available, attempt to assure reasonable uniformity of positions and procedures among United States Attorneys, advise whether particular cases should be used to test new propositions, and make available expertise developed in certain specialties over the years.

[updated April 2018]

### 4-1.511 - CASES DELEGATED TO UNITED STATES ATTORNEYS

Although the Civil Division does not monitor the conduct of delegated cases and, with the exceptions set forth below, is not to be advised of litigation events in such cases, the Civil Division stands ready to advise and assist on these cases. Communications regarding delegated cases should be directed to the section or unit in the Civil Division bearing responsibility for the particular type of case.

Copies of pleadings and other communications on delegated cases are not to be furnished to the Civil Division routinely. In FTCA cases that exceed, or are likely to exceed the USA settlement authority, copies of pleadings and other communications should be provided to the Torts Branch as needed to facilitate authorization of settlements by the Assistant or Associate Attorney General.

With regard to qui tam False Claims Act cases, the Fraud Section of the Commercial Litigation Branch should be notified of (1) a decision whether the government has intervened, or declined to intervene, in the case,  (2) at least ten days in advance of any decision to dismiss a case pursuant to  31 U.S.C. § 3730(c)(2)(A), (3) of the resolution of the case, and (4) as soon as possible after a notice of appeal has been filed by any party, so that the Department has adequate time to determine whether to participate in the appeal.  The Division generally has no individual files on delegated cases. Therefore, inquiries directed to the Division on these cases should be accompanied with sufficient background, copies of pleadings, and briefs, to permit an informed appraisal of the nature and posture of the case and the problem. If the United States Attorney has had a previous communication on a particular case or on a general problem, the file numbers and initials or names appearing in the upper corner of the Civil Division's last communication should be used in subsequent communications with the Division. Disposition of delegated cases, like the disposition of nondelegated cases, must be accurately reported on DOJ's statistical reporting system. In particular, all money and property collected for the government should be reported. Advice (in writing) of final, appealable adverse court rulings and orders, and a recommendation as to appeal, with supporting documents and explanation, must be promptly furnished to the appropriate Branch Directors.

Cases in which an interlocutory appeal may be desirable pursuant to 28 U.S.C. § 1292 should be discussed with the Appellate Staff telephonically, in order that the proper certification can be obtained on a timely basis if it appears that strong consideration will likely be given to such an appeal. Final appealable orders whose review will be by the United States District Court, as in bankruptcy cases, or by trial de novo in a state tribunal, should be reported to the Branch (rather than the Appellate Staff) having cognizance of that type of litigation, preferably by telephone. Prompt determinations as to appeal will be quickly communicated to the United States Attorneys in these short-deadline cases.

See JM, Title 2, for procedures pertaining to adverse decisions in individual cases in which the claim is for benefits under the Social Security Act.

[updated April 2018]

In cases referred by the Civil Division to the United States Attorney for handling on a monitored basis, the United States Attorney is to advise the Civil Division of the ultimate disposition of the case and furnish a copy of any compromise or closing memorandum. If such a case is transferred to another judicial district, a copy of the memo transferring papers on the case should be furnished to the Civil Division. In False Claims Act cases, authority must be obtained from the Civil Division to file suit, close, or settle a monitored case. In foreclosure actions, United States Attorneys must promptly advise the Civil Division in writing of the dates of:

1. The filing of the complaint;
2. Entry of an order placing the client agency in possession as mortgagee in possession or appointing a receiver, as the case may be;
3. The entry of a judgment or foreclosure decree;
4. Sale of the mortgaged property; and
5. The delivery of the marshal's deed to the client agency or other successful purchaser.

If there exists any conflict between these instructions and the terms of an initial letter referring the case from the Civil Division to the United States Attorney, the procedures outlined in the referral letter should be followed.

In monitored cases, attorneys of the Civil Division will assist in the discussion of legal and factual problems, briefing, and trial, to the extent that time will permit. The Civil Division must be kept currently advised concerning developments in non-delegated cases.

All complaints served upon the United States Attorneys in non-delegated cases must be promptly dispatched to the Civil Division. Unless the Civil Division requests a more formal or expedited means of communication because of the sensitive nature of a case or for other reasons, it is suggested that most other developments can be reported by emailing or mailing copies of communications to the assigned Civil Division attorney.

