# EXHIBIT 1

**FILED IN OFFICE**

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

SEP 0 8 2023

CHE. ALEXANDER
Clerk of Superior Court

IN RE 2 MAY 2022 SPECIAL PURPOSE
GRAND JURY

2022-EX-000024 Fulton County, Georgia

## ORDER ENTERING SPECIAL PURPOSE GRAND JURY'S FINAL REPORT INTO COURT RECORD

On 28 August 2023, the undersigned entered an Order directing that, absent objection, the Special Purpose Grand Jury's final report that sets forth its findings and recommendations to the District Attorney of Fulton County concerning its investigation into possible criminal interference in the 2020 general election in Georgia be entered into the public docket on 8 September 2023.  There have been no objections lodged. Therefore, attached to this Order as Exhibit A is the final report, with only the names of the two signatories redacted.  The Clerk is directed to make this Order and its attachment available to the public.

SO ORDERED this 8th day of September 2023.

Judge Robert C.I. McBurney
Superior Court of Fulton County
Atlanta Judicial Circuit

1

# EXHIBIT A

# to Order of 8 September 2023

# 2022-EX-000024

1       **SPECIAL PURPOSE GRAND JURY REPORT**

2

3       This Special Purpose Grand Jury (herein referred to as "the Grand Jury") was

4   impaneled pursuant to an Order dated January 24, 2022 by Christopher S. Brasher,

5   Chief Judge of the Superior Court of Fulton County, Atlanta Judicial Circuit.   The

6   Grand Jury consisted of twenty-six Fulton County residents, three of whom were

7   alternates.  On any day testimony was received or deliberations were had, the number

8   of jurors present ranged between sixteen and twenty-four as availability allowed.

9   Pursuant to statute, if we had our needed quorum of sixteen jurors present, we could

10   do business with that.

11       The Grand Jury was impaneled to investigate a specific issue: the facts and

12   circumstances relating directly or indirectly to possible attempts to disrupt the lawful

13   administration of the 2020 presidential elections in the State of Georgia.

14       This Grand Jury was selected on May 2nd, 2022 and first heard evidence on

15   June 1st, 2022.  We continued to hear evidence and receive information into

16   December 2022.  The Grand Jury received evidence from or involving 75 witnesses

17   during the course of this investigation, the overwhelming majority of which

18   information was delivered in person under oath.  The Grand Jury also received

19   information in the form of investigator testimony and various forms of digital and

20   physical media.  Pursuant to Georgia law, a team of assistant district attorneys

21   provided the Grand Jury with applicable statutes and procedures. Any

22   recommendation set out herein is the sole conclusion of the Grand Jury based on

23   testimony presented, facts received, and our deliberations.

24       Following is the final report of the Special Purpose Grand Jury.  We set forth

25   for the Court our recommendations on indictments and relevant statutes, including

26   the votes by the Grand Jurors. This includes the votes respective to each topic,

27   indicated in a "Yea/Nay/Abstain" format throughout.   The total number of

28   Grand Jurors who placed a vote on each topic has been indicated in each section.

29   Footnotes have been added in certain places where a juror requested the opportunity

30   to clarify their vote for any reason. Each applicable statute is referenced by citation

1   number. Attached to this document as Appendix A is a complete set of Georgia
2   statutes referenced below.

3          The Grand Jury heard extensive testimony on the subject of alleged election
4   fraud from poll workers, investigators, technical experts, and State of Georgia
5   employees and officials, as well as from persons still claiming that such fraud took
6   place. We find by a unanimous vote that no widespread fraud took place in the
7   Georgia 2020 presidential election that could result in overturning that election.

8                                         I.

9          With respect to the January 2nd, 2021 phone call from President Trump to
10  Secretary of State Brad Raffensperger, the Grand Jury recommends the District
11  Attorney seek indictments against the following individual(s):

12  Donald Trump

13         Relevant Statutes, including votes (22):

14  O.C.G.A. 16-10-93 (b)          21 Y/1 N/0 A
15  O.C.G.A. 16-10-20              21 Y/1 N/0 A
16  O.C.G.A. 21-2-604              18 Y/1 N/3 A
17  O.C.G.A. 21-2-597              19 Y/1 N/2 A
18  O.C.G.A 16-4-7, criminal solicitation
19         O.C.G.A. 16-10-8        19 Y/1 N/2 A
20         O.C.G.A. 16-10-20       20 Y/1 N/1 A

21         In the same connection, we recommend seeking an indictment against the
22  following individual(s):

23  Cleta Mitchell

24         Relevant Statutes, including votes (18):

25  O.C.G.A. 16-10-93 (b)          18 Y/0 N/0 A
26  O.C.G.A. 16-10-20              18 Y/0 N/0 A
27  O.C.G.A. 21-2-604              18 Y/0 N/0 A
28  O.C.G.A. 21-2-597              18 Y/0 N/0 A
29  O.C.G.A. 16-4-7, criminal solicitation
30         O.C.G.A. 16-10-8        12 Y/5 N/1 A

2

1       O.C.G.A. 16-10-20      12 Y/5 N/1 A

2

3                                          II.

4       With respect to the persistent, repeated communications directed to multiple

5   Georgia officials and employees between November of 2020 and January of 2021, the

6   Grand Jury recommends the District Attorney seek indictments against the following

7   individual(s), including votes (18):

