# EXHIBIT 8

Cite as: 595 U. S. ____ (2022) 1

# SUPREME COURT OF THE UNITED STATES

No. 21A272

DONALD J. TRUMP, FORMER PRESIDENT OF THE UNITED STATES *v.* BENNIE G. THOMPSON, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE UNITED STATES HOUSE SELECT COMMITTEE TO INVESTIGATE THE JANUARY 6TH ATTACK ON THE UNITED STATES CAPITOL, ET AL.

ON APPLICATION FOR STAY OF MANDATE AND INJUNCTION PENDING REVIEW

[January 19, 2022]

The application for stay of mandate and injunction pending review presented to THE CHIEF JUSTICE and by him referred to the Court is denied. The questions whether and in what circumstances a former President may obtain a court order preventing disclosure of privileged records from his tenure in office, in the face of a determination by the incumbent President to waive the privilege, are unprecedented and raise serious and substantial concerns. The Court of Appeals, however, had no occasion to decide these questions because it analyzed and rejected President Trump's privilege claims "under any of the tests [he] advocated," *Trump* v. *Thompson*, 20 F. 4th 10, 33 (CADC 2021), without regard to his status as a former President, *id.*, at 40–46. Because the Court of Appeals concluded that President Trump's claims would have failed even if he were the incumbent, his status as a former President necessarily made no difference to the court's decision. *Id.*, at 33 (noting no "need [to] conclusively resolve whether and to what extent a court," at a former President's behest, may "second guess the sitting President's" decision to release privileged

2  TRUMP *v.* THOMPSON

Statement of KAVANAUGH, J.

documents); see also *id.*, at 17 n. 2. Any discussion of the Court of Appeals concerning President Trump's status as a former President must therefore be regarded as nonbinding dicta.

JUSTICE THOMAS would grant the application.

Statement of JUSTICE KAVANAUGH respecting denial of application.

The Court of Appeals suggested that a former President may not successfully invoke the Presidential communications privilege for communications that occurred during his Presidency, at least if the current President does not support the privilege claim. As this Court's order today makes clear, those portions of the Court of Appeals' opinion were dicta and should not be considered binding precedent going forward.

Moreover, I respectfully disagree with the Court of Appeals on that point. A former President must be able to successfully invoke the Presidential communications privilege for communications that occurred during his Presidency, even if the current President does not support the privilege claim. Concluding otherwise would eviscerate the executive privilege for Presidential communications.

As this Court stated in *United States* v. *Nixon*, 418 U. S. 683, 708 (1974), the executive privilege for Presidential communications is rooted in Article II of the Constitution and is "fundamental to the operation of Government." The *Nixon* Court explained that the "importance" of "confidentiality" to the Presidency was "too plain to require" further discussion. *Id.,* at 705. "Human experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process." *Ibid.* Yet a President "and those who assist him must be free to explore alternatives in the process of shaping policies and making decisions and to do so in a way

many would be unwilling to express except privately." *Id.,* at 708. By protecting the confidentiality of those internal communications, the Presidential communications privilege facilitates candid advice and deliberations, and it leads to more informed and better Presidential decisionmaking.

The *Nixon* Court noted, by way of historical example, that the Constitutional Convention was conducted "in complete privacy" and that the records of the Convention remained confidential for more than 30 years. *Id.,* at 705, n. 15. As was true at the Constitutional Convention, the Presidential communications privilege cannot fulfill its critical constitutional function unless Presidents and their advisers can be confident in the present *and* future confidentiality of their advice. If Presidents and their advisers thought that the privilege's protections would terminate at the end of the Presidency and that their privileged communications could be disclosed when the President left office (or were subject to the absolute control of a subsequent President who could be a political opponent of a former President), the consequences for the Presidency would be severe. Without sufficient assurances of *continuing* confidentiality, Presidents and their advisers would be chilled from engaging in the full and frank deliberations upon which effective discharge of the President's duties depends.

To be clear, to say that a former President can invoke the privilege for Presidential communications that occurred during his Presidency does not mean that the privilege is absolute or cannot be overcome. The tests set forth in *Nixon*, 418 U. S., at 713, and *Senate Select Committee on Presidential Campaign Activities* v. *Nixon*, 498 F. 2d 725, 731 (CADC 1974) (en banc), may apply to a former President's privilege claim as they do to a current President's privilege claim. Moreover, it could be argued that the strength of a privilege claim should diminish to some extent as the years pass after a former President's term in office. In all events, the *Nixon* and *Senate Select Committee* tests

4 TRUMP *v.* THOMPSON

Statement of KAVANAUGH, J.

would provide substantial protection for Presidential communications, while still requiring disclosure in certain circumstances.

The Court of Appeals concluded that the privilege claim at issue here would not succeed even under the *Nixon* and *Senate Select Committee* tests. Therefore, as this Court's order today makes clear, the Court of Appeals' broader statements questioning whether a former President may successfully invoke the Presidential communications privilege if the current President does not support the claim were dicta and should not be considered binding precedent going forward.