# EXHIBIT 19



**55235**

**Federal Register**

Vol. 84, No. 199

Tuesday, October 15, 2019

# Presidential Documents

Title 3—

**The President**

Executive Order 13891 of October 9, 2019

**Promoting the Rule of Law Through Improved Agency Guidance Documents**

By the authority vested in me as President by the Constitution and the laws of the United States of America, and in order to ensure that Americans are subject to only those binding rules imposed through duly enacted statutes or through regulations lawfully promulgated under them, and that Americans have fair notice of their obligations, it is hereby ordered as follows:

**Section 1**. *Policy.* Departments and agencies (agencies) in the executive branch adopt regulations that impose legally binding requirements on the public even though, in our constitutional democracy, only Congress is vested with the legislative power. The Administrative Procedure Act (APA) generally requires agencies, in exercising that solemn responsibility, to engage in notice-and-comment rulemaking to provide public notice of proposed regulations under section 553 of title 5, United States Code, allow interested parties an opportunity to comment, consider and respond to significant comments, and publish final regulations in the *Federal Register*.

Agencies may clarify existing obligations through non-binding guidance documents, which the APA exempts from notice-and-comment requirements. Yet agencies have sometimes used this authority inappropriately in attempts to regulate the public without following the rulemaking procedures of the APA. Even when accompanied by a disclaimer that it is non-binding, a guidance document issued by an agency may carry the implicit threat of enforcement action if the regulated public does not comply. Moreover, the public frequently has insufficient notice of guidance documents, which are not always published in the *Federal Register* or distributed to all regulated parties.

Americans deserve an open and fair regulatory process that imposes new obligations on the public only when consistent with applicable law and after an agency follows appropriate procedures. Therefore, it is the policy of the executive branch, to the extent consistent with applicable law, to require that agencies treat guidance documents as non-binding both in law and in practice, except as incorporated into a contract, take public input into account when appropriate in formulating guidance documents, and make guidance documents readily available to the public. Agencies may impose legally binding requirements on the public only through regulations and on parties on a case-by-case basis through adjudications, and only after appropriate process, except as authorized by law or as incorporated into a contract.

**Sec. 2**. *Definitions.* For the purposes of this order:

(a) ''Agency'' has the meaning given in section 3(b) of Executive Order 12866 (Regulatory Planning and Review), as amended.

(b) ''Guidance document'' means an agency statement of general applicability, intended to have future effect on the behavior of regulated parties, that sets forth a policy on a statutory, regulatory, or technical issue, or an interpretation of a statute or regulation, but does not include the following:

(i) rules promulgated pursuant to notice and comment under section 553 of title 5, United States Code, or similar statutory provisions;

(ii) rules exempt from rulemaking requirements under section 553(a) of title 5, United States Code;

(iii) rules of agency organization, procedure, or practice;

(iv) decisions of agency adjudications under section 554 of title 5, United States Code, or similar statutory provisions;

(v) internal guidance directed to the issuing agency or other agencies that is not intended to have substantial future effect on the behavior of regulated parties; or

(vi) internal executive branch legal advice or legal opinions addressed to executive branch officials.

(c) ''Significant guidance document'' means a guidance document that may reasonably be anticipated to:

(i) lead to an annual effect on the economy of $100 million or more or adversely affect in a material way the economy, a sector of the economy, productivity, competition, jobs, the environment, public health or safety, or State, local, or tribal governments or communities;

(ii) create a serious inconsistency or otherwise interfere with an action taken or planned by another agency;

(iii) materially alter the budgetary impact of entitlements, grants, user fees, or loan programs or the rights and obligations of recipients thereof; or

(iv) raise novel legal or policy issues arising out of legal mandates, the President's priorities, or the principles of Executive Order 12866.

(d) ''Pre-enforcement ruling'' means a formal written communication by an agency in response to an inquiry from a person concerning compliance with legal requirements that interprets the law or applies the law to a specific set of facts supplied by the person. The term includes informal guidance under section 213 of the Small Business Regulatory Enforcement Fairness Act of 1996, Public Law 104–121 (Title II), as amended, letter rulings, advisory opinions, and no-action letters.

**Sec. 3**. *Ensuring Transparent Use of Guidance Documents.* (a) Within 120 days of the date on which the Office of Management and Budget (OMB) issues an implementing memorandum under section 6 of this order, each agency or agency component, as appropriate, shall establish or maintain on its website a single, searchable, indexed database that contains or links to all guidance documents in effect from such agency or component. The website shall note that guidance documents lack the force and effect of law, except as authorized by law or as incorporated into a contract.

(b) Within 120 days of the date on which OMB issues an implementing memorandum under section 6 of this order, each agency shall review its guidance documents and, consistent with applicable law, rescind those guidance documents that it determines should no longer be in effect. No agency shall retain in effect any guidance document without including it in the relevant database referred to in subsection (a) of this section, nor shall any agency, in the future, issue a guidance document without including it in the relevant database. No agency may cite, use, or rely on guidance documents that are rescinded, except to establish historical facts. Within 240 days of the date on which OMB issues an implementing memorandum, an agency may reinstate a guidance document rescinded under this subsection without complying with any procedures adopted or imposed pursuant to section 4 of this order, to the extent consistent with applicable law, and shall include the guidance document in the relevant database.

