IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STATE OF GEORGIA, <br><br> v. <br><br> JEFFREY BOSSERT CLARK, <br><br> DEFENDANT. | Case No. 1:23-CV-03721-SCJ <br><br> Judge Jones <br><br> On removal from the Fulton County Superior Court |

### DEFENDANT JEFFREY B. CLARK'S DEMAND FOR A JURY TRIAL

Out of an abundance of caution, Defendant Jeffrey B. Clark makes this filing to demand a jury trial, even at this early juncture—prior to completion of the process the Court has crafted for deciding the propriety of removal (a process as to which we reserve all of our rights).

This jury trial demand is made pursuant to Points (1) *and* (2) below:

(1)    *First*, we make the demand under Federal Rule of Criminal Procedure 23(a), which provides that federal criminal trials must be by jury unless (a) the defendant waives a jury trial in writing, (b) the government consents, *and* (c) the court approves (*i.e.*, all three conditions are met). Mr. Clark emphatically ***does not waive his constitutional jury trial right***, and thus application of Federal Rule of Criminal Procedure alone should be sufficient to ensure that, if it becomes necessary

at some point, because this case is not dismissed beforehand (as it should be), that Mr. Clark receives a jury trial in this Court. We thus make this filing only out of an abundance of caution given a provision in Federal Rules of Civil Procedure, as we cover next.

(2)     *Second*, we make the demand under Federal Rule of Civil Procedure 81(c), given our Notice of Removal's inclusion of a removal as to the civil Special Grand Jury Proceedings and the Court's assignment to this case of a civil case number, *i.e.*, Case No. 1:23-cv-03721-SCJ.

   a.     The Special Grand Jury Proceedings that make this action civil, in part, do not provide for an "initial pleading" in the sense that a civil complaint is an initial pleading that requires a defendant to take steps to move to dismiss or answer within a particular period of time. *Compare* Fed. R. Civ. P. 3 & 7(a). Indeed, Mr. Clark does not know the full extent to which he was a subject of the Special Grand Jury's multi-month investigation because those proceedings have not yet been fully discovered, giving appropriate time to Mr. Clark and his counsel to review them. As a result, none of the deadlines set in Rule 81(c)(2) are applicable here. Nevertheless, as noted, Mr. Clark is affirmatively requesting a jury trial to ensure that any potential application of Rule 81(c) does not prejudice his constitutional right to a jury.

   b. Rule 81(c)(3)(A) notes that state law bearing on jury trial rights can

sometimes have consequences for securing jury trial rights in federal court in removed cases. As relevant here, that particular sub-provision of Rule 81(c) states that "If the state law did not require an express demand for a jury trial, a party need not make one after removal unless a court orders the parties to do so within a specified time." Fed. R. Civ. P. 81(c)(3)(A). *Carleton v. State*, 176 Ga. App. 399 (1985), a criminal case, holds that there was no time limit for a defendant to demand that he be afforded a jury trial. *See also Brumbalow v. State*, 128 Ga. App. 581, 581 (1973) ("The right of trial by jury in criminal prosecutions is a great constitutional right of which the accused cannot be deprived except of his own accord.") (internal quotation marks omitted).

c. Hence, even if Rule 81(c)(3)(A) applied here as against Federal Rule of Criminal Procedure 23(a), it is still the case that Mr. Clark "need not make one [*i.e.,* a jury trial demand] after removal unless a court orders the parties to do so within a specified time." Fed. R. Civ. P. 81(c)(3)(A). And, of course, this Court has not set a jury trial deadline here, for Mr. Clark or—to our knowledge—for any removing defendant concerning the Indictment announced by District Attorney Willis on August 14, 2023.

      d.    Finally, for the sake of logical completeness, Rule 81(c)(3)(B) is inapplicable here for the same reasons noted above—namely, there are no relevant civil pleadings here as to Georgia's uniquely designed civil Special Grand Jury Proceedings. Hence, the time limits in Rule 81(c)(3)(B) are also irrelevant.

## CONCLUSION

For the foregoing reasons, whether this removed case is considered a criminal case, a civil case, or a hybrid of the two, Mr. Clark has clearly demanded a jury trial, as is his constitutional right, and has done so on a timely basis. This Court should thus confirm the demand and its timeliness.

Respectfully submitted, this 18th day of September 2023.

| | |
|---|---|
| **CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP** | **BERNARD & JOHNSON, LLC** |
| /s/ Harry W. MacDougald<br>Harry W. MacDougald<br>Ga. Bar No. 463076<br>Two Ravinia Drive<br>Suite 1600<br>Atlanta, GA 30346<br>(404) 843-1956<br>hmacdougald@ccedlaw.com | Catherine S. Bernard<br>Ga. Bar No. 505124<br>5 Dunwoody Park, Suite 100<br>Atlanta, Georgia 30338<br>Direct phone: 404.432.8410<br>catherine@justice.law |

Attorneys for Jeffrey B. Clark

## CERTIFICATE OF COMPLIANCE WITH

## L.R. 5.1

The undersigned hereby certifies that this filing was prepared in the Times New Roman size 14 font in compliance with L.R. 5.1.

This this 18th day of September 2023.

>  /s/ Harry W. MacDougald
>  Georgia Bar No. 463076
>  *Attorney for Defendant*

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Demand for a Jury Trial* was hereby filed on this 18th day of September 2023 with the Court's electronic filing system which causes service to be made upon all counsel of record.

This 18th day of September 2023.

                                            */s/ Harry W. MacDougald*
                                            Georgia Bar No. 463076
                                            *Attorney for Defendant*

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com