# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA
### 2211 UNITED STATES COURTHOUSE
### 75 TED TURNER DRIVE, SW
### ATLANTA, GEORGIA 30303-3361

KEVIN P. WEIMER
DISTRICT COURT EXECUTIVE
 AND CLERK OF COURT

DOCKETING SECTION
404-215-1655

October 10, 2023

Clerk's Office
U.S. Court of Appeals
Eleventh Circuit
56 Forsyth Street, NW
Atlanta, Georgia     30303

**U.S.D.C. No.:** 1:23-cv-3721-SCJ
**U.S.C.A. No.:** 00-00000-00
**In re:**          **The State of Georgia v. Jeffrey Bossert Clark**

Enclosed are documents regarding an appeal in this matter.   Please acknowledge receipt on the enclosed copy of this letter.

| | |
|---|---|
| **X** | **Certified copies of the Notice of Appeal, Clerk's Judgment, Opinion & Order and Docket Sheet appealed enclosed.** |
| ____ | This is not the first notice of appeal. Other notices were filed on . |
| ____ | There is no transcript. |
| **X** | **The court reporter is Penny Coudriet.** |
| ____ | There is sealed material as described below: . |
| ____ | Other: . |
| **X** | **Fees paid electronically on 10/9/23. (Receipt# AGANDC-12936395)** |
| ____ | Appellant has been   leave to proceed *in forma pauperis*. |
| ____ | This is a bankruptcy appeal.   The Bankruptcy Judge is . |
| ____ | The Magistrate Judge is . |
| **X** | **The District Judge is Steve C. Jones.** |
| ____ | This is a **DEATH PENALTY** appeal. |

Sincerely,

Kevin P. Weimer
District Court Executive
and Clerk of Court

By:  /s/P. McClam
Deputy Clerk

4months,APPEAL,CLOSED

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:23−cv−03721−SCJ</u>

The State of Georgia v. Clark

Assigned to: Judge Steve C. Jones

Related−miscellaneous Cases:   1:23−cv−03621−SCJ

                            1:23−cv−03720−SCJ

                            1:23−cv−03792−SCJ

                            1:23−cv−03803−SCJ

Case in other court:  Fulton County Superior Court, 23SC188947

Cause: 28:1442 Petition for Removal − Suit against Federal Officer

Date Filed: 08/21/2023

Date Terminated: 09/29/2023

Jury Demand: Defendant

Nature of Suit: 441 Civil Rights: Voting

Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**The State of Georgia**

represented by

**Fani T. Willis**
Fulton County District Attorney's Office
136 Pryor Street
Atlanta, GA 30303
404−612−8904
Email: fani.willisda@fultoncountyga.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathan J. Wade**
Fulton County District Attorney's Office
3rd Floor
136 Pryor Street, SW
Atlanta, GA 30303
770−303−0700
Fax: 770−303−0707
Email: nathanwade@lawyer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Ney**
Office of the Fulton County District Attorney
Third Floor
136 Pryor Street, S.W.
Atlanta, GA 30303
404−606−0783
Email: ney.adam@gmail.com
*ATTORNEY TO BE NOTICED*

**Alex Bernick**
Fulton County District Attorney's Office

1

136 Pryor Street SW
3rd Floor
Atlanta, GA 30303
404–698–5506
Email: alex.bernick@fultoncountyga.gov
*ATTORNEY TO BE NOTICED*

**Anna Green Cross**
Office of the Fulton County District
Attorney
Third Floor
136 Pryor Street, S.W.
Atlanta, GA 30303
404–948–3022
Email: anna@crosskincaid.com
*ATTORNEY TO BE NOTICED*

**Daysha D'Anya Young**
Fulton County
District Attorney's Office
136 Pryor Street
3rd Floor
Atlanta, GA 30303
470–637–1920
Email: daysha.young@fultoncountyga.gov
*ATTORNEY TO BE NOTICED*

**Francis McDonald Wakeford , IV**
Fulton County District Attorney's Office
3rd Floor
136 Pryor Street, SW
Atlanta, GA 30303
404–613–4670
Email: fmcdonald.wakeford@fultoncountyga.gov
*ATTORNEY TO BE NOTICED*

**John Earl Floyd**
Bondurant Mixson & Elmore, LLP
1201 West Peachtree Street, N.W.
Ste 3900
Atlanta, GA 30309–3417
404–881–4100
Email: floyd@bmelaw.com
*ATTORNEY TO BE NOTICED*

**John William Wooten**
Fulton County District Attorney's Office
136 Pryor Street SW
3rd Floor
Atlanta, GA 30303
404–612–6560
Email: will.wooten@fultoncountyga.gov

*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Jeffrey Bossert Clark**     represented by   **Harry W. MacDougald**
Caldwell, Carlson, Elliott & DeLoach, LLP
2 Ravinia Dr.
Ste 1600
Atlanta, GA 30346
404–843–1956
Fax: 404–843–2737
Email: hmacdougald@CCEDlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Scott Bernard**
Bernard & Johnson, LLC
5 Dunwoody Park, Ste 100
Atlanta, GA 30338
404–432–8410
Fax: 404–592–9089
Email: catherine@justice.law
*ATTORNEY TO BE NOTICED*

**Amicus**

**Former Judges, Prosecutors, and State**     represented by   **Daniel Volchok**
**and Federal Executive Officials**
Wilmer Cutler Pickering Hale and Dorr
LLP –DC
2100 Pennsylvania Avenue, NW
Washington, DC 20037
202–663–6103
Fax: 202–663–6363
Email: daniel.volchok@wilmerhale.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Fred Wertheimer**
Democracy 21 Education Fund
2000 Massachusetts Ave. NW
Washington, DC 20036
202–355–9600
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph Michael Meyer**
Wilmer Cutler Pickering Hale and Dorr
LLP –DC
2100 Pennsylvania Avenue, NW

3

Washington, DC 20037
202–663–6030
Email: joseph.meyer@wilmerhale.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Seth P. Waxman**
Wilmer Cutler Pickering Hale and Dorr
LLP –DC
2100 Pennsylvania Avenue, NW
Washington, DC 20037
202–663–6800
Fax: 202–663–6363
Email: seth.waxman@wilmerhale.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Thomas Morgan , III**
J. Tom Morgan, Attorney, LLC
Suite 425
160 Clairmont Avenue
Decatur, GA 30030
404–687–1002
Email: jtom@jtommorganlaw.com
*ATTORNEY TO BE NOTICED*

**Movant**

**David Andrew Christenson**
*TERMINATED: 08/29/2023*

represented by  **David Andrew Christenson**
P.O. Box 9063
Miramar Beach, FL 32550
504–715–3086
PRO SE

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/21/2023 | 1 | | NOTICE OF REMOVAL with CRIMINAL INDICTMENT filed by Jeffrey Bossert Clark. (Filing fee $ 402 receipt number AGANDC–12831134) (Attachments: # 1 Exhibit A–1, # 2 Exhibit A–2, # 3 Exhibit A–3, # 4 Exhibit A–4, # 5 Exhibit A–5, # 6 Exhibit A–6, # 7 Exhibit A–7, # 8 Exhibit A–8, # 9 Exhibit A–9, # 10 Declaration of Harry W. MacDougald, # 11 Exhibit B–001, # 12 Exhibit B–002, # 13 Exhibit B–003, # 14 Exhibit B–004, # 15 Exhibit B–005, # 16 Exhibit B–006, # 17 Exhibit B–007, # 18 Exhibit B–008, # 19 Exhibit B–009, # 20 Exhibit B–010, # 21 Exhibit B–011, # 22 Exhibit B–012, # 23 Exhibit B–013, # 24 Exhibit B–014, # 25 Exhibit B–015, # 26 Exhibit B–016, # 27 Exhibit B–017, # 28 Exhibit B–018, # 29 Exhibit B–019, # 30 Exhibit B–020, # 31 Exhibit B–021, # 32 Exhibit B–022, # 33 Exhibit B–023, # 34 Exhibit B–024, # 35 Exhibit B–025, # 36 Exhibit B–026, # 37 Exhibit B–027, # 38 Exhibit B–028, # 39 Exhibit B–029, # 40 Exhibit B–030, # 41 Exhibit B–031, # 42 Exhibit B–032, # 43 Exhibit B–033, # 44 Exhibit B–034, # |

