IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **THE STATE OF GEORGIA** <br><br> v. <br><br> **JEFFREY BOSSERT CLARK,** <br><br> **Defendant.** | **CIVIL ACTION FILE** <br><br> No. 1:23-CV-03721-SCJ <br><br> **RE: NOTICE OF REMOVAL OF FULTON COUNTY SUPERIOR COURT INDICTMENT NO. 23SC188947** |

## ORDER

This matter appears before the Court on Defendant Jeffrey Bossert Clark's Motion to Stay Pending Appeal.[1] Doc. No. [59]. For the following reasons, the Court **DENIES** Clark's Motion.

## I. BACKGROUND

On September 29, 2023, the Court issued an order declining to assume jurisdiction over Clark's removal of his State criminal prosecution under 28 U.S.C. §§ 1455 and 1442 and denying his removal of the State's Special Purpose

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

Grand Jury (SPGJ) proceedings under 28 U.S.C. § 1446. Doc. No. [55]. Consequently, the Court remanded Clark's ongoing criminal proceeding to Fulton County Superior Court. Id. Clark appealed the Court's remand order on October 9, 2023. Doc. No. [58]. The same day, Clark filed the instant motion seeking a stay of the State's criminal prosecution while the Eleventh Circuit resolved his appeal. Doc. No. [59]. Clark subsequently filed a similar stay motion with the Eleventh Circuit. See Georgia v. Jeffrey Clark, No. 23-13368 (11th Cir. Oct. 26, 2023), ECF No. 5. The Eleventh Circuit has not issued a ruling on the motion. Though the time to respond has now lapsed, the State has not responded to Clark's Motion to Stay in this Court,[2] and it is now ripe for the Court's review.

## II.   LEGAL STANDARD

Generally, "[t]he filing of a notice of appeal generally 'confers jurisdiction on the court of appeals and divests the district court of its control over those

---

[2] The State has responded to Clark's Motion to Stay filed with the Eleventh Circuit. Georgia v. Jeffrey Clark, No. 23-13368 (11th Cir. Nov. 6, 2023), ECF No. 8. This Court's Local Rules provide that "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. The Court, however, exercises its discretion to consider the substance of Clark's merits in this case even absent a response because Clark has not met his burden for the Court to enter a stay. The Court's consideration (and ultimate denial) of this Motion should not be construed as approval of the State's failure to respond or as permission for future litigants to be unresponsive to motions.

aspects of the case involved in the appeal.'" In re Mosley, 494 F.3d 1320, 1328 (11th Cir. 2007) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). Federal Rule 62 "provides an exception to the general rule." Fed. Trade Comm'n v. Vylah Tech LLC, No. 217CV228FTM99MRM, 2017 WL 10844699, at *2 (M.D. Fla. Oct. 27, 2017). Specifically, Rule 62 allows for a "Stay of Proceedings to Enforce a Judgment." Fed. R. Civ. P. 62.

Ordinarily remand orders are not appealable. An exception, however, is provided for the federal officer statute, 28 U.S.C. § 1442, where there is an express right to appeal. See 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

Before a stay can be sought with a federal court of appeals, "[a] party must ordinarily move first in the district court[.]" Fed. R. App. P. 8(a)(1)(A). Generally, a stay may be granted if the movant shows (1) he is "likely to prevail on the merits on appeal," (2) "absent a stay [he] will suffer irreparable damage," (3) the State would not suffer "substantial harm from the issuance of the stay," and (4) "that

3

the public interest will be served by issuing the stay." Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing Jean v. Nelson, 683 F.2d 1311, 1312 (11th Cir. 1982)). Under this framework, granting or denying a stay is "an exercise of judicial discretion." Nken v. Holder, 556 U.S. 418, 433 (2009) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433–34.