If the complaint against the government fails to identify the government agency or agencies involved, this information should be obtained telephonically from plaintiff's counsel and relayed to the Civil Division. Care should be taken to obtain an appropriate extension of time, if a pleading date cannot be met.

In complex, major, or sensitive cases, such as medical malpractice litigation and aviation crash litigation, pre-trial agreements under Rule 16, Federal Rules of Civil Procedure, proposed stipulations of fact or findings and conclusions, and judgments, should be reviewed by the Civil Division only at the request of a United States Attorney or if the proposed stipulations are tantamount to a stipulation of liability. In any event, care should be taken with respect to stipulations and pre-trial agreements that foreclose the government's assertion of an available position.

In monitored Freedom of Information Act and Privacy suits, the Federal Programs Branch of the Civil Division must be advised of all developments. Copies of all papers filed must be promptly sent to the Branch. Special contact should be made with the Branch Director), or with the Assistant Branch Director in charge of the area, if in camera inspection is demanded or considered in FOIA suits. If a stay of an order couched in terms of an injunction is refused in either a FOIA or Privacy Act suit, pending a determination as to appeal, both the Branch and the Appellate Section should be notified at once.

A helpful source for contact information for the various Branches referenced above can be found in the routinely updated internal compendium "Expertise in the Civil Division."

In admiralty cases, correspondence with the Torts Branch or its field offices should include in the caption the name of the vessel involved.

[updated April 2018]

Some cases will be the responsibility of the Civil Division. When a case is being handled by a Civil Division attorney, the United States Attorney shall assign an Assistant United States Attorney to act as local counsel. The local counsel shall assist the Civil Division attorney in some, or all, of the following ways:

1. advising Civil Division counsel of local rules and procedures;
2. signing court filings, if required by local court rules;
3. attending court hearings or conferences; and
4. providing assistance in the litigation of the case if necessary.

Some cases, particularly in the fraud and other affirmative enforcement areas, will be handled jointly by attorneys from the Civil Division and a USAO. In such cases, the attorneys will coordinate their efforts in a manner which maximizes the efficient use of Departmental resources. In these instances, the Civil Division must authorize filing suit, closing or settling the case.

[updated April 2018]

### 4-1.514 - EMERGENCY REFERRALS IN NONDELEGATED CASES

Client agencies are counseled to process cases sufficiently in advance of deadlines to avoid the necessity of "emergency referrals." Nonetheless there will be cases in which "emergency referrals" are required from time to time, as well as injunction actions against government officials and other proceedings, in which emergency action or representation is necessary. Frequently these "emergencies" are cleared telephonically or by email with the Civil Division by the client agency. United States Attorneys are authorized to take appropriate action to protect the government's interests in an emergency, without prior authorization from the Civil Division. Copies of papers filed or received in connection with such emergency action, and an explanation, should be forwarded as soon as possible. Representation should not be afforded a government officer, member of the armed forces, or employee sued personally for money damages for acts done within his/her official duties, without authorization from the Civil Division pursuant to 28 C.F.R. Part 15. The employee must submit a written request to his/her agency for representation by the Department, and the agency must submit a written request to the Department.

[updated April 2018]

### 4-1.520 - LIAISON OF UNITED STATES ATTORNEYS WITH CLIENT AGENCIES

Whenever a case involves an agency of the United States as a client of the USAO it shall be the responsibility of the Division or United States Attorney to ensure that the client agencies are kept fully informed of case progress, developments and decisions.

The following steps are recommended as a means toward that end:

1. Promptly upon receipt of a complaint against an agency, the Division or USAO, as appropriate, should mail a notification letter to the General Counsel of the agency or to his/her designee. (Where time does not permit, e.g., where a motion for a TRO has been filed, it may be necessary to notify the agency by telephone or email.) At the same time, or as soon thereafter as possible, the agency should be provided with the name(s) and telephone number(s) of the Department or USAO attorney(s) to whom the case has been assigned. The agency should be requested, in turn, to provide the assigned attorney(s) with the name, direct mailing address, email address and telephone number of the agency attorney to whom communications with respect to the case should be directed.
2. With respect to affirmative cases, receipt of a referral from a client agency should be acknowledged promptly and names of attorneys exchanged as in Paragraph 1.
3. Unless reasons of economy indicate otherwise, copies of all significant documents filed in court in both defensive and affirmative cases should be sent, immediately upon receipt or service, to the client agency. If a client agency specifically requests, copies of all documents filed should be sent. (Service of a summons and complaint on the client agency may normally be assumed, and copies of exhibits forwarded by the client agency need not be reproduced and returned.)