8   Donald Trump              17 Y/1 N/0 A

9   Rudy Giuliani             17 Y/1 N/0 A

10      Relevant Statutes:

11  O.C.G.A. 21-2-597

12  O.C.G.A. 16-10-20

13  O.C.G.A. 16-4-7, criminal solicitation

14      O.C.G.A. 16-10-20

15      In the same connection, we recommend seeking an indictment against the

16  following individual(s), including votes (18):

17  David Perdue          16 Y/1 N/1 A

18      Relevant Statutes:

19  O.C.G.A. 16-10-20

20

21                                        III.
22      With respect to the several legislative hearings held before the Georgia

23  legislature in December of 2020 and evidence presented therein, including items such

24  as: the State Farm Arena video, the purported statistics of vote discrepancies, and the

25  allegations of improper conduct by Fulton County election staff; the Grand Jury

26  recommends that the District Attorney seek indictments against the following

27  individual(s), including the votes (21):

28  Rudy Giuliani             19 Y/0 N/2 A

29  Jacki Pick                21 Y/0 N/0 A

30  Robert Cheeley            18 Y/0 N/3 A

3

1    William Ligon            19 Y/0 N/2 A

2         Relevant Statute(s):

3    O.C.G.A. 16-10-20

4         Upon further consideration[1], relevant statutes including the votes (18):

5    O.C.G.A. 16-10-20.1       17 Y/1 N/0 A

6         In the same connection, we recommend seeking an indictment against the

7    following individual(s):

8    Ray Smith

9    John Eastman

10   Scott Hall

11        Relevant Statute(s)[2], including the votes:

12   O.C.G.A. 16-10-20         18 Y/0 N/0 A

13   O.C.G.A. 16-10-20.1       17 Y/1 N/0 A

14

15                                    IV.

16        With respect to the harassment of Ruby Freeman, the Grand Jury

17   recommends that the District Attorney seek indictments of the following persons:

18   Trevian Kutti

19   Harrison Floyd

20   Steven Lee

21        Relevant Statute(s) including votes (21), respectively:

22   O.C.G.A. 16-10-93 (b)         20 Y/1 N/0 A

23                                 20 Y/1 N/0 A

24                                 20 Y/1 N/0 A

25   O.C.G.A. 16-4-7              21 Y/0 N/0 A

26                                 21 Y/0 N/0 A

27                                 21 Y/0 N/0 A

---

[1] This vote was taken on a different day.

[2] One juror believes there should be further investigation looking at O.C.G.A. 21-2-604.

1                                           V.

2          With respect to the gathering of Republican electors at the Georgia State

3    Capitol on December 14th, 2020, and the representations made by as well as

4    documents submitted by that body, the Grand Jury recommends that the District

5    Attorney seek indictments of the following persons, including votes (21):

6    Cleta Mitchell                    18 Y/1 N/2 A

7    Robert Cheeley                    20 Y/1 N/0 A

8    Ray Smith                         17 Y/1 N/3 A

9    Kurt Hilbert                      17 Y/1 N/3 A

10   Alex Kaufman                      18 Y/1 N/2 A

11   John Eastman                      20 Y/1 N/0 A

12   Kenneth Chesebro                  20 Y/1 N/0 A

13   David Shafer                      20 Y/1 N/0 A

14   *Alternate Slate[3]:*

15   Joseph Brannan                    19 Y/2 N/0 A

16   Vikki Consiglio                   19 Y/2 N/0 A

17   Carolyn Fisher                    19 Y/2 N/0 A

18   Burt Jones                        19 Y/2 N/0 A

19   Gloria Godwin                     19 Y/2 N/0 A

20   Mark Hennessy                     19 Y/2 N/0 A

21   Mark Amick                        19 Y/2 N/0 A

22   John Downey                       19 Y/2 N/0 A

23   Cathleen Latham                   19 Y/2 N/0 A

24   Brad Carver                       19 Y/2 N/0 A

25   Shawn Still                       19 Y/2 N/0 A

26   C. B. Yadav                       19 Y/2 N/0 A

27          Relevant Statute(s)[4]:

---

[3] The two dissenting jurors believe the electors should not be indicted for doing what they were misled to understand as their civic duty.

[4] With respect to the alternate slate of electors, O.C.G.A. 16-4-7 would not be applicable.

1    O.C.G.A. 16-10-20.1

2    O.C.G.A. 16-10-20

3    O.C.G.A. 16-9-1

4    O.C.G.A. 16-4-7, criminal solicitation of same

5

6                     VI.

7         With respect to the post-November 2020 election events that took place in

8    Coffee County, including access by unauthorized persons to County voting machines

9    and the data contained therein, the Grand Jury recommends that the District Attorney

10   seek indictments of the following person(s):

11   Cathy Latham

12   Misty Hampton

13   Scott Hall

14   Sidney Powell

15        Relevant Statute(s) including votes (21)[5]:

16   O.C.G.A. 16-9-93          21 Y/0 N/0 A

17   O.C.G.A. 21-2-566        21 Y/0 N/0 A

18   O.C.G.A. 21-2-580        18 Y/3 N/0 A

19   O.C.G.A. 21-2-582        18 Y/3 N/0 A

20

21                    VII.

22        With respect to the national effort to overturn the 2020 presidential election,

23   focused on efforts in Georgia, Arizona, Wisconsin, Michigan, Pennsylvania, and the

24   District of Columbia, the Grand Jury recommends that the District Attorney seek

25   indictments of the following person(s), including votes[6] (21):