(c) The Director of OMB (Director), or the Director's designee, may waive compliance with subsections (a) and (b) of this section for particular guidance documents or categories of guidance documents, or extend the deadlines set forth in those subsections.

(d) As requested by the Director, within 240 days of the date on which OMB issues an implementing memorandum under section 6 of this order, an agency head shall submit a report to the Director with the reasons for maintaining in effect any guidance documents identified by the Director.

The Director shall provide such reports to the President. This subsection shall apply only to guidance documents existing as of the date of this order.

**Sec. 4.** *Promulgation of Procedures for Issuing Guidance Documents.* (a) Within 300 days of the date on which OMB issues an implementing memorandum under section 6 of this order, each agency shall, consistent with applicable law, finalize regulations, or amend existing regulations as necessary, to set forth processes and procedures for issuing guidance documents. The process set forth in each regulation shall be consistent with this order and shall include:

   (i) a requirement that each guidance document clearly state that it does not bind the public, except as authorized by law or as incorporated into a contract;

   (ii) procedures for the public to petition for withdrawal or modification of a particular guidance document, including a designation of the officials to which petitions should be directed; and

   (iii) for a significant guidance document, as determined by the Administrator of OMB's Office of Information and Regulatory Affairs (Administrator), unless the agency and the Administrator agree that exigency, safety, health, or other compelling cause warrants an exemption from some or all requirements, provisions requiring:

      (A) a period of public notice and comment of at least 30 days before issuance of a final guidance document, and a public response from the agency to major concerns raised in comments, except when the agency for good cause finds (and incorporates such finding and a brief statement of reasons therefor into the guidance document) that notice and public comment thereon are impracticable, unnecessary, or contrary to the public interest;

      (B) approval on a non-delegable basis by the agency head or by an agency component head appointed by the President, before issuance;

      (C) review by the Office of Information and Regulatory Affairs (OIRA) under Executive Order 12866, before issuance; and

      (D) compliance with the applicable requirements for regulations or rules, including significant regulatory actions, set forth in Executive Orders 12866, 13563 (Improving Regulation and Regulatory Review), 13609 (Promoting International Regulatory Cooperation), 13771 (Reducing Regulation and Controlling Regulatory Costs), and 13777 (Enforcing the Regulatory Reform Agenda).

   (b) The Administrator shall issue memoranda establishing exceptions from this order for categories of guidance documents, and categorical presumptions regarding whether guidance documents are significant, as appropriate, and may require submission of significant guidance documents to OIRA for review before the finalization of agency regulations under subsection (a) of this section. In light of the Memorandum of Agreement of April 11, 2018, this section and section 5 of this order shall not apply to the review relationship (including significance determinations) between OIRA and any component of the Department of the Treasury, or to compliance by the latter with Executive Orders 12866, 13563, 13609, 13771, and 13777. Section 4(a)(iii) and section 5 of this order shall not apply to pre-enforcement rulings.

**Sec. 5.** *Executive Orders 12866, 13563, and 13609.* The requirements and procedures of Executive Orders 12866, 13563, and 13609 shall apply to guidance documents, consistent with section 4 of this order.

**Sec. 6.** *Implementation.* The Director shall issue memoranda and, as appropriate, regulations pursuant to sections 3504(d)(1) and 3516 of title 44, United States Code, and other appropriate authority, to provide guidance regarding or otherwise implement this order.

**Sec. 7**. *General Provisions.* (a) Nothing in this order shall be construed to impair or otherwise affect:

(i) the authority granted by law to an executive department or agency, or the head thereof; or

(ii) the functions of the Director of the Office of Management and Budget relating to budgetary, administrative, or legislative proposals.

(b) This order shall be implemented consistent with applicable law and subject to the availability of appropriations.

(c) This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

(d) Notwithstanding any other provision in this order, nothing in this order shall apply:

(i) to any action that pertains to foreign or military affairs, or to a national security or homeland security function of the United States (other than guidance documents involving procurement or the import or export of non-defense articles and services);

(ii) to any action related to a criminal investigation or prosecution, including undercover operations, or any civil enforcement action or related investigation by the Department of Justice, including any action related to a civil investigative demand under 18 U.S.C. 1968;

(iii) to any investigation of misconduct by an agency employee or any disciplinary, corrective, or employment action taken against an agency employee;

(iv) to any document or information that is exempt from disclosure under section 552(b) of title 5, United States Code (commonly known as the Freedom of Information Act); or

(v) in any other circumstance or proceeding to which application of this order, or any part of this order, would, in the judgment of the head of the agency, undermine the national security.

*[Signature: Donald Trump]*

THE WHITE HOUSE,
*October 9, 2019.*

[FR Doc. 2019–22623
Filed 10–11–19; 11:15 am]
Billing code 3295–F0–P