<u>45</u> Exhibit B−035, # <u>46</u> Exhibit B−036, # <u>47</u> Exhibit B−037, # <u>48</u> Exhibit B−038, # <u>49</u> Exhibit B−039, # <u>50</u> Exhibit B−040, # <u>51</u> Exhibit B−041, # <u>52</u> Exhibit B−042, # <u>53</u> Exhibit B−043, # <u>54</u> Exhibit B−044, # <u>55</u> Exhibit B−045, # <u>56</u> Exhibit B−046, # <u>57</u> Exhibit B−047, # <u>58</u> Exhibit B−048, # <u>59</u> Exhibit B−049, # <u>60</u> Exhibit B−050, # <u>61</u> Exhibit B−051, # <u>62</u> Exhibit B−052, # <u>63</u> Exhibit B−053, # <u>64</u> Exhibit B−054, # <u>65</u> Exhibit B−055, # <u>67</u> Exhibit B−056, # <u>68</u> Exhibit B−057, # <u>69</u> Exhibit B−058, # <u>70</u> Exhibit B−059, # <u>71</u> Exhibit B−060, # <u>72</u> Exhibit B−061, # <u>73</u> Exhibit B−062, # <u>74</u> Exhibit B−063, # <u>75</u> Exhibit B−064, # <u>76</u> Exhibit B−065, # <u>77</u> Exhibit B−066, # <u>78</u> Exhibit B−067, # <u>79</u> Exhibit B−068, # <u>80</u> Exhibit B−069, # <u>81</u> Exhibit B−070, # <u>82</u> Exhibit B−071, # <u>83</u> Exhibit B−072, # <u>84</u> Exhibit B−073, # <u>85</u> Exhibit B−074, # <u>86</u> Exhibit B−075, # <u>87</u> Exhibit B−076, # <u>88</u> Exhibit B−077, # <u>89</u> Exhibit B−078, # <u>90</u> Exhibit B−079, # <u>91</u> Exhibit B−080, # <u>92</u> Exhibit B−081, # <u>93</u> Exhibit B−082, # <u>94</u> Exhibit B−083, # <u>95</u> Exhibit B−084, # <u>96</u> Exhibit B−085, # <u>97</u> Exhibit B−086, # <u>98</u> Exhibit B−087, # <u>99</u> Exhibit B−088, # <u>100</u> Exhibit B−089, # <u>101</u> Exhibit B−090, # <u>102</u> Exhibit B−091, # <u>103</u> Exhibit B−092, # <u>104</u> Exhibit B−093, # <u>105</u> Exhibit B−094, # <u>106</u> Exhibit B−095, # <u>107</u> Exhibit B−096, # <u>108</u> Exhibit B−097, # <u>109</u> Exhibit B−098, # <u>110</u> Exhibit B−099, # <u>111</u> Exhibit B−100, # <u>112</u> Exhibit B−101, # <u>113</u> Exhibit B−102, # <u>114</u> Exhibit B−103, # <u>115</u> Exhibit B−104, # <u>116</u> Exhibit B−105, # <u>117</u> Exhibit B−106, # <u>118</u> Exhibit B−107, # <u>119</u> Exhibit B−108, # <u>120</u> Exhibit B−109, # <u>121</u> Exhibit B−110, # <u>122</u> Exhibit B−111, # <u>123</u> Exhibit B−112, # <u>124</u> Exhibit B−113, # <u>125</u> Exhibit B−114, # <u>126</u> Exhibit B−115, # <u>127</u> Exhibit B−116, # <u>128</u> Exhibit B−117, # <u>129</u> Exhibit B−118, # <u>130</u> Exhibit B−119, # <u>131</u> Exhibit B−120, # <u>132</u> Exhibit B−121, # <u>133</u> Exhibit B−122, # <u>134</u> Exhibit B−123, # <u>135</u> Exhibit B−124, # <u>136</u> Exhibit B−125, # <u>137</u> Exhibit B−126, # <u>138</u> Exhibit B−127, # <u>139</u> Exhibit B−128, # <u>140</u> Exhibit B−129, # <u>141</u> Exhibit B−130, # <u>142</u> Exhibit B−131, # <u>143</u> Exhibit B−132, # <u>144</u> Exhibit B−133, # <u>145</u> Exhibit B−134, # <u>146</u> Exhibit B−135, # <u>147</u> Exhibit B−136, # <u>148</u> Exhibit B−137, # <u>149</u> Exhibit B−138, # <u>150</u> Exhibit B−139, # <u>151</u> Exhibit B−140, # <u>152</u> Exhibit B−141, # <u>153</u> Exhibit B−142, # <u>154</u> Exhibit B−143, # <u>155</u> Exhibit B−144, # <u>156</u> Exhibit B−145, # <u>158</u> Exhibit B−146, # <u>159</u> Exhibit B−147, # <u>160</u> Exhibit B−148, # <u>161</u> Exhibit B−149, # <u>162</u> Exhibit B−150, # <u>163</u> Exhibit B−151, # <u>164</u> Exhibit B−152, # <u>165</u> Exhibit B−153, # <u>166</u> Exhibit B−154, # <u>167</u> Exhibit B−155, # <u>168</u> Exhibit B−156, # <u>169</u> Exhibit B−157, # <u>170</u> Exhibit B−158, # <u>171</u> Exhibit B−159, # <u>172</u> Exhibit B−160, # <u>173</u> Exhibit B−161, # <u>174</u> Exhibit B−162, # <u>175</u> Exhibit B−163, # <u>176</u> Exhibit B−164, # <u>177</u> Exhibit B−165, # <u>178</u> Exhibit B−166, # <u>179</u> Exhibit B−167, # <u>180</u> Exhibit B−168, # <u>181</u> Exhibit B−169, # <u>182</u> Exhibit B−170, # <u>183</u> Exhibit B−171, # <u>184</u> Exhibit B−172, # <u>185</u> Exhibit B−173, # <u>186</u> Exhibit B−174, # <u>187</u> Civil Cover Sheet) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (bgt) (Entered: 08/22/2023)

| Date | No. | Description |
|------|-----|-------------|
| 08/21/2023 | <u>2</u> | Emergency MOTON to Confirm Applicability of Automatic Stay Under 28 U.S.C. § 1446(D) or the Triggering of the Stay in 28 U.S.C. § 1455(B)(5) or Both − or in the Alternative for an Administrative Stay by Jeffrey Bossert Clark. (bgt) (Entered: 08/22/2023) |
| 08/22/2023 | <u>3</u> | ORDER directing the Fulton County District Attorneys' Office, who is prosecuting the underlying State criminal case, to respond to Defendant Jeffery Clark's Emergency Motion to Stay the State Criminal Proceeding <u>2</u> by 3 p.m. |

| | | | |
|---|---|---|---|
| | | | tomorrow, Wednesday August 23, 2023. This response may not exceed 25 pages. No reply will be permitted. Signed by Judge Steve C. Jones on 08/22/2023. (ddm) (Entered: 08/22/2023) |
| 08/22/2023 | 4 | | NOTICE Of Filing *Exhibit C to Notice of Removal* 1 filed by Jeffrey Bossert Clark. (MacDougald, Harry) Modified on 8/23/2023 to edit docket text (ddm). (Entered: 08/22/2023) |
| 08/22/2023 | 5 | | *Amended Certificate of Service* re 1 Notice of Removal, 2 MOTION to Stay filed by Jeffrey Bossert Clark. (MacDougald, Harry) Modified on 8/23/2023 to edit docket text (ddm). (Entered: 08/22/2023) |
| 08/23/2023 | 6 | | NOTICE of Appearance by Francis McDonald Wakeford, IV on behalf of The State of Georgia (Wakeford, Francis) (Entered: 08/23/2023) |
| 08/23/2023 | 7 | | NOTICE of Appearance by John Wooten on behalf of The State of Georgia (Wooten, John) (Entered: 08/23/2023) |
| 08/23/2023 | 8 | | RESPONSE in Opposition re 2 MOTION to Stay filed by The State of Georgia. (Attachments: # 1 Exhibit Fulton County Superior Court's Order Denying Motion to Quash)(Wakeford, Francis) (Entered: 08/23/2023) |
| 08/23/2023 | 9 | | ORDER denying Clark's Emergency Motion to Stay of the State's criminal proceedings (Doc. No. 2 ), inclusive of the alternative motion for an administrative stay. The Court specifically finds that, pursuant to 28 U.S.C. § 1455(b)(3), the Fulton County proceedings remain ongoing at this time as there has been no triggering of a stay under 28 U.S.C. § 1455(b)(5). Moreover, the Court denies Clark's request to enter an administrative stay because Clark did not cite any authority for the Court to enter a temporary administrative stay (Doc. No. 2 , 78), various abstention doctrines and principals of federalism counsel against a federal court entering a stay of a state court's judicial proceedings (see Doc. No. 8 , 9–12), and Section 1455's statutory framework indicates the Fulton County proceedings should presently continue despite the notice of removal. Finally, at this time, the Court declines to comment further on Clark's arguments relating to the purported civil removal of the Special Grand Jury Proceedings or the consequences of such determination under 28 U.S.C. § 1446. Signed by Judge Steve C. Jones on 8/23/23. (rsg) (Entered: 08/23/2023) |
| 08/23/2023 | 10 | | APPLICATION for Admission of Seth Waxman Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837311).by Former Judges, Prosecutors, and State and Federal Executive Officials. (Morgan, John) Documents for this entry are not available for viewing outside the courthouse. Modified on 8/24/2023 to remove all caps from docket text (rvb). (Entered: 08/23/2023) |
| 08/23/2023 | 11 | | APPLICATION for Admission of Daniel Volchok Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837322).by Former Judges, Prosecutors, and State and Federal Executive Officials. (Morgan, John) Documents for this entry are not available for viewing outside the courthouse. Modified on 8/24/2023 to remove all caps from docket text (rvb). (Entered: 08/23/2023) |
| 08/23/2023 | 12 | | APPLICATION for Admission of Joseph Meyer Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837325).by Former Judges, Prosecutors, and State and Federal Executive Officials. (Morgan, John) Documents for this entry are not available for viewing outside the courthouse. Modified on |