## III.  ANALYSIS

Clark urges the Court to stay the State's criminal prosecution proceedings until the Eleventh Circuit has resolved his appeal. Doc. No. [59]. Clark asserts three "mandatory" bases for a stay and one "discretionary" basis for the stay (per the stay factors *supra*). Id. at 3. The Court addresses, and ultimately rejects, each of Clark's following arguments for a stay pending appeal: (A) that Federal Rule of Civil Procedure 62(a) requires a mandatory stay, (B) that the Supreme Court's decision in Coinbase, Inc. v. Bielski, 599 U.S. 736 (2023) requires the Court enter a stay, (C) similarly, that the Supreme Court's decision in BP v. Mayor and City Council of Baltimore, 593 U.S. ----, 141 S. Ct. 1532 (2021), requires a stay under

Section 1446(d), and (D) that the traditional stay factors counsel granting a stay in this case. See generally id.

### A. Federal Rule of Civil Procedure 62(a)

Clark first contends that Rule 62(a) requires a mandatory 30-day stay of the judgment following the Court's September 29, 2023 remand order. Doc. No. [59], 3–5. Federal Rule of Civil Procedure 62(a) provides a 30-day automatic stay of "a judgment and proceedings to enforce it . . . unless the court orders otherwise." Clark makes a number of arguments that the remand order and its accompanying letter from the Clerk's Office do not "obviat[e]" Rule 62(a)'s automatic stay. Id. at 4. However, the Court ultimately need not decide this issue. Clark admits that the 30-day automatic period for the stay expired on October 30, 2023. Id. This motion was (correctly) not filed as an emergency motion, and the Court's instant resolution arises after the automatic stay period has expired. Thus, this 30-day automatic stay does not provide a present basis for granting Clark's motion for a stay pending the *remaining* period of his appeal. Hence the Court rejects this first "mandatory" basis for granting Clark's motion.

## B.     The Supreme Court's *Coinbase* Decision

Clark's next "mandatory" basis for granting his motion to stay relies on the Supreme Court's 2023 decision in Coinbase, Inc. v. Bielski, 599 U.S. 736 (2023). Doc. No. [59], 5–8. In Coinbase, Justice Kavanaugh wrote for the majority that an automatic stay was appropriate when a court had denied a motion to compel arbitration because the denial could be appealed on an interlocutory basis under federal statute. 599 U.S. at 740–43. Clark argues that the reasoning for an automatic stay of a court's denial to compel arbitration applies equally in his context, where Section 1447(d) allows the appeal of a remand order of a removal action based on federal officer removal, 28 U.S.C. § 1442. Doc. No. [59], 5–8.

The Court agrees that some language in the Coinbase decision supports Clark's argument. Particularly, appeals of Section 1442 remand orders and denials of motions to compel arbitration are similar because they both are exceptions to general rules that do not allow for appeals. Compare 28 U.S.C. § 1447(d) (disallowing appeals of remand orders except for cases removed under Sections 1442 or 1443) with Coinbase, 599 U.S. at 740 ("Section 16(a) creates a rare statutory exception to the usual rule that parties may not appeal before final judgment . . . . Congress provided for immediate interlocutory appeals of orders

6

denying . . . motions to compel arbitration." (citing Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 108–09 (2009))). Moreover, the more central question underlying an appeal of a denial to compel arbitration is a question of "whether the case belongs in arbitration or instead in the district court." Id. at 741. The question presented on a permissible appeal of a remand order likewise involves whether a case "belongs in" federal or state court.

Even taking these considerations into account, however, the Court cannot ignore the *additional statutory directive* that applies to Clark's removal of his criminal prosecution. Distinct from the arbitration context described in Coinbase, Clark's removal of his State criminal prosecution is governed by the procedures described in 28 U.S.C. § 1455. Section 1455(b)(3) specifically indicates that "a notice of removal" does not stop "the State court in which such prosecution is pending from proceeding further," with the exception that a judgment of conviction cannot be entered until the prosecution has been remanded. Hence Congress expressly provided that, despite the judicial economy costs incurred, state criminal proceedings would continue even when a notice of removal had been filed under Section 1455. It would be anomalous for the Court to say that the state proceeding should not thereby continue *after* the remand order had been

7

entered and the decision was on appeal. Accordingly, the Court finds that the existence of Section 1455(b)(3)'s language differentiates the Coinbase decision and its reasoning sufficiently for it to not support granting Clark's motion to stay.³