4. An agency should be notified in advance of any significant hearings, oral arguments, depositions, or other proceedings.

5. Appropriate steps should be taken to consult adequately with agencies in advance regarding positions DOJ intends to urge in court. Under no circumstances should a case be compromised or settled without advance consultation with a client agency, unless the agency has clearly indicated that some other procedure would be acceptable.

[updated April 2018]

4-1.600 - PRIOR APPROVALS

| SECTION | TYPE & SCOPE OF APPROVAL | WHO MUST APPROVE | COMMENTS |
|---------|--------------------------|------------------|----------|
| 4-1.312 | Except as provided in section 1(b) of Civil Division Directive No. 1-15,  United States Attorneys may compromise claims by the United States in all cases they are handling in which the gross amount of the original claim does not exceed $10,000,000. | Civil Division | *See* Civil Division Directive No. 1-15, § 1(b), 28 C.F.R. Pt. O, Subpt. Y, App. |
| 4-1.325 | Execute foreign evidence requests from foreign tribunals. | Office of Foreign Litigation, Civil Division | |
| 4-1.500 | The "discretionary function" defense in FTCA or Admiralty suits should be authorized by the monitoring or delegating component of the Torts Branch Staff before it is asserted. If any question as to which component is involved, contact the FTCA Staff. | Torts Branch Civil Division | |
| 4-3.120 | Where the circumstances warrant, the Assistant Attorney General, Civil Division, may delegate to United States Attorneys pursuant to section 1(b), Civil Division Directive No. 1-15, 80 Fed. Reg. 31998 (2015), suit authority for any claims or suits where the gross amount of the original claim does not exceed $10 million, upon the recommendation of branch, office, or staff directors. | Civil Division | *See* Civil Division Directive No. 1-15; 28 C.F.R., Chapter I, Part O, Appendix to Subpt. Y, App. |
| 4-3.120 | Except as provided in Section 1(b) of Civil Division Directive 1-15, United States Attorneys may compromise or settle administratively, claims against the United States in all cases in which the principal amount of the proposed settlement does not exceed $1,000,000. | Civil Division | |
| 4-3.120 | Once a notice of appeal has been filed, all settlements must be authorized by the Director of the Appellate Staff, Assistant Attorney General, or the Associate Attorney General. | Director of the Appellate Staff, Assistant Attorney General, or the Associate Attorney General | *See* Civil Division Directive No. 1-15, § 1(e)(1)(v), 28 C.F.R. Pt. O, Subpt. Y, App. |
| 4-3.120 | In cases where the authority of the Attorney General has been redelegated to the United | Assistant Attorney General, Civil | See Civil Division Directive No. 1-15, § 1(e)(iii), 28 C.F.R. Pt.O, |

| | | | |
|---|---|---|---|
| | States Attorney, and the client agency objects to the compromise, dismissal or closing, then the case may not be compromised, dismissed, or closed without the consent of the Civil Division. | Division. | Subpt. Y, App. |
| 4-4.430 | An assignment of any interest of the government in any money judgment, lien, or chose in action involved in any case or matter within the general jurisdiction of the Civil Division. | Civil Division | |
| 4-4.550 | No compromise should be entered into with the mortgagor prior to liquidation of the security property in HUD multi-family foreclosures. | Civil Division | |
| 4-5.200 | The undertaking of representation of government employees in *Bivens* type actions. | Torts Section, Civil Division | |
| 4-6.330 | Where a government employee is served with a subpoena *duces tecum* in litigation and the interested agency wishes to resist production, by claiming "confidential privilege." | Federal Programs Branch, Civil Division | In emergency, United States Attorney should contact Federal Program Branch. The Agency employee seeking to resist production must have the General Counsel of the agency request authorization from the Civil Division |
| 4-8.200 | The Consumer Protection Branch (CPB) personally handles all civil matters arising under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, et seq., except as provided in JM 4-8.220 as to routine seizure actions. Consultation with CPB is required before filing any seizure action. | Consumer Protection Branch, Civil Division | |
| 4-8.200 | Notification and consultation are required upon opening any criminal investigation into a possible violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, et seq. | Consumer Protection Branch, Civil Division | |
| 4-8.200 | Notification and consultation are required 15 business days prior to filing criminal charges for a violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, et seq. | Consumer Protection Branch, Civil Division | |