---

[5] With respect to the inclusion of the election statutes 21-2-580 and 21-2-582, the three dissenting grand jurors do not believe that the wording of the statutes applies to the conduct at issue.
[6] One of the dissenting jurors voting against recommending seeking indictments of former Senators Perdue and Loeffler on a RICO claim believes that their statements following the November 2020 election, while pandering to their political base, do not give rise to their being guilty of a criminal conspiracy.

| 1  | Rudy Giuliani      | 20 Y/1 N/0 A |
|----|--------------------|--------------|
| 2  | John Eastman       | 20 Y/1 N/0 A |
| 3  | Kenneth Chesebro   | 20 Y/1 N/0 A |
| 4  | Donald Trump       | 20 Y/1 N/0 A |
| 5  | Cleta Mitchell     | 20 Y/1 N/0 A |
| 6  | Jenna Ellis        | 20 Y/1 N/0 A |
| 7  | Mark Meadows       | 20 Y/1 N/0 A |
| 8  | David Shafer       | 20 Y/1 N/0 A |
| 9  | Ray Smith          | 20 Y/1 N/0 A |
| 10 | Lin Wood           | 20 Y/1 N/0 A |
| 11 | Lindsey Graham     | 13 Y/7 N/1 A |
| 12 | Sidney Powell      | 20 Y/1 N/0 A |
| 13 | Robert Cheeley     | 20 Y/1 N/0 A |
| 14 | Michael Flynn      | 20 Y/1 N/0 A |
| 15 | William Ligon      | 20 Y/1 N/0 A |
| 16 | David Perdue       | 17 Y/4 N/0 A |
| 17 | Kelly Loeffler     | 14 Y/6 N/1 A |
| 18 | Cathleen Latham    | 18 Y/3 N/0 A |
| 19 | Misty Hampton      | 18 Y/3 N/0 A |
| 20 | Scott Hall         | 17 Y/4 N/0 A |
| 21 | Boris Epshteyn     | 20 Y/1 N/0 A |
| 22 | Jeff Clark         | 20 Y/1 N/0 A |
| 23 | Kurt Hilbert       | 19 Y/1 N/1 A |
| 24 | Steven Lee         | 19 Y/2 N/0 A |
| 25 | Trevian Kutti      | 19 Y/2 N/0 A |
| 26 | Harrison Floyd     | 19 Y/2 N/0 A |
| 27 | Alex Kaufman       | 17 Y/3 N/1 A |
| 28 | *Alternate Slate*: |              |
| 29 | Joseph Brannan     | 9 Y/9 N/3 A  |
| 30 | Vikki Consiglio    | 9 Y/9 N/3 A  |

7

| | | |
|---|---|---|
| 1 | Carolyn Fisher | 9 Y/9 N/3 A |
| 2 | Burt Jones | 10 Y/8 N/3 A |
| 3 | Gloria Godwin | 9 Y/9 N/3 A |
| 4 | Mark Hennessy | 9 Y/9 N/3 A |
| 5 | Mark Amick | 9 Y/9 N/3 A |
| 6 | John Downey | 9 Y/9 N/3 A |
| 7 | Brad Carver | 9 Y/9 N/3 A |
| 8 | Shawn Still | 9 Y/9 N/3 A |
| 9 | C. B. Yadav | 9 Y/9 N/3 A |

10      Relevant Statute(s):

11   O.C.G.A. 16-4-3 and all relevant subsections

12

13                              VIII.

14      A majority of the Grand Jury believes that perjury may have been committed
15   by one or more witnesses testifying before it. The Grand Jury recommends that the
16   District Attorney seek appropriate indictments for such crimes where the evidence is
17   compelling.

18                            CONCLUSION

19

20      The Grand Jury wishes to acknowledge the hardworking attorneys and staff of
21   the Fulton County District Attorney's office. Any legal errors contained in this report
22   should not be laid at their feet, however, because that Office had nothing to do with
23   the recommendations contained herein.

24      If this report fails to include any potential violations of referenced statutes that
25   were shown in the investigation, we acknowledge the discretion of the District
26   Attorney to seek indictments where she finds sufficient cause. Furthermore, this
27   Grand Jury contained no election law experts or criminal lawyers. The majority of
28   this Grand Jury used their collective best efforts, however, to attend every session,
29   listen to every witness, and attempt to understand the facts as presented and the laws
30   as explained.

1        If the Court finds this report to have satisfied the purpose of the Special

2    Purpose Grand Jury as impaneled, we request that we be formally discharged from

3    our service.

4

5

6    This 15th day of December, 2022

7

8                           _____/s/_____

9                            Foreperson

10

11                           _____/s/_____

12                           Deputy Foreperson

13

1                              **APPENDIX A – O.C.G.A. STATUTES REFERENCED ABOVE**

2    O.C.G.A. § 16-4-7: Criminal solicitation

3        (a) A person commits the offense of criminal solicitation when, with intent that

4            another person engage in conduct constituting a felony, he solicits, requests,

5            commands, importunes, or otherwise attempts to cause the other person to

6            engage in such conduct.

7        (b) A person convicted of the offense of criminal solicitation to commit a felony shall

8            be punished by imprisonment for not less than one nor more than three years. A

9            person convicted of the offense of criminal solicitation to commit a crime

10           punishable by death or by life imprisonment shall be punished by imprisonment

11           for not less than one nor more than five years.