| | | |
|---|---|---|
| | | 8/24/2023 to remove all caps from docket text (rvb). (Entered: 08/23/2023) |
| 08/23/2023 | 13 | MOTION for Leave to File *Brief* by Former Judges, Prosecutors, and State and Federal Executive Officials. (Attachments: # 1 Brief)(Morgan, John) Modified on 8/24/2023 to remove all caps from docket text (rvb). (Entered: 08/23/2023) |
| 08/23/2023 | 14 | APPLICATION for Admission of Fred Wertheimer Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837346).by Former Judges, Prosecutors, and State and Federal Executive Officials. (Morgan, John) <span style="color:red">Documents for this entry are not available for viewing outside the courthouse.</span> Modified on 8/24/2023 to remove all caps from docket text (rvb). (Entered: 08/23/2023) |
| 08/24/2023 | 15 | ORDER re 1 Notice of Removal filed by Jeffrey Bossert Clark. The Court concludes the face of the Notice of Removal 1 and its attachments do not clearly indicate that summary remand of this matter is required. No opinion is being made at this time about whether removal will be permitted or if any of Clark's federal defenses are meritorious. Pursuant to 28 U.S.C. § 1455(b)(5), the Court ORDERS that the Parties participate in an evidentiary hearing concerning the Notice of Removal of the Indictment against Jeffrey Bossert Clark on Monday, September 18, 2023, at 9:30 A.M. at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia, in Courtroom 1907. The Fulton County District Attorneys Office may submit a written response to Clark's Notice of Removal no later than Tuesday September 5, 2023.Any response submitted must not exceed 25 pages in length. Signed by Judge Steve C. Jones on 8/24/2023. (pdw) (Entered: 08/24/2023) |
| 08/24/2023 | 22 | MOTION to Intervene by David Andrew Christenson. (rsg) (Entered: 08/28/2023) |
| 08/25/2023 | | RETURN of 10 APPLICATION for Admission of Seth Waxman Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837311) to attorney for correction. Reason for Return: The font size and margins on your application are not in compliance with this Court's Local Rules. Please use the PHV application on this Court's website. After you complete the application, select submit and print to PDF. (rvb) (Entered: 08/25/2023) |
| 08/25/2023 | | RETURN of 11 APPLICATION for Admission of Daniel Volchok Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837322) to attorney for correction. Reason for Return: The font size and margins on your application are not in compliance with this Court's Local Rules. Please use the PHV application on this Court's website. After you complete the application, select submit and print to PDF. (rvb) (Entered: 08/25/2023) |
| 08/25/2023 | | RETURN of 12 APPLICATION for Admission of Joseph Meyer Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837325) to attorney for correction. Reason for Return: The font size and margins on your application are not in compliance with this Court's Local Rules. Please use the PHV application on this Court's website. After you complete the application, select submit and print to PDF. (rvb) (Entered: 08/25/2023) |
| 08/25/2023 | 16 | NOTICE Of Filing Correction to Application for Admission of Seth Waxman Pro Hac Vice by Former Judges, Prosecutors, and State and Federal Executive Officials re Return of Application for Admission Pro Hac Vice, (Morgan, John) (Entered: 08/25/2023) |

| 08/25/2023 | 17 | | NOTICE Of Filing Correction to Application for Admission of Daniel Volchok Pro Hac Vice by Former Judges, Prosecutors, and State and Federal Executive Officials re Return of Application for Admission Pro Hac Vice, (Morgan, John) (Entered: 08/25/2023) |
|---|---|---|---|
| 08/25/2023 | 18 | | NOTICE Of Filing Correction to Application for Admission of Joseph Meyer Pro Hac Vice by Former Judges, Prosecutors, and State and Federal Executive Officials re Return of Application for Admission Pro Hac Vice, (Morgan, John) (Entered: 08/25/2023) |
| 08/25/2023 | 19 | | APPLICATION for Admission of Seth Waxman Pro Hac Vice.by Former Judges, Prosecutors, and State and Federal Executive Officials. (Morgan, John) Documents for this entry are not available for viewing outside the courthouse. (Entered: 08/25/2023) |
| 08/25/2023 | 20 | | APPLICATION for Admission of Daniel Volchok Pro Hac Vice.by Former Judges, Prosecutors, and State and Federal Executive Officials. (Morgan, John) Documents for this entry are not available for viewing outside the courthouse. (Entered: 08/25/2023) |
| 08/25/2023 | 21 | | APPLICATION for Admission of Joseph Meyer Pro Hac Vice.by Former Judges, Prosecutors, and State and Federal Executive Officials. (Morgan, John) Documents for this entry are not available for viewing outside the courthouse. (Entered: 08/25/2023) |
| 08/25/2023 | | | APPROVAL by Clerks Office re: 14 APPLICATION for Admission of Fred Wertheimer Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837346). Attorney Fred Wertheimer added appearing on behalf of Former Judges, Prosecutors, and State and Federal Executive Officials. E−filing access may be requested after an order granting the application is entered. (rvb) (Entered: 08/25/2023) |
| 08/25/2023 | | | APPROVAL by Clerks Office re: 19 APPLICATION for Admission of Seth Waxman Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837311). Attorney Seth P. Waxman added appearing on behalf of Former Judges, Prosecutors, and State and Federal Executive Officials. E−filing access may be requested after an order granting the application is entered. (rvb) (Entered: 08/25/2023) |
| 08/25/2023 | | | APPROVAL by Clerks Office re: 20 APPLICATION for Admission of Daniel Volchok Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837322). Attorney Daniel Volchok added appearing on behalf of Former Judges, Prosecutors, and State and Federal Executive Officials. E−filing access may be requested after an order granting the application is entered. (rvb) (Entered: 08/25/2023) |
| 08/25/2023 | | | APPROVAL by Clerks Office re: 21 APPLICATION for Admission of Joseph Meyer Pro Hac Vice (Application fee $ 150, receipt number AGANDC−12837325). Attorney Joseph Michael Meyer added appearing on behalf of Former Judges, Prosecutors, and State and Federal Executive Officials. E−filing access may be requested after an order granting the application is entered. (rvb) (Entered: 08/25/2023) |
| 08/25/2023 | | | DOCKET ORDER granting 14 Application for Admission Pro Hac Vice of Fred Wertheimer. Entered by Judge Steve C. Jones on 8/25/2023. If the applicant |

| | | |
|---|---|---|
| | | does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(pdw) (Entered: 08/25/2023) |
| 08/25/2023 | | DOCKET ORDER granting 19 Application for Admission Pro Hac Vice of Seth Waxman. Entered by Judge Steve C. Jones on 8/25/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(pdw) (Entered: 08/25/2023) |
| 08/25/2023 | | DOCKET ORDER granting 20 Application for Admission Pro Hac Vice of Daniel Volchok. Entered by Judge Steve C. Jones on 8/25/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(pdw) (Entered: 08/25/2023) |
| 08/25/2023 | | DOCKET ORDER granting 21 Application for Admission Pro Hac Vice of Joseph Meyer. Entered by Judge Steve C. Jones on 8/25/2023. If the applicant does not have CM/ECF access in the Northern District of Georgia already, they must request access at http://pacer.gov. If they have electronically filed in this district in a previous case, please omit this step.(pdw) (Entered: 08/25/2023) |
| 08/29/2023 | 23 | ORDER denying Mr. Christenson's 22 Motion to Intervene. Other than the timeliness of his motion, Mr. Christenson has not shown that he has any basis, under the Federal Rules of Civil Procedure, to intervene as of right or otherwise. Signed by Judge Steve C. Jones on 8/29/23. (rsg) (Entered: 08/29/2023) |
| 08/29/2023 | | Clerk's Certificate of Mailing as to David Andrew Christenson re 23 Order on Motion to Intervene. (rsg) (Entered: 08/29/2023) |
| 08/30/2023 | 24 | NOTICE of Appearance by Anna Green Cross on behalf of The State of Georgia (Cross, Anna) (Entered: 08/30/2023) |
| 08/30/2023 | 25 | MOTION for Extension of Time to File Response to Notice of Removal re: 15 Order,,,, Set Deadlines/Hearings,,, by The State of Georgia. (Wakeford, Francis) (Entered: 08/30/2023) |
| 08/31/2023 | 26 | ORDER granting 25 MOTION for Extension of Time to File Response to Notice of Removal. The State is hereby ORDERED to submit its response to Clark's Notice of Removal by Friday, September 8, 2023. Signed by Judge Steve C. Jones on 8/31/23. (rsg) (Entered: 08/31/2023) |
| 09/01/2023 | 27 | NOTICE of Appearance by John Earl Floyd on behalf of The State of Georgia (Floyd, John) (Entered: 09/01/2023) |
| 09/08/2023 | 28 | RESPONSE re 1 Notice of Removal,,,,,,,,,,,,,,,, filed by The State of Georgia. (Attachments: # 1 Exhibit Draft Letter, # 2 Exhibit Excerpt – Donoghue SJC Transcript, # 3 Exhibit Clark 12.28.20 email, # 4 Exhibit Donoghue 12.28.20 email, # 5 Exhibit Holder Memo 5.11.09, # 6 Exhibit Excerpt – Rosen SJC Transcript, # 7 Exhibit Excerpt – Klukowski J6 Transcript, # 8 Exhibit Excerpt – JM and CFR)(Wakeford, Francis) (Entered: 09/08/2023) |
| 09/08/2023 | 29 | NOTICE Of Filing Deposition of Richard Donoghue Taken on August 6, 2021 by The State of Georgia (Attachments: # 1 Richard Donoghue Deposition)(Wooten, John) (Entered: 09/08/2023) |