Clark contends, however, that Section 1455(b)(3) does not bar his request because his removal was a quasi-civil/quasi-criminal proceeding as he also sought to remove the SPGJ proceedings that led to the indictment against him. Doc. No. [59], 12–14. The Court previously addressed Clark's SPGJ arguments in its remand order by determining that—even if the SPGJ proceedings *could* be removed at this time—Clark still failed to show that the requirements of federal officer removal had been met. Doc. No. [55], 29. Clark maintains that (1) the SPGJ is ancillary to the criminal prosecution against him and is thus removable substantively under Section 1442(d)(1), (2) the SPGJ is a civil proceeding under Georgia law and hence is procedurally removable under Section 1446, and (3) the question of removing the SPGJ to federal court remains ripe given that there are

---

³ Moreover, Clark has directed the Court to no authority applying the recent Coinbase decision to any context similar to his case. See generally Doc. No. [59], 5–8.

a number of constitutional and legal defects with the proceeding. Doc. No. [59], 12–14.

Again, even if Clark can remove the SPGJ proceedings under the procedural mechanisms he asserts, the Court finds that this alternative removal argument does not support his current Motion.[4] Namely, Clark functionally requests a stay, not of the *completed SPGJ proceeding*, but of the *ongoing criminal prosecution* against him. Thus, procedurally, Clark's instant Motion travels under Section 1455 (for criminal prosecutions), not Section 1446 (for civil proceedings). As is clear from the text of the statute governing removals of criminal prosecutions, a criminal prosecution in the state court remains ongoing while the notice of removal is resolved. 28 U.S.C. § 1455(b)(3). The Supreme Court's reasoning in Coinbase, thereby does not warrant entering a stay in this case.

---

[4] The Court did not ultimately resolve the question of whether the SPGJ is removable because Clark failed to meet the requirements of federal officer removal under 28 U.S.C. § 1442. Doc. No. [55], 29. This Motion does not require resolving the question either. Thus, in an exercise of judicial restraint (i.e., to avoid deciding unnecessary issues) the Court does not make a determination on the removability of the SPGJ in this Order either. Furthermore, Clark's Notice of Appeal divests the Court of jurisdiction over the issues involved in the Court's prior order "remanding this case to the Fulton County Superior Court," (Doc. No. [58], 1), which includes any question about the removability of the SPGJ.

9

### C. The Supreme Court's *Mayor* Decision

Clark next argues that the Supreme Court's decision in BP v. Mayor, 141 S. Ct. 1532 (2021), requires a stay be entered in this case. Doc. No. [59], 9–12. Clark's primary reasoning is that, in the Mayor decision, the Supreme Court considered delay that would arise if a stay was granted and asserted that this delay was warranted in cases where Congress intended for such delay by expressly allowing the appeal to ensue. Doc. No. [59], 9–10. Clark contends that the same is true of his federal officer removal case: Congress intended a delay in federal officer cases and that allowing the state proceedings to continue could result in a waste of judicial resources. Id. at 10–11.

Conservation of judicial resources is important, but the Court cannot make a decision based on judicial resources that violates express statutory language providing that the state criminal proceeding can continue after a notice of removal is filed. See 28 U.S.C. § 1455(b)(3). As noted above, the Court finds Clark's arguments on the applicability of Section 1455(b)(3) to be unpersuasive. Thus, based on Section 1455(b)(3) — which was *not* at issue in the Mayor case — the Court finds that Congress has expressly indicated that there should be no delay of a state court's criminal proceedings even when a notice of removal has been

filed, and indeed has instead expressly considered that the state proceedings can continue up to a judgment of conviction until the case is remanded. 28 U.S.C. § 1455(b)(3). Hence Clark's citation to the Mayor decision is insufficient for staying his State criminal case pending appeal.

### D. Traditional Stay Factors

Finally, Clark asserts, as a "discretionary" basis for a stay, that the traditional stay factors counsel entering a stay in this matter. See Garcia-Mir, 781 F.2d at 1453. The Court considers each of the four factors and ultimately determines that not one of them favors entering a stay in this matter.