[updated January 2021]

‹ Title 4: Civil                         up                         4-3.000 - Compromising And Closing ›

# 2019 28 CFR 0.49

2019 Code of Federal Regulations Archive

*LEXISNEXIS' CODE OF FEDERAL REGULATIONS  >  TITLE 28 -- JUDICIAL ADMINISTRATION  >  CHAPTER I -- DEPARTMENT OF JUSTICE  >  PART 0 -- ORGANIZATION OF THE DEPARTMENT OF JUSTICE  >  DIVISION  >  § 0.49 International judicial assistance.*

## § 0.49 International judicial assistance.

The Assistant Attorney General in charge of the Civil Division shall direct and supervise the following functions:

**(a)** The functions of the "Central Authority" under the Convention between the United States and other Governments on the Taking of Evidence Abroad in Civil and Commercial Matters, TIAS 7444, which entered into force on October 7, 1972.

**(b)** The functions of the "Central Authority" under the Convention between the United States and other Governments on the Service Abroad of Judicial and Extrajudicial Documents, TIAS 6638, which entered into force on February 10, 1969.

**(c)** To receive letters of requests issued by foreign and international judicial authorities which are referred to the Department of Justice through diplomatic or other governmental channels, and to transmit them to the appropriate courts or officers in the United States for execution.

**(d)** To receive and transmit through proper channels letters of request addressed by courts in the United States to foreign tribunals in connection with litigation to which the United States is a party.

## Statutory Authority

**AUTHORITY NOTE APPLICABLE TO ENTIRE PART:**

5 U.S.C. 301; 28 U.S.C. 509, 510, 515-519.

## History

[Order No. 555-73, 38 FR 32805, Nov. 28, 1973]

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright © 2023, by Matthew Bender & Company, a member of the LexisNexis Group. All rights reserved.

**End of Document**

# 2020 28 CFR 0.45

2020 Code of Federal Regulations Archive

*LEXISNEXIS' CODE OF FEDERAL REGULATIONS  >  Title 28 Judicial Administration  >  Chapter I — Department of Justice  >  Part 0 — Organization of the Department of Justice  >  Subpart I — Civil Division  >  § 0.45 General functions.*

## § 0.45 General functions.

The following-described matters are assigned to, and shall be conducted, handled, or supervised by, the Assistant Attorney General, Civil Division:

**(a)** Admiralty and shipping cases — civil and admiralty litigation in any court by or against the United States, its officers and agents, which involves ships or shipping (except suits to enjoin final orders of the Federal Maritime Commission under the Shipping Act of 1916 and under the Intercoastal Shipping Act assigned to the Antitrust Division by subpart H of this part), defense of regulatory orders of the Maritime Administration affecting navigable waters or shipping thereon (except as assigned to the Environment and Natural Resources Division by § 0.65(a)), workmen's compensation, and litigation and waiver of claims under reciprocal-aid maritime agreements with foreign governments.

**(b)** Court of claims cases — litigation by and against the United States in the Court of Claims, except cases assigned to the Environment and Natural Resources Division and the Tax Division by subparts M and N of this part, respectively.

**(c)** International trade — all litigation before the Court of International Trade, including suits instituted pursuant to 28 U.S.C. 1581(i) and suits by the United States to recover customs duties, to recover upon a bond relating to the importation of merchandise required by the laws of the United States or by the Secretary of the Treasury and to recover a civil penalty under sections 592, 704(i)(2), or 734(i)(2) of the Tariff Act of 1930, and the presentation of appeals in the Court of International Trade.

**(d)** Fraud cases — civil claims arising from fraud on the Government (other than antitrust, land and tax frauds), including alleged claims under the False Claims Act, the Program Fraud Civil Remedies Act of 1986, the Surplus Property Act of 1944, the Anti-Kickback Act, the Contract Settlement Act of 1944, the Contract Disputes Act of 1978, 19 U.S.C. 1592 and common law fraud.

**(e)** Gifts and bequests — handling matters arising out of devises and bequests and inter vivos gifts to the United States, except determinations as to the validity of title to any lands involved and litigation pertaining to such determinations.

**(f)** Patent and allied cases and other patent matters — patent, copyright, and trademark litigation before the U.S. courts and the Patent Office, including patent and copyright infringement suits in the Court of Claims (28 U.S.C. 1498), suits for compensation under the Patent Secrecy Act where the invention was ordered to be kept secret in the interest of national defense (35 U.S.C. 183), suits for compensation for unauthorized practice of a patented invention in the furnishing of assistance under the Foreign Assistance Act (22 U.S.C. 2356), suits for compensation for the unauthorized communication of restricted data by the Atomic Energy Commission to other nations (42 U.S.C. 2223), interference proceedings (35 U.S.C. 135, 141, 142, 146), defense of the Register of Copyrights in his administrative acts, suits for specific performance to acquire title to patents, and civil patent-fraud cases.

**(g)** Tort cases — defense of tort suits against the United States arising under the Federal Tort Claims Act and special acts of Congress; similar litigation against cost-plus Government contractors and

2020 28 CFR 0.45

Federal employees whose official conduct is involved (except actions against Government contractors and Federal employees which are assigned to the Environment and Natural Resources Division by § 0.65(a); prosecution of tort claims for damage to Government property, and actions for the recovery of medical expenses under Public Law 87-693 and part 43 of this title.

**(h)** General civil matters — litigation by and against the United States, its agencies, and officers in all courts and administrative tribunals to enforce Government rights, functions, and monetary claims (except defense of injunctive proceedings assigned to the Antitrust Division by subpart H of this part, civil proceedings seeking exclusively equitable relief assigned to the Criminal Division by §§ 0.55(i) and 0.61(d), and proceedings involving judgments, fines, penalties, and forfeitures assigned to other divisions by § 0.171), and to defend challenged actions of Government agencies and officers, not otherwise assigned, including, but not limited to, civil penalties and forfeitures, actions in the Court of Claims under the Renegotiation Act, claims against private persons or organizations for which the Government is, or may ultimately be, liable, except as provided in § 0.70(c)(2), defense of actions arising under section 2410 of title 28 of the U.S. Code whenever the United States is named as a party as the result of the existence of a Federal lien against property, defense of actions for the recovery of U.S. Government Life Insurance and National Service Life Insurance (38 U.S.C. 784), enforcement of reemployment rights in private industry pursuant to the Military Selective Service Act of 1967 (50 U.S.C., App. 459); reparations suits brought by the United States as a shipper under the Interstate Commerce Act; civil actions by the United States for penalties for violations of car service orders (49 U.S.C. 1(17a)); actions restraining violations of part II of the Interstate Commerce Act (49 U.S.C. 322(b) and 322(h); civil actions under part I of the Interstate Commerce Act (49 U.S.C. 6(10) and 16(9)); injunctions against violations of Interstate Commerce Commission orders (49 U.S.C. 16(12)); mandamus to compel the furnishing of information to the Interstate Commerce Commission (49 U.S.C. 19a(1) and 20(9)); recovery of rebates under the Elkins Act (49 U.S.C. 41(3)); compelling the appearance of witnesses before the Interstate Commerce Commission and enforcement of subpenas and punishment for contempt (49 U.S.C. 12(3)); suits to enforce final orders of the Secretary of Agriculture under the Perishable Agricultural Commodities Act (7 U.S.C. 499g), and the Packers and Stockyards Act (7 U.S.C. 216); suits to set aside orders of State regulatory agencies (49 U.S.C. 13(4)); and civil matters, except those required to be handled by the Board of Parole, under section 504(a) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. 504(a)).

**(i)** Appeals under section 8(b)(1)(B) of the Contract Disputes Act of 1978 — the grant and/or legal denial of prior approval of the Attorney General as described in section 8(g)(1)(B) of the Contract Disputes Act of 1978. The Assistant Attorney General is authorized to redelegate, to the extent and subject to such limitations as may be deemed advisable, to subordinate division officials the responsibilities covered by this subsection and delineated in section 8(g)(1)(B) of the Contract Disputes Act of 1978.

**(j)** Consumer litigation  —  All civil and criminal litigation and grand jury proceedings arising under the Federal Food, Drug and Cosmetic Act (21 U.S.C. 301 et seq.), the Federal Hazardous Substances Act (15 U.S.C. 1261 et seq.), the Fair Packaging and Labeling Act (15 U.S.C. 1451 et seq.), the Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.), the odometer requirements section and the fuel economy labeling section of the Motor Vehicle Information and Cost Savings Act (15 U.S.C. 1981 et seq.), the Federal Cigarette Labeling and Advertising Act (15 U.S.C. 1331 et seq.), the Poison Prevention Packaging Act of 1970 (15 U.S.C. 1471 et seq.), the Federal Caustic Poison Act (15 U.S.C. 401 note), the Consumer Credit Protection Act (15 U.S.C. 1611, 1681q and 1681r), the Wool Products Labeling Act of 1939 (15 U.S.C. 68), the Fur Products Labeling Act (15 U.S.C. 69), the Textile Fiber Products Identification Act (15 U.S.C. 70 et seq.), the Consumer Product Safety Act (15 U.S.C. 2051 et seq.), the Flammable Fabrics Act (15 U.S.C. 1191 et seq.), the Refrigerator Safety Device Act (15 U.S.C. 1211 et seq.), title I of the Magnuson-Moss Warranty — Federal Trade Commission Improvement Act (15 U.S.C. 2301 et seq.), the Federal Trade Commission Act (15 U.S.C. 41 et seq.), and section 11(1) of the Clayton Act (15 U.S.C. 21(1)) relating to violations of orders issued by the Federal Trade Commission. Upon appropriate certification by the Federal Trade Commission, the

2020 28 CFR 0.45

institution of criminal proceedings, under the Federal Trade Commission Act (15 U.S.C. 56(b)), the determination whether the Attorney General will commence, defend or intervene in civil proceedings under the Federal Trade Commission Act (15 U.S.C. 56(a)), and the determination under the Consumer Product Safety Act (15 U.S.C. 2076(b)(7)), whether the Attorney General will initiate, prosecute, defend or appeal an action relating to the Consumer Product Safety Commission.

**(k)** All civil litigation arising under the passport, visa and immigration and nationality laws and related investigations and other appropriate inquiries pursuant to all the power and authority of the Attorney General to enforce the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens except all civil litigation, investigations, and advice with respect to forfeitures, return of property actions, Nazi war criminals identified in 8 U.S.C. 1182(a)(33), 1251(a)(19) and civil actions seeking exclusively equitable relief which relate to national security within the jurisdiction of the Criminal Division under § 0.55 (d), (f), (i) and § 0.61(d).

**(l)** Civil penalties for drug possession — the authority and responsibilities of the Attorney General under section 6486 of the Anti-Drug Abuse Act of 1988 (21 U.S.C. 844a) and the regulations implementing that Act (28 CFR part 76). Such authority and responsibilities may be redelegated by the Assistant Attorney General to subordinate division officials to the extent and subject to limitations deemed advisable.

## Statutory Authority

Authority Note Applicable to Title 28, Ch. I, Pt. 0

## History

[Order No. 423-69, 34 FR 20388, Dec. 31, 1969, as amended by Order 445-70, 35 FR 19397, Dec. 23, 1970; Order 673-76, 41 FR 54176, Dec. 13, 1976; Order 699-77, 42 FR 15315, Mar. 21, 1977; Order 838-79, 44 FR 40498, July 11, 1979; Order 960-81, 46 FR 52345, Oct. 27, 1981; Order 1002-83, 1003-83, 48 FR 9522, 9523, Mar. 7, 1983; Order 1268-88, 53 FR 11646, Apr. 8, 1988; Order No. 1544-91, 56 FR 56578, Nov. 6, 1991; Order No. 3001-2008, 73 FR 54946, 54947, Sept. 24, 2008]

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright © 2023 All rights reserved.

# 2020 28 CFR 0.46

2020 Code of Federal Regulations Archive

*LEXISNEXIS' CODE OF FEDERAL REGULATIONS  >  Title 28 Judicial Administration  >  Chapter I — Department of Justice  >  Part 0 — Organization of the Department of Justice  >  Subpart I — Civil Division  >  § 0.46 Certain civil litigation and foreign criminal proceedings.*

## § 0.46 Certain civil litigation and foreign criminal proceedings.

The Assistant Attorney General in charge of the Civil Division shall, in addition to litigation coming within the scope of § 0.45, direct all other civil litigation including claims by or against the United States, its agencies or officers, in domestic or foreign courts, special proceedings, and similar civil matters not otherwise assigned, and shall employ foreign counsel to represent before foreign criminal courts, commissions or administrative agencies officials of the Department of Justice and all other law enforcement officers of the United States who are charged with violations of foreign law as a result of acts which they performed in the course and scope of their Government service.

## Statutory Authority

Authority Note Applicable to Title 28, Ch. I, Pt. 0

## History

[Order No. 441-70, 35 FR 16318, Oct. 17, 1970]

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright © 2023 All rights reserved.

**End of Document**

# 2020 28 CFR 0.47

2020 Code of Federal Regulations Archive

*LEXISNEXIS' CODE OF FEDERAL REGULATIONS  >  Title 28 Judicial Administration  >  Chapter I — Department of Justice  >  Part 0 — Organization of the Department of Justice  >  Subpart I — Civil Division  >  § 0.47 Alien Property matters.*

## § 0.47 Alien Property matters.

The Office of Alien Property shall be a part of the Civil Division:

**(a)** The following described matters are assigned to, and shall be conducted, handled, or supervised by the Assistant Attorney General in charge of the Civil Division, who shall also be the Director of the Office of Alien Property:

**(1)** Exercising or performing all the authority, rights, privileges, powers, duties, and functions delegated to or vested in the Attorney General under the Trading with the Enemy Act, as amended, title II of the International Claims Settlement Act of 1949, as amended, the act of September 28, 1950, 64 Stat. 1079 (50 U.S.C. App. 40), the Philippine Property Act of 1946, as amended, and the Executive orders relating to such acts, including, but not limited to, vesting, supervising, controlling, administering, liquidating, selling, paying debt claims out of, returning, and settling of intercustodial disputes relating to, property subject to one or more of such acts.

**(2)** Conducting and directing all civil litigation with respect to the Trading with the Enemy Act, title II of the International Claims Settlement Act, the Foreign Funds Control Program and the Foreign Assets Control Program.

**(3)** Designating within the Office of Alien Property a certifying officer, and an alternate, to certify copies of documents issued by the Director, or his designee, which are required to be filed with the Office of the Federal Register.

**(b)** The Director of the Office of Alien Property shall act for and on behalf of the Attorney General.

**(c)** All the authority, rights, privileges, powers, duties, and functions of the Director of the Office of Alien Property may be exercised or performed by any agencies, instrumentalities, agents, delegates, or other personnel designated by him.

**(d)** Existing delegations by the Assistant Attorney General, Director, Office of Alien Property, or the Director, Office of Alien Property, shall continue in force and effect until modified or revoked.

**(e)** The Assistant Attorney General in charge of the Civil Division is authorized to administer and give effect to the provisions of the agreement entitled "Agreement Between the United States of America and the Republic of Austria Regarding the Return of Austrian Property, Rights and Interests," which was concluded on January 30, 1959, and was ratified by the Senate of the United States on February 25, 1964.

## Statutory Authority

Authority Note Applicable to Title 28, Ch. I, Pt. 0

## History

2020 28 CFR 0.47

Order No. 423-69, 34 FR 20388, Dec. 31, 1969, as amended by Order 445-70, 35 FR 19397, Dec. 23, 1970.

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright © 2023 All rights reserved.

**End of Document**

# 2020 28 CFR 0.171

2020 Code of Federal Regulations Archive

*LEXISNEXIS' CODE OF FEDERAL REGULATIONS  >  Title 28 Judicial Administration  >  Chapter I — Department of Justice  >  Part 0 — Organization of the Department of Justice  >  Subpart Y — Authority to Compromise and Close Civil Claims and Responsibility for Judgments, Fines, Penalties, and Forfeitures  >  § 0.171 Judgments, fines, penalties, and forfeitures.*

## § 0.171 Judgments, fines, penalties, and forfeitures.

**(a)** Each United States Attorney shall be responsible for conducting, handling, or supervising such litigation or other actions as may be appropriate to accomplish the satisfaction, collection, or recovery of judgments, fines, penalties, and forfeitures (including bail bond forfeitures) imposed in his district, unless the Assistant Attorney General, or his delegate, of the litigating division which has jurisdiction of the case in which such judgment, fine, penalty or forfeiture is imposed notifies the United States Attorney in writing that the division will assume such enforcement responsibilities.

**(b)** Each U.S. Attorney shall designate an Assistant U.S. Attorney, and such other employees as may be necessary, or shall establish an appropriate unit within his office, to be responsible for activities related to the satisfaction, collection, or recovery, as the case may be, of judgments, fines, penalties, and forfeitures (including bail-bond forfeitures).

**(c)** The Director of the Executive Office for United States Attorneys shall be responsible for the establishment of policy and procedures and other appropriate action to accomplish the satisfaction, collection, or recovery of fines, special assessments, penalties, interest, bail bond forfeitures, restitution, and court costs arising from the prosecution of criminal cases by the Department of Justice and the United States Attorneys. He shall also prepare regulations required by 18 U.S.C. 3613(c), pertaining to the application of tax lien provisions to criminal fines, for issuance by the Attorney General.

**(d)** The United States Attorney for the judicial district in which a criminal monetary penalty has been imposed is authorized to receive all notifications of payment, certified copies of judgments or orders, and notifications of change of address pertaining to an unpaid fine, which are otherwise required to be delivered to the Attorney General pursuant to 18 U.S.C. 3612. If an Assistant Attorney General of a litigating division has notified the United States Attorney, pursuant to paragraph (a) of this section that such division will assume responsibility for enforcement of a criminal monetary penalty, the United States Attorney shall promptly transmit such notifications and certified copies of judgments or orders to such division.

**(e)** With respect to cases assigned to his office, each United States Attorney—

> **(1)** Shall be responsible for collection of any unpaid fine with respect to which a certification has been issued as provided in 18 U.S.C. 3612(b);

> **(2)** Shall provide notification of delinquency or default of any fine as provided in 18 U.S.C. 3612 (d) and (e);

> **(3)** May waive all or any part of any interest or penalty relating to a fine imposed under any prior law if, as determined by such United States Attorney, reasonable efforts to collect the interest or penalty are not likely to be effective; and

> **(4)** Is authorized to accept delivery of the amount or property due as restitution for transfer to the victim or person eligible under 18 U.S.C. 3663 (or under 18 U.S.C. 3579 (f)(4) with respect to offenses committed prior to November 1, 1987).

2020 28 CFR 0.171

**(f)** With respect to offenses committed after December 31, 1984, and prior to November 1, 1987, each United States Attorney is authorized with respect to cases assigned to his office—

**(1)** At his discretion, to declare the entire unpaid balance of a fine or penalty payable immediately in accordance with 18 U.S.C. 3565(b)(3);

**(2)** If a fine or penalty exceeds $ 500, to receive a certified copy of the judgment, otherwise required to be delivered by the clerk of the court to the Attorney General;

**(3)** When a fine or penalty is satisfied as provided by law,

**(i)** To file with the court a notice of satisfaction of judgment if the defendant makes a written request to the United States Attorney for such filing; or,

**(ii)** If the amount of the fine or penalty exceeds $ 500 to enter into a written agereement with the defendant to extend the twenty-year period of obligation to pay fine.

**(g)** With respect to offenses committed prior to November 1, 1987, each United States Attorney is hereby authorized, with respect to the discharge of indigent prisoners under 18 U.S.C. 3569, to make a finding as to whether the retention by a convict of property, in excess of that which is by law exempt from being taken on civil process for debt, is reasonably necessary for the convict's support or that of his family.

**(h)** The Director of the Bureau of Prisons shall take such steps as may be necessary to assure that the appropriate U.S. Attorney is notified whenever a prisoner is released prior to the payment of his fine.

**(i)** The Pardon Attorney shall notify the appropriate U.S. Attorney whenever the President issues a pardon and whenever the President remits or commutes a fine.

## Statutory Authority

Authority Note Applicable to Title 28, Ch. I, Pt. 0

## History

[Order No. 423-69, 34 FR 20388, Dec. 31, 1969, as amended by Order No. 445-70, 35 FR 19397, Dec. 23, 1970; Order No. 699-77, 42 FR 15315, Mar. 21, 1977; Order No. 960-81, 46 FR 52352, Oct. 27, 1981; Order No. 1034-83, 48 FR 50714, Nov. 3, 1983; Order No. 1413-90, 55 FR 19064, May 8, 1990]

LEXISNEXIS' CODE OF FEDERAL REGULATIONS
Copyright © 2023 All rights reserved.

**End of Document**