12       (c) It is no defense to a prosecution for criminal solicitation that the person solicited

13           could not be guilty of the crime solicited.

14       (d) The provisions of subsections (a) through (c) of this Code section are cumulative

15           and shall not supersede any other penal law of this state.

16

17   O.C.G.A. § 16-4-8: Conspiracy to commit a crime

18           A person commits the offense of conspiracy to commit a crime when he together

19   with one or more persons conspires to commit any crime and any one or more of such

20   persons does any overt act to effect the object of the conspiracy. A person convicted of

21   the offense of criminal conspiracy to commit a felony shall be punished by

22   imprisonment for not less than one year nor more than one-half the maximum period of

23   time for which he could have been sentenced if he had been convicted of the crime

24   conspired to have been committed, by one-half the maximum fine to which he could

25   have been subjected if he had been convicted of such crime, or both. A person

26   convicted of the offense of criminal conspiracy to commit a misdemeanor shall be

27   punished as for a misdemeanor. A person convicted of the offense of criminal

10

1    conspiracy to commit a crime punishable by death or by life imprisonment shall be

2    punished by imprisonment for not less than one year nor more than ten years.

3

4    O.C.G.A. § 16-14-3: [State RICO] Definitions

5         As used in this chapter, the term:

6              (1) "Civil forfeiture proceeding" shall have the same meaning as set forth in Code

7                   Section 9-16-2.

8              (2) "Criminal proceeding" means any criminal proceeding commenced by the

9                   Department of Law or the office of any district attorney under any provision of

10                  this chapter.

11             (3) "Enterprise" means any person, sole proprietorship, partnership, corporation,

12                  business trust, union chartered under the laws of this state, or other legal

13                  entity; or any unchartered union, association, or group of individuals associated

14                  in fact although not a legal entity; and it includes illicit as well as licit enterprises

15                  and governmental as well as other entities.

16             (4) "Pattern of racketeering activity" means:

17                       (A)  Engaging in at least two acts of racketeering activity in furtherance of

18                            one or more incidents, schemes, or transactions that have the same or

19                            similar intents, results, accomplices, victims, or methods of commission

20                            or otherwise are interrelated by distinguishing characteristics and are

21                            not isolated incidents, provided at least one of such acts occurred after

22                            July 1, 1980, and that the last of such acts occurred within four years,

23                            excluding any periods of imprisonment, after the commission of a prior

24                            act of racketeering activity; or

25                       (B)  Engaging in any one or more acts of domestic terrorism as described in

26                            paragraph (2) of Code Section 16-11-220 or any criminal attempt,

27                            criminal solicitation, or criminal conspiracy related thereto.

28             (5)

11

| 1 | (A) | "Racketeering activity" means to commit, to attempt to commit, or to |
| 2 | | solicit, coerce, or intimidate another person to commit any crime which |
| 3 | | is chargeable by indictment under the laws of this state involving: |
| 4 | (i) | Unlawful distillation, manufacture, and transportation of alcoholic |
| 5 | | beverages in violation of Code Section 3-3-27; |
| 6 | (ii) | Records and reports of currency transactions in violation of Article |
| 7 | | 11 of Chapter 1 of Title 7; |
| 8 | (iii) | The "Georgia Uniform Securities Act of 2008" in violation of |
| 9 | | Chapter 5 of Title 10; |
| 10 | (iv) | Homicide in violation of Article 1 of Chapter 5 of this title; |
| 11 | (v) | Assault and battery in violation of Article 2 of Chapter 5 of this |
| 12 | | title; |
| 13 | (vi) | Kidnapping, false imprisonment, and related offenses in violation |
| 14 | | of Article 3 of Chapter 5 of this title; |
| 15 | (vii) | Prostitution, keeping a place of prostitution, pimping, and |
| 16 | | pandering in violation of Code Sections 16-6-9 through 16-6-12; |
| 17 | (viii) | Burglary in violation of Code Section 16-7-1; |
| 18 | (ix) | Smash and grab burglary in violation of Code Section 16-7-2; |
| 19 | (x) | Arson and explosives in violation of Article 3 of Chapter 7 of this |
| 20 | | title; |
| 21 | (xi) | Bombs, explosives, and chemical and biological weapons in |
| 22 | | violation of Article 4 of Chapter 7 of this title; |
| 23 | (xii) | Theft in violation of Article 1 of Chapter 8 of this title; |
| 24 | (xiii) | Robbery in violation of Article 2 of Chapter 8 of this title; |
| 25 | (xiv) | Criminal reproduction and sale of recorded material in violation of |
| 26 | | Article 3 of Chapter 8 of this title; |
| 27 | (xv) | The "Georgia Residential Mortgage Fraud Act" in violation of |
| 28 | | Article 5 of Chapter 8 of this title; |
| 29 | (xvi) | Forgery in any degree in violation of Code Section 16-9-1; |
| 30 | (xvii) | Illegal use of financial transaction cards in violation of Code |
| 31 | | Sections 16-9-31, 16-9-32, 16-9-33, and 16-9-34; |

| | | |
|---|---|---|
| 1 | (xviii) | Use of an article with an altered identification mark in violation |
| 2 | | of Code Section 16-9-70; |
| 3 | (xix) | The "Georgia Computer Systems Protection Act" in violation of |
| 4 | | Article 6 of Chapter 9 of this title; |
| 5 | (xx) | Identity fraud in violation of Article 8 of Chapter 9 of this title; |
| 6 | (xxi) | Bribery in violation of Code Section 16-10-2; |
| 7 | (xxii) | False statements and writings or false lien statements against |
| 8 | | public officers or public employees in violation of Code Section 16- |
| 9 | | 10-20 or 16-10-20.1; |
| 10 | (xxiii) | Impersonating a public officer or employee in violation of Code |
| 11 | | Section 16-10-23; |
| 12 | (xxiv) | Attempted murder or threatening of witnesses in official |
| 13 | | proceedings in violation of Code Section 16-10-32; |
| 14 | (xxv) | Perjury and other related offenses in violation of Article 4 of |
| 15 | | Chapter 10 of this title; |
| 16 | (xxvi) | Embracery in violation of Code Section 16-10-91; |
| 17 | (xxvii) | Influencing witnesses in violation of Code Section 16-10-93; |
| 18 | (xxviii) | Tampering with evidence in violation of Code Section 16-10-94; |
| 19 | (xxix) | Intimidation or injury of grand or trial juror or court officer in |
| 20 | | violation of Code Section 16-10-97; |
| 21 | (xxx) | Terroristic threats and acts in violation of Code Section 16-11-37; |
| 22 | (xxxi) | The "Georgia Firearms and Weapons Act" in violation of Part 2 of |
| 23 | | Article 4 of Chapter 11 of this title; |
| 24 | (xxxii) | Commercial gambling in violation of Code Section 16-12-22; |
| 25 | (xxxiii) | Distributing obscene materials in violation of Code Section 16-12- |
| 26 | | 80; |
| 27 | (xxxiv) | The "Georgia Controlled Substances Act" in violation of Article 2 of |
| 28 | | Chapter 13 of this title; |
| 29 | (xxxv) | The "Dangerous Drug Act" in violation of Article 3 of Chapter 13 of |
| 30 | | this title; |
| 31 | (xxxvi) | Marijuana in violation of subsection (j) of Code Section 16-13-30; |

13

| | | |
|---|---|---|
| 1 | (xxxvii) | Payday loans in violation of Chapter 17 of this title; |
| 2 | (xxxviii) | Insurance fraud in violation of Code Section 33-1-9; |
| 3 | (xxxix) | Certain felonies involving certificates of title, security interest, or |
| 4 | | liens in violation of Code Section 40-3-90; |
| 5 | (xl) | Removal or falsification of identification numbers in violation |
| 6 | | of Code Section 40-4-21; |
| 7 | (xli) | Possession of motor vehicle parts from which the identification |
| 8 | | has been removed in violation of Code Section 40-4-22; or |
| 9 | (xlii) | Article 8 of Chapter 5 of Title 16, relating to protection of elder |
| 10 | | persons. |

11     (B) "Racketeering activity" shall also mean any act or threat involving

12         murder, kidnapping, gambling, arson, robbery, theft, receipt of stolen

13         property, bribery, extortion, obstruction of justice, dealing in narcotic or

14         dangerous drugs, or dealing in securities which is chargeable under the

15         laws of the United States, any territory of the United States, or any state

16         and which is punishable by imprisonment for more than one year.

17     (C) "Racketeering activity" shall also mean any conduct defined as

18         "racketeering activity" under 18 U.S.C. Section 1961 (1), any violation of

19         18 U.S.C. Section 1028, or any violation of 31 U.S.C. Sections 5311

20         through 5330.

21  (6) "Real property" means any real property situated in this state or any interest in

22     such real property, including, but not limited to, any lease of or mortgage upon

23     such real property.

24 O.C.G.A. § 16-14-3: [State RICO] Prohibited Activities

25 (a) It shall be unlawful for any person, through a pattern of racketeering activity or

26     proceeds derived therefrom, to acquire or maintain, directly or indirectly, any

27     interest in or control of any enterprise, real property, or personal property of any

28     nature, including money.

1       (b) It shall be unlawful for any person employed by or associated with any enterprise

2            to conduct or participate in, directly or indirectly, such enterprise through a pattern

3            of racketeering activity.

4       (c) It shall be unlawful for any person to conspire or endeavor to violate any of the

5            provisions of subsection (a) or (b) of this Code section. A person violates this

6            subsection when:

7              (1) He or she together with one or more persons conspires to violate any of

8                   the provisions of subsection (a) or (b) of this Code section and any one or

9                   more of such persons commits any overt act to effect the object of the

10                  conspiracy; or

11              (2) He or she endeavors to violate any of the provisions of subsection (a) or (b)

12                  of this Code section and commits any overt act to effect the object of the

13                  endeavor.

14    1. O.C.G.A. § 16-9-1: Forgery; classification of forgery offenses

15    (a) As used in this Code section, the term:

16           (1) "Bank" means incorporated banks, savings banks, banking companies, trust

17              companies, credit unions, and other corporations doing a banking business.

18           (2) "Check" means any instrument for the payment or transmission of money

19              payable on demand and drawn on a bank.

20           (3) "Writing" includes, but shall not be limited to, printing or any other method of

21              recording information, money, coins, tokens, stamps, seals, credit cards, badges,

22              trademarks, and other symbols of value, right, privilege, or identification.

23    (b) A person commits the offense of forgery in the first degree when with the intent to

24         defraud he or she knowingly makes, alters, or possesses any writing, other than a check,

25         in a fictitious name or in such manner that the writing as made or altered purports to

26         have been made by another person, at another time, with different provisions, or by

27         authority of one who did not give such authority and utters or delivers such writing.

28    (c) A person commits the offense of forgery in the second degree when with the intent to

29         defraud he or she knowingly makes, alters, or possesses any writing, other than a check,

30         in a fictitious name or in such manner that the writing as made or altered purports to

have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority.

(d) A person commits the offense of forgery in the third degree when with the intent to defraud he or she knowingly:

(1) Makes, alters, possesses, utters, or delivers any check written in the amount of $1,500.00 or more in a fictitious name or in such manner that the check as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority; or

(2) Possesses ten or more checks written without a specified amount in a fictitious name or in such manner that the checks as made or altered purport to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority.

(e) A person commits the offense of forgery in the fourth degree when with the intent to defraud he or she knowingly:

(1) Makes, alters, possesses, utters, or delivers any check written in the amount of less than $1,500.00 in a fictitious name or in such manner that the check as made or altered purports to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority; or

(2) Possesses less than ten checks written without a specified amount in a fictitious name or in such manner that the checks as made or altered purport to have been made by another person, at another time, with different provisions, or by authority of one who did not give such authority.

2. O.C.G.A. § 16-9-93: Computer crimes defined; exclusivity of article; civil remedies; criminal penalties

(a) **Computer theft.** Any person who uses a computer or computer network with knowledge that such use is without authority and with the intention of:

(1) Taking or appropriating any property of another, whether or not with the intention of depriving the owner of possession;

16

1       (2) Obtaining property by any deceitful means or artful practice; or

2       (3) Converting property to such person's use in violation of an agreement or other

3           known legal obligation to make a specified application or disposition of such

4           property

5           shall be guilty of the crime of computer theft.

6   (b) **Computer Trespass.** Any person who uses a computer or computer network with

7       knowledge that such use is without authority and with the intention of:

8       (1) Deleting or in any way removing, either temporarily or permanently, any

9           computer program or data from a computer or computer network;

10      (2) Obstructing, interrupting, or in any way interfering with the use of a computer

11          program or data; or

12      (3) Altering, damaging, or in any way causing the malfunction of a computer,

13          computer network, or computer program, regardless of how long the alteration,

14          damage, or malfunction persists

15          shall be guilty of the crime of computer trespass.

16  (c) **Computer Invasion of Privacy.** Any person who uses a computer or computer network

17      with the intention of examining any employment, medical, salary, credit, or any other

18      financial or personal data relating to any other person with knowledge that such

19      examination is without authority shall be guilty of the crime of computer invasion of

20      privacy.

21  (d) **Computer Forgery.** Any person who creates, alters, or deletes any data contained in any

22      computer or computer network, who, if such person had created, altered, or deleted a

23      tangible document or instrument would have committed forgery under Article 1 of this

24      chapter, shall be guilty of the crime of computer forgery. The absence of a tangible

25      writing directly created or altered by the offender shall not be a defense to the crime of

26      computer forgery if a creation, alteration, or deletion of data was involved in lieu of a

27      tangible document or instrument.

28  (e) **Computer Password Disclosure.** Any person who discloses a number, code, password,

29      or other means of access to a computer or computer network knowing that such

30      disclosure is without authority and which results in damages (including the fair market

31      value of any services used and victim expenditure) to the owner of the computer or

17

1    computer network in excess of $500.00 shall be guilty of the crime of computer

2    password disclosure.

3    (f) **Article not Exclusive.** The provisions of this article shall not be construed to preclude

4    the applicability of any other law which presently applies or may in the future apply to

5    any transaction or course of conduct which violates this article.

6    (g) **Civil Relief; Damages.**

7    (1) Any person whose property or person is injured by reason of a violation of any

8    provision of this article may sue therefor and recover for any damages sustained

9    and the costs of suit. Without limiting the generality of the term, "damages"

10    shall include loss of profits and victim expenditure.

11    (2) At the request of any party to an action brought pursuant to this Code section,

12    the court shall by reasonable means conduct all legal proceedings in such a way

13    as to protect the secrecy and security of any computer, computer network,

14    data, or computer program involved in order to prevent possible recurrence of

15    the same or a similar act by another person and to protect any trade secrets of

16    any party.

17    (3) The provisions of this article shall not be construed to limit any person's right to

18    pursue any additional civil remedy otherwise allowed by law.

19    (4) A civil action under this Code section must be brought within four years after

20    the violation is discovered or by exercise of reasonable diligence should have

21    been discovered. For purposes of this article, a continuing violation of any one

22    subsection of this Code section by any person constitutes a single violation by

23    such person.

24    (h) **Criminal Penalties.**

25    (1) Any person convicted of the crime of computer theft, computer trespass,

26    computer invasion of privacy, or computer forgery shall be fined not more than

27    $50,000.00 or imprisoned not more than 15 years, or both.

28    (2) Any person convicted of computer password disclosure shall be fined not more

29    than $5,000.00 or incarcerated for a period not to exceed one year, or both.

1    3. O.C.G.A. § 16-10-8: False official certificates or writings by officers or employees
2        of state and political subdivisions.

3        An officer or employee of the state or any political subdivision thereof
4        or other person authorized by law to make or give a certificate or
5        other writing who knowingly makes and delivers such a certificate or
6        writing containing any statement which he knows to be false shall,
7        upon conviction thereof, be punished by imprisonment for not less
8        than one nor more than five years.

9    4. O.C.G.A. § 16-10-20: False statements and writings, concealment of facts, and
10       fraudulent documents in matters within jurisdiction of state or political
11       subdivisions.

12       A person who knowingly and willfully falsifies, conceals, or covers up
13       by any trick, scheme, or device a material fact; makes a false, fictitious,
14       or fraudulent statement or representation; or makes or uses any false
15       writing or document, knowing the same to contain any false, fictitious,
16       or fraudulent statement or entry, in any matter within the jurisdiction
17       of any department or agency of state government or of the
18       government of any county, city, or other political subdivision of this
19       state shall, upon conviction thereof, be punished by a fine of not more
20       than $1,000.00 or by imprisonment for not less than one nor more
21       than five years, or both.

22

23   5. O.C.G.A. § 16-10-20.1: Filing false documents.

24   (a) As used in this Code section, the term "document" means information that is inscribed
25       on a tangible medium or that is stored in an electronic or other medium and is
26       retrievable in perceivable form and shall include, but shall not be limited to, liens,
27       encumbrances, documents of title, instruments relating to a security interest in or title
28       to real or personal property, or other records, statements, or representations of fact,
29       law, right, or opinion.

19

1    (b) Notwithstanding Code Sections 16-10-20 and 16-10-71, it shall be unlawful for any
2        person to:
3            (1) Knowingly file, enter, or record any document in a public record or court of this
4                state or of the United States knowing or having reason to know that such
5                document is false or contains a materially false, fictitious, or fraudulent
6                statement or representation; or
7            (2) Knowingly alter, conceal, cover up, or create a document and file, enter, or
8                record it in a public record or court of this state or of the United States knowing
9                or having reason to know that such document has been altered or contains a
10                materially false, fictitious, or fraudulent statement or representation.
11    (c) Any person who violates subsection (b) of this Code section shall be guilty of a felony
12        and, upon conviction thereof, shall be punished by imprisonment of not less than one
13        nor more than ten years, a fine not to exceed $10,000.00, or both.
14    (d) This Code section shall not apply to a court clerk, registrar of deeds, or any other
15        government employee who is acting in the course of his or her official duties.

16    6.  O.C.G.A. § 16-10-70: Perjury.
17    (a) A person to whom a lawful oath or affirmation has been administered commits the
18        offense of perjury when, in a judicial proceeding, he knowingly and willfully makes a
19        false statement material to the issue or point in question.
20    (b) A person convicted of the offense of perjury shall be punished by a fine of not more
21        than $1,000.00 or by imprisonment for not less than one nor more than ten years, or
22        both. A person convicted of the offense of perjury that was a cause of another's being
23        imprisoned shall be sentenced to a term not to exceed the sentence provided for the
24        crime for which the other person was convicted. A person convicted of the offense of
25        perjury that was a cause of another's being punished by death shall be punished by life
26        imprisonment.

27    7.  O.C.G.A. § 16-10-93: Influencing witnesses.
28    (a) A person who, with intent to deter a witness from testifying freely, fully, and truthfully
29        to any matter pending in any court, in any administrative proceeding, or before a grand
30        jury, communicates, directly or indirectly, to such witness any threat of injury or damage

20

1    to the person, property, or employment of the witness or to the person, property, or
2    employment of any relative or associate of the witness or who offers or delivers any
3    benefit, reward, or consideration to such witness or to a relative or associate of the
4    witness shall, upon conviction thereof, be punished by imprisonment for not less than
5    one nor more than five years.
6    (b)
7        (1) It shall be unlawful for any person knowingly to use intimidation, physical force,
8            or threats; to persuade another person by means of corruption or to attempt to
9            do so; or to engage in misleading conduct toward another person with intent to:
10           (A)   Influence, delay, or prevent the testimony of any person in an official
11                 proceeding;
12           (B)   Cause or induce any person to:
13                 (i)  Withhold testimony or a record, document, or other object
14                      from an official proceeding;
15                 (ii) Alter, destroy, mutilate, or conceal an object with intent to
16                      impair the object's integrity or availability for use in an official
17                      proceeding;
18                 (iii) Evade legal process summoning that person to appear as a
19                      witness or to produce a record, document, or other object in an
20                      official proceeding; or
21                 (iv) Be absent from an official proceeding to which such person has
22                      been summoned by legal process; or
23           (C)   Hinder, delay, or prevent the communication to a law enforcement
24                 officer, prosecuting attorney, or judge of this state of information
25                 relating to the commission or possible commission of a criminal
26                 offense or a violation of conditions of probation, parole, or release
27                 pending judicial proceedings.
28       (2) Any person convicted of a violation of this subsection shall be guilty of a felony
29           and, upon conviction thereof, shall be punished by imprisonment for not less
30           than two nor more than ten years or by a fine of not less than $10,000.00 nor
31           more than $20,000.00, or both.

21

   (A) For the purposes of this Code section, the term "official proceeding" means any hearing or trial conducted by a court of this state or its political subdivisions, a grand jury, or an agency of the executive, legislative, or judicial branches of government of this state or its political subdivisions or authorities.

   (B) An official proceeding need not be pending or about to be instituted at the time of any offense defined in this subsection.

   (C) The testimony, record, document, or other object which is prevented or impeded or attempted to be prevented or impeded in an official proceeding in violation of this Code section need not be admissible in evidence or free of a claim of privilege.

   (D) In a prosecution for an offense under this Code section, no state of mind need be proved with respect to the circumstance:

     (i) That the official proceeding before a judge, court, magistrate, grand jury, or government agency is before a judge or court of this state, a magistrate, a grand jury, or an agency of state or local government; or

     (ii) That the judge is a judge of this state or its political subdivisions or that the law enforcement officer is an officer or employee of the State of Georgia or a political subdivision or authority of the state or a person authorized to act for or on behalf of the State of Georgia or a political subdivision or authority of the state.

   (E) A prosecution under this Code section may be brought in the county in which the official proceeding, whether or not pending or about to be instituted, was intended to be affected or in the county in which the conduct constituting the alleged offense occurred.

(c) Any crime committed in violation of subsection (a) or (b) of this Code section shall be considered a separate offense.

8. O.C.G.A. § 21-2-566: Interference with primaries and elections generally.

Any person who:

22

1           (1) Willfully prevents or attempts to prevent any poll officer from holding any

2               primary or election under this chapter;

3           (2) Uses or threatens violence in a manner that would prevent a reasonable poll

4               officer or actually prevents a poll officer from the execution of his or her duties

5               or materially interrupts or improperly and materially interferes with the

6               execution of a poll officer's duties;

7           (3) Willfully blocks or attempts to block the avenue to the door of any polling place;

8           (4) Uses or threatens violence in a manner that would prevent a reasonable elector

9               from voting or actually prevents any elector from voting;

10           (5) Willfully prepares or presents to any poll officer a fraudulent voter's certificate

11               not signed by the elector whose certificate it purports to be;

12           (6) Knowingly deposits fraudulent ballots in the ballot box;

13           (7) Knowingly registers fraudulent votes upon any voting machine; or

14           (8) Willfully tampers with any electors list, voter's certificate, numbered list of

15               voters, ballot box, voting machine, direct recording electronic (DRE) equipment,

16               electronic ballot marker, or tabulating machine

17 shall be guilty of a felony and, upon conviction thereof, shall be sentenced to

18 imprisonment for not less than one nor more than ten years or to pay a fine not

19 to exceed $100,000.00, or both.

20   9. O.C.G.A. § 21-2-580: Tampering with, damaging, improper preparation of, or

21      prevention of proper operation of voting machines or electronic ballot markers

22      or tabulating machines.

23 Any person who:

24           (1) Unlawfully opens, tampers with, or damages any voting machine or electronic

25               ballot marker or tabulating machine to be used or being used at any primary or

26               election;

27           (2) Willfully prepares a voting machine or an electronic ballot marker or tabulating

28               machine for use in a primary or election in improper order for voting; or

29           (3) Prevents or attempts to prevent the correct operation of such electronic ballot

30               marker or tabulating machine or voting machine

1       shall be guilty of a felony.
2
3    10. O.C.G.A. § 21-2-582: Tampering with, damaging, or preventing of proper
4        operation of direct recording electronic equipment or electronic ballot marker or
5        tabulating machine or device.
6        Any person who tampers with or damages any direct recording electronic
7        (DRE) equipment or electronic ballot marker or tabulating machine or device
8        to be used or being used at or in connection with any primary or election or
9        who prevents or attempts to prevent the correct operation of any direct
10       recording electronic (DRE) equipment or electronic ballot marker or
11       tabulating machine or device shall be guilty of a felony.
12
13   11. O.C.G.A. § 21-2-597: Intentional interference with performance of election
14       duties.
15       Any person who intentionally interferes with, hinders, or delays or attempts
16       to interfere with, hinder, or delay any other person in the performance of any
17       act or duty authorized or imposed by this chapter shall be guilty of a
18       misdemeanor.
19
20   12. O.C.G.A. § 21-2-604: Criminal solicitation to commit election fraud; penalties.
21       (1) A person commits the offense of criminal solicitation to commit election fraud
22           in the first degree when, with intent that another person engage in conduct
23           constituting a felony under this article, he or she solicits, requests, commands,
24           importunes, or otherwise attempts to cause the other person to engage in such
25           conduct.
26       (2) A person commits the offense of criminal solicitation to commit election fraud
27           in the second degree when, with intent that another person engage in conduct
28           constituting a misdemeanor under this article, he or she solicits, requests,
29           commands, importunes, or otherwise attempts to cause the other person to
30           engage in such conduct.

24

1    (b)

2          (1) A person convicted of the offense of criminal solicitation to commit election

3              fraud in the first degree shall be punished by imprisonment for not less than

4              one nor more than three years.

5          (2) A person convicted of the offense of criminal solicitation to commit election

6              fraud in the second degree shall be punished as for a misdemeanor.

7    (c) It is no defense to a prosecution for criminal solicitation to commit election fraud that

8        the person solicited could not be guilty of the crime solicited.

9    (d) The provisions of subsections (a) through (c) of this Code section are cumulative and

10    shall not supersede any other penal law of this state.

11

12

Addendum to Special Purpose Grand Jury Final Report

The undersigned Special Purpose Grand Jury Foreperson and Deputy Foreperson hereby make this Addendum to the Special Purpose Grand Jury Final Report to clarify two matters:

1. Before its dissolution, the Special Purpose Grand Jury voted to recommend that the Special Purpose Grand Jury Final Report be published. The Special Purpose Grand Jury did not recommend a manner or time for such publication.
2. At no time were 24 or more jurors present when evidence was received. 24 jurors, including alternates, were present only at an introductory meeting at the Fulton County Courthouse on May 12, 2022.



Foreperson

Deputy Foreperson