| 09/08/2023 | 30 | | NOTICE Of Filing Deposition of Jeffrey Rosen Taken on August 7, 2021 by The State of Georgia (Attachments: # 1 Jeffrey Rosen Deposition)(Wooten, John) (Entered: 09/08/2023) |
| 09/08/2023 | 31 | | NOTICE Of Filing Deposition of Kenneth Klukowski Taken on December 15, 2021 by The State of Georgia (Attachments: # 1 Kenneth Klukowski Deposition)(Wooten, John) (Entered: 09/08/2023) |
| 09/10/2023 | 32 | | NOTICE Of Filing by Jeffrey Bossert Clark re 1 Notice of Removal,,,,,,,,,,,,,,,,, *Supplement to Notice of Removal* (Attachments: # 1 Exhibit Order Entering Special Purpose Grand Jury's Final Report Into Court record)(MacDougald, Harry) (Entered: 09/10/2023) |
| 09/11/2023 | 33 | | ADMINSTRATIVE ORDER NO. 23–04: IN RE USE OF CELLULAR TELEPHONES AND ELECTRONIC DEVICES ON THE 19TH FLOOR OF THE RICHARD B. RUSSELL BUILDING ON SEPTEMBER 18 AND SEPTEMBER 20, 2023. Signed by Chief Judge Timothy C. Batten, Sr. on 9/11/2023. (bgt) (Entered: 09/11/2023) |
| 09/11/2023 | 34 | | NOTICE of Appearance by Catherine Scott Bernard on behalf of Jeffrey Bossert Clark (Bernard, Catherine) (Entered: 09/11/2023) |
| 09/11/2023 | 35 | | Pro Se MOTION for Reconsideration of 23 Order filed by David Andrew Christenson. (ddm) (Entered: 09/12/2023) |
| 09/12/2023 | | | Submission of 13 MOTION for Leave to File *Brief* by Former Judges, Prosecutors, and State and Federal Executive Officials to District Judge Steve C. Jones. (pdw) (Entered: 09/12/2023) |
| 09/13/2023 | 36 | | ORDER denying Mr. Christenson's 35 MOTION for Reconsideration re 23 Order on Motion to Intervene. Mr. Christenson made no showing of necessity for reconsideration. Furthermore, Mr. Christenson has a lengthy history of submitting motions to intervene and various correspondence related to high–profile cases before the Eleventh Circuit Court of Appeals. Accordingly, the Court DIRECTS the Clerk of Court to not docket any future filings by Mr. Christenson in the case sub judice. The Clerk shall instead hold said matters in abatement in a miscellaneous case file. Mr. Christenson is hereby warned that any future filings in cases in which he is not a named party that are deemed frivolous by the presiding judge may lead to sanctions. Signed by Judge Steve C. Jones on 9/13/23. (rsg) (Entered: 09/13/2023) |
| 09/13/2023 | | | Clerk's Certificate of Mailing as to David Andrew Christenson re 36 Order on Motion for Reconsideration. (rsg) (Entered: 09/13/2023) |
| 09/13/2023 | 37 | | ORDER ALLOWING AUDIO/VISUAL EQUIPMENT IN THE COURTROOM for counsel on September 18, 2023 at 9:30 a.m.. Signed by Judge Steve C. Jones on 9/13/23. (rsg) (Entered: 09/13/2023) |
| 09/13/2023 | 38 | | NOTICE of Appearance by Adam Ney on behalf of The State of Georgia (Ney, Adam) (Entered: 09/13/2023) |
| 09/13/2023 | 39 | | NOTICE of Appearance by Alex Bernick on behalf of The State of Georgia (Bernick, Alex) (Entered: 09/13/2023) |
| 09/14/2023 | 40 | | (FILED IN ERROR) NOTICE of Appearance by Daysha D'Anya Young on behalf of The State of Georgia. (Young, Daysha) Modified on 9/14/2023 to note |

| | | |
|---|---|---|
| | | wrong PDF was attached and attorney has been directed to refile pleading (ddm). (Entered: 09/14/2023) |
| 09/14/2023 | 41 | REPLY in Support of Removal filed by Jeffrey Bossert Clark. (MacDougald, Harry) Modified on 9/15/2023 to edit docket text (ddm). (Entered: 09/14/2023) |
| 09/14/2023 | 42 | DECLARATION of Jeffrey Bossert Clark in re 41 Pretrial Memorandum by Jeffrey Bossert Clark. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(MacDougald, Harry) Modified on 9/15/2023 to edit docket text (ddm). (Entered: 09/14/2023) |
| 09/14/2023 | 43 | NOTICE Of Filing by Jeffrey Bossert Clark re 41 Pretrial Memorandum, 42 Affidavit (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit)(MacDougald, Harry) (Entered: 09/14/2023) |
| 09/15/2023 | 44 | NOTICE of Appearance by Daysha D'Anya Young on behalf of The State of Georgia (Young, Daysha) (Entered: 09/15/2023) |
| 09/15/2023 | 45 | CERTIFICATE OF SERVICE filed by The State of Georgia *of Subpoena upon Joseph Harold Hunt* (Attachments: # 1 Subpoena upon Joseph Harold Hunt)(Wooten, John) (Entered: 09/15/2023) |
| 09/15/2023 | 46 | ORDER granting 13 Motion for Leave to File as Amici Curiae in Support of Remand. The Clerk is DIRECTED to refile Doc. No. [13–1] as a new docket entry on CM/ECF. Signed by Judge Steve C. Jones on 9/15/23. (rsg) (Entered: 09/15/2023) |
| 09/15/2023 | 47 | NOTICE Of Filing Brief of Amici Curiae In Support Of Remanding These Cases To State Court by Former Judges, Prosecutors, and State and Federal Executive Officials. (rsg) (Entered: 09/15/2023) |
| 09/15/2023 | 52 | NOTICE Of Conflicts for the week of September 18, 2023 as to attorney Catherine S. Bernard. (rsg) (Entered: 09/18/2023) |
| 09/16/2023 | 48 | AFFIDAVIT *of Edwin Meese, III with Exhibits* by Jeffrey Bossert Clark. (MacDougald, Harry) (Entered: 09/16/2023) |
| 09/18/2023 | 49 | NOTICE by Jeffrey Bossert Clark *Waiver of Presence for Removal Hearing* (Bernard, Catherine) (Entered: 09/18/2023) |
| 09/18/2023 | 50 | Minute Entry for proceedings held before Judge Steve C. Jones: Evidentiary Hearing held on 9/18/2023 regarding Defendant's 1 Notice of Removal. Counsel presented oral argument. Plaintiff's witness Joseph Hunt sworn and testified. Plaintiff's exhibits 1 and 2 admitted. Closing arguments heard. The matter was taken under advisement by the Court with ruling to follow via written order. Exhibits retained to be forwarded to the Clerks Office. (Court Reporter Penny Coudriet)(rsg) (Entered: 09/18/2023) |
| 09/18/2023 | 51 | Exhibit List The State of Georgia's. (rsg) (Entered: 09/18/2023) |
| 09/18/2023 | 53 | AMENDED NOTICE Of Conflicts for the week of September 18, 2023 as to attorney Catherine S. Bernard.(rsg) (Entered: 09/19/2023) |

| 09/19/2023 | 54 | | DEMAND for Trial by Jury by Jeffrey Bossert Clark. (MacDougald, Harry) (Entered: 09/19/2023) |
|---|---|---|---|
| 09/29/2023 | 55 | | ORDER DECLINING to assume jurisdiction over the State's criminal prosecution of Clark under Section 1455 and REMANDS the case to Fulton County Superior Court. The Court moreover DENIES Clark's attempt to remove the SGJP under Section 1446. The Court makes clear this Order determines only that, as a federal court with limited jurisdiction, it lacks any basis for jurisdiction over Clark's criminal prosecution and the SGJP. The Court's conclusion is not to suggest any opinion about the State's case against Clark. The Court makes no ruling on the merits of the charges against Clark or any defense that he may offer. Clark maintains the presumption of innocence and bears no burden of proving that he did not commit the crimes charged against him. The burden of proof beyond a reasonable doubt remains with the State. This Order's sole determination is that there is no federal jurisdiction over the criminal case. The outcome of this case will be for a Fulton County judge and trier of fact to ultimately decide. Signed by Judge Steve C. Jones on 9/29/23. (rsg) (Entered: 09/29/2023) |
| 09/29/2023 | 56 | | Remand Letter to Superior Court of Fulton County. (rsg) (Entered: 09/29/2023) |
| 09/29/2023 | | | Civil Case Terminated. (rsg) (Entered: 09/29/2023) |
| 09/29/2023 | 57 | | Case electronically remanded to Superior Court of Fulton County, Georgia. (Envelope #13275353 has been submitted successfully.) (rsg) (Entered: 09/29/2023) |
| 10/09/2023 | 58 | | NOTICE OF APPEAL as to 55 Order,,,, by Jeffrey Bossert Clark. Filing fee $ 505, receipt number AGANDC–12936395. Transcript Order Form due on 10/23/2023 (MacDougald, Harry) (Entered: 10/09/2023) |
| 10/09/2023 | 59 | | MOTION to Stay *Pending Appeal* with Brief In Support by Jeffrey Bossert Clark. (Attachments: # 1 Exhibit Transcript of Removal Hearing, State of GA v. Meadows)(MacDougald, Harry) (Entered: 10/09/2023) |
| 10/10/2023 | 60 | | USCA Appeal Transmission Letter to USCA– 11th Circuit re: 58 Notice of Appeal filed by Jeffrey Bossert Clark. (pjm) (Additional attachment(s) added on 10/10/2023: # 1 Corrected USCA Transmittal Letter) (pjm). (Entered: 10/10/2023) |
| 10/10/2023 | 61 | | Transmission of Certified Copy of Notice of Appeal, USCA Appeal Fees, Order and Docket Sheet to US Court of Appeals re: 58 Notice of Appeal. (pjm) (Entered: 10/10/2023) |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| **THE STATE OF GEORGIA,** | **CIVIL ACTION FILE** |
| **v.** | **No. 1:23-CV-03721-SCJ** |
| **JEFFREY BOSSERT CLARK,** | **RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947** |
| **Defendant.** |  |

## ORDER

This matter appears before the Court following Defendant Jeffery Bossert Clark's filing of a Notice of Removal.[1] Doc. No. [1]. This Order addresses the limited question of whether Clark has carried his burden to demonstrate the removal of the State of Georgia's criminal prosecution against him is proper under the federal officer removal statute, 28 U.S.C. § 1442(a). After considering the arguments made and evidence submitted, the Court determines that Clark has not met his burden. Accordingly, the Court **DECLINES** to assume

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

jurisdiction over the State's criminal prosecution of Clark under 28 U.S.C. § 1455, **DENIES** Clark's Notice of Removal of the Special Grand Jury Proceedings under 28 U.S.C. § 1446, and **REMANDS** the case to Fulton County Superior Court.[2]

## I.    BACKGROUND

At the times relevant to this matter, Clark undisputedly served as an Assistant Attorney General (AAG) for the United States Department of Justice (DOJ). Doc. No. [48], 24; Hearing Tr.[3] 60:21–61:3. Following presidential nomination and Senate confirmation, on November 1, 2018, Clark was sworn into office and assigned to be the AAG for the Environmental and Natural Resources

---

[2] As the Court has previously indicated, despite using the term "remand" the Court has not actually assumed jurisdiction over this case under Section 1455, and the State proceedings are ongoing. See Georgia v. Meadows, --- F.Supp.3d ---, No. 1:23-CV-03621-SCJ, 2023 WL 5829131, at *1 n.2 (N.D. Ga. Sept. 8, 2023). Nevertheless, Section 1455 itself conceives of some form of remand, 28 U.S.C. § 1455(b)(4), and other federal courts who have failed to find that federal jurisdiction exists over a criminal prosecution have "remanded" the prosecution to the state court. See, e.g., New York v. Trump, ---F. Supp. 3d----, No. 23 CIV. 3773 (AKH), 2023 WL 4614689, at *1 (S.D.N.Y. July 19, 2023).

[3] The Court cites to the Official Certified Hearing Transcript for the September 18, 2023 evidentiary hearing provided by the court reporter. This transcript has not yet been filed on the docket.

2

Division. Doc. No. [48], 4.[4] In September 2020, he also began to simultaneously serve as the AAG for the Civil Division. Id.

On August 14, 2023, a grand jury indicted Clark along with 18 co-Defendants for conduct relating to the 2020 presidential election. Doc. No. [1-1]. The Indictment charged Clark specifically with violating Georgia's Racketeer Influenced and Corrupt Organizations ("RICO") Act, O.C.G.A. § 16-14-4(c), and with Criminal Attempt to Commit False Statements and Writings, O.C.G.A. §§ 16-4-1, 16-10-20. Id. at 14, 84. The Indictment's charges primarily relate to a letter Clark drafted and submitted to his superiors, Acting Attorney General Jeffrey A. Rosen and Acting Deputy Attorney General Richard Donoghue. Doc. No. [28-1]. The draft letter was addressed, but never sent, to Georgia state officials—specifically the Governor, the Georgia Speaker of the

---

[4] At the evidentiary hearing, the Court admitted, over the State's objection, a declaration submitted by Clark from former United States Attorney General, Edwin Meese, III. Doc. No. [48]. The Court indicated that it would properly weigh Meese's declaration evidence following the State's objections that some of Meese's opinions constitute improper expert or legal opinions, and that his testimony about his personal experience as Attorney General is irrelevant to Clerk's case. To be sure, the Court does not consider any testimony rendered by Meese that would require expert designation. Moreover, to the extent that the Court considers Meese's declaration's assertions about his own personal experience at DOJ, the Court finds that this experience has limited relevance given that Clark's tenure as AAG occurred decades after Meese had left the DOJ.

3

House, and the President Pro Tempore of the Georgia Senate—encouraging Georgia to take actions with regard to its Certified Electors because of DOJ investigations into the 2020 election that showed purported irregularities. Doc. Nos. [28-1]; [1-1], 46–47 (charging that Clark "knowingly and willfully ma[de] a false writing and document . . . that the United States Department of Justice had 'identified significant concerns that may have impacted the outcome of the election in multiple States, including the State of Georgia[ ]'" and "solicited Acting United States Attorney General Jeffrey Rosen and Acting United States Deputy Attorney General Richard Donoghue to sign and send a document that falsely stated" that DOJ had these concerns).

Clark filed a Notice of Removal of the Criminal Prosecution on August 21, 2023.[5] Doc. No. [1]. He asserts that removal of this proceeding is procedurally proper under 28 U.S.C. § 1455 (for removal of criminal prosecutions) and substantively permitted under 28 U.S.C. § 1442(a) (for federal officer jurisdiction). He argues that he was acting as a federal officer at the time that the

---

[5] Clark secondarily attempts to remove the Special Grand Jury Proceedings, which preceded the Indictment, as a civil matter under Sections 1441, 1442, and 1446. Doc. No. [1], 28–30. The State rejects Clark's characterization of the Special Grand Jury Proceedings as a civil matter. Doc. No. [28], 21–23. The Court resolves this particular issue *infra* Section (III)(B).

4

above-referenced letter was drafted and submitted to his DOJ superiors and that he has a colorable federal defense for the charges against him. On August 24, 2023, the Court declined to summarily remand his case, ordered the State to respond to Clark's attempted removal, and scheduled an evidentiary hearing to be held on September 18, 2023.[6] Doc. No. [15]. The State responded in opposition to Clark's removal (Doc. No. [28]) and Clark replied (Doc. No. [41]). The Court held the evidentiary hearing on September 18, 2023. Doc. No. [50]. Clark waived his right to appear at the hearing (Doc. No. [49]), and one State witness, Joseph (Jody) Hunt, testified (Hearing Tr. 56:23–84:21). As will be discussed in greater detail *infra*, only the State admitted exhibits at this hearing. Doc. No. [51].

At the conclusion of the hearing, the Court took the matter under advisement. Having considered the arguments put forth by the Parties and the evidence submitted, the Court now enters this Order, which concludes that there is no federal jurisdiction over Clark's criminal prosecution.

---

[6] Before the hearing, the Court granted leave for an Amici Curiae to file a brief in support of remand. Doc. Nos. [46]; [47].

5

## II.   LEGAL STANDARD

"[A] federal district court should be slow to act 'where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court.'" Cameron v. Johnson, 390 U.S. 611, 618 (1968) (quoting Douglas v. City of Jeannette, 319 U.S. 157, 162 (1943)). An exception to these general concepts of federalism is the federal officer removal statute, 28 U.S.C. § 1442(a)(1). This statute allows for federal jurisdiction over "a criminal prosecution . . . against . . . any officer (or any person acting under that officer) of the United States . . . for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

Federal officer removal "is an incident of federal supremacy and is designed to provide federal officials with a federal forum in which to raise defenses arising from their official duties." Florida v. Cohen, 887 F.2d 1451, 1453 (11th Cir. 1989) (citing Willingham v. Morgan, 395 U.S. 402, 405 (1969)). Given a preference for state courts conducting their state prosecutions, it has been suggested that a "more detailed showing" of the relation between the acts charged and the federal role at issue is required. Willingham, 395 U.S. at 409 n.4. Furthermore, federal courts must maintain a balance between what Section 1442

6

allows and respect for a State's right to deal with matters properly within its domain.

Clark removed this criminal prosecution procedurally under 28 U.S.C. § 1455, which specifies the requirements for removing a state criminal prosecution to a federal district court. "28 U.S.C. § 1455 'merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision.'" <u>Maine v. Counts</u>, No. 22-1841, 2023 WL 3167442, at *1 (1st Cir. Feb. 16, 2023) (quoting <u>Kruebbe v. Beevers</u>, 692 F. App'x 173, 176 (5th Cir. 2017)). Upon filing a notice of removal, the Court must promptly determine whether the notice and its attachments clearly fail to establish the Court's subject matter jurisdiction, and if they do, the case is summarily remanded to state court. 28 U.S.C. § 1455(b)(4). If summary remand is not granted, then the district court must "promptly" hold an evidentiary hearing to determine the "disposition of the prosecution as justice shall require." <u>Id.</u> § 1455(b)(5). Based on the facts adduced at the hearing and the arguments put forth by the Parties, the Court must determine whether the Defendant has met his burden in establishing that the Court has subject matter jurisdiction over his criminal prosecution. <u>Trump</u>, 2023 WL 4614689, at * 5 (citing

7

United Food & Comm. Workers Union v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)).

Under 28 U.S.C. § 1442, the question of the scope of a federal officer's authority contains issues of law and fact. See Nadler v. Mann, 951 F.2d 301, 305 (11th Cir. 1992) ("[D]etermination[s] of whether an employee's actions are within the scope of his employment involve[ ] a question of law as well as fact.").

Ultimately, for removal under Section 1455 to be proper, the removing party must show that there is a basis for the federal court to exercise jurisdiction over the criminal prosecution. See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). If the Court lacks federal jurisdiction, then the case cannot proceed in this forum.

The Supreme Court has cautioned that "an airtight case on the merits in order to show the required causal connection" is not required and that courts are to "credit" the movant's "theory of the case" for the elements of the jurisdictional inquiry.[7] Jefferson Cnty. v. Acker, 527 U.S. 423, 432 (1999).

---

[7] Acker's "theory of the case" language refers to the colorable defense prong of the analysis. 527 U.S. at 432. Nevertheless, the Court will evaluate the theory of the case as

## III. ANALYSIS

With the foregoing standards in mind, the Court turns to its determination of whether Clark has carried his burden to show that removal is permitted under 28 U.S.C. § 1442. Clark has raised two different proceedings for the Court to consider in its removal analysis: (A) the Indictment and its criminal prosecution against him (procedurally under 28 U.S.C. § 1455), and (B) the Special Grand Jury Proceedings (SGJP) prior to the issuance of the Indictment (procedurally under 28 U.S.C. § 1446). Clark has not shown a basis for the removal of either.

### A. The Indictment and Criminal Prosecution

The Court first addresses Clark's removal of his criminal prosecution. For the Court to determine the jurisdictional question presented, it must address the familiar three-part test for federal officer removal: (1) that Clark was a federal officer, (2) that his actions alleged were taken under the color of his federal office, and (3) that he has a colorable federal defense. Caver v. Cent. Ala. Elec. Coop., 845 F.3d 1135, 1142 (11th Cir. 2017). The Court considers each of these requirements in turn and ultimately concludes that Clark has failed to meet his

---

it relates to the color of office because at least one district court recently has applied it in this manner. See Georgia v. Heinze, 637 F. Supp. 3d 1316, 1322 (N.D. Ga. 2022).

9

burden on the second requirement that his actions occurred under the color of his federal office.

### 1.    *Federal Officer*

Clark was a federal officer at the time of the acts alleged. There is not any real contention in this case that Clark was not a federal officer when he served as AAG over two DOJ divisions.[8]

### 2.    *Causal Connection Between Federal Office and Acts Alleged*

The Court now turns to the question of whether Clark was acting in the scope of his federal office at the time of the acts alleged. The Court concludes that Clark has not submitted evidence to meet his burden to show that his actions

---

[8]  Clark's co-Defendant, Mark Meadows, appealed this Court's remand order to the Eleventh Circuit and moved for a stay of the remand order. See Georgia v. Meadows, No. 23-12958 (11th Cir. Sept. 8, 2023); id. at ECF No. 4. The Eleventh Circuit panel that was reviewing the motion to stay requested supplemental briefing on whether Section 1442(a)(1)'s jurisdiction covered *former*, as well as current, federal officers (Id. at ECF No. 7). The State's supplemental briefing argued that Section 1442(a)(1)'s text did not cover former federal officers. Id. at ECF No. 11. Following the briefing but before a hearing could be held, Meadows withdrew his motion to stay. Id. at ECF Nos. 28, 29. Meadows's appeal otherwise remains pending, but it is unknown whether the Eleventh Circuit panel hearing the merits of his appeal will address the question raised by the panel reviewing his motion to stay. Ultimately, the Court need not consider this issue further because Clark did not meet his burden in establishing that he was acting under the color of a federal office and the case must be remanded.

10

were causally related to his federal office. To reach this conclusion, the Court must first address what evidence it will consider.

### a)   <u>Evidence to be considered</u>

The first issue the Court must address is the evidence that is to be considered on behalf of Clark's removal petition. As indicated, Clark did not submit any witness testimony, and only referred to two declarations that were filed on the docket (via CM/ECF) prior to the evidentiary hearing. <u>See generally</u> Hearing Tr. In fact, Clark's presentation to the Court wholly consisted of counsel's argument and factual representations in the light of the evidence filed on the docket and in response to the briefing submitted. The State, for its part, tendered two exhibits at the hearing and offered one witness's testimony. The State also relied on significant portions of the docket evidence in support of its arguments for remand.

The Court is not aware of any prior cases that discuss what evidence is to be considered at the statutorily mandated evidentiary hearing under 28 U.S.C. § 1455(b)(5). To be sure, ordinarily—at least when showing jurisdictional facts for the amount in controversy for diversity cases (28 U.S.C. § 1442) removed under 28 U.S.C. § 1446—"substantive jurisdictional requirements of removal do not

11

limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 755 (11th Cir. 2010). That is, a defendant "may introduce [his] own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." <u>Id.</u> There is some support for a similar proposition in the context of federal officer removal. <u>See</u> <u>De Busk v. Harvin</u>, 212 F.2d 143, 146 (5th Cir. 1954)[9] ("The uncontroverted *affidavits* of appellees, *attached as exhibits* to the amended petition for removal, clearly reveal that appellant's dismissal by appellees was an 'act under color of [ ] office', within the meaning of the removal statute." (emphasis added)).

An evidentiary hearing, however, is not required in a typical *civil* removal action. Thus, the question of whether evidence submitted on the docket is sufficient (or if it must be tendered at the hearing) has yet to be addressed, as far as the Court is aware from its independent research. The Court determines that

---

[9] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

it will consider the evidence filed on the docket even if it was not tendered or referenced at the evidentiary hearing, subject to one caveat as described below.[10]

The Court's reasoning for considering this evidence rests on the aforementioned removal cases, which often involve documentary evidence submitted on the docket for the jurisdictional determination. The fact that the removal of a criminal prosecution requires an evidentiary hearing to determine if the case should remain in federal court should not, in and of itself, inhibit the consideration of attachments and other evidence on the docket. Likewise, while the Court may be cautioned to scrutinize the removal of criminal cases more closely than civil cases (given heightened federalism concerns), it does not necessarily mean that the Court should make the submission of evidence more difficult than in a typical removal case. Willingham, 395 U.S. at 409 n.4; see also, Pretka, 608 F.3d at 755. Indeed, to remove a case (even a criminal prosecution) to federal court does not require "an airtight case on the merits," and this certainly should not be the case for assessing the jurisdictional evidence from the hearing itself. Acker, 527 U.S. at 432.

---

[10]  The Court limits this ruling to the facts and circumstances of Clark's case.

13

Moreover, as a matter of fact in this case, the Court notes that some, but not all, of the docket evidence was objected to at the hearing. Specifically, the State objected to the submission of a declaration and its attachments made by Clark himself and the declaration by former Attorney General Meese. Hearing Tr. 49:13–51:8. The Court excluded the Clark affidavit and its attachments,[11] but allowed the Meese declaration subject to further weighing and consideration in this Order. Id. 52:21–53:4; see also *supra* note 4. Because the State selectively objected to some, but not all of the evidence filed on the docket, for purposes of this Order's jurisdictional inquiry, the Court deems that the State waived any objections to evidence for which an objection was not specifically raised. Clark, for his part, did not make any objection to the State's evidence filed on the docket. Rather, he referred to the Rosen and Donoghue transcripts and asked the Court

---

[11] Unlike the declarations and affidavits submitted by third parties in this case, the Court excluded Clark's declaration. The Court finds that even if it were to consider this declaration its weight would be slight given its clear self-interest and that it was not subject to cross-examination. See Fed. R. Evid. 403; cf. also Fed. R. Civ. P. 43(c); Proe v. Facts Servs., Inc., 491 F. App'x 135, 138 (11th Cir. 2012) ("A district court has 'broad discretion to admit evidence if it has any tendency to prove or disprove a fact in issue.'" (quoting Fidelity Interior Constr., Inc. v. Se. Carpenters Reg'l Council of United Bro. of Carpenters and Joiners of Am., 675 F.3d 1250, 1258–59 (11th Cir. 2012))).

14

to consider the "totality" of the depositions filed. [12] Hearing Tr. 23:23–24. Accordingly, because a number of filings have been made on the docket without any objection—in written motion or orally at the evidentiary hearing—the Court concludes that any objection not raised to its consideration of this evidence has been waived.

This conclusion is not to imply that the evidentiary hearing is without any purpose. Section 1455 clearly contemplates an evidentiary hearing and the evidence submitted at this hearing is assumedly for the purpose of assisting the Court to more fully consider its jurisdiction over a matter. Indeed, the ability to hear live testimony and for the Parties to submit further documentary evidence is of enormous value and should not be tossed aside under the ease of docket filings. To be sure, there is evidence in this case that was excluded or assigned little weight because the witness was not available for cross-examination.

Accordingly, the Court will generally consider the docket filings in this case as part of its jurisdictional inquiry into whether Clark was operating as a

---

[12] Clark's use of and reliance on some of the State's evidence as part of his presentation at the hearing, as far as the Court is concerned, not only suggests an implicit waiver of the objection, but in fact an affirmative waiver.

15

federal officer.[13] See, e.g., Doc. Nos. [29-1]; [30-1]; [31-1]; [43]. The only filing that will not be considered is Clark's declaration and its attachments (i.e., Doc. Nos. [42] & [42-1]–[42-9]). This filing, in its entirety, is excluded per the Court's oral ruling on the State's objection at the hearing. Hearing Tr. 53:3–4, 54:2–25.

### b) Clark's burden in the light of this evidence

Having established what evidence is considered in issuing this ruling, the Court now assesses whether Clark has met his burden to show a causal connection between his federal office and the acts alleged in the criminal prosecution. The Court concludes that he has not.

The Court fully adopts its reasoning in Georgia v. Meadows relating to what constitutes an act for purposes of the Georgia RICO statute.[14] Meadows, 2023 WL 5829131, at *4–8. While the Court necessarily engaged in a lengthy

---

[13]  The Court has reviewed the totality of the evidence in the Record. This does not mean that all filed submissions are relevant to this Order, however, and if something from the Record is omitted in this Order, the Court deems it irrelevant or to have limited value to the jurisdictional question presented.

[14]  The Court does make clear that it relies on Baucom v. Martin, 677 F.2d 1346, 1347 (11th Cir. 1982) as persuasive authority. The Court found this case to be relevant given that it involved an underlying RICO investigation. Id. ("The FBI, in cooperation with Georgia law enforcement authorities, engaged in an investigation of possible violations . . . the [federal] RICO statute."). The Court acknowledges, however, that Baucom was not a Georgia RICO case, and did not rely on it as such.

16

discussion in the <u>Meadows</u> case about the role of the overt acts specified, the Court need not do so here. The Indictment clearly specifies Clark's alleged associative acts, which also correspond to the additional substantive charge against him for attempted false writings.[15] Doc. No. [1-1], 46–47, 51, 84. The State charges that Clark engaged in criminal activity under Georgia law when he drafted the December 28 letter and solicited Rosen's and Donoghue's signatures to endorse and send the letter to Georgia officials for purposes of interfering with the 2020 presidential election. <u>Id.</u> Hence the specific question for the Court to decide is whether Clark has met his burden to show that his aforementioned actions were causally connected to (i.e., under color of) his federal office.

In December 2020, the time of the relevant actions for assessing federal office removal, Clark was a federal officer as AAG for both the Environmental and Natural Resources and the Civil Divisions of DOJ. <u>See</u> *supra* Section (III)(A)(1). Clark does not contend that the December 28 letter had anything to do with his AAG role with the Environmental and Natural Resources

---

[15]  One exception may be Overt Act 110, which alleges that Clark received a phone call from a co-Defendant on January 2, 2021. Doc. No. [1-1], 51. There has been no evidence or argument pertaining to this act relevant specifically to the questions addressed in this Order for the removal proceedings and thus the Court will not linger further on it.

17

Division. Instead, the Court construes Clark's argument to be two-fold: (1) he first argues that his role as AAG for the Civil Division permitted him to write this letter within the scope of his office; and (2) alternatively, as AAG, he was not limited to working under a particular DOJ division, and thus he could be assigned or directed to do work for any of the DOJ subdivisions. See generally Hearing Tr. The Court now considers, and ultimately rejects, both arguments.

### (1)    The scope of Clark's role in the Civil Division

First, the Court concludes that Clark has submitted no evidence that the December 28 letter was written within the scope of his role as AAG for the Civil Division. To the contrary, the evidence before the Court indicates the opposite: Clark's role in the Civil Division did not include any role in the investigation or oversight of State elections. The only witness subject to cross-examination at the hearing, Jody Hunt — the former AAG of Civil Division from 2018 until 2020 and whom Clark replaced (Hearing Tr. 60:4–8) — testified from his personal experience that most of the Civil Division's work was "defensive in nature" that is "defending suits that are filed against the United States or officers of the executive branch." Id. at 61:19–20. The remaining work, "affirmative enforcement matters" includes False Claims Act cases, enforcement actions in the Consumer

Protection Branch, and some matters handled by the Federal Programs Branch. Id. at 61:22–62:8. Hunt expressly disclaimed the Civil Division's role in matters relating to "election interference or allegations of voter fraud" and testified that the only election matters handled by the Civil Division would be in a defensive posture once a member of the executive branch had been named in a lawsuit. Id. at 62:14–23. Indeed, "[a]nything with respect to election irregularities or voter discrimination issues would either fall to the Civil Rights Division or to the Criminal Division." Id. at 63:1:–3. This delegation of responsibilities between the Civil Division and the other DOJ Divisions assigned to enforcement actions involving election laws and irregularities, has been, in Hunt's experience, "consistent over time" and was contained in the DOJ's Justice Manual. Id. at 65:17–25.

And, in fact, the Justice Manual and relevant regulations for the DOJ's Civil Division reinforce Hunt's testimony. The Justice Manual indicates the Civil Division's AAG has authority, as is most relevant for this case,[16] under 28 C.F.R.

---

[16]  While some of the regulations consider the Civil Division involvement with international matters, see, e.g., 28 C.F.R. § 0.49, the Court does not find the evidence submitted by Clark pertaining to foreign interference with the elections (or related cybersecurity threats) to be relevant to the Court's jurisdictional inquiry of whether he

19

§ 0.45 and 28 C.F.R. § 0.46. Doc. No. [28-8], 4. The defensive work of the Civil Division, on behalf of federal officials sued in their official capacity, is discussed in 28 C.F.R. § 0.46, and does not cover the type of action contemplated in Clark's December 28 letter. The regulation does allow the Civil Division to affirmatively bring cases of fraud, but for "civil claims arising from fraud on the Government" such as cases under the False Claims Act, among others. 28 C.F.R. § 0.45(d). None of the statutory provisions indicated, however, have to do with *election* fraud or interference.

Rosen's and Donoghue's deposition testimony submitted by the State—and referenced extensively at the hearing by Clark[17]—further supports that the Civil Division did not have a role in bringing affirmative election-related suits. Rosen testified that Clark's letter was "strange" in part because Clark "didn't have responsibility for election issues." Doc. No. [30-1] (Rosen Dep. Tr.)

---

was a federal officer acting within the scope of his office (see, e.g., Doc. Nos. [43-4]–[43-12]). Neither have the Parties argued as much. Thus, while this evidence may bear on the merits of the criminality or justification for Clark's actions alleged in the Indictment, it has no relevance to the jurisdictional questions to be answered by this Court.

[17] Clark asked the Court to "consider the totality of [Rosen and Donoghue's] testimony." Hearing Tr. 23:23–24. The Court has done so.

Tr. 99:11, 17–19. Rosen also indicated that for the processes of "vetting voter fraud and election-crime related allegations" the FBI and the Criminal Division would provide the most insight. Id. at 125:23–126:4, 127:1–4. Donoghue testified that the Civil Division was responsible for "a vast portfolio" but "[n]othing having to do with elections . . . ." Doc. No. [29-1] (Donoghue Dep. Tr.) Tr. 97:6–11. Clark's assistant in drafting the letter, Kenneth Klukowski, reaffirmed that he was "shocked" at the assignment because "election-related matters are not part of the Civil [Division's] portfolio." Doc. No. [31-1] (Klukowski Dep. Tr.) Tr. 67:6–10; see also id. at 77:18–21 ("[T]his is not part of the Civil Division. These investigations must be someone else, because I have never heard anything about any of this.").

Clark's only evidence in response is that he is named as counsel representing former Vice President Mike Pence and other officials in a civil lawsuits alleging voting irregularities around the same time as the December 28 letter (i.e., in matters related to the 2020 presidential election). Hearing Tr. 28:21–29:8, 35:20–36:4; see also Doc. No. [48], 45–135 (filings made in these election cases). The State does not dispute that Clark was involved in these cases, but rather that his involvement had nothing to do with the investigation or prosecution of election fraud. Rather, Hunt testified that Clark was involved in

21

these cases, not because of any election oversight responsibilities, but because members of the executive branch had been sued in their official capacities, and the Civil Division was tasked with defending them. Hearing Tr. 72:4–14. The subject matter of the litigation did not matter, the cases "belong[ed] to the Civil Division" by nature of their defensive posture "regardless of the subject matter of the lawsuit." Id. at 72:18–19. Hunt's testimony on Clark's involvement in these cases is unrebutted and is internally consistent with his general description of the Civil Division's responsibilities, as well as the Justice Department's Manual and the relevant regulations. Accordingly, the Court does not find Clark's evidence of being named as DOJ counsel in these defensive cases involving election matters to be evidence that he, as AAG of the Civil Division, had any authority over election fraud and interference matters or that his involvement related to his role as AAG of the Civil Division.

Accordingly, the Court concludes that Clark has not met his burden to show that he was acting within the scope of his federal office as AAG of the Civil Division in drafting the December 28 letter. The letter pertained to election fraud and election interference concerns that were outside the gamut of his federal

22

office. Consequently, Clark has not shown the required nexus for federal officer removal.

### (2)     Reassignment or delegation of Clark's duties

Clark's next argument that he was acting in the scope of his federal office as AAG for purposes of federal officer removal is that his assignments as AAG to the Environmental and Natural Resources Division and the Civil Division were not strict parameters and that he could be reassigned to other DOJ Divisions by the Attorney General or the President. In support, Clark submits the declaration of Edwin Meese, which attaches a Memorandum Opinion from the former Solicitor General and AAG Ted Olson. Doc. No. [48], 21–23.   In this Memorandum, Olson concluded that the AAGs can be assigned by the Attorney General to "any duties he chooses . . . including the supervision of a division other than that for which they were nominated and confirmed." Id. at 23. Meese's declaration expounds that the President is an authority who can likewise reassign or direct the actions of an AAG beyond the scope of the division the AAG was tasked with in nomination and confirmation. Id. at 5–6. Clark contends that the President could have delegated him (as AAG) the authority to write this

23

December 28 letter and suggests that the President had been in contact with Clark prior to his writing the letter. See, e.g., Hearing Tr. 24:21–27:16.

Preliminarily, the Court finds that this argument most clearly aligns with Clark's asserted theory of the case that "it is simply impossible for [Clark] to have done the things he is charged with doing except that he was acting under color of law." Id. at 19:3–6. Clark further argued that he wrote the letter while at his DOJ office, using DOJ equipment and software, and sent it using his DOJ email. Hearing Tr. 16:15–17:1. As required, the Court credits Clark's theory of the case (i.e., that he engaged in these activities while at the DOJ and the President could have reassigned or delegated duties to Clark within the scope of DOJ's broader delegation). It is still Clark's burden, however, to show that there is a jurisdictional basis for his removal. See Leonard, 279 F.3d at 972 ("A removing defendant bears the burden of proving proper federal jurisdiction."); cf. Maryland v. Soper, 270 U.S. 9, 34 (1926) (discussing a defendant's testimonial support of their notice of removal of a criminal indictment and collecting cases).

Other than his counsel's own vague and uncertain assertions (Hearing Tr. 25:17–27:20) the Court has no evidence that the President directed Clark to work on election-related matters generally or to write the December 28 letter to the

24

Georgia State Officials on their election procedures.[18] Rosen testified that he did

not know if the President had discussed the December 28 letter with Clark.[19]

Rosen Dep. Tr. 105:6–9. Donoghue testified that he did not recall Clark indicating

that the President was aware of the letter. Donoghue Dep. Tr. 104:21–23.

Klukowski, who drafted the letter at Clark's request, did not testify that the

President directed Clark to write the letter, but rather indicated that the letter was

for a meeting with Rosen and Donoghue. Klukowski Dep. Tr. 65:15–66:5, 73:4–15.

No evidence in the Record definitively shows that the President directed Clark

to write the letter. Instead, the evidence before this Court does not show the

President's involvement in this letter specifically until the January 3 meeting

where the President decided not to send it to the Georgia officials. Rosen Dep. Tr.

111:22–25.

---

[18] Donoghue also testified that he was unaware of anyone else in the Civil Division who was working with Clark on the letter and that it was his impression that Clark "drafted this letter himself." Donoghue Dep. Tr. 101:8–14.

[19] Because it is fatal to Clark's argument that he submitted no evidence that the President reassigned or delegated him the task of writing the letter, the Court need not engage with the suggestion that Clark's contacts with the President contravened DOJ policy. See, e.g., Donoghue Dep. Tr. 104:3–7; Doc. No. [28-5] (Memorandum from Former Attorney General Eric Holder regarding "Communications with the White House and Congress"); see also id. at 3 (requiring initial communications be made between the White House and the AG or Deputy AG).

25

Moreover, Rosen and Donoghue's testimony makes clear that the specific contents of the December 28 letter were not within the scope of the Department of Justice's authority more broadly. In fact, it was for this reason that Rosen and Donoghue were unwilling to endorse and sign the letter. Rosen Dep. Tr. 154:23–155:1; Donoghue Dep. Tr. 103:22–23; Doc. No. [28-4], 2 ("[T]here is no chance that I would sign this letter or anything remotely like this."). Rosen testified that "there were so many problems with [the letter]" including "it's not the Justice Department's responsibility" to direct States on election procedures. Rosen Dep. Tr. 102:17–22. Donoghue's email response to the letter raises concerns about DOJ's role to make "recommendations to a State Legislature about how they should meet their [c]onstitutional obligation to appoint Electors." Doc. No. [28-4], 2. He later reaffirmed that "it was not at all the Department [of Justice's] role to be dictating to states what they should or should not be doing with regard to their presidential elections." Donoghue Dep. Tr. 98:18–21. Klukowsi also asserted that he was unaware of the DOJ ever having recommended a State legislature call itself to session. Klukowski Dep. Tr. 82:7–9.

Thus, the evidence submitted does not support Clark's argument that he was acting in the scope of his authority as AAG because the President had the

ability to delegate him the task of writing the December 28 letter. Not only has

Clark failed to provide any (let alone sufficient) evidence that the President

delegated him this authority,[20] but the evidence shows that any such delegation

of the action alleged (i.e., the contents in the letter drafted) would have been

outside the scope of DOJ more broadly. The bar for federal officer removal is

indeed low, but the removing party still bears a burden to show a jurisdictional

basis for the removal. Clark has failed to offer sufficient evidence that the acts

alleged in the Indictment related to the color of his office.[21] Accordingly, Clark

has failed to carry the second element for proper removal under Section 1442.

---

[20]   In crediting Clark's theory of the case, the Court has not questioned Clark's
contention that the *President* himself has authority to reassign or delegate AAGs in the
Justice Department. While Meese's declaration makes this assertion (Doc. No. [48], 6),
the Olson Memorandum does not reference the President at all (id. at 21–23). The Court
has no reason to doubt that the President has authority to reconfigure AAG's duties, but
the evidence does not support that the President did reconfigure Clark's duties to
include election investigation or oversight, or reassign Clark to the Civil Rights or
Criminal Divisions, which do interact with state elections (Hearing Tr. 63:1–3).
Counsel's arguments that it was possible that these events occurred and citation to the
Meese declaration (which was not subject to cross examination) does not support the
broad conclusion that Clark in fact had this authority, or that this authority was related
to his color of office.

[21]   As an aside, in his argument at the evidentiary hearing, Clark conflated an official
acting under "color of law" (as is found in different statutory provisions, such as
Section 1983) with an official acting under "color of office." See, e.g., Hearing Tr.
89:3–90:21. While there may be some overlap in the way these "colorable" requirements
manifest in cases, the inquiries involved are distinct. Acting under "color of office" for

27

### 3.    Colorable Federal Defense

Finally, the third requirement for Section 1442 removal is the removing defendant allege a colorable federal defense. Clark asserts numerous federal defenses, including immunity under the Supremacy Clause. Doc. Nos. [1], 26; [41], 9–13. Because Clark failed to carry his burden with respect to the second requirement of Section 1442—that he was acting under the color of his office at the time of the acts alleged—the Court declines to address Clark's defenses.

### B.    <u>Special Grand Jury Proceedings</u>

Clark also seeks to remove the SGJP against him, as a civil matter procedurally under 28 U.S.C. § 1446(a), because he is a federal officer under Section 1442 and there is a federal question under Section 1441. Clark relies on Section 1442(d)(1), which defines an action to be removed to include "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order . . . is sought or issued." 28 U.S.C. § 1442(d)(1);

---

Section 1442 purposes requires "showing . . . a 'causal connection' between the charged conduct and asserted official authority." <u>Willingham</u>, 395 U.S. at 409 (quoting <u>Soper</u>, 270 U.S. at 33). Acting under "color of law" conversely involves "acting 'under pretense of law.'" <u>Butler v. Sheriff of Palm Beach Cnty.</u>, 685 F.3d 1261, 1268 (11th Cir. 2012) (quoting <u>United States v. House</u>, 684 F.3d 1173, 1200 (11th Cir. 2012)). Accordingly, the Court has considered the cases cited by Clark involving questions of acting under "color of law," but affords them the mere persuasive weight they are due.

28

Doc. No. [1], 22–24. Clark also asserts that removal would be proper under Section 1441 (for federal question jurisdiction) because the SGJP constitutes a civil proceeding that is completely preempted. Id. at 28–30. The State responds that these SGJP are not removable as civil actions under Section 1441 or Section 1442 and that the SGJP have concluded and thereby are not within the bounds of Section 1442's proceedings to be removed. Doc. No. [28], 23.

Even assuming that the complete SGJP *could* be removed as a civil or criminal matter, Clark has not asserted any viable basis for the SGJP to be removed. To the extent Clark seeks removal of the SGJP under Section 1442, the acts involved in the SGJP are the same as those charged in the Indictment (Doc. No. [32-1]) and the Court has already determined that Clark failed to carry his burden to show federal officer removal was appropriate. See *supra* Section (III)(A).

As for Clark's contention that this Court has jurisdiction under Section 1441 based on complete preemption, the Court disagrees. "Complete preemption is rare." Dorsett v. Highlands Lake Ctr., LLC, 557 F. Supp. 3d 1218, 1225 (M.D. Fla. 2021). It requires either Congress to expressly preempt state law or "wholly displace[ ] the state-law cause of action" through federal statute. Id.

29

at 1226 (quoting <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 8 (2003)). Here, Clark did not cite to any federal statute or congressional action that would completely preempt the State's SGJP. Clark's arguments that being AAG provides a stronger basis for finding complete preemption given that Congress has not delegated investigating this federal office to the States (Doc. No. [1], 29), is really an argument for defensive preemption, which is not a basis for removal. <u>Id.</u> at 1225 (citing <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987)).

Furthermore, the SGJP have concluded and the findings have been published. Doc. No. [32-1]. Clark has not provided any authority showing that a *concluded* special purpose grand jury proceeding can be removed to the federal court. In the absence of binding authority, the Court declines to remove the completed SGJP.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DECLINES** to assume jurisdiction over the State's criminal prosecution of Clark under Section 1455 and **REMANDS** the case to Fulton County Superior Court. The Court moreover **DENIES** Clark's attempt to remove the SGJP under Section 1446.

30

The Court makes clear this Order determines only that, as a federal court with limited jurisdiction, it lacks any basis for jurisdiction over Clark's criminal prosecution and the SGJP. The Court's conclusion is not to suggest any opinion about the State's case against Clark. The Court makes no ruling on the merits of the charges against Clark or any defense that he may offer. Clark maintains the presumption of innocence and bears no burden of proving that he did not commit the crimes charged against him. The burden of proof beyond a reasonable doubt remains with the State. This Order's sole determination is that there is no federal jurisdiction over the criminal case. The outcome of this case will be for a Fulton County judge and trier of fact to ultimately decide.

IT IS SO ORDERED this _29th_ day of September, 2023.

_____

**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**

31

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

STATE OF GEORGIA,

v.

JEFFREY BOSSERT CLARK,

DEFENDANT.

Case No. 1:23-cv-3721

(Related to:

Case Nos.   1:23-cv-03621-SCJ
             1:23-cv-03720-SCJ
             1:23-cv-03792-SCJ
             1:23-cv-03803-SCJ

Judge Steve C. Jones

On removal from the Fulton
County Superior Court

## NOTICE OF APPEAL

Notice is hereby given that Defendant Jeffrey B. Clark in the above-named case hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order at Dkt. No. 55, entered by Judge Steve C. Jones on September 29, 2023 remanding this case to the Fulton County Superior Court. *See* 28 U.S.C. 1447(d) (permitting interlocutory appeals of remand orders in federal officer removal cases (28 U.S.C. 1442)).

Respectfully submitted, this 9 day of October, 2023.

**CALDWELL, CARLSON, ELLIOTT & DELOACH, LLP**

/s/ Harry W. MacDougald
Harry W. MacDougald
Ga. Bar No. 463076
Two Ravinia Drive
Suite 1600
Atlanta, GA 30346
(404) 843-1956
hmacdougald@ccedlaw.com

**BERNARD & JOHNSON, LLC**

/s/ Catherine S. Bernard
Catherine S. Bernard
Ga. Bar No. 505124
5 Dunwoody Park, Suite 100
Atlanta, Georgia 30338
Direct phone: 404.432.8410
catherine@justice.law

Attorneys for Defendant-Appellant Jeffrey B. Clark

## CERTIFICATE OF COMPLIANCE WITH L.R. 5.1

The undersigned hereby certifies that this filing was prepared in the Times New Roman size 14 font in compliance with L.R. 5.1.

This this 9th day of October 2023.

*/s/ Harry W. MacDougald*
Georgia Bar No. 463076
*Attorney for Defendant-Appellant*

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com

3

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing ***Notice of Appeal*** was hereby filed on this 9th day of October 2023 with the Court's electronic filing system which causes service to be made upon all counsel of record.

This 9th day of October 2023.

*/s/ Harry W. MacDougald*
Georgia Bar No. 463076
*Attorney for Defendant*

CALDWELL, CARLSON, ELLIOTT & DELOACH LLP
Two Ravinia Drive, Suite 1600
Atlanta, Georgia 30346
(404) 843-1956
hmacdougald@ccedlaw.com