#### 1. Likelihood of Success on the Merits

"Ordinarily the first factor [likelihood of prevailing on the merits] is the most important." Id. Clark raises a number of reasons why he will prevail in his appeal, including that the Court applied the incorrect legal test for causation, required too high a standard of evidence, and disregarded certain evidence submitted in support of the removal action. Doc. No. [59], 15–22. These arguments simply preview the issues Clark is raising on appeal. There is nothing in the summary of arguments he plans to raise in his challenge to the denial of

11

removal to convince this Court that its decision was incorrect. Thus, Clark has shown no likelihood of prevailing on the merits of his appeal.

This first factor here can be also satisfied by a "lesser showing" that he has a "substantial case on the merits" *if the other stay factors are met*. Garcia-Mir, 781 F.2d at 1453 (quoting Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir. 1981)). However, as specified below, the Court finds that Clark has not carried his burden on the other factors and therefore, the lower standard for this first factor is not applicable either.

### 2. *Irreparable Harm*

Clark fails to show any irreparable harm in absence of a stay. He contends that he will be harmed by the ongoing State prosecution because he would be denied a federal forum for his defenses, which contradicts Section 1442's purposes and other federalism concerns. Doc. No. [59], 22–23. Moreover, Clark claims he will suffer by having to defend the prosecution in Fulton County Superior Court before his federal appeal is decided. Id. at 23–24.

The Court rejects these bases as irreparable harm supporting a stay. As it has indicated, Section 1455(b)(3) provides that "[t]he filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such

12

prosecution is pending from proceeding further." To reiterate, the Court cannot ignore clear statutory requirements that, despite Clark's filing of the notice of removal, the State proceedings may continue. Clark acknowledges himself that no trial date has been set and that the only deadlines imposed by the Fulton County Superior Court at the time he filed his Motion to Stay were for discovery (to be completed in early December) and motions (to be filed in early January). Doc. No. [59], 2. Section 1455(b)(3) expressly allows these proceedings and thus Clark has not raised any basis for finding irreparable injury.

### 3. *Prejudice to Non-Movant State*

The Court further rejects Clark's submission that the State will not be prejudiced by a stay through his cursory assertion of the Supremacy Clause and the State's inability to bring a prosecution against him as a "senior legal officer of the United States[.]" Doc. No. [59], 24. It has been suggested, and this Court has determined in its prior Orders involving Clark and his co-Defendants, that the State has a strong interest in its criminal prosecutions being free from federal interference.[5] See, e.g., Willingham v. Morgan, 395 U.S. 402, 409 n.4 (1969)

---

[5] Questions of the Anti-Injunction Act prohibiting federal courts from "grant[ing] an injunction to stay proceedings in a State court" absent certain circumstances also

(requiring a "more detailed showing" for federal removal of state criminal prosecutions based on an increased state interest). Thus, the strong federalism interests at stake here counsel that the Court weigh the potential for the State to be prejudiced against Clark's stay request.

### 4. *Public Interest*

Clark invokes Congress's intent in the federal officer removal statute as part of the public interest in staying his Fulton County criminal prosecution pending appeal. Doc. No. [59], 24–25. Clark's argument is again an appeal to the Supremacy Clause, which the Court has already indicated must be balanced with the clear statutory authorization that state criminal proceedings may continue even after a filing of a notice of removal. 28 U.S.C. § 1455(b)(3). The Court, moreover, has also already determined that Clark failed to show he was entitled to removal in federal court. Doc. No. [55]. Thus, in the Court's view, the public interest in this case favors comity and federalism, which would not be served by issuing an emergency stay of the remand order.

---

support the Court's consideration of this factor, 28 U.S.C. § 2283, as well as Younger abstention's requirement that "federal courts . . . abstain from interfering with ongoing state criminal prosecutions" based on comity and federalism concerns. Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1315 n.9 (11th Cir. 2005).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Clark's Motion for a Stay. Doc. No. [59].

IT IS SO ORDERED this \_\_\_9th\_\_\_ day of November, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE